Jacob M. Harper (SBN 259463)
   *jacobharper@dwt.com*
Heather F. Canner (SBN 292837)
   *heathercanner@dwt.com*
Joseph Elie-Meyers (SBN 325183)
   *josepheliemeyers@dwt.com*
DAVIS WRIGHT TREMAINE LLP
350 South Grand Avenue, 27th Floor
Los Angeles, CA 90071
Telephone:  (213) 633-6800
Fax:  (213) 633-6899

*Counsel for Defendant
Walmart Inc.*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| EDIE GOLIKOV, individually and on behalf of all others similarly situated,<br><br>                Plaintiff,<br><br>   vs.<br><br>WALMART INC.,<br><br>                Defendant. | Case No. 2:24-cv-08211-RGK-MAR<br><br>**WALMART INC.'S NOTICE OF MOTION AND MOTION TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Date:        January 6, 2025<br>Time:       9:00 am<br>Location:   Courtroom 850<br><br>Assigned to the Hon. R. Gary Klausner<br>Dept.: Courtroom 850<br><br>Compl. filed:      September 24, 2024 |

MOTION TO DISMISS COMPLAINT

## NOTICE OF MOTION AND MOTION TO DISMISS

**TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on January 6, 2025, at 9:00 a.m., or as soon thereafter as the matter may be heard, before the Honorable R. Gary Klausner of the above-titled Court, located at 255 East Temple Street, Los Angeles, CA 90012, Courtroom 850, 8th Floor, defendant Walmart Inc. will and hereby does move this Court for an order dismissing the Complaint filed by plaintiff Edie Golikov, pursuant to Federal Rules of Civil Procedure 8, 9(b), and 12(b)(6).

Ms. Golikov asserts seven causes of action, purportedly on behalf of a putative class comprised of individuals who purchased Walmart's Great Value Avocado Oil, for (1) violation of California's False Advertising Law, Cal. Bus. & Prof. Code § 17500, *et seq*; (2) violation of California's Consumers Legal Remedies Act, Cal. Civ. Code § 1750, *et seq*; (3) violation of California's Unfair Competition Law, Cal. Bus. & Pro. Code § 17200, *et seq*; (4) Breach of Express Warranty; (5) Negligent Misrepresentation; (6) Intentional Misrepresentation; and (7) quasi-contract.  This Motion is made on the grounds that Ms. Golikov fails to state a claim upon which relief can be granted for any of her claims, and the Complaint should be dismissed in its entirety with prejudice.  In particular:

(1) Ms. Golikov's claims fail because she has not plausibly alleged that reasonable consumers would be misled by Walmart's Avocado Oil label, under either Federal Rules of Civil Procedure 8(a) or 9(b);

(2) Ms. Golikov fails to state a claim for intentional misrepresentation because she does not allege the requisite fraudulent intent; and

(3) Ms. Golikov fails to allege facts sufficient to support her request for punitive damages.

This Motion is made following the conference of counsel pursuant to Local Rule 7-3, which began November 21 and continued on December 9, 2024.

This Motion is based upon this Notice of Motion, the attached Memorandum

DAVIS WRIGHT TREMAINE LLP

of Points and Authorities, the concurrently-filed Declaration of Jacob M. Harper and exhibits thereto, and any other evidence or argument which the Court may consider.

DATED: December 9, 2024

DAVIS WRIGHT TREMAINE LLP

By: /s/ *Jacob M. Harper*
Jacob M. Harper

*Attorneys for Defendant*
Walmart Inc.

DAVIS WRIGHT TREMAINE LLP

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

DAVIS WRIGHT TREMAINE LLP

# TABLE OF CONTENTS

**Page**

I.      INTRODUCTION ........................................................................................ 1

II.     FACTUAL ALLEGATIONS AND PROCEDURAL HISTORY .................. 2

        A.      This Action Is One of a Wave of Copycat "Avocado Oil" Cases. ....... 2

        B.      Ms. Golikov Vaguely Alleges the Avocado Oil Is "Impure." .............. 4

III.    The COURT SHOULD DISMISS ALL CLAIMS WITH PREJUDICE. ...... 5

        A.      Ms. Golikov's Claims Fail Under the Reasonable Consumer Test. ...... 6

                1.      Legal Standards: Plausibility, Reasonable Consumer Test, and Rule 9(b). ............................................................... 6

                2.      *McConnon* Compels Dismissal. .................................................. 7

                3.      Ms. Golikov Fails to Allege *How* or *Why* the Label is False. ..... 9

                4.      The Allegations Fail to Provide Sufficient Notice. .................. 13

                5.      The Allegations Preclude A Showing of Materiality. .............. 14

        B.      Ms. Golikov's Claims Fail for Additional, Claim-Specific Reasons. ......................................................................................... 15

                1.      Ms. Golikov's Fraud Claim Fails for Lack of Intent. .............. 15

                2.      The Claim for Punitive Damages Should Be Dismissed. ......... 16

IV.     CONCLUSION ........................................................................................ 17

MOTION TO DISMISS COMPLAINT

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Aloudi v. Intramedic Research Grp.*,
  729 F. App'x 514 (9th Cir. 2017)............................................................ 10

*Andrews v. Proctor & Gamble Co.*,
  2019 WL 6520045 (C.D. Cal. June 3, 2019).................................... 11, 12

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) ................................................................ 6, 12, 15

*Beasley v. Conagra Brands, Inc.*,
  374 F. Supp. 3d 869 (N.D. Cal. 2019)........................................................ 7

*Becerra v. Dr Pepper/Seven Up, Inc.*,
  945 F.3d 1225 (9th Cir. 2019) .................................................................. 6

*Bly-Magee v. California*,
  236 F.3d 1014 (9th Cir. 2001) ................................................................ 13

*Bounthon v. Procter & Gamble Co.*,
  2024 WL 4495501 (N.D. Cal. Oct. 15, 2024)....................... 2, 10, 11, 14

*Brod v. Sioux Honey Ass'n Co-op.*,
  927 F. Supp. 2d 811 (N.D. Cal. 2013)...................................................... 14

*Cervantes v. Countrywide Home Loans, Inc.*,
  656 F.3d 1034 (9th Cir. 2011) ................................................................ 17

*Dawar v. Sam's West, Inc., et al.*,
  1:24-cv-09106, Doc. 1 (N.D. Ill. Sept. 27, 2024)...................................... 1

*Ebner v. Fresh, Inc.*,
  838 F.3d 958 (9th Cir. 2016) .............................................................. 6, 7

*Figy v. Frito-Lay North America*,
  67 F. Supp. 3d 1075 (N.D. Cal. 2014)............................................. 13, 15

*Golikov v. Walmart, Inc.*,
  2:24-cv-08211 Doc. 1 (C.D. Cal. Sept. 27, 2024)..................................... 1

*Hadley v. Kellogg Sales Co.*,
  243 F. Supp. 3d 1074 (N.D. Cal. 2017)..................................................... 14

DAVIS WRIGHT TREMAINE LLP

iv

*Hawkins v. Walmart, Inc.*,
    1:24-cv-00374, Doc. 1-1 (E.D. Cal. March 29, 2024) ................................ 1, 2, 3

*In re Avocado Oil Mktg. & Sales Practices Litig. (In re Avocado Oil)*,
    MDL No. 3133, Doc. 38 (J.P.M.L. Nov. 22, 2024) ........................................ 3

*In re Tobacco II Cases*,
    46 Cal. 4th 298 (2009) ............................................................................ 15

*Lavie v. Procter & Gamble Co.*,
    105 Cal. App. 4th 496 (2003) .................................................................... 7

*Lazo v. Bank of Am., N.A.*,
    2012 WL 1831577 (N.D. Cal. May 18, 2012) .................................... 15, 16

*Lowe v. Edgewell Pers. Care Co.*,
    711 F. Supp. 3d 1097 (N.D. Cal. Jan. 12, 2024) .............................. 10, 12

*Martin v. Doctor's Best, Inc.*,
    2023 WL 6370230 (C.D. Cal. Aug. 25, 2023) ........................................ 10

*Martin v. Omnit Labs Inc.*,
    2023 WL 8190712 (C.D. Cal. Oct. 18, 2013) .......................................... 10

*McConnon v. The Kroger Co.*,
    2:24-cv-02601, Doc. 1-1 (C.D. Cal. March 29, 2024) ............................... 2

*McConnon v. The Kroger Co.*,
    2024 WL 3941340 (C.D. Cal. June 21, 2024) ................................. *passim*

*Meyer v. Colavita, Inc.*,
    2011 WL 13216980 (S.D. Fla. Sept. 13, 2011) .......................... 2, 10, 11, 12

*Moore v. Trader Joe's Co.*,
    4 F.4th 874 (9th Cir. 2021) ....................................................................... 7

*Morrison v. Sovena USA, Inc.*,
    2:24-cv-08144, Doc. 1 (C.D. Cal. Sept. 23, 2024) ................................... 1

*Myers-Taylor v. Ornua Foods N. Am., Inc.*,
    2019 WL 424703 (S.D. Cal. Feb. 4, 2019) ............................................. 15

*Nazemi v. Specialized Loan Serv'g, LLC*,
    637 F. Supp. 3d 856 (C.D. Cal. 2022) .................................................... 15

DAVIS WRIGHT TREMAINE LLP

MOTION TO DISMISS COMPLAINT

*Pelayo v. Nestle USA, Inc.*,
    989 F. Supp. 2d 973 (C.D. Cal. 2013) .................................................... 7

*Rausch v. Flatout, Inc.*,
    660 F. Supp. 3d 855 (N.D. Cal. 2023) .................................................. 17

*Robinson v. Unilever U.S., Inc.*,
    2019 WL 8012687 (C.D. Cal. Aug. 21, 2019) ....................................... 6

*Rozier v. Dep't of Homeland Sec. Fed. Protective Serv.*,
    2022 WL 2199938 (C.D. Cal. Mar. 7, 2022) ....................................... 16

*Salameh v. Tarsadia Hotel*,
    726 F. 3d 1124 (9th Cir. 2013) .............................................................. 7

*Smith v. Trader Joes Co., et al.*,
    3:24-cv-06834, Doc. 1 (N.D. Cal. Sept. 27. 2024) .............................. 1

*Svensrud v. Frito-Lay N. Am., Inc.*,
    2020 WL 8575056 (C.D. Cal. Dec. 21, 2020) ..................................... 13

*Tae Hee Lee v. Toyota Motor Sales, USA, Inc.*,
    992 F. Supp. 962 (C.D. Cal. 2014) ...................................................... 16

*Taiwan Semiconductor Mfg. Co., Ltd. v. Tela Innovations, Inc.*,
    2014 WL 3705350 (N.D. Cal. July 24, 2014) ...................................... 16

*Tran v. Sioux Honey Assoc. Coop.*,
    471 F. Supp. 3d 1019 (C.D. Cal. 2020) ............................................... 15

*Valdovinos v. Target Corp.*,
    2:24-cv-08572, Doc. 1 (C.D. Cal. Oct. 4, 2024) ................................... 1

*Vermillion v. Corrections Corp. of Am.*,
    2008 WL 4058063 (E.D. Cal. Aug. 28, 2008) ..................................... 16

**Statutes**

28 U.S.C. § 1407 .......................................................................................... 3

California Business & Professions Code
    § 17200, *et seq.* (Unfair Competition Law (UCL)) ............................... 5
    § 17500, *et seq.* (False Advertising Law (FAL)) ........................... 5, 6, 8

California Civil Code § 1750, *et seq.* (Consumers Legal Remedies Act
    (CLRA)) .............................................................................................. 5

DAVIS WRIGHT TREMAINE LLP

MOTION TO DISMISS COMPLAINT

**Rules**

Federal Rule of Civil Procedure

    8(a) ................................................................................................ 1, 8, 15

    9(b) .................................................................................................... *passim*

    11 ........................................................................................................... 1

Federal Rules of Civil Procedure

    8 and 9(b) ............................................................................................ 13

    8(a) and 9(b) .................................................................................... 2, 14

**Other Authorities**

Anahad O'Connor & Aaron Steckleberg, *Why your avocado oil may be fake and contain other cheap oils*, Washington Post (Aug. 27, 2024) .......................... 4

Hilary S. Green & Selina C. Wang, *First report on quality and purity evaluations of avocado oil sold in the US,* 116 Food Control 107328 (Oct. 2020) ........................................................................................................ 4

Hilary S. Green & Selina C. Wang, *Purity and quality of private labelled avocado oil,* 152 Food Control 109837 (Oct. 2023)) ............................................. 4

Science Direct, "Food Control - About the journal", *available at* https://www.sciencedirect.com/journal/food-control ............................................. 5

DAVIS WRIGHT TREMAINE LLP

MOTION TO DISMISS COMPLAINT

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.  INTRODUCTION

This lawsuit is one of nearly a dozen copy-and-paste complaints recently filed against various retailers alleging that avocado oils are mislabeled as "avocado oil" because they are purportedly "adulterated with other oils."[1]  The first of these cases was *already dismissed as implausible*, in an opinion that applies with equal force to plaintiff Edie Golikov's materially identical allegations against defendant Walmart Inc. here:  In *McConnon v. The Kroger Co.*, 2024 WL 3941340 (C.D. Cal. June 21, 2024), the Honorable Stanley Blumenfeld, Jr. correctly held the plaintiff's allegations that "avocado oil" was mislabeled because it was "adulterated" with "other oils," without details establishing specifically how the oil was adulterated, "fail[ed] to plausibly state a claim for relief under Rule 8(a)" or "Rule 9(b)."  *Id.* at *1–3.  In other words, "Plaintiff [did] not adequately allege[] that the Avocado Oil is anything other than what it claims to be: cold-pressed avocado oil."  *Id.* at *3.

Undeterred by law or facts (or lack thereof), Ms. Golikov filed her complaint *after* this ruling, yet her allegations suffer from the same defects—she asserts only conclusory allegations that Walmart's Great Value Avocado Oil is "impure" and "adulterated" (both insufficient, as Judge Blumenfeld found), nor does she allege plausibly that the Avocado Oil she purchased contains anything other than avocado oil (because she can't without violating Rule 11).  These defects kill all her claims. And while Ms. Golikov cites a *Washington Post* article reporting on the results of two studies (none of which involves any bottle actually purchased by Ms. Golikov), courts regularly reject such vague, flawed, and statistically insignificant studies,

---

[1] *E.g.*, *Morrison v. Sovena USA, Inc.*, 2:24-cv-08144, Doc. 1 (C.D. Cal. Sept. 23, 2024); *Golikov v. Walmart, Inc.*, 2:24-cv-08211 Doc. 1 (C.D. Cal. Sept. 27, 2024); *Smith v. Trader Joes Co., et al.*, 3:24-cv-06834, Doc. 1 (N.D. Cal. Sept. 27, 2024); *Dawar v. Sam's West, Inc., et al.*, 1:24-cv-09106, Doc. 1 (N.D. Ill. Sept. 27, 2024); *Hawkins v. Walmart, Inc.*, 1:24-cv-00374, Doc. 1-1 (E.D. Cal. March 29, 2024); *Valdovinos v. Target Corp.*, 2:24-cv-08572, Doc. 1 (C.D. Cal. Oct. 4, 2024).

1

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

particularly where, as here, they are untethered to the bottle Ms. Golikov purchased. *Meyer v. Colavita, Inc.*, 2011 WL 13216980, at *5 (S.D. Fla. Sept. 13, 2011) (dismissing similar claims based on flawed U.C. Davis olive oil study); *see also Bounthon v. Procter & Gamble Co.*, 2024 WL 4495501, at *7–8 (N.D. Cal. Oct. 15, 2024) (dismissing claims, as third-party testing did not plausibly support claim that product contained PFAS).  Her allegations fail to fill in the blanks, as she provides none of the required detail explaining *how* or *why* the "avocado oil" label is false or misleading.  She does not allege, for example, what component renders the avocado oil allegedly impure, how much any bottle allegedly contains, or why it renders the avocado oil purportedly "impure" or "adulterated."  Nor does she allege how any alleged "impurity" or "adulteration" of the Avocado Oil was material to reasonable consumers, as required to state her claims.  Put simply, Ms. Golikov pleads no plausible theory to support her claim that the Avocado Oil label is misleading.  Her conclusory and sparse allegations fail to satisfy Rule 8(a) and 9(b).

The Complaint also fails for additional, independent reasons.  Ms. Golikov fails to sufficiently plead the fraudulent intent required for her intentional misrepresentation claim.  And her request for punitive damages also lacks the necessary allegations of willful and malicious conduct.

The Court should dismiss the Complaint in full, and with prejudice.

## II. FACTUAL ALLEGATIONS AND PROCEDURAL HISTORY

### A.   This Action Is One of a Wave of Copycat "Avocado Oil" Cases.

In February 2024, plaintiffs represented by the same counsel filed two class action complaints based on legal theories and facts substantially identical to those alleged here.  *McConnon v. The Kroger Co.,* 2:24-cv-02601, Doc. 1-1 (C.D. Cal. March 29, 2024); *Hawkins v. Walmart, Inc.,* 1:24-cv-00374, Doc. 1-1 (E.D. Cal. March 29, 2024).  *Hawkins*, like the present Complaint, alleged that Walmart's Great Value Refined Avocado Oil was "adulterated" and deceptively labeled as "avocado oil," *Hawkins*, Doc. 1-1; *McConnon* alleged the same about Kroger's

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

Private Selection Cold-Pressed Avocado Oil, *McConnon*, Doc. 1-1.  Both cases alleged the plaintiff conducted independent testing confirming the products were "adulterated" with "other oils." *Hawkins*, Doc. 1-1 ¶ 19; *McConnon*, Doc. 1-1 ¶ 18.

On June 21, 2024, Judge Blumenfeld dismissed the *McConnon* complaint in full, holding plaintiff failed to allege plausibly: (a) that the "avocado oil" label conveys to reasonable consumers it is "pure," and even if it did, (b) that the "avocado oil" contains anything other than avocado oil.  2024 WL 3941340, at *3 (C.D. Cal. June 21, 2024).  Briefing on the motion to dismiss in *Hawkins* is complete and has been taken under submission.  *Hawkins,* Doc. 18.

On August 27, 2024, *The Washington Post* published an article titled "*Why your avocado oil may be fake and contain other cheap oils*."  Compl. ¶ 2.  That article "precipitated" at least eight more lawsuits (including this one) in the two months that followed, based on the same legal theory dismissed in *McConnon*.  *See In re Avocado Oil Mktg. & Sales Practices Litig. (In re Avocado Oil),* MDL No. 3133, Doc. 38 at 2, 7 (J.P.M.L. Nov. 22, 2024) (listing pending cases and asserting these lawsuits were "precipitated" by *The Washington Post* reporting); *supra* n.1.

On October 23, 2024, the plaintiffs in six of the pending cases moved to transfer the related actions pursuant to 28 U.S.C. § 1407 for coordinated or consolidated pretrial proceedings in Boston or Chicago.  *In re Avocado Oil,* MDL No. 3133, Doc. 1.  This case is among those they seek to consolidate, though Plaintiff Edie Golikov opposes consolidation.  Walmart opposed the motion to transfer and argued, in the alternative, that any consolidation should be in the Central District before Judge Blumenfeld.  *In re Avocado Oil,* MDL No. 3133, Doc. 31.  The briefing on the motion is complete and the motion remains pending.[2]

---

[2] Consistent with that request, Walmart has also filed a notice of related cases in this matter.  *See* Doc. 23.

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

### B.    Ms. Golikov Vaguely Alleges the Avocado Oil Is "Impure."

Walmart operates retail stores throughout the United States, including in California.  Compl. ¶¶ 6, 11.  One product sold in Walmart's retail stores is Walmart's Great Value Refined Avocado Oil (the Avocado Oil).  *Id.* ¶ 5.  The Avocado Oil's front label states it is "Refined Avocado Oil," and the back of the label includes an ingredient disclosure, which lists "avocado oil."  *Id.* ¶¶ 17–18.  The label does not include the word "pure."  *See id.*

Ms. Golikov allegedly purchased a bottle of Avocado Oil from a store in California on November 14, 2021.  *Id.* ¶¶ 6, 26.  She contends she and other "reasonable consumers" read the label to represent the "product [] contains pure avocado oil."  *Id.* ¶ 19; *id.* ¶ 42 ("Defendant … falsely represent[ed] that Great Value Avocado Oil is pure avocado oil.").  She alleges the Avocado Oil is "adulterated and impure" and that "[s]he would not have purchased [it] at the price she paid if she had known [it] was contaminated with other oils, and that it was not pure avocado oil."  *Id.* ¶¶ 5–6, 20, 26.

Ms. Golikov does not allege how the Avocado Oil she purchased was "adulterated" or "impure."  She does not allege what the Avocado Oil was adulterated with, in what amount, or why that renders the avocado oil "impure."  *See id.* ¶¶ 5–6, 20, 23–24, 26.

Ms. Golikov also does not allege she tested the Avocado Oil she purchased, or any other avocado oil.  Instead, she bases her claims on an August 2024 *Washington Post* article, which in turn reports on two anonymized U.C. Davis studies published in the same pay-to-play journal.  Compl. ¶¶ 2, 15 & nn. 8–9 (citing Anahad O'Connor & Aaron Steckleberg, *Why your avocado oil may be fake and contain other cheap oils*, Washington Post (Aug. 27, 2024); Hilary S. Green & Selina C. Wang, *First report on quality and purity evaluations of avocado oil sold in the US,* 116 Food Control 107328 (Oct. 2020); Green & Wang, *Purity and*

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

*quality of private labelled avocado oil,* 152 Food Control 109837 (Oct. 2023));
Harper Decl. Exs. 1–3.[3]

The U.C. Davis studies tested, respectively, 22 and 36 bottles of unidentified avocado oils, which were produced by different manufacturers; sold under different labels; purchased from different retailers; labeled as being of different type and quality; originated from different countries; and included different expiration dates. *Id.* The studies purport to compare the products against a *proposed* standard for avocado oil, while detailing the many faults with using this standard, including that avocado oils may fail to satisfy the standard for many reasons aside from adulteration. Harper Decl. Ex. 3 at 3. Neither U.C. Davis study identified the avocado oils it tested, but *The Washington Post* article reported the study "included Defendant's Great Value avocado oil." Compl. ¶ 20. Ms. Golikov's complaint fails to explain how the results of this testing demonstrate the Avocado Oil she purchased was not "pure avocado oil." *See generally* Compl.

Based on these allegations, Ms. Golikov brings claims on behalf of putative classes of consumers, for violation of (1) California's False Advertising Law (FAL), Cal. Bus. & Prof. Code § 17500, *et seq*; (2) Consumers Legal Remedies Act (CLRA), Cal. Civ. Code § 1750, *et seq*; and (3) Unfair Competition Law (UCL), Cal. Bus. & Pro. Code § 17200, *et seq*; as well as (4) breach of express warranty; (5) negligent misrepresentation; (6) intentional misrepresentation; and (7) quasi-contract. She seeks "damages, treble damages, and punitive damages" "restitution," and reasonable attorneys' fees and costs, *inter alia*. Compl. at 18.

## III.   THE COURT SHOULD DISMISS ALL CLAIMS WITH PREJUDICE.

Ms. Golikov's claims should be dismissed with prejudice. (A) All claims fail

---

[3] *See also* Science Direct, "Food Control – About the journal" (accessed Nov. 12, 2024) (accessed Nov. 12, 2024) (describing $4,210 "article publishing charge" for the journal *Food Control*), *available at* https://www.sciencedirect.com/journal/food-control.

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

because she fails to plausibly allege the Avocado Oil is not avocado oil, as required to state the deception required for all her claims;  (B) Her claims fail for additional, claim-specific reasons, including (1) she fails to allege the fraudulent intent required for her intentional misrepresentation claims; and (2) she fails to state her claim for punitive damages.

## A.    Ms. Golikov's Claims Fail Under the Reasonable Consumer Test.

Ms. Golikov does not (and cannot) plausibly allege that the Avocado Oil, much less the bottle she purchased, was anything other than "avocado oil," which she must to plead the consumer deception required to state each of her claims.  As detailed below, the *McConnon* court already dismissed on this basis, and this Court should follow suit.  Even setting aside *McConnon*, Ms. Golikov's claims independently fail under the reasonable consumer test.

### 1.    Legal Standards: Plausibility, Reasonable Consumer Test, and Rule 9(b).

The Court must draw on three pleading requirements to assess the claims.

***Plausibility.***  To survive a motion to dismiss, "the plaintiff [must] plead factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  The Court need not accept as true "bare assertions" or conclusions of law. *Id.* at 681.  "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility[.]'" *Id.* at 678; *see also Becerra v. Dr Pepper/Seven Up, Inc.*, 945 F.3d 1225, 1231 (9th Cir. 2019) (affirming dismissal for no plausible deception).

***The Reasonable Consumer Test.***  Ms. Golikov must satisfy the "reasonable consumer test," which requires a plaintiff to allege facts showing consumers "are likely to be deceived." *Ebner v. Fresh, Inc.*, 838 F.3d 958, 965 (9th Cir. 2016) (affirming dismissal of CLRA, UCL, FAL, and unjust enrichment claims based on failure to plausibly plead consumer deception); *Robinson v. Unilever U.S., Inc.*,

MOTION TO DISMISS COMPLAINT

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

2019 WL 8012687, at *3 (C.D. Cal. Aug. 21, 2019) (dismissing warranty and fraud claims on this basis). "This is not a negligible burden." *Moore v. Trader Joe's Co.*, 4 F.4th 874, 882 (9th Cir. 2021). A plaintiff must plead "more than a mere possibility that [the] label might conceivably be misunderstood by some few consumers viewing it in an unreasonable manner." *Ebner*, 838 F.3d at 965 (quoting *Lavie v. Procter & Gamble Co.*, 105 Cal. App. 4th 496, 508 (2003)). "Rather, [it] requires a probability 'that a significant portion of reasonable consumers, acting reasonably in the circumstances, could be misled." *Id.* (same). "[W]here a Court can conclude as a matter of law that members of the public are not likely to be deceived by the product packaging, dismissal is appropriate." *Pelayo v. Nestle USA, Inc.*, 989 F. Supp. 2d 973, 978 (C.D. Cal. 2013) (collecting cases).

**Rule 9(b).**   "Where, as here, a plaintiff's claims are all grounded in fraud," they must also satisfy "the heightened pleading requirements of Rule 9(b)." *Beasley v. Conagra Brands, Inc.*, 374 F. Supp. 3d 869, 881 (N.D. Cal. 2019). Thus, the "complaint must identify the who, what, when, where, and how of the misconduct charged, as well as what is false or misleading about the purportedly fraudulent statement, and why it is false." *Salameh v. Tarsadia Hotel*, 726 F. 3d 1124, 1133 (9th Cir. 2013).

Ms. Golikov's vague and conclusory allegations fail to meet these standards.

## 2.   *McConnon* **Compels Dismissal.**

This Court need go no further than Judge Blumenfeld's recent dismissal order in *McConnon v. The Kroger Co.*, because that well-reasoned decision applies with full-force to the materially identical allegations here.

In *McConnon*, plaintiff Sissy McConnon alleged that defendant Kroger "mislabeled [its store-brand] Avocado Oil because it is not 'pure' avocado oil—despite the front label referring to the product as 'Cold-Pressed Avocado Oil'—and the back label listing 'avocado oil' as the only ingredient." 2024 WL 3941340, at *3. McConnon "further allege[d] that third-party laboratory testing confirms that

7

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

'the fatty acid and sterol profiles' of the Avocado Oil show that it is adulterated and not pure avocado oil." *Id.* Judge Blumenfeld held such "allegations fail to plausibly state a claim for relief under Rule 8(a), much less any applicable Rule 9(b) heightened standard." *Id.*

The court explained that allegations that the avocado oil was advertised as "pure" were "conclusory," because the term "pure" is "nowhere to be found on the bottle"; "the label says only that the product contains avocado oil, and Plaintiffs fail to plausibly allege in a nonconclusory manner that this is false or deceptive." *Id.* The court further held that "even if the Court were to accept Plaintiff's conclusory assertion that the labeling conveys the message that the Avocado Oil is 'pure,' Plaintiff fails to define that term" and thus "provides insufficient detail from which Defendant can discern how its label is allegedly misleading." *Id.* The court also noted McConnon "fails to explain the significance of the purportedly high level of fatty acids and sterols [in her testing], rendering the complaint subject to dismissal." *Id.* at *3 n.3. The court thus concluded "Plaintiff has not adequately alleged that the Avocado Oil is anything other than what it claims to be: cold-pressed avocado oil." *Id.* at *3. On these grounds, the court dismissed McConnon's claims under the UCL, FAL, and CLRA, and her warranty and fraud claims. *Id.* at *3–5.

The same reasoning applies here, as Ms. Golikov relies on similarly threadbare "testing" allegations that fail to state plausibly how the label is false or misleading—and here, Ms. Golikov did not even conduct her own testing of any product, but instead relies on an article to support her claim. Compl. ¶¶ 6, 20. She, like McConnon, alleges "Refined Avocado Oil" conveys it is "pure," despite (1) the word "pure" never appearing on the label; and (2) providing no clear definition of "pure" or otherwise alleging how the Avocado Oil is not "pure" avocado oil. Like McConnon, she asserts only conclusory allegations that the product is "impure" and "adulterated" with "other" unidentified "oils," and does not adequately allege *how* the Avocado Oil she purchased was "adulterated," what it was "adulterated" with,

**DAVIS WRIGHT TREMAINE** LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

or other factual allegations that plausibly support her claim. Compl. ¶¶ 5-6, 16, 19, 24, 26-27. Like McConnon, Ms. Golikov "provides insufficient detail from which Defendant can discern how its label is allegedly misleading" and she "fail[s] to plausibly state" her claims. 2024 WL 3941340, at *3.

This Court should follow *McConnon* and dismiss the Complaint.

### 3. Ms. Golikov Fails to Allege *How* or *Why* the Label is False.

Ms. Golikov's claims fail because she alleges no plausible facts (rather than conclusory statements and speculation) that Walmart's Avocado Oil is not avocado oil or contains something else. To be clear, Ms. Golikov never alleges what exactly she contends is wrong with the Avocado Oil. Instead, she contrives a theory of adulteration based on alleged third-party "testing" of a few avocado oil bottles (not Ms. Golikov's) that, even if credited as true, does not lead to the plausible conclusion that the Avocado Oil she purchased contains anything other than avocado oil. Her allegations amount to the conclusory assertion that the Avocado Oil is not "pure avocado oil" because it contains an unidentified amount of some unidentified substance other than "pure avocado oil." Courts disregard such conclusory allegations, and the Court should do so here, because (a) Ms. Golikov's cited studies fail to provide a plausible foundation for her claim; (b) the vague allegations fail to give Walmart sufficient notice of her claims; and (c) her complaint forecloses materiality.

### (a) The "Testing" Allegations Fail Plausibility Standards.

To start, the "testing" Ms. Golikov exclusively relies upon to allege the Avocado Oil is "adulterated" or "impure" fails to provide a plausible basis for her claims. Compl. ¶¶ 5-6, 16, 20. Rather than conducting her own testing of her purchased product (or any other product), Ms. Golikov rests her claims on third-party studies of a handful of avocado oils produced by different companies and which provide little information about the testing conducted, the results, or their

MOTION TO DISMISS COMPLAINT

9

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

significance.  *Id.*; Harper Decl. Exs. 1–3.[4]  Nor does the Complaint fill the gaps. When held against the pleading standards, her allegations and "testing" fall short, as the testing is nonrepresentative, flawed, and does not plausibly establish that the Avocado Oil Ms. Golikov purchased contained anything other than avocado oil.

Courts have dismissed similar testing-based claims of oil adulteration when a plaintiff insufficiently alleged test results suggested certain oil products were impure.  *E.g.*, *McConnon*, 2024 WL 3941340, at *5 (finding plaintiff "has not adequately alleged that the Avocado Oil is anything other than what it claims to be: cold-pressed avocado oil."); *Meyer*, 2011 WL 13216980, at *5 (dismissing similar claims based on flawed U.C. Davis olive oil study); *see also Aloudi v. Intramedic Research Grp.*, 729 F. App'x 514, 516 (9th Cir. 2017) (affirming dismissal where cited study was insufficient to "state a sufficiently plausible or specific claim of actual falsity"); *Lowe v. Edgewell Pers. Care Co.*, 711 F. Supp. 3d 1097, 1104 (N.D. Cal. Jan. 12, 2024) (dismissing where plaintiff's testing allegations failed to support plausible claim that product contained PFAS); *Bounthon*, 2024 WL 4495501, at *7–8 (same); *Martin v. Omnit Labs Inc.*, 2023 WL 8190712, at *5–7 (C.D. Cal. Oct. 18, 2013) (dismissing mislabeling claims where cited studies do not sufficiently support falsity).

*Meyer v. Colavita, Inc.* is instructive here.  2011 WL 13216980.  In that case, plaintiffs alleged "extra virgin" olive oils they purchased in Florida were adulterated with other oils based solely on a U.C. Davis study (authored by some of the same researchers of the studies Ms. Golikov relies on), which the Court held was insufficient.  *Id.* at *1.  The testing relied on a "very limited sampling" of olive oil purchased in California which was not "statistically significant," and included "somewhat inconclusive" results.  *Id.* at *5.  Even "setting aside [those] flaws, and

---

[4] Because the studies are incorporated into the Complaint by reference, the Court may consider whether they adequately support Ms. Golikov's allegations.  *See Martin v. Doctor's Best, Inc.*, 2023 WL 6370230, at *6 (C.D. Cal. Aug. 25, 2023).

**Davis Wright Tremaine** LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

assuming their results as true," the tests "at best" supported the inference that the tested oils "do not meet all of the standards promulgated by the IOC for extra virgin olive oil." *Id.* Because plaintiffs had not alleged "facts presenting a nexus" between the products they purchased and those tested, these results did "little to support an inference that" plaintiffs "have been wronged or sold 'fake' olive oil." *Id.* The court dismissed, holding any extrapolation from that study to the products plaintiffs had purchased was "unwarranted" and "speculat[ive]." *Id.* at *3, 5.

Ms. Golikov's "testing" is even more flawed and tenuous than in *Meyer*, and cannot support her claim:

**First,** Ms. Golikov's testing suffers from the same statistical flaws as the *Meyer* tests. Here, the studies tested only 22 and 36 bottles of avocado oil sold by various companies and produced no statistically significant results as to any one company or product, including the only three Great Value Avocado Oil bottles tested, each with different (and equally vague) "results." Harper Decl. Ex. 1 at 1, 10, Ex. 2 at 2, Ex. 3 at 2. Like the plaintiff in *Meyer*, Ms. Golikov cannot "support [her] claims with speculation and unwarranted extrapolation" from these extremely limited and "somewhat inconclusive" findings. *Meyer*, 2011 WL 13216980, at *5; *see Andrews v. Proctor & Gamble Co.*, 2019 WL 6520045, at *3 (C.D. Cal. June 3, 2019) (claim not plausible where based on conclusory allegations that "overstate the findings" of study supporting adulteration).

**Second**, the studies admit multiple causes *other than adulteration* could have led to their test results, which also precludes Ms. Golikov's claim. Harper Decl. Ex. 3 at 3. For example, in *Bounthon*, 2024 WL 4495501, at *8, the district court held plaintiffs' study could not plausibly support their claim that the challenged product contained PFAS, where the test could produce false-positives based on "chemicals

MOTION TO DISMISS COMPLAINT

**DAVIS WRIGHT TREMAINE** LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

that are not PFAS" and the testing method still had "gaps."[5]  The studies here have
the same flaws.  The studies explain the variations in the fatty acid levels tested for
are "not completely understood," and that harvest time, cultivars, and geography –
rather than adulteration – could have caused the test results.  Harper Decl. Ex. 3 at
3.  What's more, the study cautions "**the refining process could be causing**" the
variations, particularly for *refined* avocado oils, like Walmart's here.  *Id.*  These
alternative explanations undermine Ms. Golikov's mislabeling theory, as any
negative results could be explained by many possibilities, just one of which is
adulteration.  The studies thus cannot "permit the court to infer more than the mere
possibility" that even the few tested bottles are "impure," and fail to support Ms.
Golikov's claims.  *Iqbal*, 556 U.S. at 679.

     **Third,** the test results here show, at most, that the tested oils do not all match
a *proposed* standard not even adopted by international standards bodies.  Harper
Decl. Ex. 3 at 1, 3.  Ms. Golikov herself admits there are no "enforceable standards"
for avocado oil.  Compl. ¶ 15.  Even the adopted standards in *Meyer* were held to be
inadequate, and to "paint[]" only "a very incomplete picture" that could not support
plaintiffs' claims.  2011 WL 13216980 at *5.  Ms. Golikov does not otherwise
allege how the testing results support her theory of adulteration.  *Id.*; *Lowe*, 711 F.
Supp. 3d at 1104 ("testing allegations" "insufficient to state a plausible claim"
where "conclusory, providing no specificity as to the results reached or any other
findings that would support Plaintiff's interpretation of those results").

     **Fourth,** like the plaintiff in *Meyer*, Ms. Golikov fails to allege the requisite
"nexus or connection" between the avocado oils tested by the U.C. Davis
researchers in 2020 and 2023 and the Avocado Oil she purchased in 2021.  *Meyer*,
2011 WL 13216980, at *5.  As in *Meyer*, the studies here noted only that samples

---

[5] *Accord Andrews*, 2019 WL 6520045, at *3 (study could not plausibly support
allegations that product contained PFAS, where study screened product for
"fluorine," which only "indicates that PFASs *might* be present").

**Davis Wright Tremaine** LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

were purchased "throughout the [United States] and Canada." Harper Decl. Ex. 3 at 1. And, given that those studies tested at most *three* bottles of Great Value Avocado Oil, with differing results, and apparently two years after her purchase, Ms. Golikov alleges no nexus to her own purchase to conclude that her Avocado Oil bottle—which may differ in country of origin, time, area of purchase, corrosive environments, among other factors—was adulterated or impure.

In short, Ms. Golikov's alleged testing fails to push her claims across the Rule 8 and 9(b) thresholds.

### 4.    The Allegations Fail to Provide Sufficient Notice.

Even ignoring the testing flaws, Ms. Golikov's allegations also fail to provide mandatory notice to Walmart of the claims. *Bly-Magee v. California*, 236 F.3d 1014, 1019 (9th Cir. 2001) ("allegations … must be specific enough to give defendants notice of the particular misconduct … charged so that they can defend against the charge and not just deny that they have done anything wrong.").

Rules 8 and 9(b) require Ms. Golikov to allege not only the conclusory fact that the Avocado Oil is impure, but also *how* and *why* it is impure. *See McConnon*, 2024 WL 3941340, at *3. Courts routinely dismiss claims based on conclusory allegations that a product is impure, artificial, or lacks a quality or ingredient. In *Figy v. Frito-Lay North America*, 67 F. Supp. 3d 1075 (N.D. Cal. 2014), the court dismissed claims challenging the food products' "All Natural" labeling as misleading, because plaintiffs failed to allege "how or why the offending ingredients are unnatural." *Id.* at 1090. The court explained "[i]t is insufficient under Rule 9(b) to simply assert … an ingredient is unnatural"; a plaintiff must "plead *why* these allegedly offending ingredients are unnatural." *Id.* Other courts have dismissed similar conclusory allegations that products are "artificial" or contain "added sugar" without explaining how or why. *See Svensrud v. Frito-Lay N. Am., Inc.*, 2020 WL 8575056, at *4 (C.D. Cal. Dec. 21, 2020) (holding claims not "plausible" because "conclusory allegations were devoid of any facts suggesting

13

1  the basis for [plaintiff's] claim that the Product contains artificial cheddar"); *Hadley*

2  *v. Kellogg Sales Co.*, 243 F. Supp. 3d 1074, 1090–92 (N.D. Cal. 2017) (dismissing

3  mislabeling claim based on excessive "added sugar" where plaintiff "inadequately

4  alleged the amount of added sugar").

5       Similarly, Ms. Golikov fails to meet the pleadings standards, because she

6  does not allege how or why the product is "impure" or "adulterated"—she does not

7  allege, among other crucial factors, what component in the Avocado Oil renders it

8  not "pure," why it renders the Avocado Oil not "pure," or how much of any non-

9  pure component is in the product.  These basic allegations are critical to place

10  Walmart on notice of her claims.  *McConnon*, 2024 WL 3941340, at *3 (dismissing

11  as "the pleading provides insufficient detail from which Defendant can discern how

12  its label is allegedly misleading").  Without these facts, Walmart is left guessing at

13  her theory of falsity and deception: how is the product "adulterated" or "impure"?

14  What does she contend is in her product besides avocado oil?  How much?  Is it, for

15  example, a natural by-product of refining avocado oil?  Does she allege merely a

16  trace amount?  Is it nothing at all?

17       Ms. Golikov presents no plausible theory of falsity.  Her conclusory

18  allegations fail under both Rule 8(a) and 9(b).

19       **5.    The Allegations Preclude A Showing of Materiality.**

20       Ms. Golikov's failure to identify what renders the avocado oil "impure" also

21  precludes materiality, as required to meet the reasonable consumer standard.  *Brod*

22  *v. Sioux Honey Ass'n Co-op.*, 927 F. Supp. 2d 811, 831 (N.D. Cal. 2013)

23  (dismissing claim; complaint "provides no indication that the presence or absence

24  [of the allegedly missing ingredient] plays a substantial part in the reasonable

25  consumer's decision to purchase honey"); *Bounthon*, 2024 WL 4495501, at *9

26  (dismissing claim where plaintiffs "failed to plausibly allege [the contaminants] are

27  present in the Products at a harmful level.").

28

MOTION TO DISMISS COMPLAINT

**DAVIS WRIGHT TREMAINE** LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

A misrepresentation is "material" if a reasonable consumer "would attach importance to its existence or nonexistence in determining his choice of action in the transaction in question." *In re Tobacco II Cases*, 46 Cal. 4th 298, 327 (2009). Ms. Golikov fails to allege how the Avocado Oil differed from consumer expectations, or how the difference is material, leaving fatal gaps in her pleadings. *See Myers-Taylor v. Ornua Foods N. Am., Inc.*, 2019 WL 424703, at *5 (S.D. Cal. Feb. 4, 2019) (plaintiff failed to satisfy Rule 9(b) where complaint "fails to offer an objective or plausible definition" for the challenged label term); *McConnon*, 2024 WL 3941340, at *3 (plaintiff failed to define "pure" or allege how avocado oil at issue differed from consumer expectations); *Tran v. Sioux Honey Assoc. Coop.*, 471 F. Supp. 3d 1019, 1026–28 (C.D. Cal. 2020) (explaining the word "pure" "has no fixed meaning" and granting summary judgment as plaintiff failed to offer evidence that consumers would not expect "trace amounts" of other ingredients).

*    *    *

In sum, because Ms. Golikov fails to allege "what these [impure] ingredients are and how they are" not pure, *Figy*, 67 F. Supp. 3d at 1090, her bare allegations "stop short of the line between possibility and plausibility" and fail to satisfy either Rule 8(a) or Rule 9(b), *see Iqbal*, 556 U.S. at 678. She will be unable to cure these deficiencies, as the Avocado Oil is in fact avocado oil, and the Court should dismiss all claims with prejudice.

**B.      Ms. Golikov's Claims Fail for Additional, Claim-Specific Reasons.**

**1.      Ms. Golikov's Fraud Claim Fails for Lack of Intent.**

Ms. Golikov's intentional misrepresentation claim also fails because she does not allege the requisite fraudulent intent. To state her claim, Ms. Golikov "must plead (1) a misrepresentation, (2) knowledge of falsity, (3) intent to induce reliance, (4) actual and justifiable reliance, and (5) resulting damage." *Nazemi v. Specialized Loan Serv'g, LLC*, 637 F. Supp. 3d 856, 861 (C.D. Cal. 2022). This requires alleging "specific facts to suggest" plaintiff has the requisite "scienter." *Lazo v.*

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

*Bank of Am., N.A.*, 2012 WL 1831577, at \*9 (N.D. Cal. May 18, 2012).  Where a plaintiff alleges only "conclusory" allegations of knowledge—i.e., the defendant "knowingly made a false representation"—dismissal is warranted.  *Id.*; *accord Tae Hee Lee v. Toyota Motor Sales, USA, Inc.*, 992 F. Supp. 2d 962, 922 (C.D. Cal. 2014) (dismissing fraud claim on this basis).

Ms. Golikov's intent allegations fail to rise beyond conclusory.  Her conclusory allegation that Walmart "knows, or reasonably should know, that its labeling is misleading customers," Compl. ¶ 22, is insufficient to plead scienter.  And her allegation that Walmart "should know" that its labels were misleading because "[s]ince at least 2020, the avocado oil industry has been aware that there are problems with adulteration," *id.* ¶ 22, is undermined by her previous admission that only recently did the researchers of the study she cites "reveal[] the names of the avocado oils that had tested impure in their study."  *Id.* ¶ 20 (citing an article published on August 27, 2024).  In other words, Ms. Golikov contends Walmart *potentially* had knowledge of claimed adulteration only as recently as August 27, 2024, long after she made her purchase in 2021.  *See id.* ¶ 26.  She fails to allege plausibly that Walmart had knowledge when the alleged representation was made, which is fatal to this claim.

### 2.    The Claim for Punitive Damages Should Be Dismissed.

Ms. Golikov fails to allege sufficient facts supporting her request for punitive damages.  "California federal district courts have consistently held that a plaintiff who seeks punitive damages against a corporate defendant must plead more than non-conclusory allegations that an officer, director or managing agent of the defendant authorized or ratified the conduct that constitutes malice, fraud or oppression."  *Rozier v. Dep't of Homeland Sec. Fed. Protective Serv.*, 2022 WL 2199938, at \*3 (C.D. Cal. Mar. 7, 2022) (listing cases).  Failure to plead "the names or titles of *any* individual actor is a fatal defect."  *Taiwan Semiconductor Mfg. Co., Ltd. v. Tela Innovations, Inc.*, 2014 WL 3705350, at \*6 (N.D. Cal. July 24, 2014);

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

*see also Vermillion v. Corrections Corp. of Am.*, 2008 WL 4058063, *11 (E.D. Cal. Aug. 28, 2008) (dismissing punitive damages claim; complaint "fail[ed] to point to conduct of officers or directors"). Where a plaintiff alleges only the conclusory statement that a defendant's conduct was "willful and malicious," the claim for punitive damages will not survive a motion to dismiss. *Rausch v. Flatout, Inc.*, 660 F. Supp. 3d 855, 863 (N.D. Cal. 2023) (dismissing punitive damages claim in consumer mislabeling action).

Ms. Golikov does not include any allegations supporting her request for punitive damages, let alone identify any individual agents whose conduct ratified or authorized such misconduct. *See* Compl ¶ 107. The Court should therefore dismiss her request for punitive damages.

## IV.    CONCLUSION

Ms. Golikov brought this lawsuit despite on-point precedent in this district dismissing the same mislabeling theory, based on the same pleading deficiencies as present here. If Ms. Golikov were able to articulate a plausible theory of falsity, she would have alleged it already. Further, the sole support for her claim—the "testing"—cannot support her mislabeling theory. Walmart thus respectfully requests the Court grant this Motion to Dismiss with prejudice. *See Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011) ("[A] district court may dismiss without leave where a plaintiff's proposed amendments would fail to cure the pleading deficiencies and amendment would be futile.").


Dated: December 9, 2024                          DAVIS WRIGHT TREMAINE LLP

                                                 By: */s/ Jacob M. Harper*
                                                     Jacob M. Harper

                                                 *Attorneys for Defendant*
                                                 Walmart Inc.

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

## **CERTIFICATION**

The undersigned counsel of record for Walmart Inc., certifies that this brief contains 5,586 words, which complies with the word limit of L.R. 11-6.1 and the Court's Standing Order.

/s/ *Jacob M. Harper*

MOTION TO DISMISS COMPLAINT

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899