Jacob M. Harper (SBN 259463)
  *jacobharper@dwt.com*
Heather F. Canner (SBN 292837)
  *heathercanner@dwt.com*
Joseph Elie-Meyers (SBN 325183)
  *josepheliemeyers@dwt.com*
DAVIS WRIGHT TREMAINE LLP
350 South Grand Avenue, 27th Floor
Los Angeles, CA 90071
Telephone:  (213) 633-6800
Fax:  (213) 633-6899

*Counsel for Defendant*
*Walmart Inc.*

DAVIS WRIGHT TREMAINE LLP

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## WESTERN DIVISION

| | |
|---|---|
| EDIE GOLIKOV, individually and on behalf of all others similarly situated,<br><br>                    Plaintiff,<br><br>    vs.<br><br>WALMART INC.,<br><br>                    Defendant. | Case No. 2:24-cv-08211-RGK-MAR<br><br>**WALMART INC.'S OPPOSITION TO PLAINTIFF'S MOTION FOR CLASS CERTIFICATION**<br><br>Date:        February 10, 2025<br>Time:       9:00 am<br>Location:   Courtroom 850<br><br>Assigned to the Hon. R. Gary Klausner<br><br>[*Declaration of Walmart's Avocado Oil Supplier; Declaration of Jacob M. Harper; Objections to Declarations of Richard Lyon and Thomas Maronick; and Proposed Order filed concurrently*]<br><br>Compl. filed:     September 24, 2024 |

1

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DAVIS WRIGHT TREMAINE LLP

# TABLE OF CONTENTS

**Page**

I.      INTRODUCTION .................................................................................1

II.     FACTUAL ALLEGATIONS AND PROCEDURAL HISTORY .................2

    A.     Golikov Alleges the Avocado Oil Is "Impure." ....................................2

    B.     Golikov Moves for Class Certification. ................................................3

    C.     Plaintiff and Her Counsel Refuse To Appear For Depositions. ...........3

III.    LEGAL STANDARD. ...........................................................................4

IV.     PLAINTIFF FAILS TO PROVE COMMONALITY AND
        PREDOMINANCE. ..............................................................................4

    A.     No Proof of Common Adulteration or Deception. ...............................5

        1.     Supplier Confirms Product Contains Only Avocado Oil ...........5

        2.     *McConnon* Shows No Common (or Any) Deception................6

        3.     Purported "Testing" Doesn't Show Classwide Adulteration .....6

    B.     No Common Proof of Materiality/Reliance or Deception....................8

    C.     No Predominance Because No Classwide Proof of Damages............11

        1.     The Price Premium Model Fails.............................................12

        2.     The Full Refund Model Fails.................................................13

    D.     No Predominance Because Class Definition Includes Waivers .........13

V.      PLAINTIFF FAILS TO MEET OTHER RULE 23 REQUIREMENTS......14

    A.     No Evidence of Numerosity..................................................14

    B.     No Proof of Typicality. ......................................................15

    C.     No Proof of Superiority......................................................16

    D.     No Certification of Injunctive Relief Class. .........................16

    E.     Golikov and Her Counsel Are Inadequate. .........................17

VI.     PLAINTIFF'S PROCEDURAL VIOLATIONS WARRANT DENIAL.....18

VII.    CONCLUSION ...................................................................................18

i

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*ABS Ent., Inc. v. CBS Corp.*,
  908 F.3d 405 (9th Cir. 2018) ............................................................................. 18

*Algarin v. Maybelline, LLC*,
  300 F.R.D. 444 (S.D. Cal. 2014) ................................................................*passim*

*Amavizca v. Nutra Mfg.*,
  2021 WL 682113 (C.D. Cal. Jan. 27, 2021) ....................................................... 8

*Angulo v. Providence Health & Servs. – Wash.*,
  2024 WL 3744258 (W.D. Wash. Aug. 9, 2024) .....................................7, 13, 17

*Avilez v. Pinkerton Gov't Servs.*,
  596 F. App'x 579 (9th Cir. 2015) ...................................................................... 14

*Black Lives Matter L.A. v. City of L.A.*,
  113 F.4th 1249 (9th Cir. 2024)......................................................................1, 4

*Bruce v. Teleflora, LLC*,
  2013 WL 6709939 (C.D. Cal. Dec. 18, 2013)..................................................... 9

*Caldera v J.M. Smucker Co.*,
  2014 WL 1477400 (C.D. Cal. Apr. 15, 2014)............................................. 13, 16

*Campanelli v. Image First Healthcare Laundry Specialists, Inc.*,
  2018 WL 6727825 (N.D. Cal. Dec. 21, 2018) .....................................14, 16, 18

*City of Goodlettsville, Tenn. v. Priceline.com, Inc.*,
  2011 WL 1595847 (M.D. Tenn. Apr. 27, 2011) ................................................ 9

*Clevenger v. Welch Foods Inc.*,
  342 F.R.D. 446 (C.D. Cal. Sept. 13, 2022) ........................................................ 8

*Comcast Corp. v. Behrend*,
  569 U.S. 27 (2013) ...............................................................................4, 11, 12

*Dickey v. Advanced Micro Devices, Inc.*,
  2019 WL 251488 (N.D. Cal. Jan. 17, 2019) ..................................................... 12

*Ellis v. Costco Wholesale Corp.*,
  657 F.3d 979 (9th Cir. 2011) ....................................................................... 15, 17

DAVIS WRIGHT TREMAINE LLP

ii

DAVIS WRIGHT TREMAINE LLP

*F.T.C. v. Wash. Data Res.*,
  2011 WL 2669661 (M.D. Fla. July 7, 2011) .........................................9

*Gunaratna v. Dennis Gross Cosmetology LLC*,
  2023 WL 5505052 (C.D. Cal. Apr. 4, 2023)........................................11

*Haliburton Co. v. Erica P. John Fund, Inc.*,
  573 U.S. 258 (2014) ...............................................................................4

*Hamilton v. TBC Corp.*,
  328 F.R.D. 359 (C.D. Cal. 2018)..........................................................14

*Hanon v. Dataproducts Corp.*,
  976 F.2d 497 (9th Cir. 1992) ................................................................15

*In re ConAgra Foods, Inc.*,
  302 F.R.D. 537 (C.D. Cal. 2014)............................................................5

*In re POM Wonderful LLC*,
  2014 WL 1225184 (C.D. Cal. Mar. 25, 2014) .......................11, 12, 13

*Jimenez v. Domino's Pizza, Inc.*,
  238 F.R.D. 241 (C.D. Cal. 2006)..........................................................16

*Johns v. Bayer Corp.*,
  2013 WL 1498965 (S.D. Cal. Apr. 10, 2013) .........................................9

*Johnson & Johnson-Merck Consumer Pharms. Co. v. Rhone-Poulenc Rorer Pharms., Inc*,
  19 F.3d 125 (3d Cir. 1994) ...................................................................11

*Kandel v. Brother Int'l Corp.*,
  264 F.R.D. 630 (C.D. Cal. 2010)..........................................................17

*Kosta v. Del Monte Foods, Inc.*,
  308 F.R.D. 217 (N.D. Cal. 2015) ............................................................5

*McConnon v. Kroger*,
  2024 WL 3941340 (C.D. Cal. June 21, 2024)...................................6, 10

*Moheb v. Nutramax Labs., Inc.*,
  2012 WL 6951904(C.D. Cal. Sept. 4, 2012) .........................................17

*New Look Party Ltd. v. Louise Paris Ltd.*,
  2012 WL 251976 (S.D.N.Y. Jan. 11, 2012) ...........................................9

OPPOSITION TO MOTION FOR CLASS CERTIFICATION

DAVIS WRIGHT TREMAINE LLP

*Pascal v. Nissan N. Am., Inc.*,
  2022 WL 19076763 (C.D. Cal. Dec. 21, 2022) ................................ 6, 8

*Quinonez v. Pharm. Specialties, Inc.*,
  2017 WL 4769436 (C.D. Cal. Aug. 10, 2017) .................................... 18

*Reitman v. Champion Petfoods USA, Inc.*,
  830 F. App'x 880 (9th Cir. 2020) .................................................... 13

*Richey v. Matanuska-Susitna Borough*,
  2015 WL 1542546 (D. Alaska Apr. 7, 2015) ..................................... 15

*Scotts Co., LLC v. Pennington Seed, Inc.*,
  2014 WL 12591406 (E.D. Va. Feb. 26, 2014) ................................. 9, 10

*Seacret Spa Int'l v. Lee*,
  2016 WL 880367 (E.D. Va. Mar. 8, 2016) ........................................... 9

*Siles v. ILGWU Nat'l Ret. Fund*,
  783 F.2d 923 (9th Cir. 1986) ............................................................ 15

*Tan v. Grubhub, Inc.*,
  2016 WL 4721439 (N.D. Cal. July 19, 2016) ..................................... 14

*Townsend v. Monster Beverage Co.*,
  303 F. Supp. 3d 1010 (C.D. Cal. 2018) ..............................5, 9, 10, 11

*Tran v. Sioux Honey Ass'n, Cooperative*,
  471 F. Supp. 3d 1019 (C.D. Cal. 2020) ............................................... 9

*Tri-Valley CAREs v. U.S. Dep't of Energy*,
  671 F.3d 1113 (9th Cir. 2012) ......................................................... 18

*Van v. LLR, Inc.*,
  61 F.4th 1053 (9th Cir. 2023) .......................................................... 11

*Vizcarra v. Unilever U.S., Inc.*,
  339 F.R.D. 530 (N.D. Cal. 2021) .................................................... 5, 8

*Wal-Mart Stores, Inc. v. Dukes*,
  564 U.S. 338 (2011) ..................................................................... 1, 14

*Wang v. Def. Tax Grp. Inc.*,
  2020 WL 6204578 (C.D. Cal. Aug. 10, 2020) .................................... 14

OPPOSITION TO MOTION FOR CLASS CERTIFICATION

*Watts v. Allstate Indem. Co.*,
    2013 WL 210059 (E.D. Cal. Jan. 17, 2013) .................................................. 7

*Webb v. Carter's Inc*,
    272 F.R.D. 489 (C.D. Cal. 2011) ................................................................. 8

*Whitaker v. Aviano, LLC*,
    2020 WL 4787999 (C.D. Cal. June 15, 2020) ............................................. 18

*Wilson v. Odwalla, Inc.*,
    2018 WL 3250161 (C.D. Cal. June 22, 2018) ............................................... 9

*Wish Atlanta, LLC v. Contextlogic, Inc.*,
    2015 WL 7761265 (M.D. Ga. Dec. 2, 2015) ................................................. 9

*Zinser v. Accufix Research Institute*,
    253 F.3d 1180 (9th Cir. 2001) ........................................................... 5, 16

**Statutes**

15 U.S.C. § 1114 *et seq.* (Lanham Act) .................................................... 11

**Rules**

Fed. R. Civ. P.
    23 ...................................................................................................*passim*
    23(a) ............................................................................................... 4
    23(a)(2) ........................................................................................... 4
    23(a)(4) .......................................................................................... 17
    23(b) ............................................................................................... 4
    23(b)(2) ...................................................................................... 16, 17
    23(b)(3) ........................................................................................... 4
    37 .................................................................................................... 1
    37(c)(1) ............................................................................................ 9

Local Rule
    7-3 ........................................................................................... 3, 17, 18
    11-6.2 ........................................................................................ 3, 17

DAVIS WRIGHT TREMAINE LLP

OPPOSITION TO MOTION FOR CLASS CERTIFICATION

## <u>MEMORANDUM OF POINTS AND AUTHORITIES</u>

## I.    INTRODUCTION

The Court should dismiss this action and deny this motion for class certification as moot.  But this motion also fails on the merits.  Plaintiff Edie Golikov fails to "prove" "by a preponderance of actual evidence" that each Rule 23 requirement is satisfied.  *Black Lives Matter L.A. v. City of L.A.*, 113 F.4th 1249, 1258 (9th Cir. 2024).  Her scant evidence falls far short of this burden and cannot survive the "rigorous analysis" required by Rule 23.  *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 351 (2011).  Many reasons compel denial.

***No Common Questions/Predominance.***  Golikov fails for lack of common questions or proof.  In this purported mislabeling action, Golikov must prove the court can adjudicate common questions of deception and reliance at a class level.  She cannot do either.

- *No Classwide Adulteration Means No Classwide Deception.*  Golikov's entire claim rests on whether she can produce evidence of *systematic* adulteration of the Avocado oil.  She cannot.  The only competent evidence —from Walmart's sole avocado oil supplier—confirms all Walmart Great Value avocado oil contains nothing but unadulterated avocado oil.  Golikov offers no competent evidence that *any* bottle was adulterated, much less of systematic adulteration affecting an entire class.  *If* the Court were to credit Golikov's limited evidence, that shows at most that any "adulteration" affects only a handful of bottles, and thus requires individualized, bottle-by-bottle testing to determine whether and how any label is deceptive—far from the classwide proof required.

- *No Evidence of Materiality, Reliance, or Deception.*  Golikov papers over gaps in evidence with an "expert" declaration of Thomas Maronick, a repeatedly discredited professional plaintiff's expert.  But Rule 37 bars Golikov from relying on testimony from this undisclosed expert.  Further, Maronick's

declaration is pervasively flawed and fails to demonstrate classwide materiality, reliance, or deception.

- *No Classwide Damages*. Golikov offers only her counsel's testimony identifying the "price premium" between Avocado Oil and a vegetable oil on a single day. Courts routinely reject such evidence, as it fails to tether the price difference to the class's actual injury, and cannot be extrapolated to four years of purchases. Her "full refund" damages model is inapplicable and also fails.

- *Individual Class Waivers*. Golikov's putative class includes customers bound by Walmart's arbitration and class waiver provisions, which creates numerous problems precluding class certification.

***Myriad Other Rule 23 Failures.*** Failures of common proof and the individual nature of these claims infect every one of the remaining Rule 23 elements. Without evidence any avocado oil was adulterated at all, Golikov fails to show basic factors such as numerosity, typicality, superiority, or adequacy. And her deposition no-show, misrepresentations, and rule violations underscore inadequacy. Those same rule violations also individually warrant denial in themselves.

The Court should deny this Motion.

## II.    FACTUAL ALLEGATIONS AND PROCEDURAL HISTORY

### A.    Golikov Alleges the Avocado Oil Is "Impure."

Walmart owns retails stores that sell, among other products, its Great Value Refined Avocado Oil (the Avocado Oil). FAC ¶ 5. The Avocado Oil's front label states it is "Refined Avocado Oil," and the back of the label includes an ingredient disclosure, which lists "avocado oil." *Id.* ¶¶ 17–18. The label does not include the word "pure." *See id.* Immediately below the ingredient disclosure, the label discloses that it "MAY CONTAIN TRACES OF MILK, WHEAT, SOY AND SESAME." (Lyon Decl. Ex. 10.)

Golikov contends she and other "reasonable consumers" read the Avocado Oil label to represent the product is "pure," i.e., the "product [] contains only

avocado oil." FAC ¶ 19; *id.* ¶ 42.  She alleges the Avocado Oil is "adulterated"

with "other oils" and that "[s]he would not have purchased [it] at the price she paid

if she had known [it] was contaminated with other oils." *Id.* ¶¶ 5–6, 20, 26.  Based

on these allegations, Golikov brings statutory and common law claims for false and

misleading advertising on behalf of a putative class of nationwide consumers, and a

California consumer subclass.

On January 10, 2025, Walmart moved to dismiss the FAC.  (ECF 37.)

Walmart's Motion to Dismiss will be heard on February 10, 2025 concurrently with

this Motion.  (*Id.*)

**B.    Golikov Moves for Class Certification.**

On January 8, 2025, Golikov filed this Motion for Class Certification.

On January 9, 2025, the Court struck Plaintiff's Motion for failure to comply

with Local Rule 7-3 and 11-6.2, and ordered Golikov to file a corrected motion

within "1 day." (ECF 35.)  Golikov had not previously conferred with Walmart

regarding its anticipated Motion; on January 9, 2025, Golikov's counsel emailed

Walmart to "confirm" that Walmart "opposed." (Harper Decl. ¶¶ 3–4, Ex. 1.)

Walmart's counsel responded, "we oppose. And we are still reviewing the bases."

(*Id.*)  Golikov refiled her Motion on January 10, 2025.  (ECF 36.)

**C.    Plaintiff and Her Counsel Refuse To Appear For Depositions.**

Immediately after receiving Golikov's Motion, Walmart served discovery

related to the previously undisclosed evidence therein.  On January 10, Walmart

served a notice for Golikov's January 15 deposition.  Golikov failed to appear for

her deposition, despite failing to apply for a protective order.  (Harper Decl. ¶ 5,

Exs. 2, 4.)  Walmart has also served subpoenas for deposition and documents on

Golikov's newly disclosed expert, Maronick, on January 14, and the laboratory that

conducted Golikov's testing on January 17.  (*Id.* ¶ 6, Exs. 6–7.)  Despite its

diligence, Walmart could not obtain any of this discovery before its January 17

opposition deadline.

OPPOSITION TO MOTION FOR CLASS CERTIFICATION

## III.    LEGAL STANDARD.

To certify a class, "the plaintiff[] must affirmatively demonstrate by a preponderance of actual evidence that they satisfy all the Rule 23 prerequisites," *Black Lives Matter L.A. v. City of L.A.*, 113 F.4th 1249, 1258 (9th Cir. 2024), including "prov[ing] [] there are in fact sufficiently numerous parties, common questions of law or fact," typicality of claims or defenses, and adequacy of representation." *Comcast Corp. v. Behrend*, 569 U.S. 27, 33 (2013). "The party must also satisfy through evidentiary proof at least one of the provisions of Rule 23(b)." *Id.* "[C]ertification is proper only if the trial court is satisfied, after a rigorous analysis, that the prerequisites of Rule 23[ ] have been satisfied" by the preponderance of the evidence. *Id.* "Plaintiffs wishing to proceed through a class action must actually *prove*—not simply plead—that their proposed class satisfies each requirement of Rule 23[.]" *Haliburton Co. v. Erica P. John Fund, Inc.*, 573 U.S. 258, 275 (2014).

## IV.    PLAINTIFF FAILS TO PROVE COMMONALITY AND PREDOMINANCE.

Golikov fails to prove commonality or predominance under Rules 23(a)(2) and 23(b) as to multiple elements of her claims.

Rule 23(a) commonality requires "questions of law or fact common to the class." Fed. R. Civ. P. 23(a)(2). "[T]he court must [] find…questions that are 'central to the validity' of the claims and capable of being resolved 'in one stroke.'" *Black Lives Matter*, 113 F. 4th at 1258. "[T]o certify a damages class under Rule 23(b)(3), the burden is even higher: the district court must find that common questions predominate over individual ones." *Black Lives Matter*, 113 F.4th at 1258. "Showing predominance is difficult, and it regularly presents the greatest obstacle to class certification." *Id.* "If the main issues in a case require the separate adjudication of each class member's individual claim or defense, a Rule 23(b)(3)

action would be inappropriate." *Zinser v. Accufix Research Institute*, 253 F.3d 1180, 1189 (9th Cir. 2001).

This is a false advertising case, so Golikov must "point to common evidence other than alleged misrepresentations themselves to establish that the question of likelihood of deception can be resolved on a classwide basis." *Vizcarra v. Unilever U.S., Inc.*, 339 F.R.D. 530, 548 (N.D. Cal. 2021) (lack of evidence regarding deception or materiality precluded commonality). Further, "plaintiffs must have some means of proving materiality and reliance by a reasonable consumer on a classwide basis in order to certify a class." *Kosta v. Del Monte Foods, Inc.*, 308 F.R.D. 217, 225 (N.D. Cal. 2015). "[I]f a misrepresentation is not material as to all class members, the issue of reliance varies from consumer to consumer, and no classwide inference arises." *In re ConAgra Foods, Inc.*, 302 F.R.D. 537, 576 (C.D. Cal. 2014). Golikov must also prove by a preponderance of the evidence that the "damages are capable of measurement on a classwide basis." *Townsend v. Monster Beverage Co.*, 303 F. Supp. 3d 1010, 1043 (C.D. Cal. 2018).

Golikov fails to meet her burden on commonality and predominance, as she (1) has no classwide proof of deception, because she has no classwide evidence of adulteration; (2) fails to offer competent common evidence that reasonable consumers would be misled by the label, or find any misrepresentation material; (3) presents no competent classwide damages model; and (4) defines her class to include consumers who must arbitrate their claims individually.

### A.   No Proof of Common Adulteration or Deception.

Golikov's motion fails because she cannot muster common proof of classwide deception or adulteration—the basis of all of her claims.

### 1.   Supplier Confirms Product Contains Only Avocado Oil

Walmart's supplier declaration establishes the Avocado Oil is in fact only avocado oil. (Supplier Decl. ¶¶ 3–9.) Walmart's supplier attests that multiple rounds of testing—both before and after it is packaged for delivery to retail stores—

OPPOSITION TO MOTION FOR CLASS CERTIFICATION

confirm *each batch* of Avocado Oil sold over the past four years is in fact avocado oil containing no other oils. (*Id.*) Golikov *cannot* offer classwide evidence of adulteration, because there is none.

### 2.    *McConnon* Shows No Common (or Any) Deception

Like the dismissed claims in *McConnon v. Kroger*, 2024 WL 3941340, at *3 (C.D. Cal. June 21, 2024), Golikov presents no clear theory or evidence of falsity— i.e., what exactly is wrong with the Avocado Oil that renders the label deceptive. Her vague assertions it is potentially "adulterated" with unspecified "cooking oils" fails to set forth any common problem for which there could be classwide proof. (Mot. 7.) Her theory is also fatally undermined by the label itself, which clearly discloses the product it "MAY CONTAIN TRACES OF MILK, COCONUT, WHEAT AND SOY," which advises consumers that traces of cooking oils like soybean oil and sesame oil may be present. (Lyon Decl. Ex. 10.)



### 3.    Purported "Testing" Doesn't Show Classwide Adulteration

Golikov's purported "testing" fails to evidence classwide adulteration. *Pascal v. Nissan N. Am., Inc.*, 2022 WL 19076763, at *10 (C.D. Cal. Dec. 21, 2022) (denying certification where plaintiff failed to "articulate how [expert evidence] can identify or prove a common defect"). At most, her testing of four bottles reflects only individualized issues with a handful of bottles, likely from post-sale single-bottle contamination or testing errors.

### (a)    U.C. Davis Studies.

The U.C. Davis studies Golikov relies upon themselves explain why she cannot prove commonality. It observes there are "significant differences in the quality and purity of oil from different lot numbers, even when sourced from the same retailer." (Lyon Decl. Ex. 3 at 1, 5; Ex. 5 (ECF 36-3 at 51).) Thus, the studies

reflect testing *results* for a product will vary from bottle to bottle, requiring individualized testing.  This is reflected in Walmart's suppliers own practices: each batch is separately tested for purity and quality, both before and after it is processed and bottled.  (Supplier Decl. ¶¶ 3–9.)

Further, the study shows that the *cause* of the oil variation will also differ from bottle-to-bottle and lot-to-lot, as it acknowledges that causes *other than adulteration* – including differing harvest time, cultivars, geography, and **the refining process itself** – can explain variances in test results.  (*Id.*, Ex. 2 at 3, Ex. 3 at 6.)  Thus, not only are the results inconsistent between the bottles of the Avocado Oil, but they admittedly do not necessarily show the avocado oil contains anything other avocado oil.  This evidence cannot pass rigorous examination under Rule 23.

### (b)    Attorney-Based Lab Test.

Golikov's test of a single bottle of avocado oil (obtained a day before filing this motion) fares no better.  (Lyon Decl. ¶ 15, Ex. 11.)  The testing results are not properly authenticated; unreliable; and provide no information about how to interpret the results (except her counsel's incompetent say-so) or any details of the testing, such as the methodology applied, relevant control variables, testing conditions, or applicable standards.  (*Id.*); *Watts v. Allstate Indem. Co.*, 2013 WL 210059, at *12 (E.D. Cal. Jan. 17, 2013) (denying certification after excluding expert testimony that lacked any "presentation of her methodology").

Golikov offers purported expert testimony interpreting the test—that of her counsel, Richard Lyon, who submits two sentences of conclusory, double-hearsay testimony based on what an unidentified individual at the lab "informed" him.  (Lyon Decl. ¶ 15 & Ex. 11.)  Lyon does not even testify that he is qualified to issue such expert opinions.  The Court must discard this testimony and report as detailed in Walmart's evidentiary objections.  *See Angulo v. Providence Health & Servs. – Wash.*, 2024 WL 3744258, at *9 (W.D. Wash. Aug. 9, 2024) (denying class

OPPOSITION TO MOTION FOR CLASS CERTIFICATION

certification; declining to consider counsel's testimony as "counsel is not a medical professional and thus cannot provide expert testimony").

And there is good reason to doubt this bottle was adulterated at all: Walmart's supplier conducted multiple tests on the *same lot* from which this sample was drawn, and found that the product consisted of 100% avocado oil.  (Supplier Decl. ¶¶ 10–11.)

Even if the Court credits Golikov's test, evidence as to a single bottle of avocado oil cannot constitute common proof that *all* bottles purchased in California over the past four years are commonly adulterated.  *Pascal*, 2022 WL 1907673, at *10 (excluding expert testimony where it presents "no method" behind "extrapolation" of defect to class products).  Given Golikov's sparse testing, she fails to show her results are the product of anything other than testing error or after-sale contamination.  Further, Walmart's evidence that its tested bottles *do* contain only avocado oil shows Golikov *cannot* show any uniform defect, and that batch-by-batch, lot-by-lot, and bottle-by-bottle testing to determine whether each label is false or misleading will plague this case.  (Supplier Decl. ¶¶ 3–9.)

Because of this, her claimed adulteration is not as clearcut as in the false advertising cases she cites.  *E.g., Amavizca v. Nutra Mfg.*, 2021 WL 682113, *6 (C.D. Cal. Jan. 27, 2021) (product did not contain "Glucosamine Sulfate" as claimed), *decertified*, 2021 WL 4945242 (C.D. Cal. June 15, 2021); *Clevenger v. Welch Foods Inc.*, 342 F.R.D. 446 (C.D. Cal. Sept. 13, 2022) (box contained less product than competitors).

## B.    No Common Proof of Materiality/Reliance or Deception.

Golikov also fails to "point to common proof that is *capable* of" establishing materiality or deception "on a classwide basis."  *Vizcarra*, 339 F.R.D. at 552.  A statement is material if "consumers' behavior would vary as to whether they would buy the [avocado oil] products if they saw the [challenged] disclosure."  *Webb v. Carter's Inc*, 272 F.R.D. 489, 502 (C.D. Cal. 2011).  The statements must also be

8

likely to deceive "a significant portion of the general consuming public or of targeted consumers, acting reasonably in the circumstances." *Townsend*, 303 F. Supp. 3d at 1044.

Golikov relies on a consumer survey and testimony from Professor Thomas Maronick, whose testimony has been excluded at least eleven times.[1]  It should be excluded on the same basis, and for failure to disclose under Rule 37(c)(1).

***Survey Doesn't Say What Golikov Claims.***  Golikov misconstrues the survey results to argue "69.7% of consumers were deceived by Walmart's labeling, and 73.0% of consumers considered this deception material to their purchasing decision." (Mot. 10.)  The survey shows no such thing.  For starters, the survey respondents were not limited to actual purchasers of the Avocado Oil, and includes consumers who "purchased or ***considered purchasing***" certain oils "in the past six months." (Maronick Decl.  ¶¶ 9–10, 12 & Ex. D at 25 (emphasis added).)  Courts have repeatedly found this exact defect renders Maronick's surveys and testimony irrelevant.  E.g., *Townsend*, 303 F. Supp. 3d at 1044 ("Dr. Maronick's report does not provide insight into consumers' purchasing decisions" where respondents "were not necessarily persons who purchased [products at issue]"); *Bruce*, 2013 WL 6709939, at *7 (problems with Maronick's survey were "manifold" including "the survey respondents were not necessarily actual putative class members").  With no

---

[1] *Townsend*, 303 F. Supp. 3d at 1026–33; *Bruce v. Teleflora, LLC*, 2013 WL 6709939, at *7 (C.D. Cal. Dec. 18, 2013); *Tran v. Sioux Honey Ass'n, Cooperative*, 471 F. Supp. 3d 1019, 1029 (C.D. Cal. 2020); *Johns v. Bayer Corp.*, 2013 WL 1498965, at *28 (S.D. Cal. Apr. 10, 2013); *F.T.C. v. Wash. Data Res.*, 2011 WL 2669661, at *2 (M.D. Fla. July 7, 2011); *Wilson v. Odwalla, Inc.*, 2018 WL 3250161, at *1–2 (C.D. Cal. June 22, 2018); *Seacret Spa Int'l v. Lee*, 2016 WL 880367, at *2 (E.D. Va. Mar. 8, 2016); *Wish Atlanta, LLC v. Contextlogic, Inc.*, 2015 WL 7761265, at *12 (M.D. Ga. Dec. 2, 2015); *New Look Party Ltd. v. Louise Paris Ltd.*, 2012 WL 251976, at *10 n.8 (S.D.N.Y. Jan. 11, 2012); *City of Goodlettsville, Tenn. v. Priceline.com, Inc.*, 2011 WL 1595847, at *2 (M.D. Tenn. Apr. 27, 2011); *Scotts Co., LLC v. Pennington Seed, Inc.,* 2014 WL 12591406, at *8 (E.D. Va. Feb. 26, 2014).

data on whether respondents purchased Walmart's Avocado Oil (or any avocado oil), the survey provides *no* "insight into consumers' purchasing decisions" as required to show materiality. *Townsend*, 303 F. Supp. 3d at 1044.

***Materiality/Reliance.***  The survey does not establish consumers considered any part of Walmart's label to be a factor in their purchasing decision.  The survey asked respondents the importance of "purity" in their decision to buy avocado oil. (Maronick Decl. ¶¶ 12, 16 & Ex. D at 28.)  Walmart's label makes no representation as to purity and such questions are insufficiently tethered to the challenged statements.  (*Id.* ¶ 11); *McConnon*, 2024 WL 3941340, at *3 ("pure" does not appear on the bottle); *see Scotts,* 2014 WL 12591406, at *8 (excluding Maronick's testimony as he did not "isolate out the incremental impact" of challenged statements).  Golikov theorizes that "Walmart misleads consumers" because the front label (1) "prominently states 'Avocado Oil'"; (2) "includes images of avocadoes," and (3) "the back label lists only a single ingredient: Avocado Oil."  (Mot. 2.)  But the survey did not ask about, or measure, how any of these statements factored into consumers' purchasing decision.  *See Townsend*, 303 F. Supp. 3d at 1045 ("a survey needs 'to assess whether the challenged statements were in fact material to consumers' purchases'").

The survey also shows respondents considered multiple factors aside from "purity" in their purchasing decision, and *made no attempt to compare the*m.  (*Id.* ¶¶ 14, 16 & Ex. D at 25, 28.)  Materiality thus "varies from consumer to consumer." *Algarin v. Maybelline, LLC*, 300 F.R.D. 444, 457 (S.D. Cal. 2014) (no common proof with evidence of "varying factors that influence purchasing decision").  This alone defeats Golikov's Motion.  *Townsend*, 303 F. Supp. 3d at 1048 (failure to show "a common answer to the question of whether a reasonable consumer would consider any of the challenged statements a material misrepresentation" is "grounds alone" to deny class certification).

OPPOSITION TO MOTION FOR CLASS CERTIFICATION

***Deception.***  The survey does not establish consumer deception, as it shows *most* consumers believed the avocado oil *could* contain "other oils."  (Maronick Decl. ¶ 15 (57.9% indicated it was between "somewhat likely" and "extremely unlikely" that product contains only avocado oil).)  Respondents thus had a variety of expectations of the Avocado Oil after reviewing the labels and did not steadfastly believe, as Golikov alleges, that it was "pure."  (*Id.*); *Algarin*, 300 F.R.D. at 454, 457 (denying class certification where survey reflected product conformed to over half of purchasers' expectations).  Golikov's evidence shows deception cannot be established with classwide proof.[2]  With no classwide materiality or deception, Golikov is not entitled to an inference of reliance and the Court should deny her Motion.  *Townsend*, 303 F. Supp. 3d at 1043 ("If the misrepresentation ... is not material as to all class members, the issue of reliance would vary from consumer to consumer and the class should not be certified.").

### C.    No Predominance Because No Classwide Proof of Damages.

Golikov must also—but cannot—prove the "damages are capable of measurement on a classwide basis."  *Townsend*, 303 F. Supp. 3d at 1043 (citing *Comcast*, 569 U.S. at 35).  Plaintiff must prove "by a preponderance of the evidence," *Van v. LLR, Inc.*, 61 F.4th 1053, 1069 (9th Cir. 2023), that the damages model "measure[s] only those damages attributable to [plaintiff's] theory [of liability]," *Comcast*, 569 U.S. at 35.  For plaintiffs alleging that product labeling is misleading, the appropriate damages are the "price premium," i.e., the difference between the price paid and the actual value of the product, attributed to the alleged misrepresentation.  *See In re POM Wonderful LLC*, 2014 WL 1225184, at \*2–3

---

[2] Ms. Golikov's consumer-survey caselaw is distinguishable.  *Gunaratna v. Dennis Gross Cosmetology LLC* relied on results an expert concluded was "statistically significant."  2023 WL 5505052, at \*16 (C.D. Cal. Apr. 4, 2023).  *Johnson & Johnson-Merck Consumer Pharms. Co. v. Rhone-Poulenc Rorer Pharms., Inc.* did not address whether 20% of consumers being misled is sufficient to establish deception under the Lanham Act.  19 F.3d 125, 136 (3d Cir. 1994)

(C.D. Cal. Mar. 25, 2014). Such plaintiffs are typically foreclosed from full refund damages. *Id.* Golikov presents both a full damages model and a price premium model of damages. Neither works.

### 1.    The Price Premium Model Fails.

Golikov's price premium model fails because she does not isolate the premium attributable to the misrepresentation. (Mot. 15.)

Golikov argues that because consumers "received a cheaper mix or blend of different types of oils" price premium damages are "readily calculable" by subtracting the price of the Avocado Oil from the price of Walmart's Great Value Vegetable Oil. (Mot. 15–16.) Golikov does not proffer a damages model supported by conjoint analysis or a hedonic regression model, but rather asks the Court to rely solely on testimony from her counsel, Rick Lyon, and the prices he pulled from Walmart's website on December 19, 2024. (Mot. 16; Lyon Decl. ¶ 2.) Courts regularly reject such categorical price comparisons, as they "do[] not even attempt to isolate the [price] amount attributed solely to the alleged misrepresentation" and the "inadequacies are [thus] readily apparent." *Algarin*, 300 F.R.D. at 460–61; *POM Wonderful*, 2014 WL 1225184, at *5 (rejecting damages evidence where expert "assumed, without any methodology at all" "that 100% of that price difference was attributable to Pom's alleged misrepresentations").

The comparison to Vegetable Oil also cannot "measure only those damages attributable to [plaintiff's] theory [of liability]," as Golikov does not contend she purchased a bottle of vegetable oil repackaged as avocado oil,[3] but rather a product "adulterated" with some type of other oil in an undefined amount. *See Comcast*, 569 U.S. at 35. She fails to offer any other evidence that Walmart's Vegetable Oil

---

[3] Ms. Golikov's cited authority is inapposite on this basis. *Dickey v. Advanced Micro Devices, Inc.*, 2019 WL 251488 (N.D. Cal. Jan. 17, 2019) (price comparison between "4-core" and "8-core" products acceptable as damages model where plaintiffs alleged they were deceived into purchasing a "4-core" product labeled as "8-core").

is an appropriate comparison for the Avocado Oil (or even that it contains vegetable oil), or is otherwise sufficiently tethered to her or the class's claimed injury. And Mr. Lyon is not an economist qualified to opine on the relative value of such products. *See Angulo*, 2024 WL 3744258, at *9 (class counsel cannot obtain certification by testifying as expert).

### 2. The Full Refund Model Fails.

As noted *supra*, full refund damages are generally inappropriate in food mislabeling cases. *See POM Wonderful*, 2014 WL 1225184, at *2–3; *Caldera v J.M. Smucker Co.*, 2014 WL 1477400, at *4 (C.D. Cal. Apr. 15, 2014).

Golikov offers no evidence that consumers received *no value* from the Avocado Oil; indeed, she claims she would have paid a lower price for the same product. (Golikov Decl. ¶ 4); *Reitman v. Champion Petfoods USA, Inc.*, 830 F. App'x 880, 881 (9th Cir. 2020) (affirming order rejecting full refund model where plaintiff "fail[ed] to explain … how the [defect] renders the product completely valueless"). Because she admits she received some value from the product, her "full refund" theory of damages fails. *Caldera*, 2014 WL 1477400, at *3–4 (full refund improper where "class members undeniably received some benefit").

### D. No Predominance Because Class Definition Includes Waivers

Golikov also cannot satisfy predominance because individual issues will dominate as to whether class members (including Golikov) waived class relief. Golikov's class definition—encompassing "all persons who, within the state of California…purchased Great Value Avocado Oil"—includes any buyers of the Avocado Oil regardless of source, whether in brick-and-mortar stores or online.

Walmart's website—through which consumers make online purchases—is governed by Walmart's Terms of Use (TOU). The TOU include an arbitration agreement and class action waiver, in which customers "agree to waive the right to have any dispute or claim [adjudicated] as a . . . class action," as to "ALL

DISPUTES ARISING OUT OF OR RELATED TO . . . ANY ASPECT OF THE RELATIONSHIP BETWEEN YOU AND WALMART." (Harper Decl. Ex. 8.)

This class waiver creates insurmountable problems. Golikov's broad class definition includes all purchasers *regardless of whether they are subject to the arbitration and class provisions*, a problem creating inevitable and obvious predominance problems. *Avilez v. Pinkerton Gov't Servs.*, 596 F. App'x 579, 579 (9th Cir. 2015) (vacating class certification where only some class members subject to class action waiver); *Campanelli v. Image First Healthcare Laundry Specialists, Inc.*, 2018 WL 6727825, at *7 (N.D. Cal. Dec. 21, 2018) (denying certification where plaintiff not subject to class members' class waiver). A narrower class definition would not help here, as any attempt to exclude class members subject to the arbitration agreement inevitably would require case-by-case determinations to determine whether any individuals qualify. *Tan v. Grubhub, Inc.*, 2016 WL 4721439, at *3, *5 (N.D. Cal. July 19, 2016). And Golikov herself may be subject to the arbitration agreement (an issue the parties easily could have resolved had Golikov shown up for her January 15 deposition). If Golikov is subject to arbitration and waiver, then she cannot even serve as a plaintiff, much less class representative, given this potential unique defense. *Hamilton v. TBC Corp.*, 328 F.R.D. 359, 393 (C.D. Cal. 2018) (denying class certification where plaintiffs were subject to unique defenses).

## V.   PLAINTIFF FAILS TO MEET OTHER RULE 23 REQUIREMENTS

Golikov also fails to carry her burden as to the remaining Rule 23 requirements.

### A.   No Evidence of Numerosity.

"A party seeking class certification … must be prepared to prove that there are in fact sufficiently numerous parties" with actual evidence. *Wal-Mart*, 564 U.S. at 352. A plaintiff cannot satisfy numerosity with mere "common-sense and

reasonable inferences."  *Wang v. Def. Tax Grp. Inc.*, 2020 WL 6204578, at *2 (C.D. Cal. Aug. 10, 2020)

The only competent evidence in the record—Walmart's supplier declaration—shows the class size is *zero*, as no adulteration occurred, meaning no class members suffered the claimed harm.  (Supplier Decl. ¶¶ 3–9.)  As detailed *supra* 5–8, Golikov fails to establish that *any* class members purchased adulterated bottles, let alone thousands.  She also falsely claims, without evidence, it is "undisputed that the proposed class far exceeds 40 people" (Mot. 6–7), but Walmart has never attested or stipulated to the number of individuals in her proposed class. Relying on bald speculation and conjecture fails to meet her burden.  *E.g.*, *Siles v. ILGWU Nat'l Ret. Fund*, 783 F.2d 923, 930 (9th Cir. 1986) (no numerosity where there was "no evidence" regarding how many individuals met class requirements).

### B.    No Proof of Typicality.

"The test of typicality is whether other members have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiffs, and whether other class members have been injured by the same course of conduct."  *Ellis v. Costco Wholesale Corp.*, 657 F.3d 979, 984 (9th Cir. 2011). Class certification "should not be granted if 'there is a danger that absent class members will suffer if their representative is preoccupied with defenses unique to it.'"  *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992).

Golikov fails to show her claim is typical of the class.  She fails to provide evidence of what she contends is wrong with her product or how that defect is typical of the putative class claims.  *See Richey v. Matanuska-Susitna Borough*, 2015 WL 1542546, at *6 (D. Alaska Apr. 7, 2015) (no typicality where plaintiffs failed "to point to facts that show their claims are typical of the class claims").  She does not show, for example, when her bottle was purchased, the geographic origin of the oil, lot number, expiration date, or any other characteristic that would permit the Court to determine whether her claim or claimed injury is typical of the class.

15

(*See* Golikov Decl. ¶¶ 2–4 (vaguely describing purchase and claim).)  Without a theory of falsity or proof of uniform adulteration across class products, she cannot show her own purchased bottle falls within the class claims.

### C. No Proof of Superiority.

Golikov cannot show a class action is superior.  Courts "focus on the efficiency and economy elements of the class action" in determining superiority. *Zinser*, 253 F.3d at 1190.  As detailed *supra* 5–8,  litigating class claims would require individualized, bottle-by-bottle testing to identify product defects. Additionally, the product is covered by Walmart's money-back guarantee, which provides all customers the opportunity for a refund if they believe the product does not conform to label statements.[4]  This guarantee *offers more to putative class members than class certification can*, because Golikov admits she (and putative class members) received some value from the product, such that a "full refund" theory of damages necessarily fails.  *Caldera*, 2014 WL 1477400, at *3–4.  A class action where plaintiffs get *less* than otherwise entitled to is necessarily not superior. *E.g.*, *Jimenez v. Domino's Pizza, Inc.*, 238 F.R.D. 241, 253 (C.D. Cal. 2006) (no superiority where "the issues presented are to be determined based on an individual's experience").

### D. No Certification of Injunctive Relief Class.

Rule 23(b)(2) certification also is not warranted.

*First*, injunctive relief under Rule 23(b)(2) would not benefit the class. Golikov provides only one class definition—"all persons who, while in the state of California and within the applicable statute of limitations period, purchased Great Value Avocado Oil." (Mot. 4.)  Thus, "the only potential beneficiaries of any injunctive relief"—"future purchasers"—are excluded from the class, by Golikov's very definition.  *Algarin*, 300 F.R.D at 458.

---

[4] Walmart Standard Return Policy, https://www.walmart.com/help/article/walmart-standard-return-policy/adc0dfb692954e67a4de206fb8d9e03a.

*Second*, Golikov primarily seeks monetary relief that is not merely "incidental" to the requested declaratory relief. *Id.* Monetary relief predominates because the entire premise of her claims is that she "would have paid less" for the Avocado Oil. (FAC ¶ 26.) Moreover, individualized damages inquiries center this litigation because "the retail price paid" varies, and as explained above, questions regarding "subjective value" exist here. "In such a situation, the computation of the damages is not a mere 'mechanical step'" that would be "incidental" to injunctive relief, and precludes certification under Rule 23(b)(2). *Algarin*, 300 F.R.D. at 459; *Moheb v. Nutramax Labs., Inc.*, 2012 WL 6951904, at *6 (C.D. Cal. Sept. 4, 2012).

### E. Golikov and Her Counsel Are Inadequate.

For adequacy, Plaintiff must show that she and her counsel will "fairly and adequately protect the interests of the class," Fed. R. Civ. P. 23(a)(4), including by prosecuting the action vigorously on behalf of the class. *Ellis*, 657 F.3d at 985. Golikov fails to meet her burden.

**Golikov.** Golikov's conclusory assertion that "Plaintiff has no conflicts and will vigorously prosecute the case" (Mot. 11; Golikov Decl. ¶¶ 5–6), does not meet her burden, *see Angulo*, 2024 WL 3744258, at *11 (no adequacy where plaintiffs "baldly assert" lack of conflicts). Further, Golikov's failure to appear at properly-noticed deposition shows she is inadequate. *See Kandel v. Brother Int'l Corp.*, 264 F.R.D. 630, 634 (C.D. Cal. 2010) (failure to comply with discovery requests suggests inadequacy).

**Counsel.** Golikov's counsel is likewise inadequate. First, counsel violated Local Rules 7-3 and 11-6.2 and the Court's Standing Order § 7 in filing this Motion. *Kandel*, 264 F.R.D. at 634 (counsel inadequate where they, *inter alia*, "failed to follow the Court's local rules [and] standing orders"). Second, in an attempt to "correct" their failure to confer, counsel fabricated a history of "many" conferrals that never occurred. (Notice of Motion; Harper Decl. ¶¶ 3–4.) This underscores inadequacy. (Harper Decl. Ex. 4–5 (Non-Appearances)). *See*

*Quinonez v. Pharm. Specialties, Inc.*, 2017 WL 4769436, at \*3–5 (C.D. Cal. Aug. 10, 2017).

## VI.  PLAINTIFF'S PROCEDURAL VIOLATIONS WARRANT DENIAL.

"Denial of a motion as the result of a failure to comply with local rules is well within a district court's discretion." *Tri-Valley CAREs v. U.S. Dep't of Energy*, 671 F.3d 1113, 1131 (9th Cir. 2012).  ***First***, Golikov's corrected motion (which was not filed until January 9, and therefore late per Standing Order) still does not comply with L.R. 7-3.  Golikov's only attempt to confer was untimely (January 9) and inadequate (an email asking Walmart to "confirm" that it opposed the motion). (Harper Decl. Ex. 1.)  This does satisfy L.R. 7-3 and justifies dismissal.  *E.g.*, *Whitaker v. Aviano, LLC*, 2020 WL 4787999, at \*3 (C.D. Cal. June 15, 2020) (denying motion for failure to confer).  ***Second***, Golikov's refusal to appear for a properly noticed deposition—without serving objections or obtaining a protective order—prejudices Walmart and mandates denial.  *See ABS Ent., Inc. v. CBS Corp.*, 908 F.3d 405, 427 (9th Cir. 2018) ("bright line" 90-day certification deadline prejudicial where defendant deprived of pre-certification discovery).

## VII.  CONCLUSION

Golikov does not satisfy Rule 23.  The Court should deny the motion.


Dated: January 17, 2025                                    DAVIS WRIGHT TREMAINE LLP

                                                           By: */s/ Jacob M. Harper*
                                                               Jacob M. Harper

                                                           *Attorneys for Defendant*
                                                           Walmart Inc.

# **CERTIFICATION**

The undersigned counsel of record for Walmart Inc., certifies that this brief contains 5,600 words, which complies with the word limit of L.R. 11-6.1 and the Court's Standing Order.

_____ /s/ *Jacob M. Harper* _____

OPPOSITION TO MOTION FOR CLASS CERTIFICATION