1 | Jacob M. Harper (SBN 259463)
   |   *jacobharper@dwt.com*
2 | Heather F. Canner (SBN 292837)
   |   *heathercanner@dwt.com*
3 | Joseph Elie-Meyers (SBN 325183)
   |   *josepheliemeyers@dwt.com*
4 | Peter K. Bae (SBN 329158)
5 |   *peterbae@dwt.com*
   | DAVIS WRIGHT TREMAINE LLP
6 | 350 South Grand Avenue, 27th Floor
7 | Los Angeles, CA 90071
   | Telephone: (213) 633-6800
8 | Fax: (213) 633-6899

9 | *Counsel for Defendant*
10| *Walmart Inc.*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

| | |
|---|---|
| EDIE GOLIKOV, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>WALMART INC.,<br><br>Defendant. | Case No. 2:24-cv-08211-RGK-MAR<br><br>**DECLARATION OF WALMART'S AVOCADO OIL SUPPLIER IN SUPPORT OF WALMART'S OPPOSITION TO PLAINTIFF'S MOTION FOR CLASS CERTIFICATION**<br><br>[REDACTED VERSION OF DOCUMENT PROPOSED TO BE FILED UNDER SEAL]<br><br>Date: February 10, 2025<br>Time: 9:00 am<br>Location: Courtroom 850<br><br>[*Opposition; Declaration of Jacob Harper; Objections to Declarations of Richard Lyon and Thomas Maronick; and Proposed Order filed concurrently*] |

**DECLARATION OF AVOCADO OIL SUPPLIER**

I, ▇▇▇▇▇▇▇▇▇▇, declare and state as follows:

1. My named is ▇▇▇▇▇▇▇▇▇▇. I am the Director of Raw Materials and Laboratory for ▇▇▇▇▇▇▇▇ which operates ▇▇▇▇▇▇▇ an international cooking oil manufacturing and bottling company headquartered in Monterrey, Mexico. I make this declaration in support of Walmart's Opposition to Plaintiff Edie Golikov's Motion for Class Certification. I have personal knowledge of the facts set forth in this declaration, and if called as a witness, I could and would competently testify to them.

2. ▇▇▇▇▇▇ produces and bottles "private label" or "white label" avocado oil that is sold by third-parties under their own label. This includes Walmart, Inc.'s "Great Value" brand avocado oil. ▇▇▇▇▇▇ has been and is the exclusive supplier of Walmart Great Value avocado oil for the period of sales I understand is at issue in this lawsuit, which includes Walmart Great Value avocado oil sold from September 2020 through the present.

3. ▇▇▇▇▇▇ products sold as Walmart Great Value avocado oil contain only refined avocado oil, and are not mixed with or adulterated by any product or other oils.

4. ▇▇▇▇▇▇ engages in extensive quality control and industry-standard testing to ensure that all of the avocado oil that it bottles and ships to Walmart is only refined avocado oil and of sufficiently high quality to sell to consumers. This quality control includes both supplier vetting and multiple rounds of testing of each batch of raw avocado oil. Also the company sends randomly selected products to external certified laboratories to guarantee the authenticity of the product. ▇▇▇▇▇▇ does not ship any Great Value avocado oil that does not pass its quality control testing.

5. Before ▇▇▇▇▇▇ begins working with any source of avocado oil raw materials, it tests multiple avocado oil samples from that source and analyzes their

quality and purity, according to the technical specifications provided and approved by the client. The source is approved only if these test show that their product consists entirely of refined avocado oil and passes quality standards.

6. Then, once each supplier is vetted and approved, ▇▇▇ continues to test every batch of their oil. Every batch of refined avocado oil that is received from suppliers at ▇▇▇ factory is tested upon receipt for quality and to ensure that it is refined avocado oil, and only refined avocado oil. If it does not pass the test, then the batch is rejected and is not processed, not bottled, and not passed on to consumers.

7. Once a batch of refined avocado oil is received from the supplier and passes the first round of purity and quality testing, it is bottled for retail consumers at ▇▇▇ factories. Every batch of ▇▇▇ refined avocado oil, including every batch of Walmart Great value refined avocado oil, is then tested for quality and purity a second time after it has been bottled. For this second test of the finished product, ▇▇▇ employees randomly select bottles from each batch for testing, open the bottles, and test the product. Because the tests are conducted on sealed bottles from each batch, these samples are representative of each batch of refined avocado oil that is shipped to Walmart. Any batches that do not pass this second test are rejected and are not shipped to ▇▇▇ Walmart.

8. ▇▇▇ has used this same testing protocol in each batch it has bottled.

9. ▇▇▇ also takes extensive precautions to ensure that there is no cross-contamination between refined avocado oil batches. This ensures that tests of each batch are representative and can be traced to the supplier, and also ensures that refined avocado oil that does not meet specifications is not passed on to consumers.

10. I have reviewed the results of the document described by the plaintiff's counsel, Richard Lyon (and attached to his declaration as Exhibit 11), as the January 7, 2025 Ceutical Labs test results conducted at the request of Dovel &

Luner LLP and submitted in support of Plaintiff Edie Golikov's motion for class certification. The results state that the tested sample was from taken Walmart refined Avocado Oil, Lot # L-14276N-292-7. I have shared this document provided as Exhibit 11 to the Lyon declaration with other scientists and staff at ▮▮▮▮▮▮▮▮▮. We see several problems. First, it doesn't match our records. ▮▮▮▮▮▮ conducted its own testing of Walmart refined Avocado Oil, Lot # L-14276N-292-7, the same batch reflected in the Ceutical Labs report. I consulted ▮▮▮▮▮▮'s records and was able to locate and review the testing result for that Lot # L-14276N-292-7. Spraylab's test results state that the refined avocado oil in L-14276N-292-7 was refined avocado oil and only refined avocado oil, not mixed with or adulterated by any other oil. Second, the report included as Exhibit 11 has anomalies that look inconsistent with known and industry standards. For example, we are not aware of any vegetable edible oils that do not have the parameter $C18:1$ (oleic acid), does not follow known standards. Third, the report in Exhibit 11 is missing key metrics in the report, including: Traceability registry of laboratory (sample reception date, analysis start/end date).

11. ▮▮▮▮▮▮ conducted its own testing of Walmart refined Avocado Oil, Lot # L-14276N-292-7, the same batch reflected in the Ceutical Labs report. I consulted ▮▮▮▮▮▮ records and was able to locate and review the testing result for that Lot # L-14276N-292-7. ▮▮▮▮▮▮ test results state that the refined avocado oil in L-14276N-292-7 was refined avocado oil and only refined avocado oil, not mixed with or adulterated by any other oil.

12. I understand that Walmart has requested that my name and company name be sealed because the information sufficient to identify the supplier and details of the supplier's quality control processes are confidential business information that would be harmful to Walmart's competitive advantage against competing businesses. I agree, and it also would harm our competitive advantages with other suppliers. In the ordinary course, ▮▮▮▮▮▮ and Walmart keeps its

information and relationship confidential and only shares such information on a need-to-know basis. If this information were public, our and Walmart's competitors may use such information to gain an unfair competitive advantage by using the information to develop similar products or pursue competing contracts with suppliers. Walmart's and our competitors could also use supplier identities to market or price their own products, adapt quality control processes of their own suppliers, and derive additional business sensitive information such as profit margin and costs. Moreover, Walmart's supplier selection is based on a variety of proprietary factors including cost, demand, geography, and time, all of which Walmart and ███████ invest substantial resources to develop in a competitive and efficient manner. Disclosure of this information would thus lead to financial and competitive harm. As such, Walmart and ███████ make great efforts to protect the confidentiality of their supplier relationship.

I declare under penalty of perjury of the laws of the United States that the foregoing is true and correct.

Executed this 17th day of January, 2025, at Grenada, Spain.

███████