| | |
|---|---|
| 1 | Jacob M. Harper (SBN 259463) |
| 2 | *jacobharper@dwt.com* |
|   | Heather F. Canner (SBN 292837) |
| 3 | *heathercanner@dwt.com* |
|   | Joseph Elie-Meyers (SBN 325183) |
| 4 | *josepheliemeyers@dwt.com* |
| 5 | Peter K. Bae (SBN 329158) |
|   | *peterbae@dwt.com* |
| 6 | DAVIS WRIGHT TREMAINE LLP |
|   | 350 South Grand Avenue, 27th Floor |
| 7 | Los Angeles, CA 90071 |
|   | Telephone: (213) 633-6800 |
| 8 | Fax: (213) 633-6899 |

*Counsel for Defendant Walmart Inc.*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| EDIE GOLIKOV, individually and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> vs. <br><br> WALMART INC., <br><br> Defendant. | Case No. 2:24-cv-08211-RGK-MAR <br><br> **WALMART INC.'S OBJECTIONS TO DECLARATION OF THOMAS MARONICK (ECF 36-2)** <br><br> Date: February 10, 2025 <br> Time: 9:00 am <br> Location: Courtroom 850 <br><br> [*Opposition; Declaration of Jacob M. Harper; Declaration of Walmart's Avocado Oil Supplier; Objection to Declaration of Richard Lyon; and Proposed Order filed concurrently*] <br><br> Assigned to the Hon. R. Gary Klausner <br> Dept.: Courtroom 850 <br><br> Compl. filed: September 24, 2024 |

2

Plaintiff Edie Golikov's failure to disclose purported "expert" Thomas Maronick—a professional plaintiff's witness stricken by at least twelve courts for irrelevant and inadmissible opinions[1]—alone suffices to exclude his report and testimony. *See, e.g.*, *McCrary v. Elations Co., LLC*, 2014 WL 1779243, at *14 (C.D. Cal. Jan. 13, 2014) (striking class certification declarations from undisclosed witnesses) (citing Fed. R. Civ. P. 37(c)(1) (party "not allowed to use [undisclosed] information or witness" required by Rule 26)). Professor Maronick's testimony is also irrelevant because he never asked any respondents about the Avocado Oil's challenged statements, let alone limit his survey to actual purchasers of the Avocado Oil; his questionnaire is riddled with myriad miscellaneous methodological errors; and even his own "findings" and "conclusions" contradict his survey. Walmart respectfully requests that the Court sustain its objections to Professor Maronick's Declaration, and his purported evidence in support.

## I. WALMART'S OBJECTIONS TO MARONICK'S DECLARATION

| Purported Evidence at Issue | Grounds for Objection | Ruling |
|---|---|---|
| Declaration of Professor Thomas Maronick (ECF 36- | Relevance (FRE 401, 402, 403); foundation (FRE 602); vague (FRE 403); lacks personal knowledge to | ____ Sustained<br>____ Overruled |

---

[1] *See, e.g.*, *Townsend v. Monster Beverage Co.*, 303 F. Supp. 3d 1010, 1026–33 (C.D. Cal. 2018) (Maronick's "survey data and conclusions regarding the [challenged] statement," "conclusions regarding why consumers buy Defendants' beverages," and "conclusion regarding the contradictory nature of the representations at issue" are "unreliable."); *Bruce v. Teleflora, LLC*, 2013 WL 6709939, at *7 (C.D. Cal. Dec. 18, 2013) (Maronick's "online survey" presented "manifold" problems); *Tran v. Sioux Honey Ass'n, Cooperative*, 471 F. Supp. 3d 1019, 1029 (C.D. Cal. 2020) (Maronick "offer[s] no foundation upon which a factfinder could conclude that a reasonable consumer would be misled by [product] labeling."); *Wilson v. Odwalla, Inc.*, 2018 WL 3250161, at *1–2 (C.D. Cal. June 22, 2018) (excluding Maronick's report); *City of Goodlettsville, Tenn. v. Priceline.com, Inc.*, 2011 WL 1595847, at *2 (M.D. Tenn. Apr. 27, 2011) (same); *Wish Atlanta, LLC v. Contextlogic, Inc.*, 2015 WL 7761265, at *12 (M.D. Ga. Dec. 2, 2015) (discounting Maronick's opinion, who "could not identify any published opinion endorsing his novel [survey] methodology"); *New Look Party Ltd. v. Louise Paris Ltd.*, 2012 WL 251976, at *10 n.8 (S.D.N.Y. Jan. 11, 2012) (no weight to Maronick's report because his conclusions were not "'based on sufficient facts or data'"); *F.T.C. v. Wash. Data Res.*, 2011 WL 2669661, at *2 (M.D. Fla. July 7, 2011) (excluding Maronick's testimony as "unhelpful," "purely speculative" opinion which "depends upon an unverified, unsupported, and speculative claim").

| | | | |
|---|---|---|---|
| 2 (Maronick Decl.)), in whole | authenticate (FRE 901); improper opinion testimony (FRE 701).<br><br>Professor Maronick's Declaration purports to summarize a survey which is not limited to actual purchasers of the Avocado Oil; does not ask respondents whether they had purchased Avocado Oil; and does not ask respondents about challenged statements on Avocado Oil. Professor Maronick's Declaration is based on a methodologically flawed survey, including because it is neither clear nor precise, with certain questions suggesting answers. (*See, e.g.*, Maronick Decl., Ex. D at 2 (Question 6).) Professor Maronick's Declaration contradicts the survey it purports to summarize. (*Compare, e.g.*, Maronick Decl. ¶ 9 ("past two years") *with id.*, Ex. D at 2 ("past six months"); *compare id.* ¶ 10 ("purchased avocado oil") *with id.*, Ex. D at 2 ("considered purchasing" oils).) Professor Maronick's Declaration is irrelevant to materiality and consumer deception. | |
| Maronick Decl. ¶¶ 9–12 (Methodology) | Relevance (FRE 401, 402, 403); foundation (FRE 602); vague (FRE 403); lacks personal knowledge to authenticate (FRE 901); improper opinion testimony (FRE 701).<br><br>Professor Maronick's methodologies are not limited to actual purchasers of the Avocado Oil; do not ask respondents whether they had purchased Avocado Oil; and do not ask respondents about challenged statements on Avocado Oil. | ____ Sustained<br>____ Overruled |

4

OBJECTIONS TO MARONICK DECL.

| | | |
|---|---|---|
| | Professor Maronick's survey is methodologically flawed, including because it is neither clear nor precise, with certain questions suggesting answers.  (*See, e.g.*, Maronick Decl., Ex. D at 2 (Question 6).)  Professor Maronick's Declaration contradicts the survey it purports to summarize.  (*Compare, e.g.*, Maronick Decl. ¶ 9 ("past two years") *with id.*, Ex. D at 2 ("past six months"); *compare id.* ¶ 10 ("purchased avocado oil") *with id.*, Ex. D at 2 ("considered purchasing" oils).) | |
| Maronick Decl. ¶¶ 13–16 (Findings) | Relevance (FRE 401, 402, 403); foundation (FRE 602); vague (FRE 403); lacks personal knowledge to authenticate (FRE 901); improper opinion testimony (FRE 701).<br><br>Professor Maronick's findings are based on his survey, which is not limited to actual purchasers of the Avocado Oil; does not ask respondents whether they had purchased Avocado Oil; and does not ask respondents about challenged statements on Avocado Oil.  Professor Maronick's findings are based on a methodologically flawed survey, including because it is neither clear nor precise, with certain questions suggesting answers.  (*See, e.g.*, Maronick Decl., Ex. D at 2 (Question 6).)  Professor Maronick's findings are irrelevant to materiality and consumer deception. | ____ Sustained<br>____ Overruled |
| Maronick Decl. ¶ 17 (Conclusion) | Relevance (FRE 401, 402, 403); foundation (FRE 602); vague (FRE 403); lacks personal knowledge to | ____ Sustained<br>____ Overruled |

5

OBJECTIONS TO MARONICK DECL.

| | Evidence | Objections | Ruling |
|---|---|---|---|
| | | authenticate (FRE 901); improper opinion testimony (FRE 701).<br><br>Professor Maronick's conclusion is based on his survey, which is not limited to actual purchasers of the Avocado Oil; does not ask respondents whether they had purchased Avocado Oil; and does not ask respondents about challenged statements on Avocado Oil. Professor Maronick's conclusion is based on a methodologically flawed survey, including because it is neither clear nor precise, with certain questions suggesting answers. (*See, e.g.*, Maronick Decl., Ex. D at 2 (Question 6).) Professor Maronick's conclusion is irrelevant to materiality and consumer deception. | |
| | Maronick Decl., Ex. D (survey) | Relevance (FRE 401, 402, 403); foundation (FRE 602); vague (FRE 403); lacks personal knowledge to authenticate (FRE 901); improper opinion testimony (FRE 701).<br><br>Professor Maronick does not limit his survey to actual purchasers of Avocado Oil; does not ask respondents whether they had purchased Avocado Oil; and does not ask respondents about challenged statements on Avocado Oil. Professor Maronick's survey is methodologically flawed, including because it is neither clear nor precise, with certain questions suggesting answers. (*See, e.g.*, Maronick Decl., Ex. D at 2 (Question 6).) Professor Maronick's survey is irrelevant to materiality and consumer deception. | ____ Sustained<br>____ Overruled |

1  Walmart respectfully requests the Court sustain its objections to Professor
2  Maronick's Declaration, in whole, including the evidence identified above.  If the
3  Court is inclined to consider the Maronick Declaration, Walmart respectfully
4  requests an opportunity to depose Professor Maronick, and to file a sur-reply to
5  Golikov's motion for class certification.

Dated: January 17, 2025                          DAVIS WRIGHT TREMAINE LLP

By: */s/ Jacob M. Harper*
     Jacob M. Harper

*Attorneys for Defendant*
Walmart Inc.

7