1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

# WESTERN DIVISION

| | |
|---|---|
| EDIE GOLIKOV, individually and on behalf of all others similarly situated,<br><br>                    Plaintiff,<br><br>    vs.<br><br>WALMART INC.,<br><br>                    Defendant. | Case No. 24-cv-08211-RGK-MAR<br><br>**[PROPOSED] ORDER DENYING MOTION FOR CLASS CERTIFICATION AND APPOINTMENT OF CLASS REPRESENTATIVES AND CLASS COUNSEL**<br><br>Date:        February 10, 2025<br>Time:        9:00 am<br>Location:    Courtroom 850<br><br>Assigned to the Hon. R. Gary Klausner<br><br>[*Opposition; Declaration of Walmart's Avocado Oil Supplier; Declaration of Jacob M. Harper; and Objections to Declarations of Richard Lyon and Thomas Maronick filed concurrently*]<br><br>Compl. filed:    September 24, 2024 |

# [PROPOSED] ORDER DENYING MOTION FOR CLASS CERTIFICATION AND APPOINTMENT OF CLASS REPRESENTATIVES AND CLASS COUNSEL

Before the Court is Plaintiff Edie Golikov's Motion for Class Certification and Appointment of Class Representatives and Class Counsel (Motion). After considering the Motion, and the papers filed in support and opposition thereto, as well as any argument on the Motion, the Court orders that the Motion is **DENIED**.

*First*, as the Court will grant Defendant Walmart Inc.'s (Walmart) Motion to Dismiss the First Amended Complaint, the Motion for Class Certification is **DENIED AS MOOT.**

*Second*, the Court holds that Plaintiff has not satisfied her burden for certification of the proposed class under Federal Rule of Civil Procedure 23.

To certify a class, "the plaintiff[] must affirmatively demonstrate by a preponderance of actual evidence that they satisfy all the Rule 23 prerequisites." *Black Lives Matter L.A. v. City of L.A.*, 113 F.4th 1249, 1258 (9th Cir. 2024). "The party must also satisfy through evidentiary proof at least one of the provisions of Rule 23(b)." *Comcast Corp. v. Behrend*, 569 U.S. 27, 33 (2013). "[C]ertification is proper only if the trial court is satisfied, after a rigorous analysis, that the prerequisites of Rule 23[ ] have been satisfied" by the preponderance of the evidence. *Id.* (cleaned up). "Plaintiffs wishing to proceed through a class action must actually *prove*—not simply plead—that their proposed class satisfies each requirement of Rule 23[.]" *Haliburton Co. v. Erica P. John Fund, Inc.*, 573 U.S. 258, 275 (2014).

As an initial matter, the Court has reviewed Walmart's objections and **SUSTAINS** Walmart's Objections to the Declaration of Professor Thomas Maronick, DBA, JD and the Declaration of Richard Lyons. As explained below, even considering this evidence, Plaintiff does not satisfy her Rule 23 burden.

**A.      Commonality & Predominance.**

Rule 23(a) commonality requires "questions of law or fact common to the class." Fed. R. Civ. P. 23(a)(2). "[T]he court must [] find…questions that are 'central to the validity' of the claims and capable of being resolved 'in one stroke.'" *Black Lives Matter*, 113 F. 4th at 1258. "[T]o certify a damages class under Rule 23(b)(3), the burden is even higher: the district court must find that common questions predominate over individual ones." *Id.* "Showing predominance is difficult, and it regularly presents the greatest obstacle to class certification." *Id.* "If the main issues in a case require the separate adjudication of each class member's individual claim or defense, a Rule 23(b)(3) action would be inappropriate." *Zinser v. Accufix Research Institute*, 253 F.3d 1180, 1189 (9th Cir. 2001).

In false advertising cases, a plaintiff must "point to common evidence other than alleged misrepresentations themselves to establish that the question of likelihood of deception can be resolved on a classwide basis." *Vizcarra v. Unilever U.S., Inc.*, 339 F.R.D. 530, 548 (N.D. Cal. 2021). Further, "plaintiffs must have some means of proving materiality and reliance by a reasonable consumer on a classwide basis in order to certify a class." *Kosta v. Del Monte Foods, Inc.*, 308 F.R.D. 217, 225 (N.D. Cal. 2015). "[I]f a misrepresentation is not material as to all class members, the issue of reliance varies from consumer to consumer, and no classwide inference arises." *In re ConAgra Foods, Inc.*, 302 F.R.D. 537, 576 (C.D. Cal. 2014). The plaintiff must also prove by a preponderance of the evidence that the "damages are capable of measurement on a classwide basis." *Townsend v. Monster Beverage Co.*, 303 F. Supp. 3d 1010, 1043 (C.D. Cal. 2018).

Plaintiff's putative class claims rest on the theory that she and the putative class members purchased bottles of Walmart's Great Value Avocado Oil (Avocado Oil), which were adulterated with "other cooking oils" thus rendering the label's statement that it is "Avocado Oil" false or misleading to reasonable consumers. Plaintiff fails to

put forth evidence to show common proof such that deception, materiality, reliance, and damages can be resolved on a classwide basis.

Plaintiff's putative class claims rest on a theory of systemic adulteration in the Avocado Oil.  However, Plaintiff offers no competent evidence to show that the adulteration of the Great Value Avocado Oil bottles purchased by the putative class members can be resolved with common proof.  Walmart offers evidence that the Avocado Oil is routinely tested by its supplier, who confirms before and after bottling that the product is in fact avocado oil and contains no adulterant, including any other oil.  Plaintiff's evidence—studies produced by U.C. Davis and a purported lab report—even if credited, reflects, at most, that four bottles of Avocado Oil containing avocado oil from varying geographic regions each had differing results, purportedly indicating adulteration in some way.  Plaintiff's own evidence, namely the U.C. Davis studies, confirms that testing results may vary bottle-by-bottle, and offers several different factors that can cause varying testing results.  Plaintiff offers no basis to extrapolate any results of her cited testing classwide; rather the balance of the record indicates that only a handful of bottles might have results indicating different adulterations.  *Pascal v. Nissan N. Am., Inc.*, 2022 WL 19076763, at *10 (C.D. Cal. Dec. 21, 2022) (denying certification where plaintiff failed to "articulate how [expert evidence] can identify or prove a common defect").  Thus, determining whether the Avocado Oil label is deceptive based on its contents would require an individualized inquiry of each bottle.  Plaintiff has thus failed to demonstrate either commonality under Rule 23(a) or predominance under Rule 23(b).

Plaintiff's marketing expert declaration also fails to meet her burden to show common proof of classwide consumer deception and materiality based on the Avocado Oil label.  A statement is material if "consumers' behavior would vary as to whether they would buy the [avocado oil] products if they saw the [challenged] disclosure." *Webb v. Carter's Inc.*, 272 F.R.D. 489, 502 (C.D. Cal. 2011).  The statements must also be likely to deceive "a significant portion of the general consuming public or of

targeted consumers, acting reasonably in the circumstances." *Townsend*, 303 F. Supp. 3d at 1044. As noted above, Walmart's objections to Maronick's declaration are well-taken. His testimony has manifest errors. His consumer survey is not necessarily limited to purchasers of the Avocado Oil and is therefore irrelevant. *Townsend*, 303 F. Supp. 3d at 1044 ("Dr. Maronick's report does not provide insight into consumers' purchasing decisions" where respondents "were not necessarily persons who purchased [products at issue]"); *Bruce v. Teleflora, LLC*, 2013 WL 6709939, at *7 (C.D. Cal. Dec. 18, 2013) (problems with Maronick's survey were "manifold" including "the survey respondents were not necessarily actual putative class members"). The consumer survey is not sufficiently tied to the challenged representations on the label and the questions are overly suggestive. *See McConnon v. Kroger*, 2024 WL 3941340, at *3 (C.D. Cal. June 21, 2024); *Scotts Co., LLC v. Pennington Seed, Inc.*, 2014 WL 12591406, at *8 (E.D. Va. Feb. 26, 2014) (excluding Maronick's testimony as he did not "isolate out the incremental impact" of challenged statements). The results the survey does provide demonstrates there is *not* common deception, as the results indicate most consumers believed the avocado oil *could* contain "other oils." *Townsend*, 303 F. Supp. 3d at 1048 (failure to show "a common answer to the question of whether a reasonable consumer would consider any of the challenged statements a material misrepresentation" is "grounds alone" to deny class certification); *Algarin v. Maybelline, LLC*, 300 F.R.D. 444, 457 (S.D. Cal. 2014) (denying class certification where survey reflected product conformed to over half of purchasers' expectations).

Plaintiff also fails to show by a preponderance of the evidence that the "damages are capable of measurement on a classwide basis." *Townsend*, 303 F. Supp. 3d at 1043 (citing *Comcast*, 569 U.S. at 35). Plaintiff must prove "by a preponderance of the evidence," *Van v. LLR, Inc.*, 61 F.4th 1053, 1069 (9th Cir. 2023), that the damages model "measure[s] only those damages attributable to [plaintiff's] theory [of liability]," *Comcast*, 569 U.S. at 35. Plaintiff proposes both a "price premium" and "full refund" model of damages. Neither satisfies her burden. Plaintiff's simple price

[PROPOSED] ORDER DENYING MOTION FOR CLASS CERTIFICATION
AND APPOINTMENT OF CLASS REPRESENTATIVES AND CLASS COUNSEL

4

comparison between the Avocado Oil and Walmart's vegetable oil is not an adequate model for class wide damages, as it does not measure only those damages attributable to plaintiff's theory of liability, nor does Plaintiff provide any basis to extrapolate the price difference across the class products. *See Algarin*, 300 F.R.D. at 460–61; *POM Wonderful*, 2014 WL 1225184, at *5 (rejecting damages evidence where expert "assumed, without any methodology at all" "that 100% of that price difference was attributable to Pom's alleged misrepresentations"). Plaintiff also fails to provide a basis for applying a full refund damages model here, as Plaintiff fails to offer any evidence of or explanation of how the product is completely valueless. *Reitman v. Champion Petfoods USA, Inc.*, 830 F. App'x 880, 881 (9th Cir. 2020) (affirming order rejecting full refund model where plaintiff "fail[ed] to explain … how the [defect] renders the product completely valueless").

Compounding the above issues, Plaintiff's putative class also implicates members who may be bound by Walmart's Terms of Use, which includes an arbitration agreement and class waiver provision. This further undermines predominance, among other potential obstacles to certification. *See Campanelli v. Image First Healthcare Laundry Specialists, Inc.*, 2018 WL 6727825, at *7 (N.D. Cal. Dec. 21, 2018) (denying class certification where plaintiff was not subject to class members class action waiver).

### B.  Numerosity

"A party seeking class certification … must be prepared to prove that there are in fact sufficiently numerous parties." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 352 (2011). This requires actual evidence; a plaintiff cannot satisfy numerosity with mere "common-sense and reasonable inferences." *Wang v. Def. Tax Grp. Inc.*, 2020 WL 6204578, at *2 (C.D. Cal. Aug. 10, 2020). Plaintiff contends that numerosity is satisfied, but supplies no evidence in support. She fails to meet her burden. *Siles v. ILGWU Nat'l Ret. Fund*, 783 F.2d 923, 930 (9th Cir. 1986) (no numerosity where there

[PROPOSED] ORDER DENYING MOTION FOR CLASS CERTIFICATION
AND APPOINTMENT OF CLASS REPRESENTATIVES AND CLASS COUNSEL

was "no evidence" regarding how many individuals met class requirements); *Sapan v. Veritas Funding, LLC*, 2023 WL 6370223, at *4 (C.D. Cal. July 28, 2023) (same).

### C. Typicality

"The test of typicality is whether other members have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiffs, and whether other class members have been injured by the same course of conduct." *Ellis v. Costco Wholesale Corp.*, 657 F.3d 970, 984 (9th Cir. 2011). Plaintiff has failed to show her claims are typical of the class. She fails to provide evidence of what she contends is wrong with her product or how that defect is typical of the putative class claims. *See Richey v. Matanuska-Susitna Borough*, 2015 WL 1542546, at *6 (D. Alaska Apr. 7, 2015) (no typicality where plaintiffs failed "to point to facts that show their claims are typical of the class claims"). Without this evidence Plaintiff cannot satisfy Rule 23.

### D. Superiority

Plaintiff also cannot show that a class action is superior to individual actions in litigating this dispute. As detailed above, litigating class claims would require individualized, bottle-by-bottle testing to identify product defects. A class action would not be superior. *See Jimenez v. Domino's Pizza, Inc.*, 238 F.R.D. 241, 253 (C.D. Cal. 2006) (no superiority where "the issues presented are to be determined based on an individual's experience").

### E. No Certification Under Rule 23(b)(2)

The Court also finds that certification of an injunctive relief class under Rule 23(b)(2) is not warranted. Injunctive relief would not benefit the class because the class includes "all persons who, while in the state of California and within the applicable statute of limitations period, purchased Great Value Avocado Oil." Thus, "the only potential beneficiaries of any injunctive relief"—"future purchasers"—are excluded from the class, by Plaintiff's own definition. *Algarin*, 300 F.R.D at 458.

1 Plaintiff also primarily seeks monetary relief that is not merely "incidental" to the
2 requested declaratory relief. *Id.* at 459.

### F.  Golikov and Her Counsel Are Inadequate

For adequacy, a plaintiff must show "the representative parties will fairly and adequately protect the interests of the class," Fed. R. Civ. P. 23(a)(4), including by prosecuting the action vigorously on behalf of the class. *Ellis*, 657 F.3d at 985. Plaintiff's conclusory assertion that "Plaintiff has no conflicts and will vigorously prosecute the case" does not meet her burden. *See Angulo v. Providence Health & Servs. – Wash.*, 2024 WL 3744258, at *11 (W.D. Wash. Aug. 9, 2024) (no adequacy where plaintiffs "baldly assert" lack of conflicts). Plaintiff also cannot demonstrate adequacy in light of her failure to appear at Walmart's properly-noticed deposition. *See Kandel v. Brother Int'l Corp.*, 264 F.R.D. 630, 634 (C.D. Cal. 2010) (failure to comply with discovery requests suggests inadequacy). She likewise fails to demonstrate her counsel is adequate. Counsel has violated Local Rules 7-3 and 11-6.2 and the Court's Standing Order § 7 in filing this Motion, rendering it untimely and improper. *Id.* (counsel inadequate where they, *inter alia*, "failed to follow the Court's local rules [and] standing orders"); *see Quinonez v. Pharm. Specialties, Inc.*, 2017 WL 4769436, at *3–5 (C.D. Cal. Aug. 10, 2017).

Plaintiff therefore fails to show by a preponderance of evidence, and under the Court's rigorous analysis, that she satisfies the requirements for class certification under Federal Rule of Civil Procedure 23.

*Third*, the Court **DENIES** the Motion based on the culmination of Plaintiff and her counsel's procedural defects. Denial of a motion as the result of a failure to comply with local rules is well within a district court's discretion." *Tri-Valley CAREs v. U.S. Dep't of Energy*, 671 F.3d 1113, 1131 (9th Cir. 2012). The Court finds that Plaintiff's Motion violated Local Rule 7-3 and justifies dismissal. Further, Plaintiff's refusal to appear for a properly noticed deposition—without serving objections or obtaining a protective order—prejudices Walmart and mandates denial. *See ABS Ent.,*

*Inc. v. CBS Corp.*, 908 F.3d 405, 427 (9th Cir. 2018) ("bright line" 90-day certification deadline prejudicial where defendant deprived of pre-certification discovery).  The Court denies the Motion on this additional basis.

**IT IS SO ORDERED.**

_____                                          _____
         DATE                                                                      HON. R. GARY KLAUSNER
                                                                                 UNITED STATES DISTRICT JUDGE