Richard Lyon (Cal. Bar No. 229288)
rick@dovel.com
Stephen D. Andrews (Cal. Bar No. 354327)
stephen@dovel.com
Christin Cho (Cal. Bar No. 238173)
christin@dovel.com
DOVEL & LUNER, LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, California 90401
Telephone: (310) 656-7066
Facsimile: (310) 656-7069

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDIE GOLIKOV, individually and on behalf of all others similarly situated, <br><br> *Plaintiff,* <br><br> v. <br><br> WALMART INC., <br><br> *Defendant.* | Case No. 2:24-cv-08211-RGK-MAR <br><br> **PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR CLASS CERTIFICATION** <br><br> Date: February 10, 2025 <br> Time: 9:00 a.m. <br> Dept.: Courtroom 850 <br><br> Assigned to the Hon. R. Gary Klausner <br><br> Complaint filed: September 24, 2024 |

# Table of Contents

I.    Plaintiff satisfies the commonality and predominance requirements. .........................1

    A.    Adulteration is a classwide issue. .................................................................1

    B.    Deception and materiality are classwide issues. ...................................2

    C.    Damages are capable of measurement on a classwide basis.......................5

    D.    Walmart's online Terms of Use do not preclude certification..........................6

II.    Plaintiff satisfies the other class certification requirements. ..........................7

    A.    The proposed class is sufficiently numerous.......................................7

    B.    Walmart's typicality and superiority arguments fail............................8

    C.    An injunction class should be certified. ...............................................8

    D.    Plaintiff and her attorneys will adequately represent the class. .........................9

III.    Walmart's claims of "procedural violations" are unfounded.......................................9

### Table of Authorities

**Cases**

*A.L.S. Enters. v. Robinson Outdoor Prods., LLC,*
    2016 U.S. Dist. LEXIS 159046 (W.D. Mich. May 13, 2016) ................................4

*Alcantar v. Hobart Serv.,*
    800 F.3d 1047 (9th Cir. 2015) .................................................................................1

*Algarin v. Maybelline, LLC,*
    300 F.R.D. 444 (S.D. Cal. 2014) ............................................................................9

*Allen v. Hyland's, Inc.,*
    300 F.R.D. 643 (C.D. Cal. 2014) ............................................................................9

*Amavizca v. Nutra Mfg., LLC,*
    2021 U.S. Dist LEXIS 36009 (C.D. Cal. Jan. 27, 2021) ............................... 2, 5, 8

*Amgen Inc. v. Conn. Ret. Plans & Trust Funds,*
    568 U.S. 455 (2013) .............................................................................................2, 3

*Ang v. Bimbo Bakeries USA, Inc.,*
    2018 U.S. Dist. LEXIS 149395 (N.D. Cal. Aug. 31, 2018) ....................................9

*Anti Police-Terror Project v. City of Oakland,*
    2021 U.S. Dist. LEXIS 200363 (N.D. Cal. Oct. 18, 2021) .....................................7

*Arminak v. Arminak & Assocs.,*
    2017 U.S. Dist. LEXIS 230113 (C.D. Cal. May 23, 2017) ...................................10

*Avilez v. Pinkerton Gov't Servs.,*
    596 F. App'x 579 (9th Cir. 2015) ...........................................................................6

*Brickman v. Fitbit, Inc.,*
    2017 U.S. Dist. LEXIS 191788 (N.D. Cal. Nov. 20, 2017) ....................................5

*Cabrera v. Bayer Healthcare LLC,*
    2024 U.S. Dist. LEXIS 31709 (C.D. Cal. Feb. 23, 2024) .......................................3

*Colangelo v. Champion Petfoods USA, Inc.,*
    2022 U.S. Dist. LEXIS 60489 (N.D.N.Y. Mar. 31, 2022) ......................................4

*Conde v. Sensa,*

    2019 U.S. Dist. LEXIS 154439 (S.D. Cal. Sep. 10, 2019) ........................................6

*Culley v. Lincare Inc.,*

    2016 U.S. Dist. LEXIS 105704 (E.D. Cal. Aug. 10, 2016) ....................................7

*Davidson v. Kimberly-Clark Corp.,*

    889 F.3d 956, 962 (9th Cir. 2018) ........................................8

*Davidson v. O'Reilly Auto Enters., LLC,*

    2017 U.S. Dist. LEXIS 213310 (C.D. Cal. Dec. 15, 2017) ....................................10

*Dickey v. Advanced Micro Devices, Inc.,*

    2019 U.S. Dist. LEXIS 8740 (N.D. Cal. Jan. 17, 2019)........................................3, 5

*Direct Action Everywhere Sf Bay Area v. Diestel Turk. Ranch,*

    2020 Cal. Super. LEXIS 13206 (Cal. Sup. Nov. 23, 2020) ....................................4

*DZ Rsrv. v. Meta Platforms, Inc.,*

    96 F.4th 1223 (9th Cir. 2024) ........................................2, 3

*Ehret v. Uber Techs., Inc.,*

    148 F. Supp. 3d 884 (N.D. Cal. 2015) ........................................6

*Falcone v. Nestle USA, Inc.,*

    2024 U.S. Dist. LEXIS 214648 (S.D. Cal. Sep. 25, 2024)........................................8

*Fortune Dynamic, Inc. v. Victoria's Secret Stores Brand Mgmt.,*

    618 F.3d 1025 (9th Cir. 2010)........................................4

*Grace v. Apple, Inc.,*

    328 F.R.D. 320 (N.D. Cal. 2018) ........................................1

*Herrera v. LCS Fin. Servs. Corp.,*

    274 F.R.D. 666 (N.D. Cal. 2011) ........................................6

*Hilsley v. Ocean Spray Cranberries, Inc.,*

    2018 U.S. Dist. LEXIS 202679 (S.D. Cal. Nov. 29, 2018) ........................................1

*In re POM Wonderful LLC,*

    2014 U.S. Dist. LEXIS 40415 (C.D. Cal. Mar. 25, 2014)........................................5

*Johnson v. Walmart Inc.,*

    57 F.4th 677 (9th Cir. 2023) ................................................................. 7

*Kodiak Cakes, LLC v. JRM Nutrasciences, LLC,*

    2022 U.S. Dist. LEXIS 217175 (D. Utah Nov. 30, 2022) ..................... 4

*Krommenhock v. Post Foods, LLC,*

    334 F.R.D. 552 (N.D. Cal. 2020) .......................................................... 4

*Magallon v. Robert Half Int'l, Inc.,*

    311 F.R.D. 625 (D. Or. 2015) ............................................................... 6

*McCrary v. Elations Co. LLC,*

    2014 U.S. Dist. LEXIS 199108 (C.D. Cal. Dec. 9, 2014) ..................... 4

*Mora v. Harley-Davidson Credit Corp.,*

    2012 U.S. Dist. LEXIS 49636 (E.D. Cal. Apr. 6, 2012) ....................... 6

*Nevarez v. Forty Niners Football Co., LLC,*

    326 F.R.D. 562 (N.D. Cal. 2018) .......................................................... 6

*Off Lease Only, Inc. v. Lakeland Motors, LLC,*

    2019 U.S. Dist. LEXIS 218061 (M.D. Fla. Dec. 19, 2019) ................... 4

*Sali v. Corona Reg'l Med. Ctr.,*

    909 F.3d 996 (9th Cir. 2018) ................................................................ 4

*Stathakos v. Columbia Sportswear Co.,*

    2017 U.S. Dist. LEXIS 72417 (N.D. Cal. May 11, 2017) ..................... 7

*The Civil Rights Educ. & Enforcement Ctr. v. RLJ Lodging Trust,*

    2016 U.S. Dist. LEXIS 10277 (N.D. Cal. 2016) .................................. 7

*Townsend v. Monster Beverage Co.,*

    303 F. Supp. 3d 1010 (C.D. Cal. 2018) ................................................ 4

*Volman v. Sony BMG Music Entm't*

    2008 U.S. Dist. LEXIS 127028 (C.D. Cal. July 17, 2008) .................. 10

*Walis v. Fernandez,*

    2024 U.S. Dist. LEXIS 119288 (C.D. Cal. Jan. 5, 2024) .................... 10

1

**Rules**

Fed. R. Civ. P. 37(c)(1) ........................................................................................3

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1    This Reply rebuts each argument Walmart makes against class certification.

2  **I.    Plaintiff satisfies the commonality and predominance requirements.**

3      **A.    Adulteration is a classwide issue.**

4      A central question in this case is whether Walmart's avocado oil is diluted with

5  cheaper cooking oils.  That question will be answered with generalized proof.  Walmart

6  confirms that only a single supplier provides all of Walmart's avocado oil.  *See* Dkt. 43-3

7  (Avocado Oil Supplier Decl.), ¶ 2.  At this stage, four samples of that supplier's oil have

8  been tested, and every one of those tests reveals that Great Value Avocado Oil is diluted

9  with high levels of other, cheaper oils.  *See* Mot. 3-4 (citing Dkt. 33-3 (Lyon Decl.), ¶¶ 3-5,

10  15, Ex. 3 § 3.1.2, Ex. 5 at 12-13, Ex. 11); Dkt. 41-1 (Decl. of Imel Courtland), ¶¶ 1-7).

11  Walmart does not contend that, although these bottles were diluted, others were not.

12  Instead, Walmart argues the merits classwide.

13      Walmart argues that its avocado supplier's declaration establishes that Great Value

14  Avocado Oil is not adulterated and that Plaintiff's testing results can be explained by

15  other factors besides dilution.  Opp. 5-8.  Yet the testing offered by Plaintiff implemented

16  "the most effective way to determine [avocado oil] purity," and those tests revealed that

17  Walmart's Great Value Avocado Oil was adulterated.  *See* Mot. 3-4 (citing evidence).

18  Thus, "[g]iven that Plaintiff[] ha[s] credible evidence pointing the opposite direction, this

19  is a factual dispute not suited for resolution at the class certification stage."  *Grace v. Apple,*

20  *Inc.*, 328 F.R.D. 320, 340 (N.D. Cal. 2018); *Hilsley v. Ocean Spray Cranberries, Inc.*, 2018 U.S.

21  Dist. LEXIS 202679, at *12 (S.D. Cal. Nov. 29, 2018) (citing *Alcantar v. Hobart Serv.*, 800

22  F.3d 1047, 1053 (9th Cir. 2015)) ("On class certification, the Court does not resolve issues

23  of disputed facts.").

24      The same problem besets Walmart's argument that "batch-by-batch, lot-by-lot, and

25  bottle-by-bottle testing" is required for class certification.  Opp. 6-8.  Walmart's product

26  is sourced from only a single supplier, and every sample from that supplier that has been

27  tested has shown as positive for adulteration.  So, at most, this is "a factual dispute not

28  suited for resolution at the class certification stage."  *Grace*, 328 F.R.D. at 340.

This Court rejected the same argument in *Amavizca v. Nutra Mfg., LLC*, 2021 U.S. Dist. LEXIS 36009, at *3-4 (C.D. Cal. Jan. 27, 2021). There, plaintiff tested three samples of defendants' products and found that the samples did not contain glucosamine sulfate they were represented to have. *Id.* at *3-4. Defendants argued that plaintiff failed to show predominance classwide based on the limited testing. *Id.* at *32-33. This Court rejected that argument: "Although it is unclear exactly how many different Glucosamine Sulfate-labeled Products Defendants have produced" or Plaintiffs have tested, the issue "appears readily capable of resolution for all members of the class in a single adjudication." *Id.*

The same reasoning follows with greater force here. The plaintiff in *Amavizca* had not tested all of defendants' products (much less multiple batches and lots of each product). *Id.* at *2-3, *6. While, here, Walmart sells only a single product, sourced from a single supplier—and every test so far conducted reveals that the product is diluted with cheaper cooking oils. Adulteration can be shown on a classwide basis.

## B. Deception and materiality are classwide issues.

Walmart does not dispute that deception and materiality are governed by the reasonable consumer standard. *See* Mot. 6-9, 12-14 (claims turn on reasonable consumer standard); *see generally* Opp. (not disputing this). Nor does Walmart dispute that all class members were uniformly exposed to the same misleading labels on the Great Value Avocado Oil. *See* Mot. 9 (making this point); *see generally* Opp. (not disputing this). Instead, Walmart argues only that the evidence Plaintiff has presented is insufficient to prove deception and materiality. *See* Opp. 8-12; *id.* at 11 ("The survey does not establish consumer deception."); *id.* at 10 ("The survey does not establish [materiality]"). Walmart's argument fails at every level.

<u>First</u>, a purported failure to establish deception and materiality cannot be a basis to deny certification because "proof of materiality [and deception] 'is not a prerequisite to class certification.'" *DZ Rsrv. v. Meta Platforms, Inc.*, 96 F.4th 1223, 1235 (9th Cir. 2024) (quoting *Amgen Inc. v. Conn. Ret. Plans & Trust Funds*, 568 U.S. 455, 459 (2013)). "Rule

23(b)(3) requires a showing that questions common to the class predominate, not that those questions will be answered, on the merits, in favor of the class." *Id.* (quotations omitted). "Because materiality is judged according to an objective standard, the materiality of [defendant's] alleged misrepresentations and omissions is a question common to all members of the class [named plaintiffs] would represent." *Id.* (quotations omitted). Walmart's arguments regarding supposed flaws in Dr. Maronick's survey are thus beside the point. And they cannot form a basis to defeat class certification. Instead, "whether … a reasonable consumer could deem" Walmart's labeling "to be material and deceptive[] is an issue on the merits that is to be resolved on a more complete factual record, not in connection with a determination as to class certification." *Cabrera v. Bayer Healthcare LLC*, 2024 U.S. Dist. LEXIS 31709, at *21 (C.D. Cal. Feb. 23, 2024) (citing *Amgen*, 568 U.S. at 459) (rejecting argument that plaintiff's deception and materiality expert "relies on flawed methodolog[y] and leads to inconsistent results"); *Dickey v. Advanced Micro Devices, Inc.*, 2019 U.S. Dist. LEXIS 8740, at *9 (N.D. Cal. Jan. 17, 2019) (same). The Court's analysis can end here.

Second, although deception and materiality need not be proved until the merits phase, the evidence of record is entirely one-sided in Plaintiff's favor. Plaintiff provides compelling evidence. Dkt. 36-2, ¶¶ 15-16. Walmart presents no evidence, expert testimony or otherwise. Instead, Walmart makes several flawed critiques of Dr. Maronick's survey.

Walmart asserts that Dr. Maronick's testimony should be excluded "for failure to disclose under Rule 37(c)(1)." Opp. 9. But there was no duty (and thus no failure) to disclose under Rule 37, because the Rule concerns disclosure of a "witness as required by Rule 26(a)." Fed. R. Civ. P. 37(c)(1). And the agreed dates for Rule 26(a) witness disclosure fall well after filing of this motion. Dkt. 40 at 6, 8 (Initial Disclosures: February 10, 2025; Expert Disclosures: January 16, 2026).

Walmart also attempts to exclude Dr. Maronick's opinions based on purported flaws in his methodology. Opp. 8-11. But "in evaluating challenged expert testimony in

support of class certification, … the inquiry into the evidence's ultimate admissibility should go to the weight that evidence is given," not its admissibility.  *Sali v. Corona Reg'l Med. Ctr.*, 909 F.3d 996, 1006 (9th Cir. 2018); *Fortune Dynamic, Inc. v. Victoria's Secret Stores Brand Mgmt.*, 618 F.3d 1025, 1036 (9th Cir. 2010) (alleged "technical inadequacies in a survey, including the format of the questions or the manner in which it was taken, bear on the weight of the evidence, not its admissibility") (internal quotations omitted).

And the alleged technical inadequacies are meritless.  Walmart argues that the survey should have been limited to actual purchasers instead of those that "purchased or considered purchasing" avocado oil.  Opp. 9 (relying on *Townsend v. Monster Beverage Co.*, 303 F. Supp. 3d 1010, 1043 (C.D. Cal. 2018)).  First, Walmart is incorrect.  Dr. Maronick's approach aligns with industry standards regularly accepted for consumer surveys.  *See, e.g.*, *A.L.S. Enters. v. Robinson Outdoor Prods., LLC*, 2016 U.S. Dist. LEXIS 159046, at *4 (W.D. Mich. May 13, 2016) (approving survey of those who "purchased or considered purchasing" product at issue).[1]  Second, Walmart's reliance on *Townsend* is misplaced.  In *Townsend*, the sample focused on individuals who consumed (i.e., drank) energy drinks, instead of those responsible for the purchasing decision, i.e., those who purchased or considered purchasing the product.  *Townsend,* 303 F. Supp. 3d at 1031.  In contrast here, the sample size is correctly focused on the purchasing decision: "have you purchased or considered purchasing."  Dkt. 36-2, Ex. D (Survey) at Q5.

Defendant also argues that the "survey also shows respondents considered multiple factors aside from 'purity' in their purchasing decision."  Opp. 10.  But the challenged misrepresentation "need not be the sole or even the predominant or decisive factor influencing the class members' decisions to buy the challenged products." *Krommenhock v.*

---

[1] *Off Lease Only, Inc. v. Lakeland Motors, LLC*, 2019 U.S. Dist. LEXIS 218061, at *7-9 (M.D. Fla. Dec. 19, 2019) (same); *Kodiak Cakes, LLC v. JRM Nutrasciences, LLC*, 2022 U.S. Dist. LEXIS 217175, at *15-35 (D. Utah Nov. 30, 2022) (same); *McCrary v. Elations Co. LLC*, 2014 U.S. Dist. LEXIS 199108, at *23 (C.D. Cal. Dec. 9, 2014) (same); *Colangelo v. Champion Petfoods USA, Inc.*, 2022 U.S. Dist. LEXIS 60489, at *35-36 (N.D.N.Y. Mar. 31, 2022) (same); *Direct Action Everywhere Sf Bay Area v. Diestel Turk. Ranch*, 2020 Cal. Super. LEXIS 13206, *32 (Cal. Sup. Nov. 23, 2020) (same).

*Post Foods, LLC*, 334 F.R.D. 552, 579-80 (N.D. Cal. 2020) (quotes and citation omitted).
Here, the evidence shows that it was a material consideration to the purchasing decision
for 73.0% of consumers, which far exceeds what is needed under the objective reasonable
consumer standard.  Mot. 10.

### C.    Damages are capable of measurement on a classwide basis.

Full refund model:  Walmart's sole argument challenging the full refund model is
that class members cannot be entitled to a full refund because they "received some value
from the product."  Opp. 13 (relying on *In re POM Wonderful LLC*, 2014 U.S. Dist. LEXIS
40415, 2014 WL 1225184, at *3 (C.D. Cal. Mar. 25, 2014)).  But as explained in Plaintiff's
motion, this Court has already rejected that exact argument.  *See* Mot. 14-15
(citing *Amavizca*, 2021 U.S. Dist. LEXIS 36009, at *33).  Like here, in *Amavizca*,
"Defendants argue that such a damages model is impermissible in product labeling cases
'[b]ecause the Full Refund model makes no attempt to account for benefits conferred
upon Plaintiffs' and therefore 'cannot accurately measure classwide damages.'"  *Amavizca*,
2021 U.S. Dist. LEXIS 36009, at *33 (C.D. Cal. Jan. 27, 2021) (quoting *POM Wonderful*, at
*3).  This Court held that "Defendants' reliance on *POM Wonderful* is misplaced" because
that argument applies "only to the remedy of restitution" for equitable claims, "not the
remedy of damages" available under the legal claims asserted in this case.  *Id.* at *33-34.
Walmart fails to even address this Court's holding in *Amavizca*.

Price premium model: Walmart argues that Plaintiff's alternative price-premium
model should be rejected because it is not accompanied "by conjoint analysis or a hedonic
regression model" from an expert.  Opp. 12.  But "so long as Plaintiffs demonstrate
damages to be measurable on a class-wide basis, expert testimony is not required to
support a damages model."  *Dickey*, 2019 U.S. Dist. LEXIS 8740, at *17-18; *Brickman v.
Fitbit, Inc.*, 2017 U.S. Dist. LEXIS 191788, at *20 (N.D. Cal. Nov. 20, 2017) (price
premium damages model sufficient under *Comcast* without expert testimony).  Plaintiff's
theory is measurable classwide because it measures the price premium consumers paid for
unadulterated avocado oil, when they actually received a "mix or blend of different types

of oils," i.e., "vegetable oil." Mot. 15; Lyon Decl., Ex. 8. As in *Brickman*, "[t]his is a perfectly reasonable approach that links the proposed damages directly to plaintiffs' claims that they were deceived into paying a premium for the [misrepresented contents]. That is all *Comcast* demands." *Brickman*, 2017 U.S. Dist. LEXIS 191788, at *20.

### D. Walmart's online Terms of Use do not preclude certification

Walmart's argues that some members of the proposed class (online purchasers) may have agreed to arbitrate their claims under the Terms of Use for online purchases, and that this presents an individualized issue that predominates over common ones. Opp. 13-14. Walmart is wrong. "The fact that some members of a putative class may have signed arbitration agreements or released claims against a defendant does not bar class certification." *Herrera v. LCS Fin. Servs. Corp.*, 274 F.R.D. 666, 681 (N.D. Cal. 2011); *Ehret v. Uber Techs., Inc.*, 148 F. Supp. 3d 884, 902 (N.D. Cal. 2015) (same). "The possibility that [defendant] may seek to compel arbitration against individual Class members does not predominate over the many common issues necessary to determine [defendant's] liability to the Class." *Mora v. Harley-Davidson Credit Corp.*, 2012 U.S. Dist. LEXIS 49636, at *40 (E.D. Cal. Apr. 6, 2012) (collecting cases). Here, as in *Mora*, common questions predominate liability and damages, so the possibility that Walmart may seek to compel arbitration against certain class members does not defeat predominance.

Alternatively, if the Court finds that the Terms of Use pose predominance problems, the class definition could be modified to exclude online purchases. *See Nevarez v. Forty Niners Football Co., LLC*, 326 F.R.D. 562, 575 (N.D. Cal. 2018) ("[D]istrict courts have broad discretion to modify class definitions"); *Avilez v. Pinkerton Gov't Servs.*, 596 F. App'x 579, 579 (9th Cir. 2015) (ordering lower court to exclude individuals who signed class action waivers from class definition); *Conde v. Sensa*, 2019 U.S. Dist. LEXIS 154439, at *14 (S.D. Cal. Sep. 10, 2019) (finding predominance satisfied where class definition excluded consumers subject to arbitration clause); *Magallon v. Robert Half Int'l, Inc.*, 311 F.R.D. 625, 640 (D. Or. 2015) (same).

Lastly, Walmart's suggestion that "Golikov herself may be subject to the arbitration

agreement," (Opp. 14), is contrary to Ninth Circuit law holding that Walmart's online Terms of Use do not apply to in-person purchases, even if those in-person purchasers also bought other products from Walmart online. *See Johnson v. Walmart Inc.*, 57 F.4th 677, 681-83 (9th Cir. 2023) ("The language and subject matter of the contract make clear that by agreeing to the Terms of Use, Johnson did not assent to arbitrate claims that might arise out of a separate, in-store purchase.").

## II.    Plaintiff satisfies the other class certification requirements.

### A.    The proposed class is sufficiently numerous.

Plaintiff's assertion that it is "undisputed that the proposed class far exceeds 40 people" (Mot. 6-7) remains true—Walmart does not dispute that over forty people "purchased Walmart's Great Value Avocado Oil." *See* Mot. 7 (defining class); Opp. 14-15 (not denying this fact). Instead, Walmart avoids the issue by claiming that the "class size is *zero*, as no adulteration occurred." Opp. 15. But Walmart "conflate[s] the numerosity requirement with a merits-based argument concerning [Walmart's] ultimate liability that the Court need not consider at this stage in the litigation." *Culley v. Lincare Inc.*, 2016 U.S. Dist. LEXIS 105704, at *12 (E.D. Cal. Aug. 10, 2016); *Stathakos v. Columbia Sportswear Co.*, 2017 U.S. Dist. LEXIS 72417, at *39 (N.D. Cal. May 11, 2017) (same).

"In analyzing numerosity 'a court may make common-sense assumptions and reasonable inferences.'" *Anti Police-Terror Project v. City of Oakland*, 2021 U.S. Dist. LEXIS 200363, at *9 (N.D. Cal. Oct. 18, 2021) (quoting *The Civil Rights Educ. & Enforcement Ctr. v. RLJ Lodging Trust*, 2016 U.S. Dist. LEXIS 10277, 2016 WL 314400, at *6 (N.D. Cal. 2016)). Reasonable inferences from the facts support Plaintiff's allegation that "[t]here are tens or hundreds of thousands of class members." Dkt. 31, ¶ 33. Walmart sells its Great Value Avocado Oil in its physical stores; Plaintiff purchased bottles from a Walmart store in Tarzana, California. Dkt. 33-1 (Golikov Decl.), ¶ 2. Walmart is the largest retailer in America, and it has locations throughout California. *See Walmart Store Directory (California),* https://www.walmart.com/store-directory/ca (showing 280 Walmart stores in California). Given the scale of its operations, common sense dictates that far

1   more than the requisite "at least fifteen" people purchased Walmart's avocado oil.

2   *Amavizca*, 2021 U.S. Dist. LEXIS 36009, at *14; *see, e.g.*, *Allen v. Similasan Corp.*, 306 F.R.D.

3   635, 644 (S.D. Cal. 2015) (because defendant sold its products to "at least thirteen

4   retailers, … it is … readily apparent that the class is so numerous that it would be

5   impracticable to join all parties"); *Campbell v. Facebook Inc.*, 315 F.R.D. 250, 262 (N.D. Cal.

6   2016) (given the vast size of Facebook's userbase and "the relatively low bar for finding

7   numerosity, the court finds that the proposed class is sufficiently numerous").

8          **B.    Walmart's typicality and superiority arguments fail.**

9          Walmart's typicality and superiority arguments repeat the same flawed "no

10  classwide adulteration" merits argument rebutted above.  Opp. 1.  Walmart also argues

11  against superiority because "the product is covered by Walmart's money-back guarantee."

12  Opp. 16.  But this argument depends on the absurd premise that all purchasers of

13  Walmart's avocado oil would somehow become aware of the adulteration in the precise

14  window after purchasing but before using the product.  For this "money-back" approach

15  to be as fair and efficient as a class action, Walmart would need to inform all purchasers

16  of the adulteration and provide refunds even if the purchasers already used their

17  misrepresented products.  Walmart refuses to do this, so a class action is needed.

18         **C.    An injunction class should be certified.**

19         Walmart claims that "injunctive relief … would not benefit the class" because

20  "'future purchasers' … are excluded from the class."  Opp. 16.  Not true.  The class

21  definition includes the statutory date range (as is typical and customary when defining a

22  class), but it does not exclude individuals who might purchase Great Value Avocado Oil

23  in the future.  All future purchasers would benefit from the injunction. Ninth Circuit law

24  approves of injunction classes with similar date-restricted class definitions.  *Davidson v.*

25  *Kimberly-Clark Corp.*, 889 F.3d 956, 962, 966-70 (9th Cir. 2018) (certifying injunction class

26  where class definition included "all persons who purchased" a product "between March

27  13, 2010 and the filing of the FAC"); *Falcone v. Nestle USA, Inc.*, 2024 U.S. Dist. LEXIS

28  214648, at *4, *35 (S.D. Cal. Sep. 25, 2024) (class definition for injunction class included

1   all purchasers of product "from April 19, 2015, to the present").

2         Walmart also argues that injunctive relief is inappropriate because Plaintiff

3   "primarily seeks monetary relief."  Opp. 17 (relying on *Algarin v. Maybelline, LLC,* 300

4   F.R.D. 444 (S.D. Cal. 2014)).  But "*Algarin* … preclude[s] Rule 23(b)(2) certification

5   where the primary relief sought *under Rule 23(b)(2)* is monetary—not where a plaintiff

6   seeks certification under both Rule 23(b)(2) and (b)(3)."  *Ang v. Bimbo Bakeries USA, Inc.,*

7   2018 U.S. Dist. LEXIS 149395, at *30 (N.D. Cal. Aug. 31, 2018) (citations omitted).

8   "Ninth Circuit precedent indicates that the court can separately certify an injunctive relief

9   class and if appropriate, also certify a Rule 23(b)(3) damages class."  *In re ConAgra Foods,*

10  *Inc.,* 302 F.R.D. 537, 573 (C.D. Cal. 2014).  That's exactly what Plaintiff seeks to do

11  here—"certify a Rule 23(b)(3) damages class and a Rule 23(b)(2) injunction class."  Mot.

12  4.  The Court should certify an injunction class.

13        **D.     Plaintiff and her attorneys will adequately represent the class.**

14        Walmart asserts that Plaintiff "baldly assert[s]" a lack of conflicts with no

15  supporting evidence.  Opp. 17.  Not true.  Plaintiff provides a sworn declaration on her

16  lack of conflicts.  Dkt. 33-1, ¶ 5.  And the reason she lacks conflicts aligns with the

17  adequacy requirements: she was "exposed to the same alleged misrepresentations as the

18  rest of the class, bought the products at issue, and ha[s] the same interest in obtaining

19  relief."  Mot. 12 (quoting *Allen v. Hyland's, Inc.,* 300 F.R.D. 643, 663 (C.D. Cal. 2014)).

20  Also, as demonstrated in the following section, Walmart's alleged procedural violations

21  (Opp. 17) are unfounded and have no bearing on adequacy.

22  **III.  Walmart's claims of "procedural violations" are unfounded.**

23        Walmart alleges that Plaintiff and counsel (1) "refus[ed] to appear for a properly

24  noticed deposition" and (2) did "not comply with L.R. 7-3" by inadequately meeting and

25  conferring.  Opp. 3, 17-18.  And Walmart seeks denial of this motion on this basis.  Both

26  assertions are unfounded, and neither merits denial of this motion.

27        First, the depositions were not properly noticed.  They were timely objected to.

28  And both parties understood and agreed that the deponents would not be appearing

pursuant to the defective notices. Walmart provided only "3 to 4 business days' notice" for the depositions. Andrews Decl., ¶ 3, Exs. 2-4. But "at least ten days' notice" is typically "require[d]" to be considered a "reasonable amount of time" for a deposition. *Arminak v. Arminak & Assocs.*, 2017 U.S. Dist. LEXIS 230113, at *7 (C.D. Cal. May 23, 2017) (listing cases stating "at least 10 days' notice is … expected;" "nine days' notice unreasonable;" "four business days is not a reasonable time to comply with a subpoena and notice of deposition") (quotations omitted). Plaintiff "object[ed] to the subpoenas and depositions" based on the improper "timing." Andrews Decl., ¶ 3, Ex. 2.[2] Walmart's counsel agreed and responded: "We absolutely understand and appreciate the objections. We will work with [counsel] to try to get a more appropriate schedule." *Id.*

Second, "the meet-and-confer requirements of [L.R. 7-3] is not high" and a "discussion that puts Defendant on notice [is] sufficient to satisfy the requirement." *Volman v. Sony BMG Music Entm't*, 2008 U.S. Dist. LEXIS 127028, at *4 (C.D. Cal. July 17, 2008). Here, Plaintiff detailed the basis of her motion for class certification in the Complaint itself. Dkt. 1, ¶¶ 31-37 (explaining how Rule 23 requirements are satisfied in this case); Dkt. 31, ¶¶ 31-37 (same). Consistent with these allegations, Plaintiff communicated her intent to move for class certification on multiple occasions, including on December 9, 18, and 19, 2024, as well as on January 2 and 9, 2025. Andrews Decl., ¶ 4, Ex. 5. And Walmart's counsel's response to these communications demonstrated its intent to oppose. *Id.* There can be no doubt that Walmart "had sufficient notice of the Motion." *Walis v. Fernandez*, 2024 U.S. Dist. LEXIS 119288, at *6 (C.D. Cal. Jan. 5, 2024); *Davidson v. O'Reilly Auto Enters., LLC*, 2017 U.S. Dist. LEXIS 213310, at *6 (C.D. Cal. Dec. 15, 2017) (finding sufficient meet-and-confer effort that put defendant "on notice of [plaintiff's] intent to move for certification").

---

[2] The improper notice was especially egregious given that the three business days fell in the middle of a state of emergency while the noticed deponent and Plaintiff's counsel (who lived in the Pacific Palisades fire zone) were evacuated from the office and were scrambling to find housing for their families because the fire had damaged their homes and rendered them uninhabitable. Dkt. 38-2.

1

2    Dated: January 27, 2025              Respectfully submitted,

3                                         By: /s/ *Richard Lyon*

4                                         Richard Lyon (Cal. Bar No. 229288)
                                          rick@dovel.com
5                                         Stephen D. Andrews (Cal. Bar No. 354327)
                                          stephen@dovel.com
6                                         Christin Cho (Cal. Bar No. 238173)
                                          christin@dovel.com
7
                                          DOVEL & LUNER, LLP
8                                         201 Santa Monica Blvd., Suite 600
9                                         Santa Monica, California 90401
                                          Telephone: (310) 656-7066
10                                        Facsimile: (310) 656-7069

11

12
                                          *Attorney for Plaintiff*
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## **<u>CERTIFICATION OF COMPLIANCE WITH WORD LIMITATION</u>**

The undersigned, counsel of record for Plaintiffs, certifies that this brief contains 3,651 words, which complies with the word limit of L.R. 11-6.1 and the Court's Standing Order.


Dated: January 27, 2025                                    By: *<u>/s/  Richard Lyon</u>*
                                                                              Richard Lyon