Richard Lyon (Cal. Bar No. 229288)
rick@dovel.com
Stephen D. Andrews (Cal. Bar No. 335335)
stephen@dovel.com
Christin Cho (Cal. Bar No. 238173)
christin@dovel.com
DOVEL & LUNER, LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, California 90401
Telephone: (310) 656-7066
Facsimile: (310) 656-7069

*Attorney for Plaintiffs*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDIE GOLIKOV, individually and on behalf of all others similarly situated,<br><br>*Plaintiff*,<br><br>v.<br><br>WALMART INC.,<br><br>*Defendant*. | Case No. 2:24-cv-08211-RGK-MAR<br><br>**DECLARATION OF STEPHEN D. ANDREWS IN SUPPORT OF PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR CLASS CERTIFICATION**<br><br>Assigned to the Hon. R. Gary Klausner<br><br>Complaint filed: September 24, 2024 |

## DECLARATION OF STEPHEN D. ANDREWS

I, Stephen D. Andrews, declare and state as follows:

1.     I am an attorney at Dovel & Luner, LLP, and I represent Plaintiff Edie Golikov in this matter.  I make this declaration from my own personal knowledge and could competently testify to the following facts.

2.     On January 2, 2025, Plaintiff served Defendant with Plaintiff's First Set of Interrogatories.  A true and correct copy of those interrogatories are attached herein as **Exhibit 1.**  Interrogatory Number 13 asked Defendant: "Identify your unit sales, revenue, costs (including costs of goods sold), and profits of the Avocado Oil Products, broken down by state and on a monthly basis."  Defendant's responses to these interrogatories are due February 2, 2025.

3.     On Friday January 10, 2025, Defendant served Plaintiff with deposition notices for Plaintiff Edie Golikov and Plaintiff's counsel, Richard Lyon.  On Monday, January 13, 2025, Plaintiff's counsel "object[ed] to the subpoenas and depositions" based on their improper "timing: 3 business days' notice in the middle of an apocalyptic state of emergency."  The same day, Defendant's counsel replied "We absolutely understand and appreciate the objections.  We will work with [counsel] to try to get a more appropriate schedule."  A true and correct copy of this email exchange is attached herein as **Exhibit 2.**  A true and correct copy of the deposition notice for Plaintiff Golikov is attached herein as **Exhibit 3**, and a true and correct copy of the deposition notice for Mr. Lyon is attached herein as **Exhibit 4.**  The notices of deposition called for Plaintiff to be deposed on January 15, 2025 and for Mr. Lyon to be deposed on January 16, 2025.  Thus, Defendant provided only 3 to 4 business days' notice for the depositions.

4.     I corresponded with Defendant's counsel multiple times regarding Plaintiff's Motion for Class Certification.  On December 9, 2024, I had a Zoom call with Defendant's counsel, Heather Canner, to discuss Defendant's Motion to Dismiss.  On that call, I informed Ms. Canner that Plaintiff intended to file a Motion for Class Certification and inquired into Defendant's willingness to file a joint stipulation to extend

Plaintiff's deadline to do so.  On December 18, 2024, I emailed Defendant a copy of a draft Joint Rule 26(f) Report, which stated that "Plaintiff anticipates filing a motion for class certification," and a draft stipulation extending Plaintiff's deadline to file a Motion for Class Certification.  A true and correct copy of Plaintiff's draft Joint Rule 26(f) Report is attached as **Exhibit 6**.  Consistent with my prior communication with Defendant's counsel, I wrote, "we had discussed filing a joint stipulation to extend our deadline to file a motion for class certification."  Defendant's counsel replied on December 19, "I appreciate the drafts, especially the class cert stip."  Plaintiff's counsel replied, "I think we are all on the same page about pushing out the class cert deadlines, but . . . we really can't be 100% sure that Judge Klausner will grant the stip pushing out class cert.  So I think we still need to have a short 26f call today so we can get discovery rolling in the event he denies our request."  Defendant's counsel replied, "I would propose we get a class cert stip on file, then hold the Rule 26 conference Jan 2 if he hasn't ruled on it by then."  A true and correct copy of this email exchange is attached as **Exhibit 5.**  I understood Defendant's counsel's agreement to extend the class certification deadline as reflecting an intention to oppose that motion.  On January 2, 2025, I attended a Rule 26(f) conference with Defendant's counsel over Zoom.  As part of that call, and consistent with Plaintiff's draft Joint Report, I reiterated Plaintiff's intention to file a Motion for Class Certification.  On January 9, 2025, Defendant's counsel confirmed Defendant's opposition.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 27th day of January, 2025, at Los Angeles, California.

Dated: January 27, 2025          */s/ Stephen D. Andrews*
Stephen D. Andrews

# EXHIBIT 1

Richard Lyon (Cal Bar No. 229288)
rick@dovel.com
Stephen D. Andrews (Cal Bar No. 354327)
stephen@dovel.com
Christin Cho (Cal. Bar No. 238173)
christin@dovel.com
DOVEL & LUNER, LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, California 90401
Telephone: (310) 656-7066
Facsimile: (310) 656-7069

*Attorney for Plaintiff*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDIE GOLIKOV, individually and on behalf of all others similarly situated, | Case No. 2:24-cv-08211-RGK-MAR |
| *Plaintiff,* | **Plaintiff's First Set of Interrogatories** |
| v. | |
| WALMART INC., | |
| *Defendant.* | |

Plaintiff requests that Defendant respond to the following interrogatories within 30 days. *See* Fed. R. Civ. P. 26, 33.

### Rules

1. In addition to complying with all applicable Federal Rules, please remember to comply with the following specific rules.

2. <u>No Boilerplate Objections.</u> "The grounds for objecting to an interrogatory must be stated with specifity." Fed. R. Civ. P. 33(b)(4). "[B]oilerplate objections are improper in federal court. . . . [A] party may not simply object, without further explanation, that a request is 'vague and ambiguous' or 'unduly burdensome' – the objection must explain why the request is vague and ambiguous or why it is unduly burdensome." *La Terminals, Inc. v. United Nat'l Ins. Co.*, 340 F.R.D. 390, 397 n.2 (C.D. Cal. 2022).

3. <u>Reasonable Construal.</u> You must "construe . . . discovery requests in a reasonable manner," to "exercise reason and common sense to attribute ordinary defintions to terms and phrases utilized," and you must not "strain to find ambiguity." *La Terminals, Inc. v. United Nat'l Ins. Co.*, 340 F.R.D. 390, 396 (C.D. Cal. 2022) (internal quotations omitted).

4. <u>Rule 33(d).</u> You may rely on Rule 33(d) "if the burden of deriving or ascertaining the answer will be substantially the same for either party." Fed. R. Civ. P. 33(d). And you must "specify[] the records that must be reviewed, in sufficient detail to enable the interrogating party to locate and identify them as readily as the responding party could." *Id.* This means identifying the records by Bates number of documents that have been produced. Also, the "answer to the interrogatory must be capable of being determined by examining records without further explanation." *Scanlon v. Curtis Int'l, Ltd.*, 2020 U.S. Dist. LEXIS 235758, at *15 (E.D. Cal. Dec. 15, 2020). And "the burden of ascertaining the answer from the documents must 'be substantially the same for etiher party.'" *Id.* (citation omitted). If any of these conditions is not met, a "narrative response is both more practical and required by the Rules." *Id.* Rule 33(d) is generally not

appropriate for interrogatories directed at the technical manufacture or functionality of defendant's own products, because it is "implausible for the defendants to contend that the plaintiff stands on equal footing when it comes to determining how the defendants' own products operate." *Lyft, Inc. v. Quartz Auto Techs. LLC*, 2022 U.S. Dist. LEXIS 211541, at *17 (N.D. Cal. Nov. 18, 2022).

### Definitions

1.    "Avocado Oil Claims" means claims that a product is "refined avocado oil" or "avocado oil"; claims that the sole ingredient is avocado oil; or substantially similar claims.

2.    "Avocado Oil Product" or "Avocado Oil Products" means Great Value brand avocado oil products, the accused products identified in the operative complaint

3.    "Defendant," "you," "your," and "yours," refers collectively to Walmart Inc., including its officers, directors, employees, representatives, agents, or others acting on its behalf.

4.    "Ingredient" or "Ingredients" shall mean any substance, component, or material, including but not limited to oils, additives, stabilizers, fillers, preservatives, adulterants, chemical compounds, and any other substances present in or introduced to the product at any stage of its manufacturing, production, processing, blending, or packaging, regardless of whether it is disclosed on the product's labeling, packaging, or marketing materials.

5.    "Ingredients Disclaimer" means the statement "may contain traces of milk, wheat, soy and sesame" that appears on the Avocado Oil Products.

6.    "Label," "Labels," or "Labeling" shall mean the words, pictures, nutrition fact panel, or other content displayed on, printed as part of, or affixed to any Avocado Oil Product that you sold or shipped to a wholesaler or retailer in the United States.

7.    Undefined terms have their plain and ordinary meaning in the context of the relevant request.

8.      Unless otherwise specified, these interrogatories seek responsive information from when you first began developing the Avocado Oil Product for sale to the present.

9.      These interrogatories do not seek privileged documents, but all applicable privilege logging rules apply (and Plaintiff is willing to meet and confer about privilege logging procedures).

10.      Topic headings are for organization and do not limit or alter the scope of any request.

## **INTERROGATORIES**

### *Labels.*

1.      Identify each type, variety, and SKU of the Avocado Oil Products that you sell, or have sold, from September 24, 2020 to present, as well as the dates on which each was sold.

2.      For each of the Labels or packaging produced by you in response to Plaintiff's Requests for Production (Set One) served upon you, identify the time period (including dates) that each Label or packaging was used on each of the Avocado Oil Products.

3.      Identify all persons, entities, or departments responsible for the labeling, marketing, and advertising of the Avocado Oil Products, including, but not limited to, the persons, entities, or departments responsible for the Avocado Oil Claims, and describe in detail each person, entity, or department's role.

### *Ingredients, Adulteration, and Knowledge.*

4.      For each Avocado Oil Product, identify all Ingredients and describe the amount of each Ingredient.

5.      Describe in detail the process by which the Avocado Oil Products are manufactured, including, but not limited to, the sourcing of Ingredients, as well as any blending, refining, processing, manufacturing, bottling, or other related steps.

6.     Identify all persons, including third-parties, involved in the manufacturing processes for the Avocado Oil Products, as identified by you in response to Interrogatory No. 5.

7.     Identify all persons and entities (including laboratories) that have tested the composition, purity, and/or quality of the Avocado Oil Products, including the date and of such tests.

8.     For each person, entity, and test identified in response to Interrogatory No. 8, identify and describe the methodology used to conduct the testing, the source of the Avocado Oil Product tested (store-bought, shipped from factory, internal testing, etc.), and the results of the test.

9.     Identify all persons and entities (including laboratories) with knowledge relating to any testing of the composition, purity, and/or quality of the Avocado Oil Products.

*Consumers.*

10.     Identify all market or consumer research, studies, surveys, or analyses that you considered or used to create any Labeling or marketing for the Avocado Oil Products, including, but not limited to, any pricing and consumer-purchase analysis.  For all market or consumer research, studies, surveys, or analyses identified, state (i) the title of each survey or research study; (ii) when it was conducted (including dates); (iii) who conducted it; (iv) where it was conducted; (v) the purpose of the research, study, survey, or analysis; and (vi) the results.

11.     Describe what you contend the Avocado Oil Claims mean to reasonable consumers, and identify any facts that support your contention.

12.     If you contend that the Avocado Oil Claims are truthful and not misleading (either independently of the Ingredients Disclaimer, or together with this disclaimer), explain why and describe the facts that support your contention.

*Sales.*

13.    Identify your unit sales, revenue, costs (including costs of goods sold), and profits of the Avocado Oil Products, broken down by state and on a monthly basis.

14.    Identify all persons with knowledge of the sales and pricing of the Avocado Oil Products.

*General.*

15.    If you contend that the proposed classes or subclasses should not be certified, explain why and describe the facts that support your contention.

Dated: January 2, 2024                              Respectfully submitted,

                                                    By: */s/ Richard Lyon*

                                                    Richard Lyon (Cal Bar No. 229288)
                                                    rick@dovel.com
                                                    Stephen D. Andrews (Cal Bar No. 354327)
                                                    stephen@dovel.com
                                                    Christin Cho (Cal. Bar No. 238173)
                                                    christin@dovel.com
                                                    DOVEL & LUNER, LLP
                                                    201 Santa Monica Blvd., Suite 600
                                                    Santa Monica, California 90401
                                                    Telephone: (310) 656-7066
                                                    Facsimile: (310) 656-7069

                                                    *Attorney for Plaintiff*

# EXHIBIT 2

**From:** Harper, Jacob <JHarper@dwt.com>
**Sent:** Monday, January 13, 2025 10:20 AM
**To:** Rick Lyon <rick@dovel.com>; Stephen Andrews <stephen@dovel.com>
**Cc:** Canner, Heather <HeatherCanner@dwt.com>; Elie-Meyers, Joseph <JosephElieMeyers@dwt.com>
**Subject:** RE: Golikov v. Walmart: PLEASE READ

Rick,
I'm very sorry for the situation, and I know sending these deposition notices (even as placeholders and as necessary given the scheduling) doesn't help things. We absolutely understand and appreciate the objections. We will work with Stephen to try to get a more appropriate schedule.

**Jacob Harper**
Partner, Davis Wright Tremaine LLP

**P** 213.633.6863  **E** jharper@dwt.com
**A** 350 South Grand Avenue, 27th Floor, Los Angeles, CA 90071
**DWT.COM**

**From:** Rick Lyon <rick@dovel.com>
**Sent:** Monday, January 13, 2025 10:05 AM
**To:** Harper, Jacob <JHarper@dwt.com>; Stephen Andrews <stephen@dovel.com>
**Cc:** Canner, Heather <HeatherCanner@dwt.com>; Elie-Meyers, Joseph <JosephElieMeyers@dwt.com>
**Subject:** RE: Golikov v. Walmart: PLEASE READ

[EXTERNAL]

Jacob,

I live (or used to live) in the Palisades. I and just about everyone I know has been 100% preoccupied with emergency endeavors, like trying to save our homes and trying to figure out emergency housing for our families, new school / child care for the kids, FEMA claims, etc. And also collectively grieving with the community I have lived in my whole life.

We object to the subpoenas and depositions, on all grounds. Formal objections will follow later on if necessary. We also object to their timing: 3 business days' notice in the middle of an apocalyptic state of emergency. I am sure you understand that there will not be any depositions going forward this week, and I appreciate that you were just getting a placeholder out there to reserve your rights.

I am not available to confer today, but perhaps Stephen is. We are of course amenable to pushing out briefing dates for the pending motions.

Stephen, if you get this can you let Jacob know your availability to discuss a stip pushing out dates. I'll try to call you in a bit.

Best,
Rick

**From:** Harper, Jacob <JHarper@dwt.com>
**Sent:** Friday, January 10, 2025 5:16 PM
**To:** Rick Lyon <rick@dovel.com>; Stephen Andrews <stephen@dovel.com>
**Cc:** Canner, Heather <HeatherCanner@dwt.com>; Elie-Meyers, Joseph <JosephElieMeyers@dwt.com>
**Subject:** Golikov v. Walmart: PLEASE READ
**Importance:** High

Dear Rick (and Stephen),

I hope you are safe and doing well under the circumstances. It pains me to do this now, on a Friday afternoon, especially with everything going on (including that members of our case team have been evacuated and left town because of the fires), but we feel compelled under the current schedule to send courtesy copies of the following:

First, I am attaching here a courtesy copy of a notice of deposition for Plaintiff Edie Golikov, for this Wednesday, February 15 at 9:00 a.m. We understand this is a tight timeline but we believe it is reasonable—and the only plausible day—given that our opposition to class certification is due on Friday 1/17. We have served as quickly as quickly as possible after receiving the motion for class certification and her declaration on Wednesday.

Second, I am also attaching here a courtesy copy of a subpoena and notice of your own deposition, for Thursday, January 16, at 9:00 a.m. We very much do not want to send this, especially today and under the circumstances, but we don't see a choice in given it appears your declaration is the only record evidence that explains or interprets the two-page report of Exhibit 11, the Ceutical Labs testing summary, and pertinent information (such as the material claim that Walmart avocado oil "does not have any C20 Fatty Acid"). As you know, this is a central fact question both on the merits and for class certification and we do not see any other way of vetting this for the class certification opposition. We are sending this as a courtesy copy and in paper form on your office in order to avoid personal service if you will accept via email without our having to send a process server.

We are sending now, on an extraordinarily tight turnaround, to comply with the Court's expectation that we work as quickly and diligently as possible to make current timelines work. At the same time, doing so now allows us maximize the chance we might be able to work on a joint request for schedule and extension of the opposition in advance, which may allow us to deal with some or all these issues on a different timeline. I propose we speak Monday morning, perhaps 11am Pacific, to work through scheduling issues and the like.

I do not relish sending these now.  I hope you will take this email and these depo notices, including the unfortunate timing, as a function only of our effort to address the class certification motion for our clients and to comply with the Court's well-taken and well-intended scheduling requirements.  We are fully aware that a depo notice/subpoena served on opposing counsel on a Friday night in the middle of a State of Emergency can look like gamesmanship of the worst sort, but I assure you it comes solely from our good faith efforts to balance the needs of this case and requirements of the Court.

Jacob



**Jacob Harper**
**Partner** | Davis Wright Tremaine LLP

**P** 213.633.6863  **E** jharper@dwt.com
**A** 350 South Grand Avenue, 27th Floor, Los Angeles, CA 90071

**DWT.COM**

# EXHIBIT 3

Jacob M. Harper (SBN 259463)
  *jacobharper@dwt.com*
Heather F. Canner (SBN 292837)
  *heathercanner@dwt.com*
Joseph Elie-Meyers (SBN 325183)
  *josepheliemeyers@dwt.com*
DAVIS WRIGHT TREMAINE LLP
350 South Grand Avenue, 27th Floor
Los Angeles, CA 90071
Telephone:  (213) 633-6800
Fax:  (213) 633-6899

*Counsel for Defendant
Walmart Inc.*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| EDIE GOLIKOV, individually and on behalf of all others similarly situated,<br><br>          Plaintiff,<br><br>   vs.<br><br>WALMART INC.,<br><br>          Defendant. | Case No. 2:24-cv-08211-RGK-MAR<br><br>**DEFENDANT WALMART INC.'S NOTICE OF DEPOSITION OF PLAINTIFF EDIE GOLIKOV**<br><br>Date:        January 15, 2025<br>Time:       9:00 a.m. PST<br>Location:  Davis Wright Tremaine<br>            350 South Grand Ave<br>            27th Floor<br>            Los Angeles, CA 90071 |

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

WALMART'S NOTICE OF DEPOSITION OF
PLAINTIFF EDIE GOLIKOV

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that beginning at 9:00 a.m. PST on January 15, 2025, Defendant Walmart Inc. (Walmart) will take the deposition of Plaintiff Edie Golikov (Plaintiff) pursuant to Federal Rules of Civil Procedure 26 and 30.  The deposition shall be conducted at the law firm of Davis Wright Tremaine LLP, 350 South Grand Avenue, 27th Floor, Los Angeles, California 90071.

Said deposition will be taken before a certified court reporter or other person authorized to administer oaths, will be videotaped, and the deponent's testimony will be recorded by stenographic method, through the instant visual display of the testimony.  If the deposition is not completed on the dates set forth above, the taking of the deposition will continue at the same place on another date or dates, pursuant to the mutual convenience of the parties, until completed.

Walmart reserves the right to present the deposition recording at trial.


Dated:  January 10, 2025          DAVIS WRIGHT TREMAINE LLP
                                  Jacob M. Harper
                                  Heather F. Canner
                                  Joseph Elie-Meyers
                                  Joby Celoza

                                  By: */s/Jacob M. Harper*
                                  Jacob M. Harper

                                  *Attorneys for Defendant*
                                  *Walmart Inc.*

WALMART'S NOTICE OF DEPOSITION OF
PLAINTIFF EDIE GOLIKOV

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

## **PROOF OF SERVICE**

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action; my business address is 350 South Grand Avenue, 27th Floor, Los Angeles, California 90071.

On January 10, 2025, I served the document described as "**DEFENDANT WALMART INC.'S NOTICE OF DEPOSITION OF EDIE GOLIKOV**" upon the interested parties in this action addressed as follows:

**PLEASE SEE ATTACHED SERVICE LIST**

__X__ (VIA OVERNIGHT U.S. FIRST CLASS MAIL)  I placed such envelope(s) with postage thereon fully prepaid for deposit in the United States Mail in accordance with the office practice of Davis Wright Tremaine LLP, for collecting and processing correspondence for mailing with the United States Postal Service.  I am familiar with the office practice of Davis Wright Tremaine LLP, for collecting and processing correspondence for mailing with the United States Postal Service, which practice is that when correspondence is deposited with the Davis Wright Tremaine LLP, personnel responsible for delivering correspondence to the United States Postal Service, such correspondence is delivered to the United States Postal Service that same day in the ordinary course of business.

__X__ (VIA FEDERAL EXPRESS)  I placed such envelope(s) with postage thereon fully prepaid for deposit with Federal Express for overnight delivery in accordance with the office practice of Davis Wright Tremaine LLP, for collecting and processing correspondence for mailing with Federal Express.  I am familiar with the office practice of Davis Wright Tremaine LLP, for collecting and processing correspondence for mailing with Federal Express, which practice is that when correspondence is deposited with the Davis Wright Tremaine LLP, personnel responsible for delivering correspondence to Federal Express, such correspondence is delivered to Federal Express that same day in the ordinary course of business.

WALMART'S NOTICE OF DEPOSITION OF
PLAINTIFF EDIE GOLIKOV

2

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on January 10, 2025, Los Angeles, California.

BIANCA CERVANTES

WALMART'S NOTICE OF DEPOSITION OF
PLAINTIFF EDIE GOLIKOV

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

# ATTACHED SERVICE LIST

Richard Lyon (Cal. Bar No. 229288)
*rick@dovel.com*
Stephen D. Andrews (Cal. Bar No. 354327)
*stephen@dovel.com*
Christin Cho (Cal. Bar No. 238173)
*christin@dovel.com*
**DOVEL & LUNER, LLP**
201 Santa Monica Blvd., Suite 600
Santa Monica, California 90401
Telephone: (310) 656-7066
Facsimile: (310) 656-7069

4

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

# EXHIBIT 4

Jacob M. Harper (SBN 259463)
 *jacobharper@dwt.com*
Heather F. Canner (SBN 292837)
 *heathercanner@dwt.com*
Joseph Elie-Meyers (SBN 325183)
 *josepheliemeyers@dwt.com*
DAVIS WRIGHT TREMAINE LLP
350 South Grand Avenue, 27th Floor
Los Angeles, CA 90071
Telephone:  (213) 633-6800
Fax:  (213) 633-6899

*Counsel for Defendant
Walmart Inc.*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| EDIE GOLIKOV, individually and on behalf of all others similarly situated,<br><br>                        Plaintiff,<br><br>   vs.<br><br>WALMART INC.,<br><br>                      Defendant. | Case No. 2:24-cv-08211-RGK-MAR<br><br>**DEFENDANT WALMART INC.'S NOTICE OF DEPOSITION OF RICK LYON, ESQ.**<br><br>Date:        January 16, 2025<br>Time:       9:00 a.m. PST<br>Location:  Davis Wright Tremaine<br>             350 South Grand Ave<br>             27th Floor<br>             Los Angeles, CA 90071 |

WALMART'S NOTICE OF DEPOSITION OF
PLAINTIFF RICK LYON, ESQ.

**DAVIS WRIGHT TREMAINE** LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that beginning at 9:00 a.m. PST on January 16, 2025, Defendant Walmart Inc. (Walmart) will take the deposition of Rick Lyon, Esq. pursuant to Federal Rules of Civil Procedure 26, 30, and 45.  The deposition shall be conducted at the law firm of Davis Wright Tremaine LLP, 350 South Grand Avenue, 27th Floor, Los Angeles, California 90071.

Said deposition will be taken before a certified court reporter or other person authorized to administer oaths, will be videotaped, and the deponent's testimony will be recorded by stenographic method, through the instant visual display of the testimony.  If the deposition is not completed on the dates set forth above, the taking of the deposition will continue at the same place on another date or dates, pursuant to the mutual convenience of the parties, until completed.

Walmart reserves the right to present the deposition recording at trial.


Dated:  January 10, 2025

DAVIS WRIGHT TREMAINE LLP
Jacob M. Harper
Heather F. Canner
Joseph Elie-Meyers
Joby Celoza

By: */s/Jacob M. Harper*
Jacob M. Harper

*Attorneys for Defendant Walmart Inc.*

WALMART'S NOTICE OF DEPOSITION OF PLAINTIFF EDIE GOLIKOV

1

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

## PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action; my business address is 350 South Grand Avenue, 27th Floor, Los Angeles, California 90071.

On January 10, 2025, I served the document described as "**DEFENDANT WALMART INC.'S NOTICE OF DEPOSITION OF RICK LYON**" upon the interested parties in this action addressed as follows:

**PLEASE SEE ATTACHED SERVICE LIST**

__X__ (VIA OVERNIGHT U.S. FIRST CLASS MAIL)  I placed such envelope(s) with postage thereon fully prepaid for deposit in the United States Mail in accordance with the office practice of Davis Wright Tremaine LLP, for collecting and processing correspondence for mailing with the United States Postal Service.  I am familiar with the office practice of Davis Wright Tremaine LLP, for collecting and processing correspondence for mailing with the United States Postal Service, which practice is that when correspondence is deposited with the Davis Wright Tremaine LLP, personnel responsible for delivering correspondence to the United States Postal Service, such correspondence is delivered to the United States Postal Service that same day in the ordinary course of business.

__X__ (VIA FEDERAL EXPRESS)  I placed such envelope(s) with postage thereon fully prepaid for deposit with Federal Express for overnight delivery in accordance with the office practice of Davis Wright Tremaine LLP, for collecting and processing correspondence for mailing with Federal Express.  I am familiar with the office practice of Davis Wright Tremaine LLP, for collecting and processing correspondence for mailing with Federal Express, which practice is that when correspondence is deposited with the Davis Wright Tremaine LLP, personnel responsible for delivering correspondence to Federal Express, such correspondence is delivered to Federal Express that same day in the ordinary course of business.  X

WALMART'S NOTICE OF DEPOSITION OF
PLAINTIFF EDIE GOLIKOV

**DAVIS WRIGHT TREMAINE** LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on January 10, 2025, Los Angeles, California.

BIANCA CERVANTES

WALMART'S NOTICE OF DEPOSITION OF
PLAINTIFF EDIE GOLIKOV

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

**ATTACHED SERVICE LIST**

Richard Lyon (Cal. Bar No. 229288)
*rick@dovel.com*
Stephen D. Andrews (Cal. Bar No. 354327)
*stephen@dovel.com*
Christin Cho (Cal. Bar No. 238173)
*christin@dovel.com*
**DOVEL & LUNER, LLP**
201 Santa Monica Blvd., Suite 600
Santa Monica, California 90401
Telephone: (310) 656-7066
Facsimile: (310) 656-7069

WALMART'S NOTICE OF DEPOSITION OF
PLAINTIFF EDIE GOLIKOV

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

# EXHIBIT 5

| | |
|---|---|
| **From:** | Harper, Jacob <JHarper@dwt.com> |
| **Sent:** | Thursday, December 19, 2024 10:48 AM |
| **To:** | Rick Lyon |
| **Cc:** | Stephen Andrews; Canner, Heather; Elie-Meyers, Joseph; Ladew, Matt; Elizabeth Hsieh; Pica Mellquist |
| **Subject:** | Re: Golikov v. Walmart: Joint Report and Stipulation to Extend Class Certification |

No, but we can be about 95% sure.  I would propose we get a class cert stip on file, then hold the Rule 26 conference Jan 2 if he hasn't ruled on it by then.  It's now December 19, so any discovery responses you receive won't come until after the current class cert deadline anyway.

Jacob Harper
Davis Wright Tremaine LLP


On Dec 19, 2024, at 10:30 AM, Rick Lyon <rick@dovel.com> wrote:

[EXTERNAL]

Thanks, Jacob.  I think we are all on the same page about pushing out the class cert deadlines, but based on the denial of our agreed stay motion, we really can't be 100% sure that Judge Klausner will grant the stip pushing out class cert.  So I think we still need to have a short 26f call today so we can get discovery rolling in the event he denies our request.  Happy to discuss if you want to give me a buzz.  310-656-7066.

**From:** Harper, Jacob <JHarper@dwt.com>
**Sent:** Thursday, December 19, 2024 10:20 AM
**To:** Stephen Andrews <stephen@dovel.com>
**Cc:** Canner, Heather <HeatherCanner@dwt.com>; Elie-Meyers, Joseph <JosephElieMeyers@dwt.com>; Ladew, Matt <MattLadew@dwt.com>; Elizabeth Hsieh <elizabeth@dovel.com>; Rick Lyon <rick@dovel.com>; Pica Mellquist <pica@dovel.com>
**Subject:** Re: Golikov v. Walmart: Joint Report and Stipulation to Extend Class Certification

Thanks, Stephen.  I appreciate the drafts, especially the class cert stip.  it seems to me all this wastes time until the JPML makes its decision, and the sole reason to hold the Rule 26 conference has been the press of the class cert deadline.  So instead of dealing with that, why don't we just file a stip for moving out the class cert deadline?

Jacob Harper
Davis Wright Tremaine LLP


On Dec 18, 2024, at 4:26 PM, Stephen Andrews <stephen@dovel.com> wrote:

[EXTERNAL]

Good afternoon,

In advance of our meeting tomorrow, I would like to share this draft Joint Report and accompanying Exhibit A, which is the proposed schedule.  We recognize that we have not yet filed our Amended Complaint so some of the content in here is a bit of a placeholder that is subject to change.  But we wanted to send you something in advance of the meeting to guide the conversation.

Additionally, we had discussed filing a joint stipulation to extend our deadline to file a motion for class certification.  I have attached a draft stipulation, declaration, and proposed order that asks the Court to extend the deadline to file a motion for class certification until either (a) 60 days after the JPML issues its ruling on the Motion to Transfer or, alternatively, (b) March 9, 2025 (60 days after the current deadline to file a class certification motion).  We were hoping to get this on file tomorrow, or Friday at the latest.  So please let us know if you'd like us to make any changes.

We look forward to talking tomorrow.

Best,
Stephen

<Decl. iso stipulation to Extend time to File Motion for Class Cert.docx>
<Joint Report - Exhibit A - Proposed Schedule.docx>
<Stipulation to Extend time to File Motion for Class Cert (12'18'2024).docx>
<Walmart - Joint 26f Report (12'16'2024).docx>
<Proposed Order Granting Stipulation to Extend Deadline to File Motion for Class Certification.docx>

# EXHIBIT 6

Richard Lyon (Cal. Bar No. 229288)
rick@dovel.com
Stephen D. Andrews (Cal. Bar No. 354327)
stephen@dovel.com
Christin Cho (Cal. Bar No. 238173)
christin@dovel.com
DOVEL & LUNER, LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, California 90401
Telephone: (310) 656-7066
Facsimile: (310) 656-7069

*Attorney for Plaintiff*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDIE GOLIKOV, individually and on behalf of all others similarly situated, | Case No. 2:24-cv-08211-RGK-MAR |
| *Plaintiff,* | **CLASS ACTION** |
| | **JOINT RULE 26(f) REPORT** |
| v. | |
| WALMART INC., | **Scheduling Conference: January 27, 2025** |
| *Defendant.* | |

Pursuant to Federal Rule of Civil Procedure 26(f) and Local Rule 26-1, Plaintiff Edie Golikov ("Plaintiff") and Defendant Walmart Inc. ("Walmart" or "Defendant," collectively "the Parties") have met and conferred and hereby submit the following Joint Rule 26(f) Report.

## A.    Statement of the Case

The Complaint alleges that Defendant Walmart Inc. makes, markets, and sells Great Value Avocado Oil, which are avocado oil products that are prominently labeled "Avocado Oil" and list avocado oil as the only ingredient. Plaintiff allege that, because Great Value Avocado Oil is adulterated and not pure Avocado Oil, the labeling is false and misleading. Plaintiff asserts claims for violation of California's consumer protection laws, a claim for breach of express warranty, claims for negligent and intentional misrepresentation, and a claim for breach of a quasi-contract against Defendant for selling deceptively labeled avocado oil. More specifically, Plaintiff asserts the following claims:

- Claims for violation of California's False Advertising Law (Count I), on behalf of Plaintiff and a class of California consumers
- Claim for violation of California's Consumer Legal Remedies Act (Count II), on behalf of Plaintiff and a class of California consumers
- Claim for violation of California's Unfair Competition Law (Count III), on behalf of Plaintiff and a class of California consumers
- Claim for breach of express warranty (Count IV), on behalf of Plaintiff and a class of Nationwide consumers
- Claim for negligent misrepresentation (Count V), on behalf of Plaintiff and a class of California consumers
- Claim for intentional misrepresentation (Count VI), on behalf of Plaintiff and a class of Nationwide consumers.
- Claim for quasi-contract (Count VII), on behalf of Plaintiff and a class of Nationwide consumers

There are no counterclaims, cross claims, or third-party claims.

On December 19, 2024, counsel for the Parties met and conferred regarding the status of the case.

## B.    Subject Matter Jurisdiction

Plaintiff contends that this Court has subject matter jurisdiction over this action as an alleged class action in which "one or more members of the proposed class are citizens of a state different from Defendant" and in which "the amount in controversy exceeds $5,000,000, exclusive of interest and costs." 28 U.S.C. § 1332(d)(2). Here, Defendant is a citizen of the State of Delaware, with its principal place of business at 702 SW 8th St., Bentonville, Arkansas 72716. Plaintiff Golikov is a citizen of the State of California. The class includes citizens of every state. And as the Complaint alleges, the amount in controversy exceeds $5,000,000. Accordingly, the Court has subject matter jurisdiction.

## C.    Legal Issues

The key issues in this case include:

- Whether Defendant failed to comply with California's consumer protection statutes;

- Whether Defendant breached an express warranty;

- Whether Defendant made a negligent misrepresentation;

- Whether Defendant made an intentional misrepresentation;

- Whether Defendant breached a quasi-contract;

- Whether a class can be certified under Federal Rule of Civil Procedure 26;

- If Plaintiff is found to have suffered injury, the damages or restitution needed to compensate Plaintiff and class members; and

- Whether injunctive relief against Defendant is appropriate.

## D.    Parties, Evidence, etc.

Plaintiff: Edie Golikov.

Defendant: Walmart Inc., a Delaware corporation with its principal place of business at 702 SW 8th St., Bentonville, Arkansas 72716.

Corporate Disclosure:

Evidence: The Parties anticipate that the evidence in this case will include documentary evidence and testimony regarding: Defendant's representations on its website, packaging, and labels; consumers' understanding of those representations; product testing; Defendant's knowledge of any adulteration; sales to class members; and Defendant's financials. The Parties also anticipate that the evidence will include expert testimony concerning, at a minimum, damages.

### E.    Damages

Plaintiff seeks the following relief: damages, treble damages, and punitive damages where applicable; restitution; rescission; and disgorgement, as well as other just and equitable relief. Damages will depend on information concerning Defendant's revenues, profits, and unit sales, which are not currently available to Plaintiff. Accordingly, Plaintiff is not presently able to calculate a realistic range of provable damages.

### F.    Insurance

[DEFENDANT TO INSERT].

### G.    Motions

Defendant has filed a motion to dismiss, and Plaintiff intends to file a First Amended Complaint. Plaintiff anticipates filing a motion for class certification.

### H.    Manual for Complex Litigation

At this juncture, the Parties do not believe that the procedures of the Manual for Complex Litigation should be used, but reserve the right to apply procedures in the Manual for Complex Litigation as the case proceeds.

### I.    Status of Discovery

No discovery has been conducted to date. The Parties anticipate to engage in discovery as follows:

### J.    ADR

The Parties have briefly discussed early resolution of this matter and discussions are ongoing. If the Parties engage in early resolution of this matter, they will do so in a

mediation before a private mediator.

### K.    Discovery Plan

The Parties do not believe this case warrants any changes in the disclosures required under Fed. R. Civ. P. 26(a).  The Parties will exchange initial disclosures by January 2, 2025.

Plaintiff anticipates fact discovery on, at a minimum, Defendant's representations on their website, Defendant's products labels, Defendant's product packaging, Defendant's product testing, Defendant's sales to class members, and Defendant's financials.  Plaintiff notes that this list is preliminary in nature and may change as discovery commences.

Defendant anticipates fact discovery on: [Insert].

The Parties have been advised to take steps to preserve Electronically Stored Information ("ESI") including emails and accompanying metadata associated with this case.  The Parties will submit an ESI Protocol to the Court for entry identifying the procedures for the preservation, disclosure, and management of electronically stored information.

Plaintiff does not believe discovery should be phased or bifurcated.

### L.    Discovery Cut-off

The Parties propose a Fact Discovery Cut-Off of November 14, 2025.

### M.    Expert Discovery

The Parties propose these deadlines for expert-witness disclosures and discovery if the case is not compelled to arbitration:

| | |
|---|---|
| Initial Expert Disclosures: | January 16, 2026 |
| Rebuttal Expert Disclosures: | February 20, 2026 |
| Expert Discovery Cut-Off: | March 20, 2026 |

### N.    Dispositive Motions

The Parties propose a Dispositive Motion Cut-Off of April 24, 2026.

### O.     Trial Estimate

Plaintiff has demanded a jury trial on all issues so triable. The Parties estimate that trial will take approximately 4 days.

At this time, Plaintiff anticipate calling 6-10 witnesses at trial (depending on the number of Defendant's employees needed to address the claims, which is currently unknown to Plaintiff).

### P.     Trial Counsel

Richard Lyon and Stephen Andrews are expected to try the case for Plaintiff. [Fill in] are expected to try the case for Defendant.

### Q.     Independent Expert or Master

The Parties do not believe that the appointment of an independent expert or master is necessary at this time.

### R.     Additional Parties

Plaintiff may seek to add an additional named class representative to this lawsuit. Otherwise, the Parties do not currently anticipate the appearance of additional parties.

### S.     Timetable

Please see the attached Schedule of Pretrial and Trial Dates Worksheet.

### T.     Other Issues

The Parties have no other issues to report at this time.

Dated: December 19, 2024

By: _/s/_____
Jacob M. Harper (SBN 259463)
*jacobharper@dwt.com*
Heather F. Canner (SBN 292837)
*heathercanner@dwt.com*
Matthew E. Ladew (SBN 318215)
*mattladew@dwt.com*
DAVIS WRIGHT TREMAINE LLP
865 South Figueroa Street, 24th Floor
Los Angeles, California 90017-2566

Respectfully submitted,

By: _/s/ Richard Lyon_____
Richard Lyon (Cal. Bar No. 229288)
rick@dovel.com
Stephen D. Andrews (Cal. Bar No. 354327)
Christin Cho (Cal. Bar No. 238173)
christin@dovel.com
DOVEL & LUNER, LLP
201 Santa Monica Blvd., Suite 600

Telephone: (213) 633-6800

Fax: (213) 633-6899

*Attorneys for Defendant*

Santa Monica, California 90401

Telephone: (310) 656-7066

Facsimile: (310) 656-7069

*Attorneys for Plaintiff*

## Attestation of Signatories

Under C.D. Cal. Local Rule 5-4.3.4(a)(2)(i), I hereby attest that all other signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

Dated: December 19, 2024

*/s/ Richard Lyon*

Richard Lyon