Richard Lyon (Cal. Bar No. 229288)
rick@dovel.com
Stephen D. Andrews (Cal. Bar No. 354327)
stephen@dovel.com
Christin Cho (Cal. Bar No. 238173)
christin@dovel.com
DOVEL & LUNER, LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, California 90401
Telephone: (310) 656-7066
Facsimile: (310) 656-7069

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDIE GOLIKOV, individually and on behalf of all others similarly situated,<br><br>*Plaintiff*,<br><br>v.<br><br>WALMART INC.,<br><br>*Defendant*. | Case No. 2:24-cv-08211-RGK-MAR<br><br>**DECLARATION OF RICHARD LYON SUBMITTED IN RESPONSE TO ORDER TO SHOW CAUSE**<br><br>Hearing Date: February 10, 2025<br>Time: 9:00 A.M.<br><br>Assigned to the Hon. R. Gary Klausner |

## DECLARATION OF RICHARD LYON

I, Richard Lyon, declare and state as follows:

1. I am a Partner at Dovel & Luner, LLP, and I am lead trial counsel for Plaintiff Edie Golikov in this matter. I make this declaration from my own personal knowledge and could competently testify to the following facts.

2. I submit this Declaration in Response to the Court's January 27, 2024, Order to Show Cause Hearing on February 10, 2025, at 9:00 a.m. to determine why the complaint should not be dismissed for lack of prosecution. Dkt. 49.

3. On January 27, 2025, the Court issued an Order to Show Cause as to why the Complaint should not be dismissed due to lack of prosecution. Dkt. 49. On that day, the Court held a scheduling conference, and Plaintiff's counsel failed to make an appearance.

4. I apologize to the Court for this failure to appear. I have primary responsibility for this matter and intended to appear at the status conference. I inadvertently calendared the conference on my personal calendar for February 10, 2025, the date of the hearing for the pending class certification motion (Dkt. 36) and motion to dismiss (Dkt. 24). As a result, I completely overlooked the status conference on the morning of January 27, 2025. In my multiple decades of practice, this has never previously happened. I recognized the oversight on the morning of January 27, 2025, while I was headed to an on-site inspection of the fire damage to my home in the Pacific Palisades. The Palisades had limited connectivity, but I was able to email and alert opposing counsel to (and apologize for) my oversight at 10:18 a.m. Defendant's counsel graciously replied that he completely understood and hoped that I wasn't dealing with too much collateral damage from the fire. Defendant's counsel also informed me that the hearing had already occurred and that the Court issued an Order to Show Cause. Defendant's counsel further stated that Defendant would not oppose taking the Order to Show Cause off calendar. A true and correct copy of this email exchange is attached as **Exhibit A.**

Lyon Decl. Submitted in Response to Order to Show Cause   1   Case No. 2:24-cv-08211-RGK-MAR

5. My failure to appear is not reflective of my typical practice, and is not the fault of Plaintiff. Plaintiff has actively and vigorously prosecuted this action. Plaintiff filed her complaint on September 24, 2024. *See* Dkt. 1. Since then, Plaintiff's counsel has met and conferred with Defendant's counsel on numerous occasions regarding numerous different issues, including various joint stipulations which were subsequently filed with the Court. *See, e.g.*, Dkt. 17; Dkt. 20; Dkt. 22; Dkt. 29. In response to Defendant's motion to dismiss (Dkt. 24), Plaintiff timely filed a notice of intent to file an amended complaint as well as an amended complaint. *See* Dkt. 28 (notice of amended complaint); Dkt. 31 (First Amended Complaint). On January 2, 2025, Plaintiff's counsel conducted a Rule 26(f) conference with Defendant's counsel. The same day, Plaintiff served Defendant with Requests for Production and Interrogatories. Plaintiff then filed the Parties' Joint Rule 26(f) Report on January 17, 2025. *See* Dkt. 40. Plaintiff has also fully briefed her motion for class certification (Dkt. 36; Dkt 51), as well as Defendant's motion to dismiss the First Amended Complaint, (Dkt. 41). Additionally, Plaintiff has retained an expert to conduct a consumer survey. *See, e.g.*, Dkt. 36-2 (Decl. of Professor Thomas Maronick). Plaintiff has also hired a laboratory to test a sample of Defendant's product. *See, e.g.*, Dkt. 41-1 (Decl. of Imel Courtland).

6. In short, Plaintiff has vigorously prosecuted this action and will continue to do so.

7. Also, the following does not excuse my failure to appear but helps explain what has been on my mind and how I could have mis-calendared the status conference: In the time leading up to the status conference, I was displaced from my home in Pacific Palisades due to the fire. I have been devoting substantial time to related endeavors like securing new housing for my family, finding new schooling and childcare for my children, and processing insurance and FEMA claims.

8. With Defendant's consent, Plaintiff requests that this Court find that this case should not be dismissed for lack of prosecution and adjourn the Order to Show Cause Hearing scheduled for February 10, 2025, at 9:00 a.m.

Lyon Decl. Submitted in Response to Order to Show Cause   2   Case No. 2:24-cv-08211-RGK-MAR

1    I declare under penalty of perjury under the laws of the United States that the
2    foregoing is true and correct to the best of my knowledge and belief.
3    Executed this 29th day of January 2025, at Santa Monica, California.
4
5                                    By: /s/ *Richard Lyon*
6                                    Richard Lyon
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Lyon Decl. Submitted in              3              Case No. 2:24-cv-08211-RGK-MAR
Response to Order to Show Cause