UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 2:24-cv-08211-RGK-MAR | Date | February 27, 2025 |
|---|---|---|---|
| Title | *Eddie Golikov v. Walmart Inc.* | | |

| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE | | |
|---|---|---|---|
| Joseph Remigio | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
|---|---|
| Not Present | Not Present |

**Proceedings:** (IN CHAMBERS) Order Re: Plaintiff's Motion for Class Certification [DE 36]

## I. INTRODUCTION

On December 30, 2024, Eddie Golikov ("Plaintiff") filed the operative First Amended Class Action Complaint ("FAC") against Walmart Inc. ("Defendant"), asserting claims for violations of California's False Advertising Law ("FAL"), Consumer Legal Remedies Act ("CLRA"), and Unfair Competition Law ("UCL"), as well as breach of express warranty, negligent misrepresentation, intentional misrepresentation, and quasi-contract. (ECF No. 31.) She thereby seeks damages, as well as an injunction prohibiting Defendant from further deceptive conduct.

Presently before the Court is Plaintiff's Motion to Certify Class. (ECF No. 36.) For the following reasons, the Court **GRANTS** the Motion.

## II. FACTUAL BACKGROUND

Plaintiffs allege the following in the FAC:

Avocado oil has become a popular culinary product due to its mild flavor, nutritional benefits, and ease of use in cooking. Consumers are often willing to pay a premium for avocado oil, particularly if it has not been adulterated with other, less desirable cooking oils. However, avocado oil is significantly more expensive to produce. As a result, manufacturers and retailers have an incentive to increase their profits by selling adulterated avocado oil that has been blended with poor quality or cheaper oils to unknowing customers. Indeed, since at least 2020, the industry has been aware of issues with adulteration.

Defendant is a retail chain that markets, distributes, and sells Great Value Avocado Oil (the "Product"). The front-label states, "Refined Avocado Oil" and includes graphics of avocados. The back-label lists "Avocado Oil" as the sole ingredient contained.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:24-cv-08211-RGK-MAR | Date | February 27, 2025 |
|---|---|---|---|
| Title | *Eddie Golikov v. Walmart Inc.* | | |



    Plaintiff, a resident of Tarzana, California, purchased the Product on November 14, 2021. Plaintiff read and relied on the labels before making the purchase believing that the Product contained unadulterated avocado oil without any other ingredients. Plaintiff would not have purchased the Product or would have paid less for it if the she knew or believed that other ingredients were present.

    But in October of 2023, almost two years after Plaintiff purchased and used the Product, researchers at the University of California, Davis ("UC Davis") published a scientific study concluding that the Product was likely adulterated. The researchers analyzed a few bottles of the Product produced around 2020 or 2021 and found that their fatty acid and sterol profiles were consistent with high levels of other cheaper oils. Though the researchers acknowledged that there were possible alternative explanations for these results, they ultimately concluded that the Product was likely adulterated, and thus, its labeling was inaccurate.

    Defendant knew, or reasonably should known that the Product was adulterated. Given the widespread awareness of adulteration in the industry, Defendant tested, or reasonably should have tested the Product for adulteration. In so doing, it learned, or reasonably should have learned that the Product was adulterated, yet failed to address the problem.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:24-cv-08211-RGK-MAR | Date | February 27, 2025 |
|---|---|---|---|
| Title | *Eddie Golikov v. Walmart Inc.* | | |

### III.  JUDICIAL STANDARD

As a threshold to class certification, the proposed class must satisfy four prerequisites under Federal Rule of Civil Procedure ("Rule") 23(a). First, the class must be so numerous that joinder of all members individually is impracticable. Fed. R. Civ. P. 23(a)(1). Second, there must be questions of law or fact common to the class. Fed. R. Civ. P. 23(a)(2). Third, the claims or defenses of the class representative must be typical of the claims or defenses of the class as a whole. Fed. R. Civ. P. 23(a)(3). Finally, the proposed class representatives and proposed class counsel must be able to fairly and adequately protect the interests of all members of the class. Fed. R. Civ. P. 23(a)(4).

If all four prerequisites of Rule 23(a) are satisfied, a court must then determine whether to certify the class under one of the three subsections of Rule 23(b). Rule 23(b) sets forth three types of class actions: (1) prejudice class actions, when prosecuting separate actions would risk prejudice through inconsistent rulings or the impairment of other members' interests; (2) injunction class actions, when the class seeks injunctive relief as a whole; and (3) damages class actions, when common questions of law or fact that predominate over individual issues, and a class action is superior to other methods of adjudication. Fed. R. Civ. P. 23(b).

A district court should permit a class action to proceed only if the court "is satisfied, after a rigorous analysis," that the Rule 23 prerequisites have been met. *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350–51 (2011) (quoting *Gen. Tel. Co. of the Sw. v. Falcon*, 457 U.S. 147, 161 (1982)). However, while some inquiry into the substance of a case may be necessary, it is improper to decide on the merits at the class certification stage. *Staton v. Boeing Co.*, 327 F.3d 938, 954 (9th Cir. 2003). In analyzing whether the proposed class meets the requirements for certification, a court must take the substantive allegations of the complaint as true and may consider extrinsic evidence submitted by the parties to holistically evaluate the merits of class certification. *See Blackie v. Barrack*, 524 F.2d 891, 901 (9th Cir. 1975).

### IV.  DISCUSSION

The crux of Plaintiff's claims is that Defendant falsely advertised that the Product contained only avocado oil, but was in fact, adulterated with cheaper oils. Plaintiff thereby contends that anyone who purchased the Product in the state of California within the applicable statute of limitations period may assert the same claims as her. Accordingly, she seeks to certify a class comprising "all persons who, while in the state of California and within the applicable statute of limitations period, purchased [the Product]." (Mot. at 4.) And because she seeks both injunctive relief and damages, she seeks to divide the class into two subclasses: a Rule 23(b)(2) injunction class and a Rule 23(b)(3) damages class. The Court first considers whether Plaintiff's proposed class satisfies the requirements of Rule 23(a).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:24-cv-08211-RGK-MAR | Date | February 27, 2025 |
|---|---|---|---|
| Title | *Eddie Golikov v. Walmart Inc.* | | |

**A.     Rule 23(a)**

1.     *Numerosity*

Rule 23(a)(1) requires that the class be "so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1). While there is no fixed number that satisfies the numerosity requirement, "[t]he Ninth Circuit has required at least fifteen members to certify a class, and classes of at least forty members are usually found to have satisfied the numerosity requirement." *Makaron v. Enagic USA, Inc.*, 324 F.R.D. 228, 232 (C.D. Cal. 2018) (citing *Harik v. Cal. Teachers Ass'n*, 326 F.3d 1042, 1051 (9th Cir. 2003)).

According to Plaintiff, Defendant has sold the Product in more than two hundred stores across California for several years. Thus, it can be reasonably inferred that at least fifteen, if not forty, people purchased the Product and would therefore belong to the proposed class. Accordingly, Plaintiff argues that the numerosity requirement is satisfied.

Defendant disagrees, arguing that Plaintiff fails to provide evidence that the Product was adulterated. And absent that evidence, the only reasonable conclusion is that no one has any actionable claims against Defendant, and thus, the proposed class would have zero members. Defendant misses the mark. Defendant's argument is, in essence, that Plaintiff must establish liability before seeking class certification. This is plainly incorrect, as the ultimate question of liability is not an issue at the class certification stage. *Staton*, 327 F.3d at 954.

Defendant alternatively argues that even if the Product was adulterated, Plaintiff has failed to provide evidence establishing the number of people who purchased it. Indeed, Plaintiff does not provide any figures or estimates as to the number of people who purchased the Product. Instead, Plaintiff simply infers that at least fifteen people purchased the Product based on the number of Defendant's stores and the length of time the Product was sold. However, numerous courts have recognized that "common-sense assumptions and reasonable inferences" like these are sufficient to establish numerosity. *The Civil Rights Educ. & Enforcement Ctr. v. RLJ Lodging Tr.*, 2016 WL 314400, at *6 (N.D. Cal. 2016), *aff'd*, 867 F.3d 1093 (9th Cir. 2017)) (collecting cases). And it is reasonable to infer from these facts that the proposed class would have at least fifteen members, if not significantly more.

To be sure, Defendant argues that at least one court in this district has held that "[a] plaintiff cannot satisfy numerosity with mere 'common-sense [assumptions] and reasonable inferences.'" (Opp'n at 14–15, ECF No. 44 (citing *Wang v. Defense Tax Grp. Inc.*, 2020 WL 6204578, at *2 (C.D. Cal. Aug. 10, 2020)).) However, Defendant mischaracterizes that court's holding. In *Wang*, the court simply found that the plaintiff relied on baseless assumptions and speculations, thereby falling short of common sense and reason. *Wang*, 2020 WL 6204578, at *2 ("[T]his case is nothing like those Plaintiff cites applying 'common sense' and 'reasonable inferences' to conclude that the requirement of numerosity is met."). It

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:24-cv-08211-RGK-MAR | Date | February 27, 2025 |
|---|---|---|---|
| Title | *Eddie Golikov v. Walmart Inc.* | | |

did not, as Defendant suggests, state that common sense assumptions and reasonable inferences are never sufficient.

Accordingly, the Court finds that the numerosity requirement is satisfied.

    2.    *Commonality*

Rule 23(a)(2) requires that there be "questions of law or fact common to the class." Fed. R. Civ. P. 23(a)(2). The requirements of Rule 23(a)(2) are "construed permissively." *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1019 (9th Cir. 1998). Not *all* questions of fact or law need be common to the class; the existence of shared legal issues with divergent factual predicates or a common core of salient facts coupled with disparate legal remedies is sufficient to satisfy commonality. *Id.* Rather, members of a putative class must share a "common contention . . . of such a nature that it is capable of classwide resolution—which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke." *Wal-Mart Stores*, 564 U.S. at 350. In short, the requirements for finding commonality are minimal. *Hanlon*, 150 F.3d at 1020.

Plaintiff argues that the commonality requirement is satisfied because Defendant's liability to each class member turns on the same contention: whether the Product's labeling is likely to mislead a reasonable consumer into believing that avocado oil is the only cooking oil in the Product. And according to Plaintiff, this contention is common among all class members and would not require individual determinations, particularly given that consumer protection claims apply a "reasonable consumer" standard that does not "require the court to investigate class members' individual interaction with the product." *Gold v. Lumber Liquidators, Inc.*, 323 F.R.D. 280, 290–91 (N.D. Cal. 2017) (internal quotations omitted).

Defendant disagrees, arguing that the commonality requirement is not satisfied because Plaintiff does not "prove" common adulteration, deception, and reliance. (Opp'n at 4–8.) Defendant misses the mark yet again.

At the class certification stage, Plaintiff need only present common questions of fact or law that are "*capable* of classwide resolution." *Alcantar v. Hobart Serv.*, 800 F.3d 1047, 1053 (9th Cir. 2015) (emphasis added). Plaintiff need not prove that these questions of fact or law will have common resolutions in the class's favor; she need only establish that they may have common resolutions in the class's favor. *See id.* (holding that a plaintiff asserting class claims of employer misconduct need not provide proof of a company-wide policy at the class certification stage). Plaintiff has met this burden, as she has adequately alleged that the Product was adulterated through a common manufacturing process, a reasonable person would be deceived by the Product's labeling, and a reasonable person would have relied on the deceptive labeling to her detriment.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

| Case No. | 2:24-cv-08211-RGK-MAR | Date | February 27, 2025 |
|---|---|---|---|
| Title | *Eddie Golikov v. Walmart Inc.* | | |

Accordingly, the Court finds the commonality requirement satisfied.

3.   *Typicality*

Rule 23(a)(3) requires that the claims or defenses of the class representatives be typical of the claims or defenses of the class they seek to represent. Fed. R. Civ. P. 23(a)(3). This does not require that the claims of the representative parties be identical to the claims of the proposed class members. *Hanlon*, 150 F.3d at 1020. Typicality requires only that "representative claims . . . [be] reasonably co-extensive with those of absent class members; they need not be substantially identical." *Id.* at 1020. Rather, typicality focuses on whether the unnamed class members have injuries similar to those of the named plaintiffs, and whether those injuries result from the same injurious course of conduct. *Armstrong v. Davis*, 275 F.3d 849, 869 (2001). In practice, the commonality and typicality requirements of Rule 23 "tend to merge." *Gen. Tel. Co. of Sw. v. Falcon.*, 457 U.S. 147, 158 n.13 (1982).

Plaintiff argues that the typicality requirement is satisfied because Plaintiff asserts the same claims as the proposed class—namely, for damages and injunctive relief against Defendant for purchasing falsely labeled adulterated avocado oil. Defendant disagrees, arguing that the typicality requirement is not satisfied because Plaintiff has not provided sufficient evidence of common adulteration so as to establish that her claims would be typical of her class. Defendant's argument appears to be a slight rephrasing of its commonality argument, which as explained above, fails because Plaintiff has adequately alleged that the Product was adulterated through a common manufacturing process. While it remains to be seen whether Plaintiff's common adulteration theory is correct, Plaintiff need not prove the theory at this stage.

Accordingly, the Court finds the typicality requirement satisfied.

4.   *Adequacy*

Rule 23(a)(4) requires the Court to determine if the named plaintiffs and proposed class counsel will fairly and adequately protect the interests of the entire class. The adequacy requirement is satisfied if the named plaintiffs and their counsel (1) will prosecute the action vigorously on behalf of the class, and (2) do not have interests adverse to unnamed class members. *Hanlon*, 150 F.3d at 1020. "Adequate representation is usually presumed in the absence of contrary evidence." *Californians for Disability Rights, Inc. v. Cal. Dep't of Transp.*, 249 F.R.D. 334, 349 (N.D. Cal. 2008).

Plaintiff argues that the adequacy requirement is satisfied because Plaintiff and her counsel assert that they have no conflicts of interest. (Golikov Decl. ¶ 5, ECF No. 36-1; Lyon Decl. ¶ 14, ECF No. 36-3.) Defendant disagrees, arguing that: (1) Plaintiff's assertions are insufficient; (2) Plaintiff failed to comply with discovery requests; and (3) Plaintiff's counsel violated the Local Rules by failing to meet and confer. Each of Defendant's arguments fail.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:24-cv-08211-RGK-MAR | Date | February 27, 2025 |
|---|---|---|---|
| Title | *Eddie Golikov v. Walmart Inc.* | | |

Defendant first argues that Plaintiff and her counsel's assertions are insufficient because, according to Defendant, a court in the Western District of Washington held that there is "no adequacy where plaintiffs 'baldly assert' lack of conflicts." (Opp'n at 17 (quoting *Angulo v. Providence Health & Servs. – Wash.*, 2024 WL 3744258, at *11 (W.D. Wash. Aug. 9, 2024)).) But there are two issues with this argument. First, a lone district court case from the Western District of Washington is of little persuasive authority. Second, and perhaps most importantly, Defendant conveniently omits that the plaintiffs' assertions in that case were "baseless" because they "d[id] not cite evidence." *Angulo*, 2024 WL 3744258, at *11. Here, Plaintiff provided evidence through two declarations. Defendant does not argue or cite any authority suggesting that these declarations are in any way insufficient.

Defendant next argues that Plaintiff is inadequate for failing to comply with discovery requests. According to Defendant, Plaintiff "refus[ed] to appear for a properly noticed deposition [] without serving objections or obtaining a protective order." (Opp'n at 17–18.) Defendant argues that this refusal not only demonstrates Plaintiff's inadequacy, but also caused substantial prejudice that independently mandates denial of her Motion. *See Kandel v. Brother Intern. Corp.*, 264 F.R.D. 630, 634 (C.D. Cal. 2010) ("[F]ailure to comply with . . . discovery requests . . . suggest[s] that the class representative is inadequate."); *ABS Ent., Inc. v. CBS Corp.*, 908 F.3d 405, 427 (9th Cir. 2018) (finding class certification inappropriate when defendant is deprived of opportunity to conduct pre-certification discovery). However, Defendant appears to grossly misrepresent the facts. Defendant gave only three business days' notice of Plaintiff's deposition. (Andrews Decl. ¶ 3, ECF No. 51-1.) Plaintiff objected, noting that this was insufficient notice. (Andrews Decl., Ex. 2, ECF No. 51-1.[1]) And Defendant not only acknowledged these objections, but seemingly agreed that Plaintiff was not obligated to appear, writing: "We absolutely understand and appreciate the objections. We will work with [counsel] to try to get a more appropriate schedule." (*Id.*)

Defendant finally argues that Plaintiff's counsel is inadequate for failing to meet and confer in compliance with the Local Rules, and this failure also justifies outright denial of the Motion. Under Local Rule 7-3, at least seven days prior to filing a calendared motion, the parties' counsel must meet and confer to discuss the substance of the motion and potential resolution. C.D. Cal. L.R. 7-3. The purpose of this rule is to promote judicial economy and the administration of justice, as it offers the parties an off-ramp by which they may "reach a resolution [and] eliminate[] the necessity for a hearing." *R.H. v. Cnty. of San Bernadino*, 2019 WL 10744836, at *1 (C.D. Cal. Sept. 25, 2019) (quoting *James R. Glidewell Dental Ceramics, Inc. v. Phila. Indem. Ins. Co.*, 2016 WL 9223782, at *1 (C.D. Cal. Sept. 12, 2016)). If the requirements of Local Rule 7-3 are not met, "[t]he Court may decline to consider [the] motion." C.D. Cal. L.R. 7-4; *see also Christian v. Mattel, Inc.*, 286 F.3d 1118, 1129

---

[1] Because Plaintiff filed Andrews' declaration and exhibits as a single document, citations to his exhibits share the same ECF number. Plaintiff is advised to comply with the Court's Standing Order requiring each exhibit to be filed as a separate attachment in the future.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:24-cv-08211-RGK-MAR | Date | February 27, 2025 |
|---|---|---|---|
| Title | *Eddie Golikov v. Walmart Inc.* | | |

(9th Cir. 2002) ("The district court has considerable latitude in . . . enforcing local rules that place parameters on briefing.").

The Court originally struck Plaintiff's Motion for failing to include a meet and confer certification. Plaintiff refiled the Motion with a statement that the Motion was "made following the conference of counsel . . . which was conducted by email between January 7 and January 9, 2025." (Notice of Mot. at 1.) Defendant contends that this was "fabricated," as no such conferrals ever occurred. (Opp'n at 17.) There appears to be some dispute over the exact timing and substance of the parties' discussions about the Motion. But even if no meet and confer took place between January 7 and January 9, it does not appear that Defendant was prejudiced as a result. Defendant knew from the outset of the case the grounds that Plaintiff would seek class certification, as she stated them in her original Complaint. (Compl. ¶¶ 31–37, ECF No. 1.) And Defendant also knew when the Motion would be filed, as it engaged with discussions with Plaintiff about continuing the class certification deadline. (Stipulation for Extension, ECF No. 29.) To label Plaintiff's counsel inadequate or otherwise deny the Motion under these circumstances would be inappropriate.

Accordingly, the Court finds that the adequacy requirement is satisfied. Having found that each of the Rule 23(a) requirements are satisfied, the Court next considers whether the requirements are met for either a Rule 23(b)(2) injunction subclass or a Rule 23(b)(3) damages subclass.

**B.      Rule 23(b)(2)**

A class is proper under Rule 23(b)(2) if "the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole." Fed. R. Civ. P. 23(b)(2). "The key to the (b)(2) class is 'the indivisible nature of the injunctive or declaratory remedy warranted—the notion that the conduct is such that it can be enjoined or declared unlawful only as to all of the class members or as to none of them.'" *Wal-Mart Stores*, 564 U.S. at 360 (quoting another source). Rule 23(b)(2) "does not authorize class certification when each individual class member would be entitled to a different injunction or declaratory judgment against the defendant. Similarly, it does not authorize class certification when each class member would be entitled to an individualized award of monetary damages." *Id.* at 360–61.

Plaintiff seeks to certify an injunction subclass that would seek injunctive relief "forbidding [Defendant] from claiming that its avocado oil contains only 'avocado oil,' unless the avocado oil actually is unadulterated and not contaminated with other oils." (Mot. at 17.) Plaintiff argues that this relief is appropriate for an injunction subclass because the requested injunction would apply uniformly to all members. Defendant disagrees, arguing that the injunction would only benefit future purchasers, not the past purchasers belonging to the injunction subclass. Defendant's argument fails.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:24-cv-08211-RGK-MAR | Date | February 27, 2025 |
|---|---|---|---|
| Title | *Eddie Golikov v. Walmart Inc.* | | |

    Defendant chiefly relies on *Algarin v. Maybelline, LLC*, 300 F.R.D. 444, 458 (S.D. Cal. 2014), a consumer protection action in which a district court found that an injunction class could not be certified because it solely comprised past purchasers that would not benefit from an injunction to eliminate deceptive labeling that targeted future purchasers. However, *Algarin* is readily distinguishable. In *Algarin*, the plaintiff alleged that a cosmetic product falsely stated that it lasted more than 24 hours. *Id*. But unlike "products such as dietary supplements where the purported benefits are hard to ascertain or take time to actualize," the duration of a cosmetic product is "readily discern[able]." *Id*. As a result, the class of past purchasers had all become aware that the product was deceptive and "[could] not be further deceived." *Id*. And because the past purchasers could not be further deceived, they could not benefit from an injunction eliminating that deceptive labeling. *Id*. Here, however, there is no indication that the Product's alleged adulteration is immediately discernable. If anything, the Product is similar to a dietary supplement whose benefits are hard to ascertain. Indeed, Plaintiff did not bring this action until she was made aware of potential adulteration by a scientific study years after her purchase. It stands to reason that past purchasers have bought the Product on multiple occasions, and without injunctive relief, may continue to purchase the Product not knowing that they may have been deceived. Thus, this argument fails.

    Defendant alternatively argues that injunctive relief is inappropriate because Plaintiff and the proposed subclass primarily seek monetary damages. When a class seeks monetary damages, it may only be certified under Rule 23(b)(2) if the damages sought are "merely incidental to their primary claim for injunctive relief." *Probe v. State Teachers' Retirement Sys.*, 780 F.2d 776, 780 (9th Cir. 1986). However, this is only applicable when the *same* class seeks both monetary damages and injunctive relief. It does not apply when a class is divided into injunctive and damages subclasses, as is the case here. *In re ConAgra Foods, Inc.*, 302 F.R.D. 537, 573 (C.D. Cal. 2014) (collecting Ninth Circuit cases upholding the certification of two separate classes). Thus, this argument also fails.

    Having found the Rule 23(a) requirements satisfied, and both of Defendant's arguments against Rule 23(b)(2) certification unconvincing, the Court **GRANTS** Plaintiff's Motion as to Rule 23(b)(2) certification and certifies the proposed injunction subclass.

    C.    **Rule 23(b)(3)**

    A damages class is proper under Rule 23(b)(3) if: (1) the questions of law or fact common to the members of the class predominate over any questions affecting only individual members; and (2) a class action is superior to other available methods for the fair and efficient adjudication of the controversy. Fed. R. Civ. P. 23(b)(3).

    The predominance requirement is "far more demanding" than the commonality requirement of Rule 23(a). *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 623–24 (1997). When evaluating whether common issues predominate, the operative question is whether a putative class is "sufficiently cohesive"

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:24-cv-08211-RGK-MAR | Date | February 27, 2025 |
|---|---|---|---|
| Title | *Eddie Golikov v. Walmart Inc.* | | |

to merit representative adjudication. *Id.* at 623. Though common issues need not be "dispositive of the litigation," *In re Lorazepam & Clorazepate Antitrust Litig.*, 202 F.R.D. 12, 29 (D.D.C. 2001), they must "present a significant aspect of the case [that] can be resolved for all members of the class in a single adjudication" so as to justify "handling the dispute on a representative rather than on an individual basis" *Hanlon*, 150 F.3d at 1022.

As for superiority, courts consider several factors to determine whether a class action is superior to other methods of adjudication. These factors include: (1) the interest of each member in "individually controlling the prosecution or defense of separate actions"; (2) the "extent and nature of any litigation concerning the controversy already begun"; (3) the "desirability or undesirability of concentrating the litigation of the claims"; and (4) the "likely difficulties in managing a class action." Fed. R. Civ. P. 23(b)(3). "This list is not exhaustive and other factors may be considered." *Wolin v. Jaguar Land Rover N. Am., LLC*, 617 F.3d 1168, 1175 (9th Cir. 2010). "[T]he purpose of the superiority requirement is to assure that the class action is the most efficient and effective means of resolving the controversy. Where recovery on an individual basis would be dwarfed by the cost of litigating on an individual basis, this factor weighs in favor of class certification." *Id.* (internal citations and quotation marks omitted).

Plaintiff seeks to certify a damages subclass, seeking, among other things, damages and restitution. The Court addresses each predominance and superiority in turn.

    1.    <u>Predominance</u>

"In many consumer fraud cases, the crux of each consumer's claim is that a company's mass marketing efforts, common to all consumers, misrepresented the company's product." *DZ Reserve v. Meta Platforms, Inc.*, 96 F.4th 1223, 1234 (9th Cir. 2024). These cases are "well suited to class treatment under Rule 23(b)(3)," and "predominance is . . . readily met." *Id.*

As noted above, Defendant's liability to each subclass member turns on the same contention: whether the Product's labeling is likely to mislead a reasonable consumer into believing that avocado oil is the only cooking oil in the Product. The crux of each proposed subclass member's claim is that the Product labeling, common to all consumers, misrepresented the Product. In this manner, Plaintiff appears to bring a prototypical consumer fraud case that would easily meet the predominance requirement.

However, it is not enough that a plaintiff demonstrates that liability turns on common questions of law or fact. A plaintiff must also demonstrate that those common questions are not overshadowed by "individualized calculations" of damages. *See Just Film, Inc. v. Buono*, 847 F.3d 1108, 1121 (9th Cir. 2017). To do so, a plaintiff must propose a model that identifies the damages stemming from the defendant's alleged wrongdoing that is "susceptible of measurement across the entire class." *Id.* (quoting *Comcast Corp. v. Behrend*, 569 U.S. 27, 35 (2013)). "That some individualized calculations may be

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:24-cv-08211-RGK-MAR | Date | February 27, 2025 |
|---|---|---|---|
| Title | *Eddie Golikov v. Walmart Inc.* | | |

necessary does not defeat finding predominance." *Id.* And the "[c]alculations need not be exact." *Comcast*, 569 U.S. at 35.

Plaintiff proposes two damages models: a full refund model and a price-premium model. Defendant argues that neither model meets the predominance standard. The Court addresses each model in turn.

### a.  *Full Refund Model*

Plaintiff proposes damages or restitution equal to the full purchase price of the Product, or in other words, the full refund value. Defendant argues that this model is inappropriate because it fails to account for the value of the Product received. Plaintiff disagrees, arguing that while a refund may not be appropriate for restitution, *see, e.g.*, *In re POM Wonderful LLC*, 2014 WL 1225184, at *3 (C.D. Cal. Mar. 25, 2014), it may be appropriate for damages. However, Plaintiff does not cite any authority on this point.[2] Thus, this model does not meet the predominance requirement.

### b.  *Price-Premium Model*

Plaintiff alternatively proposes damages or restitution based on a price-premium model measured by calculating the price premium that Defendant charged consumers based on the Product's misrepresented label. Plaintiff suggests that this premium may be calculated by comparing the Product price to the price of Defendant's cheaper oils and submits expert testimony setting forth a proposed methodology for calculating that premium. Defendant argues that the expert's methodology is flawed and does not account for factors apart from the alleged mislabeling that may account for the difference in prices. Defendant misses the mark.

At the class certification stage, the plaintiff need not have a precise model; she need only propose one that is "susceptible of measurement across the entire class." *Just Film, Inc. v. Buono*, 847 F.3d at 1121. While Defendant quibbles over some of the finer points of Plaintiff's proposed model, Defendant does not dispute that the model is in fact capable of measuring damages or restitution for the entire subclass. Thus, this model meets the predominance requirement.

---

[2] To be sure, Plaintiff cites this Court's decision in a similar consumer protection case, *Amavizca v. Nutra Mfg., LLC*, 2021 WL 682113, at *12 (C.D. Cal. Jan. 27, 2021), in which the Court allowed a plaintiff to proceed with a full refund model. However, *Amavizca* is distinguishable. In *Amavizca*, the plaintiff alleged that the defendant had falsely labeled a nutritional supplement as containing one compound, when it actually contained a completely different, non-interchangeable compound with different health properties. *Id.* at *1. The plaintiff thereby argued that the product was "worthless," justifying a full refund. *See Lewert v. Boiron, Inc.*, 2014 WL 12626335, at *7 (C.D. Cal. Nov. 5, 2014) (allowing a full refund based on allegations that the flu-relief product at issue was actually a "worthless" "sugar pill"). Here, Plaintiff does not allege that the Product was mislabeled to the same extent. She alleges that the Product did contain avocado oil, just not as much as was promised. She therefore cannot argue that the product was "worthless" so as to justify a full refund in the same manner.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:24-cv-08211-RGK-MAR | Date | February 27, 2025 |
|---|---|---|---|
| Title | *Eddie Golikov v. Walmart Inc.* | | |

    2.    <u>*Superiority*</u>

    Rule 23(b)(3) also requires the Court to assess whether class action is superior to other methods of adjudication. The requirement involves four subfactors: (1) the interest of each member in "individually controlling the prosecution or defense of separate actions"; (2) the "extent and nature of any litigation concerning the controversy already begun"; (3) the "desirability or undesirability of concentrating the litigation of the claims" here; and (4) the "likely difficulties in managing a class action." Fed. R. Civ. P. 23(b)(3).

    Plaintiff argues that each of the four subfactors are met. Defendant disagrees, appearing to argue that only the third subfactor—the desirability of concentrating the litigation—is not met because the claims would require bottle-by-bottle testing, and the proposed subclass members would stand to recover less from a class action than if they pursued full refunds via Defendant's full "money-back guarantee." (Opp'n at 16 n.4.) Neither of Defendant's arguments are convincing.

    First, there is no indication that bottle-by-bottle testing would be necessary in this case, because as noted above, Plaintiff's claims turn on allegations of common adulteration through a common process. Proving or disproving Plaintiff's claims would not require testing every single proposed subclass member's bottle as Defendant suggests. Second, there is no indication that the proposed subclass members would be able to get a full refund outside of the litigation. For starters, without the litigation, the vast majority of proposed subclass members presumably might never learn that the Product was potentially adulterated and would never seek a refund. And even if they did seek a refund, there is no indication that they would actually receive one. Defendant does not explain how its return policy would apply to the Product, particularly to proposed subclass members who may have purchased the Product years ago. Thus, Plaintiff meets the superiority requirement.

    Having found the Rule 23(a) and Rule 23(b)(3) requirements satisfied, the Court **GRANTS** Plaintiff's Motion as to Rule 23(b)(3) certification and certifies the proposed damages subclass.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:24-cv-08211-RGK-MAR | Date | February 27, 2025 |
|---|---|---|---|
| Title | *Eddie Golikov v. Walmart Inc.* | | |

**V.  CONCLUSION**

For the foregoing reasons, the Court **GRANTS** Plaintiff's Motion. The Court certifies a Rule 23(b)(2) injunction subclass and a Rule 23(b)(3) damages subclass comprising "all persons who, while in the state of California and within the applicable statute of limitations period, purchased [the Product]."

**IT IS SO ORDERED.**

|  | : |  |
|---|---|---|
| Initials of Preparer | | JRE/sf |