Richard Lyon (Cal. Bar No. 229288)
rick@dovel.com
Christin Cho (Cal. Bar No. 238173)
christin@dovel.com
DOVEL & LUNER, LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, California 90401
Telephone: (310) 656-7066
Facsimile: (310) 656-7069

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDIE GOLIKOV, individually and on behalf of all others similarly situated,<br><br>*Plaintiff*,<br><br>v.<br><br>WALMART INC.,<br><br>*Defendant*. | Case No. 2:24-cv-08211-SSS-MAR<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANT WALMART'S MOTION TO COMPEL ARBITRATION**<br><br>Date: June 9, 2025<br>Time: 9:00 a.m.<br>Dept.: Courtroom 850<br><br>Assigned to the Hon. R. Gary Klausner<br>Complaint filed: September 24, 2024 |

**Table of Contents**

I.  Introduction. ...........................................................................................................1

II. Argument. ...............................................................................................................1

    A.  Plaintiff purchased Walmart avocado oil in person at physical Walmart stores, and did not assent to arbitrate claims relating to in-store purchases. ...........................................................................................1

    B.  Walmart waived its alleged right to compel arbitration. ...........................4

        1.  Walmart had knowledge of its alleged right to compel arbitration. ......................................................................................5

        2.  Walmart acted inconsistently with its alleged right to compel arbitration. ......................................................................................6

III. Conclusion. .............................................................................................................8

# Table of Authorities

**Cases**

*Hill v. Xerox Bus. Servs., Ltd. Liab. Co.*,
　59 F.4th 457 (9th Cir. 2023)..............................................................................4, 5, 6, 7

*Hoffman Constr. Co. v. Active Erectors & Installers, Inc.*,
　969 F.2d 796 (9th Cir. 1992).........................................................................................5

*Johnson v. Walmart Inc.*,
　57 F.4th 677 (9th Cir. 2023)..................................................................................1, 2, 3

*Kelly v. Pub. Util. Dist. No. 2*,
　552 Fed. App'x 663 (9th Cir. 2014) ..............................................................................7

*Martin v. Yasuda*,
　829 F.3d 1118 (9th Cir. 2016).........................................................................1, 4, 6, 7

*Plows v. Rockwell Collins, Inc.*,
　812 F. Supp. 2d 1063 (C.D. Cal. 2011)........................................................................7

## I.     Introduction.

Walmart's motion to compel arbitration fails for two reasons: (1) it fails to establish assent for Plaintiff's in-store purchases, and (2) it is waived.

First, controlling Ninth Circuit law (omitted from Walmart's motion) holds that there is no assent here: Walmart's arbitration agreement is "clear" that "by agreeing to the Terms of Use" in the online purchasing process, a Plaintiff does "not assent to arbitrate claims that might arise out of a separate, in-store purchase." *Johnson v. Walmart Inc.*, 57 F.4th 677, 682 (9th Cir. 2023). Plaintiff Golikov made purchases online, but she also routinely made separate, in-store purchases of Walmart avocado oil during the statutory period. There is no assent for her claims arising out of these purchases.

Second, Walmart waived any ability to arbitrate. When this lawsuit was filed, Walmart had a choice. It could move to compel arbitration, or it could take advantage of being in federal court. It chose the latter. It litigated its motion to dismiss (and lost) and litigated class certification (and lost). And when, like here, a defendant "delay[s] seeking arbitration until after the district court rules against it in whole or in part," it "waive[s] [its] right to compel arbitration." *Martin v. Yasuda*, 829 F.3d 1118, 1128 (9th Cir. 2016).

## II.    Argument.

### A.    Plaintiff purchased Walmart avocado oil in person at physical Walmart stores, and did not assent to arbitrate claims relating to in-store purchases.

"As the party seeking to compel arbitration, Walmart bears the burden of proving the existence of an agreement to arbitrate by a preponderance of the evidence." *Johnson v. Walmart Inc.*, 57 F.4th 677, 681 (9th Cir. 2023) (citation omitted). Walmart cannot meet its burden. Controlling Ninth Circuit law precludes it.

Plaintiff Golikov routinely purchased Walmart avocado oil during the statutory period in person at physical Walmart stores. Dkt. 66-4 (Plaintiff's Responses to

Second Set of Interrogatories) at 3 ("Plaintiff purchased Walmart Great Value Avocado Oil multiple times a year for years (including between 2021 and 2024) primarily in person at Walmart stores, including the Walmart store in West Hills, California (near her Tarzana home)"); Declaration of Edie Golikov, ¶ 2 (same).

So the relevant question for this motion is: Does the online arbitration agreement (entered as part of the click-through process for Walmart.com purchases) also apply to separate in-store purchases made at Walmart? The Ninth Circuit addressed this exact issue, and held that the answer is No. Walmart.com's online arbitration agreement does not apply to "claims that might arise out of a separate, in-store purchase." *Johnson*, 57 F.4th at 681-83. Remarkably, although this case is directly on point, Walmart's motion makes no mention of it.

In *Johnson*, "Walmart maintains that because [plaintiff] agreed to the arbitration provision of the Terms of Use when he purchased [products] from Walmart.com, those Terms encompass this lawsuit, which concerns his in-store purchase." *Id. at* 680. "By Walmart's logic, the Terms of Use trigger the existence of an independent, broad arbitration agreement between Walmart and users of Walmart Sites that applies to any interaction between Walmart and the customer, regardless of whether the dispute arises out of an online purchase or any provision of the Terms of Use." *Id*.

The Ninth Circuit rejected Walmart's argument because the "language and subject matter of the [online] contract make clear that by agreeing to the Terms of Use, [the plaintiff] did not assent to arbitrate claims that might arise out of a separate, in-store purchase." *Id.* at 682. This case concerns the same online Terms of Use, and the same language and subject matter considered by the *Johnson* court are present here. *See* Lyon Decl., Ex. A (Walmart.com's 2017 Terms of Use at issue in *Johnson* case); Ex. B (Walmart.com's 2021 Terms of Use at issue here); Ex. C (comparison showing changes between the two).

*Johnson* explained: "The Terms of Use have a clear, delineated purpose—to regulate use of Walmart's online resources and content. The introductory text of the

1 Terms of Use provides: "'These Terms of Use govern your access to and use of all
2 Walmart Sites.' Section 20 of the Terms of Use contains a mandatory arbitration
3 provision requiring that '. . . all disputes arising out of or related to these Terms of Use
4 or any aspect of the relationship between you and Walmart . . . will be resolved
5 through final and binding arbitration.'" *Johnson*, 57 F.4th at 679. This is the same
6 language reproduced, and relied upon, by Walmart in its motion. Mot. 6-7; Lyon
7 Decl., Ex. B, ¶¶ 1, 20 (highlighting language).

8       Analyzing this language, *Johnson* held: "The agreement's provisions, therefore,
9 apply only to a consumer's use of and access to Walmart Sites." *Johnson*, 57 F.4th at
10 682. And a physical Walmart store "is not a 'Walmart Site' under th[e] definition" of
11 "Walmart Sites" in the Terms of Use. *Id.*; Lyon Decl., Ex. B, ¶ 1 (showing same
12 definition for Walmart sites in 2021 Terms of Use). So, the physical Walmart stores
13 where Plaintiff Golikov purchased Walmart avocado oil in this case are likewise not
14 Walmart Sites.

15       Also, Walmart cannot assert that the language "among other things" in the
16 statement, "These Terms of Use govern your access to and use of all Walmart Sites
17 among other things" (Dkt. 66-9), encompasses in-store purchases because the Terms
18 never mention in-store purchases as an "other thing." As *Johnson* explains, "the
19 Terms of Use cover subject matter such as online user accounts, the content of
20 Walmart Sites and their use, monitoring of user activity on Walmart Sites, the placing
21 of online transactions, and the shipping and delivery of online orders. No provision of
22 the Terms of Use addresses any form of in-store engagement with Walmart." *Johnson*,
23 57 F.4th at 682; Lyon Decl., Ex. C (redline of changes made to 2021 Terms of Use,
24 showing no additions relating to in-store engagement).

25       *Johnson* therefore concluded—in a holding that controls here—the "language
26 and subject matter of the contract make clear that by agreeing to the Terms of Use,
27 [plaintiff] did not assent to arbitrate claims that might arise out of a separate, in-store
28 purchase." *Johnson*, 57 F.4th at 681-83.

Opposition to Motion to Arbitrate       3      Case No. 2:24-cv-08211-RGK-MAR

1  Walmart argues that "Courts across the country have compelled arbitration
2  based on these same Terms of Use." Mot. 1; *id*. at 12. But none compelled arbitration
3  when, like here, the Plaintiff separately made in-store purchases that give rise to the
4  asserted claims. And, in this District, it would be error to do so because controlling
5  law precludes it. Walmart's motion to compel arbitration should be denied.

**B.   Walmart waived its alleged right to compel arbitration.**

Walmart's motion should be denied for a second, independent reason: waiver.

"A party may not delay seeking arbitration until after the district court rules against it in whole or in part; nor may it belatedly change its mind after first electing to proceed in what it believed to be a more favorable forum. Allowing it to do so would result in a waste of resources for the parties and the courts and would be manifestly unfair to the opposing party." *Martin v. Yasuda*, 829 F.3d 1118, 1128 (9th Cir. 2016). Walmart delayed seeking arbitration until after the Court ruled against it on its motion to dismiss and on class certification, and then changed its mind into seeking a new forum. Allowing arbitration after this delay would be a waste of the parties' and court's resources, and prejudicial to Plaintiff.

Ninth Circuit law holds that a "party waives its right to compel arbitration when (1) it has knowledge of the right, and (2) it acts inconsistently with that right." *Hill v. Xerox Bus. Servs., Ltd. Liab. Co.*, 59 F.4th 457, 460 (9th Cir. 2023).[1] As shown below, Walmart knew about the arbitration provision and acted inconsistently with its alleged right to compel arbitration.

---

[1] The Ninth Circuit used to impose a third requirement of prejudice to the nonmoving party, but removed that element after the Supreme Court rejected it in *Morgan v. Sundance, Inc*., 596 U.S. 411 (2022). *See Hill*, 59 F.4th at 460.

Opposition to Motion to Arbitrate   4   Case No. 2:24-cv-08211-RGK-MAR

### 1. Walmart had knowledge of its alleged right to compel arbitration.

Walmart bases its motion to compel arbitration on an arbitration provision in the Terms of Use on its website. Mot. 1. Walmart had knowledge of that arbitration provision, because the provision was in Walmart's own Terms of Use on Walmart's own website. *See, e.g., Hoffman Constr. Co. v. Active Erectors & Installers, Inc.*, 969 F.2d 796, 798 (9th Cir. 1992) (knowledge requirement satisfied where the "contract itself called for arbitration"). Moreover, although not necessary to satisfy this requirement, Walmart had the ability to move to enforce its arbitration provision from the outset of this case. *See Hill*, 59 F.4th at 469 (knowledge requirement satisfied even where there was no "present ability to move to enforce an arbitration agreement"). Instead, Walmart chose to wait until the parties had already spent significant resources litigating this case in federal court.

In a failed attempt to explain its delay in seeking arbitration, Walmart argues that it was unaware that Ms. Golikov purchased Walmart products online until she "contradicted" the allegation that she purchased "from a Walmart store" by providing further details of her purchases (both online and in person) in her interrogatory response. Mot. 3. Every part of this argument is wrong.

To begin, there is no contradiction here. The Complaint did not say Ms. Golikov purchased avocado oil in person at a physical Walmart store. Instead, it referred generally to a "Walmart store," which encompasses both physical in-person Walmart stores and the online Walmart store.[2] Dkt. 1 (Complaint) ¶ 6. And Walmart was well aware that Ms. Golikov may have purchased from the Walmart online store. *See* Dkt. 44 at 14 (stating in its class certification opposition brief, filed months before

---

[2] Consumers, media, and Walmart itself regularly refer to Walmart.com as a Walmart store. https://www.cnn.com/2021/05/04/business/walmart-marketplace-amazon (referring to "Walmart's online store"); https://www.walmart.com/global/seller/101016462 ("Welcome to our Online Walmart Store").

Opposition to Motion to Arbitrate            5            Case No. 2:24-cv-08211-RGK-MAR

1  receiving Plaintiff's interrogatory response, that "Golikov herself may be subject to the
2  arbitration agreement" due to online purchases). Walmart's suggestion that it could
3  not know this until she provided her "email address and phone number" (Mot. 3) is
4  absurd. Although "email address and phone number" are identifying information for
5  Walmart.com accounts, so too are "name" and "address." Golikov Decl., ¶ 3 (showing
6  images illustrating information required to set up Ms. Golikov's online account). Ms.
7  Golikov set up her Walmart.com account under her name "Edie Golikov" and her
8  home address in "Tarzana." *Id*. This is uniquely identifying information Walmart has
9  possessed since this lawsuit was filed. See Dkt. 1 (Complaint), ¶ 6 ("Plaintiff Edie
10 Golikov … liv[es] in Tarzana, California.")  Walmart's suggestion that it could not run
11 a simple Google search (which reveals the existence of one "Edie Golikov" living in
12 "Tarzana") is not credible. The truth is Walmart preferred litigating this case in
13 district court until adverse rulings caused it to change its mind. This is not allowed.

### 2. Walmart acted inconsistently with its alleged right to compel arbitration.

Inconsistent acts resulting in waiver are not limited to "express denials of the right to arbitrate." *Hill*, 59 F.4th at 471. Rather, courts consider "the totality" of the party's actions. *Id*. (quotation omitted). And when those actions show a choice to "take advantage of being in federal court" and "delay [the] right to compel arbitration," a party cannot later seek to compel arbitration. *Id*. (quotation omitted). Actions that are "implicitly inconsistent" with arbitration rights, and therefore waive them, include "filing a motion to dismiss, engaging in discovery, and drafting a joint stipulation to structure the litigation." *Id*. at 471 n.17 (citing *Martin v. Yasuda*, 829 F.3d 1118, 1126 (9th Cir. 2016)). *Walmart* did all of these things, and more, without ever moving to compel arbitration.

Start with its motion to dismiss. With no mention of an intent to arbitrate, Walmart filed its motion to dismiss (Dkt. 37), the parties fully briefed it (Dkt. 41, 53) and the Court ruled on it (Dkt. 63). None of this is consistent with a party intending to

Opposition to Motion to Arbitrate            6            Case No. 2:24-cv-08211-RGK-MAR

arbitrate rather than litigate in federal court.

Walmart's other actions reaffirmed its intent that this case would remain in this Court. In a Joint Status Report, Walmart proposed a case schedule for litigating this case in this Court. Dkt. 40-1; *see Hill*, 59 F.4th at 471 n.17 (proposing to "structure the litigation" in federal court is "implicitly inconsistent with … arbitration right[s]"). It did not "seek relief from case management and discovery obligations" based on its alleged right to arbitration. *Newirth v. Aegis Senior Cmtys., LLC*, 931 F.3d 935, 943 (9th Cir. 2019). And it litigated class certification in this Court, without seeking such relief. *See Hill v. Xerox Bus. Servs., Ltd. Liab. Co.*, 59 F.4th 457, 469-470 (9th Cir. 2023) (defendant waived ability to compel arbitration after opposing class certification). Throughout this case, Walmart has acted exactly as it would if this case were going to proceed in this Court.

In short, the totality of Walmart's actions up until a few weeks ago demonstrated a lack of intent to invoke its arbitration provision. Walmart took advantage of being in federal court by proceeding to litigate this case as any litigant in federal court would, with no indication that the Court or the parties should avoid expending resources because Walmart planned to move to compel arbitration. These actions show that Walmart's intent to compel arbitration was—at most—a "backup" plan. *Hill*, 59 F.4th at 465 n.11. The Court should "not reward [Walmart's] attempt to take a second bite from the apple in this manner." *Id.*; *Martin v. Yasuda*, 829 F.3d 1118, 1128 (9th Cir. 2016) (defendant "waived their right to compel arbitration" by waiting to move until after engaging in discovery and filing a motion to dismiss); *Kelly v. Pub. Util. Dist. No. 2*, 552 Fed. App'x 663, 663-664 (9th Cir. 2014) (the "district court properly determined that [defendants] waived their right to compel arbitration" when the parties "conducted discovery and litigated motions, including … a motion to dismiss"); *Plows v. Rockwell Collins, Inc.*, 812 F. Supp. 2d 1063, 1067-68 (C.D. Cal. 2011) (denying motion to compel arbitration where parties actively litigated in federal court).

Opposition to Motion to Arbitrate         7         Case No. 2:24-cv-08211-RGK-MAR

**III.     Conclusion.**

For the foregoing reasons, this Court should deny Walmart's Motion to Compel Arbitration.

| | |
|---|---|
| Dated: May 19, 2025 | Respectfully submitted, |
| | By: */s/ Richard Lyon* |
| | Richard Lyon (Cal. Bar No. 229288) |
| | rick@dovel.com |
| | Christin Cho (Cal. Bar No. 238173) |
| | christin@dovel.com |
| | DOVEL & LUNER, LLP |
| | 201 Santa Monica Blvd., Suite 600 |
| | Santa Monica, California 90401 |
| | Telephone: (310) 656-7066 |
| | Facsimile: (310) 656-7069 |
| | |
| | *Attorneys for Plaintiff* |

## Certificate of Compliance with Word Limitation

The undersigned, counsel of record for Plaintiffs, certifies that this brief contains 2,373 words, which complies with the word limit of L.R. 11-6.1.

Dated: May 19, 2025                             By: */s/ Richard Lyon*
                                                                    Richard Lyon