1  JACOB M. HARPER (State Bar No. 259463)
      jacobharper@dwt.com
2  JAMES H. MOON (State Bar No. 268215)
      jamesmoon@dwt.com
3  HEATHER F. CANNER (State Bar No. 292837)
      heathercanner@dwt.com
4  JOSEPH ELIE-MEYERS (State Bar No. 325183)
      josepheliemeyers@dwt.com
5  DAVIS WRIGHT TREMAINE LLP
   350 South Grand Avenue, 27th Floor
6  Los Angeles, California 90071
   Telephone: (213) 633-6800
7  Fax: (213) 633-6899

8  Attorneys for Defendant
   WALMART INC.

9

10

11                  **UNITED STATES DISTRICT COURT**

12                 **CENTRAL DISTRICT OF CALIFORNIA**

13                      **WESTERN DIVISION**

14

| | |
|---|---|
| 15  EDIE GOLIKOV, individually and on behalf of all others similarly situated, | Case No. 2:24-CV-08211-RGK-MAR |
| 16 | |
| 17         Plaintiff, | Assigned to Honorable R. Gary Klausner |
| 18      v. | **DEFENDANT WALMART INC.'S NOTICE OF MOTION AND MOTION TO CLARIFY, OR TO DECERTIFY CLASSES; MEMORANDUM OF POINTS AND AUTHORITIES** |
| 19  WALMART INC., | |
| 20         Defendant. | |
| 21 | |
| 22 | Date:   July 28, 2025 |
| 23 | Time:   9:00 a.m. |
|    | Ctrm.:   850 |
| 24 | |
| 25 | [*Declaration Jacob Harper and Proposed Order filed concurrently*] |
| 26 | |
|    | Action Filed: September 24, 2024 |
| 27 | |

28

WALMART'S MOTION TO CLARIFY,
OR TO DECERTIFY CLASSES

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FL
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

**TO THE COURT, PLAINTIFF, AND HER ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on July 28, 2025, at 9:00 a.m., or as soon thereafter as the matter may be heard before the Honorable R. Gary Klausner of the above-titled Court, located at 255 East Temple Street, Los Angeles, CA 90012, Courtroom 850, 8th Floor, defendant Walmart Inc. (Walmart) will and hereby does move this Court for an order (1) clarifying its June 10, 2025 Order Re: Motion to Compel Arbitration and Stay Proceedings (Dkt. 81) (Order), pursuant to Federal Rule of Civil Procedure (Rule) 60(a); or (2) decertifying the previously certified classes, pursuant to Rule 23(c).

Walmart requests clarification to confirm that the previously certified classes were decertified pursuant to the Order given that the Court ordered the only named plaintiff and class representative in this action to individually arbitrate her claims based on the parties' arbitration clause and class action waiver. The Order also denied the parties' joint stipulation to stay class notice as moot and removed all pending dates and hearings from the calendar.

In the alternative, if the Court did not intend for the Order to decide the status of the classes, Walmart hereby moves to decertify the classes based on the new Order, which negates the various requirements of Federal Rule of Civil Procedure 23 that Ms. Golikov has a continuing burden to show remain satisfied even after an initial certification order.

Absent dismissal, clarification, or decertification, the headless classes will remain in limbo. An order now will also moot Walmart's pending Rule 23(f) petition to the Ninth Circuit regarding its substantive challenges to class certification.

WALMART'S MOTION TO CLARIFY,
OR TO DECERTIFY CLASSES

**DAVIS WRIGHT TREMAINE** LLP
350 SOUTH GRAND AVENUE, 27TH FL
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

This Motion is based upon this Notice of Motion, the attached Memorandum of Points and Authorities, the concurrently-filed Declaration of Jacob Harper and exhibits thereto, and any other evidence or argument which the Court may consider.

This Motion is made following the conference of counsel pursuant to L.R. 7-3 which took place on June 17 and 20, 2025.  Harper Decl. ¶ 6.

DATED:  June 30, 2025                    DAVIS WRIGHT TREMAINE LLP

                                          By: /s/ Jacob M. Harper
                                               Jacob M. Harper

                                          *Attorneys for Defendant*
                                          *Walmart Inc.*

WALMART'S MOTION TO CLARIFY,
OR TO DECERTIFY CLASSES

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FL
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

# TABLE OF CONTENTS

**Page**

I.     INTRODUCTION ...........................................................................9

II.    SUMMARY OF RELIEF REQUESTED ....................................10

III.   FACTUAL BACKGROUND .........................................................12

    A.     Ms. Golikov Sues Walmart Based on an In-Store Purchase. .............12

    B.     The Court Certifies Two Related Classes. ...........................................12

    C.     Walmart Learns Ms. Golikov Purchased the Product Online.............12

    D.     Ms. Golikov and Others May Be Bound by Walmart's Terms. .........13

    E.     Walmart Moves to Enforce the Terms of Use. ...................................14

IV.    ARGUMENT ...........................................................................14

    A.     The Court Should Clarify its Order (Rule 60). ...................................14

    B.     The Classes Should Be Decertified (Rule 23). ...................................16

        1.     Ms. Golikov Is Atypical and Inadequate. .................................17

        2.     Class Counsel Is Inadequate to Represent the Class. ...............18

        3.     Numerosity Is Not Satisfied. ....................................................21

        4.     Commonality and Predominance Are Not Satisfied. ...............21

        5.     Superiority Is Not Satisfied. ....................................................24

V.     CONCLUSION ...........................................................................25

**DAVIS WRIGHT TREMAINE** LLP
350 SOUTH GRAND AVENUE, 27TH FL
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

WALMART'S MOTION TO CLARIFY,
OR TO DECERTIFY CLASSES

1

## <u>TABLE OF AUTHORITIES</u>

2

**Page(s)**

3

**Cases**

4

*Andrews v. Ring LLC*,
5
    2020 WL 6253319 (C.D. Cal. Sept. 17, 2020) (Klausner, J.) ........................... 16

6

*Archer v. Carnival Corp.*,
7
    2021 WL 4798695 (C.D. Cal. May 14, 2021) (Klausner, J.) ........................ 9, 22

8

*Avilez v. Pinkerton Gov't Servs., Inc.*,
    596 F. App'x 579 (9th Cir. 2015) ................................................................... 8, 16
9

*Brennan v. Opus Bank*,
10
    796 F.3d 1125 (9th Cir. 2015) ............................................................................. 22

11

*Castro Valley Union 76, Inc. v. Vapor Sys. Techs., Inc.*,
12
    2012 WL 5199458 (N.D. Cal. Oct. 22, 2012) ..................................................... 23

13

*Conde v. Open Door Mktg., LLC*,
14
    223 F. Supp. 3d 949 (N.D. Cal. 2017) ............................................................... 16

15

*Conde v. Sensa*,
16
    2018 WL 4297056 (S.D. Cal. Sept. 10, 2018) ....................................... 21, 22, 23

17

*Coneff v. AT&T Corp.*,
18
    673 F.3d 1155 (9th Cir. 2012) ............................................................................. 19

19

*Del Campo v. Mealing*,
20
    2011 U.S. Dist. LEXIS 158019 (N.D. Cal. Sept. 29, 2011) ............................... 19

21

*ESC-Toy Ltd. v. Sony Interactive Ent. LLC*,
22
    2024 WL 1335079 (N.D. Cal. Mar. 27, 2024) .................................................... 19

23

*Estrella v. Freedom Fin. Network, LLC*,
    2012 WL 214856 (N.D. Cal. Jan. 24, 2012) .................................................. 8, 17
24

*Franco v. City of W. Covina*,
25
    2019 WL 8161159 (C.D. Cal. Nov. 14, 2019) .................................................... 13

26

*Gen. Tel. Co. of the Sw. v. Falcon*,
27
    457 U.S. 147 (1982) ............................................................................................ 15

28

5

WALMART'S MOTION TO CLARIFY,
OR TO DECERTIFY CLASSES

*Kihn v. Bill Graham Archives LLC*,
  2022 WL 18935 (9th Cir. Jan. 3, 2022)............................................................21

*Kingsepp v. Wesleyan Univ.*,
  142 F.R.D. 597 (S.D.N.Y. 1992) ......................................................................19

*Lambert v. Nutraceutical Corp.*,
  870 F.3d 1170 (9th Cir. 2017) ..........................................................................15

*Leuenhagen v. Carnival Corp.*,
  2021 WL 12311039 (C.D. Cal. Oct. 27, 2021) (Klausner, J.) .....................9, 22

*Lim v. Helio, LLC*,
  2012 WL 12884439 (C.D. Cal. Apr. 18, 2012).............................................20, 24

*Macedonia Distrib., Inc. v. S-L Distrib. Co., LLC*,
  2020 WL 610702 (C.D. Cal. Feb. 7, 2020) .......................................................16

*Marlo v. United Postal Serv., Inc.*,
  639 F.3d 942 (9th Cir. 2011) ............................................................................15

*Nutraceutical Corp. v. Lambert*,
  586 U.S. 188 (2019) ..........................................................................................15

*Pablo v. ServiceMaster Glob. Holdings, Inc.*,
  2011 WL 3476473 (N.D. Cal. Aug. 9, 2011)...............................................23, 24

*Parrish v. Gordon Lane Healthcare, LLC*,
  2023 WL 7107267 (C.D. Cal. Sept. 26, 2023)...................................................20

*Parrish v. Gordon Lane Healthcare, LLC*,
  2024 WL 4875326 (C.D. Cal. Sept. 9, 2024)..................................................8, 23

*Patrick v. Running Warehouse, LLC*,
  93 F.4th 468 (9th Cir. 2024).............................................................................23

*Quinlan v. Macy's Corp. Servs., Inc.*,
  2013 WL 11091572 (C.D. Cal. Aug. 22, 2013) .................................................16

*Revolution Eyewear, Inc. v. Aspex Eyewear, Inc.*,
  2007 WL 9706548 (C.D. Cal. Nov. 14, 2007)...................................................14

*Rodriguez v. Disner*,
  688 F.3d 645 (9th Cir. 2012) ............................................................................19

6

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FL
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

*Rodriguez v. W. Publ'g Corp.*,
    563 F.3d 948 (9th Cir. 2009) ........................................................................ 15

*Sanchez v. Valencia Holding Co., LLC*,
    61 Cal. 4th 899 (2015) ................................................................................. 22

*Staton v. Boeing Co.*,
    327 F.3d 938 (9th Cir. 2003) ....................................................................... 19

*Sweet v. Pfizer*,
    232 F.R.D. 360 (C.D. Cal. 2005) ................................................................. 19

*Tan v. Grubhub, Inc.*,
    2016 WL 4721439 (N.D. Cal. July 19, 2016) ............................... 16, 17, 23, 24

*Tattersalls, Ltd. v. DeHaven*,
    745 F.3d 1294 (9th Cir. 2014) ..................................................................... 14

*UnifySCC v. Cody*,
    2025 WL 1474757 (N.D. Cal. May 21, 2025) ............................................. 15

*Van v. LLR, Inc.*,
    61 F.4th 1053 (9th Cir. 2023) ...................................................................... 22

*Wal-Mart Stores, Inc. v. Dukes*,
    564 U.S. 338 (2011) ......................................................................... 20, 21, 23

*White v. Experian Info. Sols.*,
    993 F. Supp. 2d 1154 (C.D. Cal. 2014) ................................................. 17, 18

*Yellow Rose Prods., Inc. v. Pandora Media, LLC*,
    2023 WL 6932560 (C.D. Cal. Sept. 29, 2023) ........................................... 14

*Zinser v. Accufix Rsch. Inst., Inc.*,
    253 F.3d 1180 (9th Cir. 2001) ..................................................................... 23

**DAVIS WRIGHT TREMAINE** LLP
350 SOUTH GRAND AVENUE, 27TH FL
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

WALMART'S MOTION TO CLARIFY,
OR TO DECERTIFY CLASSES

**Rules**

Federal Rule of Civil Procedure

23 ...................................................................................................9, 11, 15, 17
23(a) ...............................................................................................................15, 20
23(a)(1) ...............................................................................................................10
23(a)(2) ...............................................................................................................20
23(a)(4) ...........................................................................................................10, 16
23(b) ...............................................................................................................10, 15
23(b)(2) ....................................................................................................14, 20, 21
23(b)(3) ........................................................................................................*passim*
23(f) ..............................................................................................................*passim*
60 ...................................................................................................................13, 14
60(a) ..........................................................................................................9, 13, 14

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FL
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

1                **MEMORANDUM OF POINTS AND AUTHORITIES**

2 **I.    INTRODUCTION**

3        On June 10, 2025, the Court granted defendant Walmart Inc. (Walmart)'s

4 Motion to Compel Arbitration because plaintiff Edie Golikov purchased the avocado

5 oil product at issue from Walmart.com, not in a brick-and-mortar "store" as she and

6 her attorneys previously misrepresented. As the Court ruled, this means

7 Walmart.com's Terms of Use, including both an individual arbitration agreement

8 and a class action waiver, bind Ms. Golikov. *See* Dkt. 81 (Order) at 1–2.

9        Ms. Golikov's days as a class representative are over.

10        Those of the classes are numbered.

11        With the sole named plaintiff and class representative required to arbitrate her

12 claims individually and subject to a class action waiver, the certified classes as a

13 whole lack any viable class representative. The class action aspect of this litigation

14 has effectively disintegrated, an outcome recognized by numerous other courts in

15 similar situations. *E.g.*, *Avilez v. Pinkerton Gov't Servs., Inc.*, 596 F. App'x 579,

16 579 (9th Cir. 2015) (vacating class certification that included class members subject

17 to class action waiver and finding class representative inadequate and atypical);

18 *Parrish v. Gordon Lane Healthcare, LLC*, 2024 WL 4875326, at *1 (C.D. Cal. Sept.

19 9, 2024) (court "could not certify a class that included members who both had and

20 had not waived their class action rights by signing an arbitration agreement");

21 *Estrella v. Freedom Fin. Network, LLC*, 2012 WL 214856, at *5 (N.D. Cal. Jan. 24,

22 2012) (decertification required when all class representatives agreed to arbitrate).

23 Indeed, the Court's Order implied as much when it held "moot" the then-pending

24 stipulation to delay class notice, and vacated all remaining deadlines in this class

25 action. Order at 5.

26        Had Ms. Golikov's counsel simply disclosed the possible arbitration issue in a

27 complaint with more candor (they knew about the issue before the case was filed),

28 these classes would never have been certified, the Court and parties would not sit in

WALMART'S MOTION TO CLARIFY,
OR TO DECERTIFY CLASSES

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FL
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

1    this unusual position, and this case may never have been filed.  As it stands,

2    however, this action remains in procedural limbo, with a class waiver and arbitration

3    agreement disqualifying the sole class representative and tainting the certified

4    classes.  The Court should take action to remedy the situation.

5        Walmart respectfully moves the Court for one of two orders:  (1) clarification

6    that the Order dissolved the previously certified classes; or (2) formal decertification

7    of the classes in this action.  Any such order now would also moot Walmart's Rule

8    23(f) petition to the Ninth Circuit regarding its substantive challenges to class

9    certification, which still remains pending given the still certified classes.

10   **II.    SUMMARY OF RELIEF REQUESTED**

11       ***Request 1:  Clarification.***  First, Walmart requests that the Court clarify the

12   necessary implication of the Order:  that the previously certified classes are no

13   longer viable based on the new factual revelations, and the Order therefore *sub*

14   *silentio* dissolved the classes.  The Court is empowered to clarify orders to reflect

15   their implications under Federal Rule of Civil Procedure 60(a).[1]

16       ***Request 2:  In the Alternative, Decertification.***  Second, in the alternative, if

17   the Court did not intend implicitly to decide the status of the classes, Walmart

18   hereby moves to decertify the classes based on the new Order, which negates the

19   various Rule 23 requirements Ms. Golikov must prove remain satisfied even after

20   certification:

21       •    *Typicality and Adequacy of Ms. Golikov:*  Ms. Golikov's agreement to

22   arbitrate individually and waive her right to participate in a class action negates the

23   prior finding that her claims are "typical of the claims or defenses of the class," and

24   _____

25       [1] The Order's findings regarding Ms. Golikov's late-disclosed arbitration
     agreement and class waiver also suggest dismissal in whole may be appropriate for
     lack of jurisdiction.  *See, e.g.*, *Archer v. Carnival Corp.*, 2021 WL 4798695 at *4
     (C.D. Cal. May 14, 2021) (Klausner, J.) ("because Plaintiff[] signed valid and
     enforceable class action waivers, CAFA was not and could never be a proper basis
     for jurisdiction"); *accord Leuenhagen v. Carnival Corp.*, 2021 WL 12311039, at *2
     (C.D. Cal. Oct. 27, 2021) (Klausner, J.)).

WALMART'S MOTION TO CLARIFY,
OR TO DECERTIFY CLASSES

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FL
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

precludes typicality and adequacy under Rule 23(a)(3) and 23(a)(4).  This alone warrants decertification.

• *Inadequacy of Class Counsel:*  The Court, the parties, and the classes are in the current position because of class counsel's confusing and misleading pleadings in which they obscured the arbitration issues through their too-cute-by-half definition of "store."  Class counsel knew or should have known about the online purchase issue before this litigation began, but disclosed it only after certification.  The apparent motivation derives from class counsel's desire to litigate (and try to obtain substantial attorneys' fees in a class action context) rather than arbitrate individually.  Class counsel cannot meet their duty of undivided loyalty to Ms. Golikov and any arbitration-bound class members when their financial interests militate in favor of class litigation (and thus favor the interests of class members who did not waive class adjudication).  Class counsel's conduct and potential conflicts mean that they cannot "fairly and adequately protect the interests" of all class members in violation of Rule 23(a)(4).

• *Numerosity:*  Given the existence of an arbitration agreement that applies to an unknown number of absent class members, Ms. Golikov and the class no longer satisfy even the low burden of showing the "class is so numerous that joinder of all members is impracticable," violating Rule 23(a)(1).

• *Commonality/Predominance:*  Neither class can establish the requisite commonality and predominance requirements.  Any purported class proceeding will require individualized analyses of which class members may be subject to the arbitration agreement and class action waiver in Walmart.com's Terms of Use, and this kind of highly individualized analysis will "predominate over any questions affecting only individual members," as required to maintain any Rule 23(b) class.

• *Superiority:*  The class action mechanism is not a superior method of adjudication of a Rule 23(b) classes given the practical difficulties of sorting out every purported class members' ability to litigate.

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FL
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

*Substitution of a new plaintiff will not save the claims.*  Ms. Golikov's Counsel has suggested that a substitute plaintiff may be added to this case.  Walmart disputes she could even do so at this stage.  But even if she could, many of the Rule 23 deficiencies raised by the Order—class counsel conflicts and inadequacy, numerosity, predominance, superiority—are not saved by a new substitute plaintiff.

Walmart respectfully requests the Court (1) clarify that the Order decertified the classes, or (2) decertify them now.

## III.    FACTUAL BACKGROUND

### A.    Ms. Golikov Sues Walmart Based on an In-Store Purchase.

Ms. Golikov filed this lawsuit on September 24, 2024.  Dkt. 1 (Compl.).  In both her Class Action Complaint and First Amended Class Action Complaint (FAC), she alleges she purchased Walmart's Great Value Avocado Oil on November 14, 2021, "from a Walmart store."  Compl. ¶ 26; Dkt. 31 (FAC) at 8 ¶ 26.  Ms. Golikov claims the oil is mislabeled because other oils allegedly adulterate it.

### B.    The Court Certifies Two Related Classes.

On February 27, 2025, the Court granted Ms. Golikov's Motion for Class Certification.  Dkt. 62.  This Court certified:  (a) a Rule 23(b)(2) class seeking potential injunctive relief regarding the product label, and (b) a Rule 23(b)(3) class seeking potential damages.  *Id.*  Walmart filed a Rule 23(f) petition seeking leave to appeal the certification order on March 13, 2025.  No. 25-1685 (9th Cir.).  The petition remains pending.

### C.    Walmart Learns Ms. Golikov Purchased the Product Online.

On March 18, 2025, Walmart served interrogatories inquiring into Ms. Golikov's purchase of the oil.  Harper Decl. ¶ 2 & Ex. A.  In responses served on April 17, 2025, Ms. Golikov revealed for the first time that she made her purchase on Walmart's website.  *See* Harper Decl. ¶ 3 & Ex. B.  Ms. Golikov revealed she used a Walmart.com "online account on November 14, 2021 to purchase [the oil]."  *Id.* Ex. B at 16.  This disclosure contradicted her prior

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FL
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

allegations that she purchased the oil "from a Walmart store" on November 14, 2021.  Compl. ¶ 26; FAC ¶ 26.  Class counsel later produced in discovery an invoice printed on September 19, 2024—days before this action was filed on September 24, 2024—showing the sole pleaded purchase of avocado oil was made online on Walmart.com.  *See* Harper Decl. ¶ 5 & Ex. D.

### D. Ms. Golikov and Others May Be Bound by Walmart's Terms.

Based on the information provided in her interrogatory responses, Walmart confirmed Ms. Golikov repeatedly used the Walmart.com website for the purchase of Great Value Avocado Oil—not from a Walmart store as claimed in her complaints.  *See* Dkt. 66-7 (Sahay Decl.) ¶ 3.  Ms. Golikov made 11 online purchases of Great Value Avocado Oil, among at least 53 online purchases overall since March 27, 2020—for each of which Ms. Golikov separately agreed to Walmart.com's Terms of Use.  *Id.* ¶¶ 4–11; Dkt. 66-8 (Krsulic Decl.) ¶ 3 & Dkt. 66-9 (Ex. A) at 1.

As explained in the declarations submitted in support of Walmart's motion to compel arbitration, Walmart.com's Terms of Use require individual arbitration of all legally cognizable disputes.  *See* Krsulic Decl. ¶ 3 & Ex. A (individual arbitration provision and class action waiver); *see also id.* ¶¶ 4–5, Dkt. 66-10 (Ex. B), Dkt. 66-11 (Ex. C) (versions from 2021 and present).  Walmart.com customers agree to the Terms of Use when they purchase a product on Walmart's website.  For instance, customers may assent by selecting a blue "Place Order" button during the checkout process.  Sahay Decl. ¶¶ 4–11.  Adjacent to the "Place Order" button, the customer is presented with the following notice:  "By placing this order, you agree to our Privacy Policy and Terms of Use," and the underlined terms are hyperlinks to the full agreements.  *Id.* ¶¶ 5–6, 9–10.

Walmart customers may also agree to various other arbitration agreements in connection with other Walmart programs.  Krsulic Decl. ¶¶ 3–5 & Ex A at 13; Ex. B at 13, 39; Ex. C. at 12.  For instance, Walmart offers a Walmart Pay feature within

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FL
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

its mobile app, which allows customers to make purchases at physical Walmart stores, whether after buying them on the app remotely or in-store while shopping in lieu of cash or a credit card. *Id.* Like with Walmart.com purchases, the customer is required to agree to Walmart's Terms of Use when using Walmart Pay. *Id.*

### E. Walmart Moves to Enforce the Terms of Use.

Following the revelation that Ms. Golikov made her pleaded purchase on Walmart.com, Walmart moved to enforce the arbitration agreement and class action waiver. *See* Dkt. 66. The Court granted Walmart's Motion to Compel Arbitration on June 10, 2025. The Court found that Ms. Golikov's online purchase—the only purchase pleaded in the First Amended Complaint—is subject to the arbitration agreement and class action waiver contained in the Terms of Use, that Ms. Golikov's allegations were not reasonably interpretable as alleging an in-store purchase, and Walmart was entitled to rely on Ms. Golikov's Counsel "not misrepresenting the facts." Order at 1–4. The Order further denied the parties' joint stipulation to stay class notice (Dkt. 78) as moot and removed all pending dates and hearings from the calendar. *See id.* at 5.[2]

## IV. ARGUMENT

### A. The Court Should Clarify its Order (Rule 60).

First, Walmart requests clarification of the Order under Rule 60(a) as to whether the order decertified the classes.

Rule 60(a) allows the Court to address an "oversight or omission" in a "judgment, order, or other part of the record." The rule "may be invoked to 'make a[n order] reflect the actual intentions and necessary implications of the court's decision,'" and the rule further "permits 'clarification and explanation . . . even in the absence of ambiguity.'" *Franco v. City of W. Covina*, 2019 WL 8161159, at *1–

---

[2] On June 13, 2025, Walmart notified the Ninth Circuit of the arbitration order in connection with the pending Rule 23(f) petition. Dkt. 12.1 ("If and when the district court confirms that the class cannot remain certified, Walmart intends to voluntarily dismiss its 23(f) petition.").

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FL
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

2 (C.D. Cal. Nov. 14, 2019) (citations omitted).  Rule 60 permits courts to make clarifications and corrections "in prior orders; the Ninth Circuit has construed this rule broadly to allow courts to clarify previous orders 'to reflect the necessary implications of the original order, provided that the clarification adheres to 'the intent behind the original judgment.'" *Yellow Rose Prods., Inc. v. Pandora Media, LLC*, 2023 WL 6932560, at \*2 (C.D. Cal. Sept. 29, 2023) (citation omitted); *see also Tattersalls, Ltd. v. DeHaven*, 745 F.3d 1294, 1297–98 (9th Cir. 2014) (approving district court use of Rule 60(a) to clarify prior orders); *Revolution Eyewear, Inc. v. Aspex Eyewear, Inc.*, 2007 WL 9706548, at \*2 (C.D. Cal. Nov. 14, 2007) (clarification under Rule 60(a) permissible even where notice of appeal filed (citation omitted)).

The Order implies the classes have been decertified by automatic operation of law.  The Order states Ms. Golikov—the sole named plaintiff and class representative—agreed to arbitrate and waive her right to bring a class action, and plainly cannot represent this class (or litigate in court at all).  Indeed, the Order also denied as moot the parties' joint stipulation to stay class notice, vacated all pending dates and hearings and removed them from the calendar, and removed the matter from the Court's active caseload.  *See* Order at 5.  Although the Order implies the class claims have disappeared, it does not explicitly say what is to happen to the certified classes.

The Court should now confirm the prior class are decertified.  Absent further action, it is unclear, for example, what absent class members are meant to do in this litigation, which is stayed without any deadlines or plan for class notice.  It is also unclear whether the pending Rule 23(f) appeal as to the certified classes is necessary at all.  The certified classes will remain in limbo without a class representative unless the Court addresses these issues.

Walmart therefore respectfully requests that the Court clarify that, through its Order, the Rule 23(b)(2) and Rule 23(b)(3) classes have been decertified—as a

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FL
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

necessary implication of Ms. Golikov being required to individually arbitrate her claims against Walmart.  Doing so will also moot the Rule 23(f) petition.

### B.      The Classes Should Be Decertified (Rule 23).

If the Court did not intend to decertify the classes through its Order, Walmart respectfully suggests the Court should do so now.  Decertifying the classes falls well within the Court's authority, and the current posture of the litigation confirms the classes merit decertification.

"A district court may decertify a class at any time," *Rodriguez v. W. Publ'g Corp.*, 563 F.3d 948, 966 (9th Cir. 2009), in the light of subsequent developments in the litigation, *see Gen. Tel. Co. of the Sw. v. Falcon*, 457 U.S. 147, 160 (1982).  "In considering a motion to decertify, 'a court must reevaluate whether the class continues to meet the requirements of Rule 23,'" including "the four requirements of Rule 23(a)" (numerosity, commonality, typicality, and adequacy) and "at least one of the three different types of classes set forth in Rule 23(b)."  *UnifySCC v. Cody*, 2025 WL 1474757, at *3 (N.D. Cal. May 21, 2025) (citations omitted).

***Ms. Golikov, as "[t]he party seeking to maintain class certification[,] bears the burden of demonstrating that the Rule 23 requirements are satisfied, even on a motion to decertify.***"  *Lambert v. Nutraceutical Corp.*, 870 F.3d 1170, 1182 (9th Cir. 2017) (emphasis added) (citing, *inter alia*, *Marlo v. United Postal Serv., Inc.*, 639 F.3d 942, 947 (9th Cir. 2011)), *rev'd on other grounds by Nutraceutical Corp. v. Lambert*, 586 U.S. 188 (2019).

Here, the Court's Order compels decertification.  The Order establishes that this case is unsuited to class adjudication because Ms. Golikov and an unknown number of other class members are bound by arbitration agreements and class action waivers that forbid their participation in this action.  Thus, it is no longer possible for the certified classes in this case to meet the requirements of Rule 23.

WALMART'S MOTION TO CLARIFY,
OR TO DECERTIFY CLASSES

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FL
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

### 1.    Ms. Golikov Is Atypical and Inadequate.

As the Court ruled in its Order, Ms. Golikov—the sole named plaintiff and class representative—must arbitrate her claims against Walmart and has waived her right to participate in a class action.  She also cannot serve as class representative.

"Rule 23(a)(3) requires that 'the [legal] claims or defenses of the representative parties [be] typical of the claims or defenses of the class." *Tan v. Grubhub, Inc.*, 2016 WL 4721439, at *2 (N.D. Cal. July 19, 2016) (modifications in original).  Rule 23(a)(4) imposes a similar requirement "that the class representative will 'fairly and adequately protect the interests of the class.'" *Id.*  "[T]he typicality and adequacy inquiries tend to significantly overlap[.]" *Id.* (citation omitted).

Ms. Golikov is subject to arbitration and a class action waiver, making her incapable of representing any class members that are not.  Her claims are, by definition, atypical of *any* litigation class because they must be arbitrated individually and cannot be part of a class action.  And she is inadequate to represent those that do not have arbitration agreements.

Case law is legion that a class representative is atypical and inadequate when he or she is differently situated from class members on issues of arbitrability and class waivers.  *See Avilez*, 596 F. App'x at 579 (vacating class certification that included class members subject to class action waiver and finding class representative not subject to same waiver inadequate and atypical); *Conde v. Open Door Mktg., LLC*, 223 F. Supp. 3d 949, 960 (N.D. Cal. 2017) (named plaintiffs atypical because not bound by arbitration unlike some of class); *Quinlan v. Macy's Corp. Servs., Inc.*, 2013 WL 11091572, at *3 (C.D. Cal. Aug. 22, 2013) (no typicality where plaintiff asserted claims that class members may have to arbitrate); *Macedonia Distrib., Inc. v. S-L Distrib. Co., LLC*, 2020 WL 610702, at *6 (C.D. Cal. Feb. 7, 2020) (collecting cases finding "typicality and adequacy of representation lacking where the lead plaintiff is not subject to the same arbitration provisions as the putative class."); *Andrews v. Ring LLC*, 2020 WL 6253319, at *3–

WALMART'S MOTION TO CLARIFY,
OR TO DECERTIFY CLASSES

**DAVIS WRIGHT TREMAINE** LLP
350 SOUTH GRAND AVENUE, 27TH FL
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

4 (C.D. Cal. Sept. 17, 2020) (denying class certification where plaintiff atypical and inadequate for not being bound to arbitration unlike bulk of the proposed class) (Klausner, J.).

Indeed, the arbitrability of the claims of the class representatives is sufficient on its own to decertify the class. In *Estrella*, 2012 WL 214856, at *5, the district court agreed with the defendants moving to decertify the class "that [class] certification is no longer warranted because the class representatives are obligated to arbitrate their claims." *Estrella*, 2012 WL 214856, at *5 (internal citations omitted). The court observed "the class [wa]s bereft of representatives, and therefore can no longer meet the requirements of Rule 23," and thereby granted the motion to decertify the class. *Id.* Here, Ms. Golikov's claims have been compelled to arbitration, and no viable class representative remains.

### 2. Class Counsel Is Inadequate to Represent the Class.

Class counsel's conduct in this case demonstrates they will not adequately protect the class's interests.

Class counsel is adequate where "counsel [does not] have any conflicts of interest with other class members" and "will . . . prosecute the action vigorously on behalf of the class[.]" *Tan*, 2016 WL 4271439, at *2 (citations omitted). "[A]dequacy of representation 'depends on the qualifications of counsel for the representatives, an absence of antagonism, a sharing of interests between representatives and absentees, and the likelihood that the suit is collusive.'" *Id.* (citation omitted) "[A] lawyer's unethical conduct, both before and during the litigation in question, is relevant to determining whether counsel is adequate under Rule 23." *White v. Experian Info. Sols.*, 993 F. Supp. 2d 1154, 1170 (C.D. Cal. 2014) (collecting cases). Even "unethical conduct that does not directly harm the class or create an immediate conflict can also render counsel inadequate. . . '[m]isconduct by class counsel that creates a serious doubt that counsel will represent the class loyally requires denial of class certification.'" *Id.* at 1171

18

WALMART'S MOTION TO CLARIFY,
OR TO DECERTIFY CLASSES

**DAVIS WRIGHT TREMAINE** LLP
350 SOUTH GRAND AVENUE, 27TH FL
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

(citation omitted).  A "'serious doubt' about the adequacy of counsel exists 'when the misconduct jeopardizes the court's ability to reach a just and proper outcome in the case.'"  *Id.* (citation omitted).  Inadequacy "often turns on counsel's integrity and candor."  *Id.* (collecting cases).

Class counsel's "confusion" from the complaint (if not utter lack of candor) raises a serious fundamental questions going forward:  How can the parties or the Court trust class counsel to represent *an entire class* adequately if they failed to state accurately a core allegation *for a single individual*?  The procedural idiosyncrasies giving rise to this Motion are attributable to class counsel's "misrepresenting the facts" at the core of this class action (Order at 4):

- From the start of the case, counsel represented that Ms. Golikov purchased the avocado oil on November 14, 2021, "from a Walmart store."  Compl. ¶ 26; FAC ¶ 26.

- It was not until April 17, 2025—after the classes were certified based on the allegations of an in-store transaction—that Ms. Golikov's attorneys revealed in discovery that the purchase was made from Walmart.com.  *See* Dkt. 66-3 at 2.

- This obfuscation was not based on facts unknown to class counsel: class counsel produced in discovery an invoice printed on September 19, 2024—days before this action was filed on September 24, 2024—showing the sole pleaded purchase of avocado oil was made online on Walmart.com.  *See* Harper Decl. ¶ 5 & Ex. D.

Class counsel attempted to excuse its misstatements, but the Court rejected Ms. Golikov's attorneys' excuses.  As stated in the Order, the representation that Ms. Golikov bought the avocado oil "from a Walmart store" is not reasonably understood to include an online purchase.  Order at 4 ("Plaintiff argues that her phrasing could and should have been reasonably interpreted to include online purchases; Defendant's website is simply an '[online] Walmart store.'  But this is

WALMART'S MOTION TO CLARIFY,
OR TO DECERTIFY CLASSES

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FL
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

unreasonable.").  As the Court further observed, "it would appear reasonable for Defendant to presume that opposing counsel is not misrepresenting the facts," *id.*, but that is exactly what happened here—resulting in costly class-action litigation that class counsel knew or should have known from the start was barred by an arbitration agreement.  *See Sweet v. Pfizer*, 232 F.R.D. 360, 371 (C.D. Cal. 2005) (deeming counsel inadequate and discussing *Kingsepp v. Wesleyan Univ.*, 142 F.R.D. 597, 602–603 (S.D.N.Y. 1992) where counsel's "pleadings 'obscured the issues'"); *ESC-Toy Ltd. v. Sony Interactive Ent. LLC*, 2024 WL 1335079, at *12–13 (N.D. Cal. Mar. 27, 2024) (finding breaches of duty of candor as a basis for disqualification).

Class counsel's adequacy is further thrown into doubt by the potential conflicts between counsel's clients.  On the one hand, class counsel owes continuing duties of loyalty and zealous advocacy to their client Ms. Golikov and to an unknown number of class members who also agreed to arbitrate.  On the other hand, class counsel owes the same duties to an unknown number of class members who have *not* agreed to arbitrate (if any).  Class counsel must avoid even the "appearance of divided loyalties" involving the classes, *Rodriguez v. Disner*, 688 F.3d 645, 655 (9th Cir. 2012) (citation omitted), yet the divergent economic incentives class counsel face between their arbitration-bound client and others create apparent if not actual substantial conflicts, *e.g.*, *Coneff v. AT&T Corp.*, 673 F.3d 1155, 1159 (9th Cir. 2012) (acknowledging disincentives to individual arbitration as "the amounts [of the claims] are too small to be worth the trouble" (citation omitted)); *see also Staton v. Boeing Co.*, 327 F.3d 938, 970–72 & n.22 (9th Cir. 2003) (considering "class counsel's interest in fees"); *Del Campo v. Mealing*, 2011 U.S. Dist. LEXIS 158019 (N.D. Cal. Sept. 29, 2011) (disqualifying class counsel on basis of order finding conflict of interest due to representation of multiple classes in separate cases).

WALMART'S MOTION TO CLARIFY,
OR TO DECERTIFY CLASSES

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FL
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

Class counsel has not given any indication of seeking to arbitrate on behalf of Ms. Golikov or anyone else, and class members required to arbitrate may reasonably question their attorneys' incentives to do so.

### 3. Numerosity Is Not Satisfied.

The Order also effectively nullifies the basic requirement of numerosity.

"A party seeking class certification . . . must be prepared to prove that there are *in fact* sufficiently numerous parties . . . ." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011). To date, the only evidence that Ms. Golikov has provided in support of numerosity is that Walmart has 280 stores in California and sells avocado oil in stores. *See* Dkt. 51 at 7–8. Even if the Court assumed that was sufficient before, circumstances have changed: Ms. Golikov has put forward no evidence whatsoever about how many class members purchased avocado oil from stores, as opposed to online, or have agreed to the Walmart.com Terms of Use on other respects, where they may have agreed to arbitrate their disputes and waive participation in a class action. This defeats numerosity. *See, e.g., Parrish v. Gordon Lane Healthcare, LLC*, 2023 WL 7107267, at *3, *6–7 (C.D. Cal. Sept. 26, 2023) (numerosity not established given most class members signed arbitration agreements); *Lim v. Helio, LLC*, 2012 WL 12884439, at *2 (C.D. Cal. Apr. 18, 2012) (evidence of arbitration agreements raised issue of proof of numerosity).

### 4. Commonality and Predominance Are Not Satisfied.

Individualized adjudication will be required for every single class member to determine who is bound by the Walmart.com Terms of Use. This precludes commonality and predominance.

The commonality and predominance requirements apply to both the Rule 23(b)(2) and Rule 23(b)(3) classes certified in this case. As an initial matter, Rule 23(a)'s commonality requirement applies to both classes and requires "questions of law or fact common to the class" to certify a class. Fed. R. Civ. P. 23(a)(2). Likewise, Rule 23(b)(3) requires that "the questions of law or fact common to class

WALMART'S MOTION TO CLARIFY,
OR TO DECERTIFY CLASSES

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FL
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

members predominate over any questions affecting only individual members."  The same predominance requirement is a "self-evident" element under Rule 23(b)(2). *Kihn v. Bill Graham Archives LLC*, 2022 WL 18935, at *3 (9th Cir. Jan. 3, 2022) (reversing class certification where "there [was] an insufficient showing that common questions predominate[d]" for Rule 23(b)(2) class); Fed. R. Civ. P. 23(b)(2) (class action may be maintained if "final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole").

The central question relevant to commonality and predominance was set forth by the Supreme Court years ago:  "What matters to class certification . . . is not the raising of common 'questions'—even in droves—but rather, the capacity of a class-wide proceeding to generate common *answers* apt to drive the resolution of the litigation."  *Dukes*, 564 U.S. at 350 (citation omitted).  "Dissimilarities within the proposed class are what have the potential to impede the generation of common answers."  *Id.* (citation omitted)

As revealed by the Order, there are substantial "[d]issimilarities within the proposed class," which would "impede the generation of common answers," *id.* (citation omitted), i.e., requiring that the Court conduct an individual, case-by-case, class-member-by-class-member analysis.  .

- *Which Class Members Agreed to Arbitrate?*  For every putative class member, the Court would have to determine whether the individual agreed to the arbitration agreement in Walmart.com's Terms of Use.  *See* Order at 1–3; *Conde v. Sensa*, 2018 WL 4297056, at *10–11 (S.D. Cal. Sept. 10, 2018) (no predominance where Court required to determine "which of the class members may be subject to the arbitration provision").  Even as to individuals who purchased the item from an actual physical store, the Terms of Use may still (depending on the individual) govern the relationship between the accountholder and Walmart—including purchases made in a physical Walmart store through the Walmart Pay app (for

---

WALMART'S MOTION TO CLARIFY,
OR TO DECERTIFY CLASSES

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FL
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

example, in lieu of cash or credit).  *See* Krsulic Decl. ¶¶ 3–5 & Ex A at 13; Ex. B at 13, 39; Ex. C. at 12.

- *Do Class Waivers Apply?*  Likewise, the Court would need to decide if each putative class member agreed to and is bound by the class action waiver in the Terms of Use, an analysis "highly dependent on context."  *Sanchez v. Valencia Holding Co., LLC*, 61 Cal. 4th 899, 911 (2015); *Sensa*, 2018 WL 4297056, at \*11 (denying class certification where Court might have to determine whether arbitration and waiver clause "binds all, some, or none of the purchasers" (citation omitted)).

- *Who Has Standing?*  Class members with valid class waivers may not have standing to pursue their claims.  *See supra* n.1 (citing *Archer*, 2021 WL 4798695, at \*4; *Leuenhagen*, 2021 WL 12311039, at \*2).  The individual determinations necessary to evaluate class member standing further precludes predominance.  *See Van v. LLR, Inc.*, 61 F.4th 1053, 1068–69 (9th Cir. 2023) (vacating order granting class certification because predominance not satisfied when class members lacked Article III standing).

Compounding all these arbitration-related individualized issues:  there is a delegation clause, which vest the arbitrator with sole authority to make threshold decisions on disputes of arbitrability.  As explained in the Motion to Compel Arbitration, the Terms of Use include a delegation clause, which requires individualized arbitration over even threshold disputes relating to the arbitration agreement—including, e.g., whether the agreement applies to those individuals who purchased the item both online and at a physical store.  *See Brennan v. Opus Bank*, 796 F.3d 1125, 1130 (9th Cir. 2015) ("gateway issues"—over the validity and enforceability of arbitration provisions—"can be expressly delegated to the arbitrator where 'the parties *clearly and unmistakably*'" do so (citation omitted) (emphasis in original)).  The Terms of Use include a provision incorporating arbitral

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FL
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

rules.  This constitutes a clear and unmistakable delegation clause as a matter of law.  *Patrick v. Running Warehouse, LLC*, 93 F.4th 468, 480–81 (9th Cir. 2024).

Plaintiffs simply cannot meet their burden to show that any of these individual issues could be established on a classwide basis through common proof.

Courts considering these same issues routinely find a lack of commonality and/or predominance based on the need to sort out individualized issues relating to arbitration agreements and class action waivers.  *See, e.g.*, *Sensa*, 2018 WL 4297056, at *10–11 (no predominance because "the Court w[ould] be forced to determine which of the class members may be subject to the arbitration provision (*i.e.*, those who purchased online), and those who are not (*i.e.*, all others)"); *Parrish, LLC*, 2024 WL 4875326, at *1 (court "could not certify a class that included members who both had and had not waived their class action rights"); *Pablo v. ServiceMaster Glob. Holdings, Inc.*, 2011 WL 3476473, at *2 (N.D. Cal. Aug. 9, 2011) ("a significant portion of this litigation would be devoted to discovering which class members signed [arbitration] agreements"); *Castro Valley Union 76, Inc. v. Vapor Sys. Techs., Inc.*, 2012 WL 5199458, at *8 (N.D. Cal. Oct. 22, 2012) (no predominance given individual issues about "whether any particular station owner has already . . . agreed not to participate in any lawsuit—class or individual"); *Tan*, 2016 WL 4721439, at *5 (no commonality or predominance).

### 5.    Superiority Is Not Satisfied.

Superiority is also no longer satisfied.  A class action must be "superior to other available methods for fairly and efficiently adjudicating the controversy."  Fed. R. Civ. P. 23(b)(3); *Dukes*, 564 U.S. at 362–63 (accord for 23(b)(2)).  "[W]hen the complexities of class action treatment outweigh the benefits of considering common issues in one trial, class action treatment is not the 'superior' method of adjudication."  *Zinser v. Accufix Rsch. Inst., Inc.*, 253 F.3d 1180, 1192 (9th Cir. 2001) (citations omitted).  As explained above, this case will require an individual analysis of every class member to determine which are subject to arbitration

24

agreements and class action waivers.  As courts have found, that destroys superiority—just as much as it precludes predominance.  *See Tan*, 2016 WL 4721439, at *5; *Pablo*, 2011 WL 3476473, at *2; *Lim*, 2012 WL 12884439, at *2.

## V.  CONCLUSION

Walmart respectfully requests that the Court enter an order (1) clarifying that the Order decertified the classes; or (2) decertifying the classes.

DATED:  June 30, 2025                    DAVIS WRIGHT TREMAINE LLP

By:  /s/ Jacob M. Harper
     Jacob M. Harper

*Attorneys for Defendant Walmart Inc.*

WALMART'S MOTION TO CLARIFY,
OR TO DECERTIFY CLASSES

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FL
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

1

## <u>CERTIFICATION</u>

2     The undersigned counsel of record for Walmart Inc. certifies that this brief

3   contains 5,295 words, which complies with the word limit of L.R. 11-6.1 and the

4   Court's Standing Order.

5

6                                         /s/ Jacob M. Harper

7                                        Jacob M. Harper

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

WALMART'S MOTION TO CLARIFY,
OR TO DECERTIFY CLASSES

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FL
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899