1  Richard Lyon (Cal. Bar No. 229288)
2  rick@dovel.com
   Christin Cho (CBN 238173)
3  christin@dovel.com
4  DOVEL & LUNER, LLP
   201 Santa Monica Blvd., Suite 600
5  Santa Monica, California 90401
6  Telephone: (310) 656-7066
   Facsimile: (310) 656-7069
7
8  *Attorneys for Plaintiff*

9

10              **UNITED STATES DISTRICT COURT**
11              **CENTRAL DISTRICT OF CALIFORNIA**

12

13  EDIE GOLIKOV, individually and          Case No. 2:24-cv-08211-RGK-MAR
    on behalf of all others similarly
14  situated,                               **PLAINTIFF'S RESPONSE TO**
                                            **WALMART'S MOTION TO**
15                                          **CLARIFY OR TO DECERTIFY**
            *Plaintiff,*                    **CLASS**
16

17  v.                                      Date: July 28, 2025
                                            Time: 9:00 a.m.
18  WALMART INC.,                           Ctrm.: 850
19
            *Defendant.*                    Assigned to the Hon. R. Gary Klausner
20

21                                          Complaint filed:  September 24, 2024
22  _____

23

24

25

26

27

28

# Table of Contents

I.   Introduction. ............................................................................................... 1

II.  The Court should reject Walmart's proposed clarification and, instead,
     adopt Plaintiff's proposed clarification. ................................................. 1

     A.   The Arbitration Order concerns Ms. Golikov and her individual
          claims, not the certified class and the class claims. The certified
          class and the class claims remain intact. ...................................... 1

     B.   Plaintiff's counsel should be permitted to substitute in a new class
          member as the named Plaintiff. ..................................................... 3

     C.   Alternatively, Ms. Golikov can continue to represent the certified
          class. ............................................................................................... 5

III. Walmart's decertification request should be denied. ............................ 8

     A.   Legal standard. ............................................................................... 8

     B.   The lynchpin of Walmart's decertification request—that
          commonality and predominance are precluded by the arbitration
          agreement for online purchases—was already considered and
          rightly rejected by the Court. ....................................................... 9

     C.   Walmart's other decertification arguments also fail. ............... 13

V.   Conclusion. ............................................................................................... 15

# Table of Authorities

**Cases**

*Avilez v. Pinkerton Gov't Servs.*,
   596 F. App'x 579 (9th Cir. 2015)....................................................................3, 10, 11

*Bah. Surgery Ctr. v. Kimberly-Clark Corp.*,
   2018 U.S. Dist. LEXIS 242677 (C.D. Cal. Apr. 11, 2018).........................................8

*Bates v. UPS*,
   511 F.3d 974 (9th Cir. 2007)...................................................................................2, 3

*Birmingham Steel Corp. v. TVA*,
   353 F.3d 1331 (11th Cir. 2003).....................................................................................3

*Brewster v. City of Los Angeles*,
   2022 U.S. Dist. LEXIS 213156 (C.D. Cal. Jul. 27, 2022) ...........................................8

*City of Grants Pass, Oregon v. Johnson*,
   603 U.S. 520 (2024) ......................................................................................................5

*Conde v. Sensa*,
   2019 U.S. Dist. LEXIS 154439 (S.D. Cal. Sept. 10, 2019) ......................................11

*Cornn v. United Parcel Service, Inc.*,
   2006 U.S. Dist. LEXIS 9013 (N.D. Cal. Feb. 22, 2006)............................................11

*Davis v. Four Seasons Hotel*,
   2011 U.S. Dist. LEXIS 112386 (D. Haw. Sept. 30, 2011) ........................................12

*Dean v. United of Omaha Life Ins. Co.*,
   2008 U.S. Dist. LEXIS 112692 (C.D. Cal. Oct. 14, 2008) .........................................4

*E. Tex. Motor Freight Sys. v. Rodriguez*,
   431 U.S. 395 (1977) ...................................................................................................2, 3

*Ehret v. Uber Techs., Inc.*,
   148 F. Supp. 3d 884 (N.D. Cal. 2015) .......................................................................10

*Eminence Capital, LLC v. Aspeon, Inc.*,
   316 F.3d 1048 (9th Cir. 2003).....................................................................................13

1   *Estrella v. Freedom Fin. Network, LLC,*

2       2012 U.S. Dist. LEXIS 7947 (N.D. Cal. Jan. 24, 2012) ............................ 8

3   *Fishon v. Premier Nutrition Corp.,*

4       2022 U.S. Dist. LEXIS 58655 (N.D. Cal. Mar. 30, 2022) .......................... 4

5   *Franks v. Bowman Transp. Co.,*

6       424 U.S. 747 (1976) .............................................................................. 2, 3

7   *Heffelfinger v. Elec. Data Sys. Corp.,*

8       580 F. Supp. 2d 933 (C.D. Cal. 2008) .......................... 6, 9, 11, 15

9   *Herrera v. LCS Fin. Servs. Corp.,*

10      274 F.R.D. 666 (N.D. Cal. 2011) .............................................................. 10

11  *Honda Idle Stop Litig.,*

12      2024 U.S. Dist. LEXIS 235303 (C.D. Cal. Nov. 22, 2024) ...................... 4

13  *In re Lidoderm Antitrust Litig.,*

14      2017 U.S. Dist. LEXIS 24097 (N.D. Cal. Feb. 21, 2017) .......................... 5

15  *In re MyFord Touch Consumer Litig.,*

16      2018 U.S. Dist. LEXIS 129261 (N.D. Cal. Aug. 1, 2018) ........................ 8

17  *In re TFT–LCD (Flat Panel) Antitrust Litig.,*

18      2011 U.S. Dist. LEXIS 55033 (N.D. Cal. May 9, 2011) .......................... 12

19  *Johnson v. City of Grants Pass,*

20      72 F.4th 868 (9th Cir. 2023) ............................................................ 5, 6, 7

21  *Johnson v. Walmart Inc.,*

22      57 F.4th 677 (9th Cir. 2023) ...................................................... 7, 13, 15

23  *Lambert v. Nutraceutical Corp.,*

24      870 F.3d 1170 (9th Cir. 2017) .................................................................. 8

25  *Magallon v. Robert Half Int'l, Inc.,*

26      311 F.R.D. 625 (D. Or. 2015) .................................................................. 11

27  *Midland Funding, LLC v. Brent,*

28      2010 U.S. Dist. LEXIS 117501 (N.D. Ohio Nov. 4, 2010) ...................... 12

*Miller v. Mercedes-Benz USA*,
   2009 U.S. Dist. LEXIS 45512 (C.D. Cal., May 15, 2009) .......................................4

*Mora v. Harley-Davidson Credit Corp.*,
   2012 U.S. Dist. LEXIS 49636 (E.D. Cal. Apr. 6, 2012)...........................................10

*Myers v. Intuit, Inc.*,
   2018 U.S. Dist. LEXIS 84180 (S.D. Cal. May 18, 2018)...........................................4

*Nat'l Fed'n of the Blind v. Target Corp.*,
   582 F. Supp. 2d 1185 (N.D. Cal. 2007) ...................................................................5

*Nevarez v. Forty Niners Football Co., LLC*,
   326 F.R.D. 562 (N.D. Cal. 2018) ...........................................................................11

*Nguyen v. Coinbase Inc.*,
   2024 U.S. Dist. LEXIS 211282 (C.D. Cal. Nov. 20, 2024)........................................6

*Olean Wholesale Grocery Coop., Inc. v. Bumble Bee Foods LLC*,
   31 F.4th 651 (9th Cir. 2022)..................................................................................11

*Patton v. Experian Data Corp.*,
   2019 U.S. Dist. LEXIS 240863 (C.D. Cal. Jan. 22, 2019) .......................................4

*Ruiz Torres v. Mercer Canyons Inc.*,
   835 F.3d 1125 (9th Cir. 2016)................................................................................12

*Sanchez v. Wal Mart Stores, Inc.*,
   2009 U.S. Dist. LEXIS 89057 (E.D. Cal. Sept. 11, 2009).........................................4

*Sosna v. Iowa*,
   419 U.S. 393 (1975) ........................................................................................2, 3, 13

*Velazquez v. GMAC Mortg. Corp.*,
   2009 U.S. Dist. LEXIS 88574 (C.D. Cal. Sept. 10, 2009)........................................4

I.    **Introduction.**

After certifying a consumer class, the Court held that the individual claims of named plaintiff Edie Golikov are subject to arbitration and not redressable in this Court.  Dkt. 81 (Order). Walmart asks the Court to clarify that this means the previously certified class is also foreclosed from pursuing relief in this Court.  But controlling law compels the opposite clarification: the certified class remains intact and the class claims can be adjudicated in this Court.

We demonstrate below that the proper clarifications are the following: The class claims remain intact. And Plaintiff may propose a substitute class representative, or alternatively Ms. Golikov can remain as the class representative.

Walmart alternatively moves for decertification. But its decertification argument—that Walmart.com purchasers signed arbitration agreements while brick-and-mortar Walmart purchasers did not—was already before the Court when it certified the class. The Court rejected the argument then, and it should do so again.[1]

II.    **The Court should reject Walmart's proposed clarification and, instead, adopt Plaintiff's proposed clarification.**

    A.    **The Arbitration Order concerns Ms. Golikov and her individual claims, not the certified class and the class claims. The certified class and the class claims remain intact.**

Walmart argues that the Order compelling arbitration on Ms. Golikov's individual claims automatically results in decertification and dismissal of the certified classes and their claims. Mot. 10, 15 ("the Order … sub silentio dissolved the classes" and "implies the classes have been decertified by automatic operation of law").

---

[1] The parties cooperated on the briefing schedule for this motion, and both parties believed the hearing date had been re-noticed for August 4, making this response due today. *See* Declaration of Richard Lyon ("Lyon Decl."), ¶¶2-4.  We respectfully request that this response be deemed timely and considered in its entirety. *Id*. (explaining confusion over briefing schedule and providing caselaw for like circumstances).

But U.S. Supreme Court and Ninth Circuit law precludes the relief Walmart seeks. When the "named plaintiff['s]" "claim is [deemed] not redressable" after "the class was … certified," "the remaining class members are not foreclosed from attaining relief." *Bates v. UPS*, 511 F.3d 974, 986 (9th Cir. 2007). That is, when "the District Court ha[s] certified a class and only later … it appeared that the named plaintiffs were not class members or were otherwise inappropriate class representatives" the "claims of the class members" are not "mooted or destroyed." *E. Tex. Motor Freight Sys. v. Rodriguez*, 431 U.S. 395, 406 n.12 (1977). This is because "once a class action has been certified, 'the class of unnamed persons described in the certification acquire[s] a legal status separate from the representative.'" *Bates* at 987 (quoting *Sosna v. Iowa*, 419 U.S. 393, 399 (1975)).  And so previously certified claims remain intact even when "the named representative no longer ha[s] a personal stake in the outcome." *Franks v. Bowman Transp. Co.*, 424 U.S. 747, 753 (1976).

For this reason, "it would be error for a district court to dismiss class allegations where it had already certified a class and 'only later had it appeared that the named plaintiffs were not class members or were otherwise inappropriate class representatives.'" *Bates* at 987 (quoting *E. Texas Motor Freight Sys., Inc. v. Rodriguez*, 431 U.S. 395, 406 n.12 (1977)).

Here, the Court already certified a class. Dkt. 62 at 13 ("The Court certifies a Rule 23(b)(2) injunction subclass and a Rule 23(b)(3) damages subclass."). And because these classes have "legal status separate" from Ms. Golikov's individual claims, *Sosna*, 419 U.S. at 399, the Court's conclusion that Ms. Golikov's individual claims are "not redressable" in this Court" does not "foreclose[]" the claims of the certified class.  *Bates*, 511 F.3d at 986.  And the relief that Walmart asks the Court to impose—automatic "decertification" and "dismissal'" of the class claims based on the non-redressability of Ms. Golikov's individual claims, Dkt. 82— "would be error." *E. Texas Motor Freight*, 431 U.S. 395 at 406 n.12.

Instead, any clarification should follow the law of *Bates*, *E. Tex. Motor Freight*, *Sosna,* and *Franks*, and clarify that the class claims remain intact and are redressable in this Court. The Court should further clarify that there are two options going forward—either substituting in another class member as the class representative or proceeding with Ms. Golikov as the class representative. We address these two options in turn.

### B.   Plaintiff's counsel should be permitted to substitute in a new class member as the named Plaintiff.

As demonstrated in Section III below, and as presented to the Court in Plaintiff's original class certification briefing (Dkt. 51 at 6), the arbitration issue can be readily resolved by modifying the class definition to exclude online purchases and include only customers who made purchases at brick-and-mortar Walmart stores. *Avilez v. Pinkerton Gov't Servs*., 596 F. App'x 579, 579 (9th Cir. 2015) (ordering lower court to proceed with claims of certified class but to modify class definition to exclude individuals who signed class action waivers).

We demonstrate in this Section II(B) that the class claims should proceed with a substitute class representative who is an in-store purchaser. We also demonstrate in Section II(C) that, alternatively, the class claims could proceed with Ms. Golikov as the class representative.

The Court should clarify that Plaintiff's counsel is permitted to propose a new class representative. Because a certified class has "legal status separate from that of the named plaintiffs," when the named plaintiff is deemed an "inadequate class representative," it is an "abuse of discretion" to order "simultaneous dismissal of the [case]" without "giving [the class] an opportunity for the intervention of a newly named plaintiff who would have standing to pursue the action." *Birmingham Steel Corp. v. TVA*, 353 F.3d 1331, 1336 (11th Cir. 2003) (citing *Sosna v. Iowa*, 419 U.S. 393, 399 (1975)).

This is why "Courts in this circuit and elsewhere … permit[] [substitution

of class representatives] after class certification." *Honda Idle Stop Litig.*, No. 2:22-cv-04252-MCS-SK, 2024 U.S. Dist. LEXIS 235303, at *8 (C.D. Cal. Nov. 22, 2024) (listing cases); *Velazquez v. GMAC Mortg. Corp.*, No. CV 08-05444 DDP (PLAx), 2009 U.S. Dist. LEXIS 88574, at *9 (C.D. Cal. Sept. 10, 2009) ("Courts regularly allow replacement of the named plaintiff after class certification."); *Fishon v. Premier Nutrition Corp.*, No. 16-cv-06980-RS, 2022 U.S. Dist. LEXIS 58655, at *4 (N.D. Cal. Mar. 30, 2022) (rejecting defendant's automatic "decertification" argument and allowing substitution of new plaintiff as "the proper course of action" after original named plaintiff deemed inadequate); *id.* (there are "numerous cases in which a district court has permitted substitution of the class representative following certification") (listing cases); *Miller v. Mercedes-Benz USA*, 2009 U.S. Dist. LEXIS 45512, at *3 (C.D. Cal., May 15, 2009) ("after a class has been certified, Courts regularly allow replacement of the named plaintiff"); *Sanchez v. Wal Mart Stores, Inc.*, 2009 U.S. Dist. LEXIS 89057, at *8 (E.D. Cal. Sept. 11, 2009) ("leave to substitute a different class representative may be granted when there is a certified class already in place"); *Patton v. Experian Data Corp.*, No. SACV 17-01559-JVS(DFMx), 2019 U.S. Dist. LEXIS 240863, at *6 (C.D. Cal. Jan. 22, 2019) ("substitution of a class representative after certification is permissible because once certified, a class acquires a legal status separate from that of the named plaintiffs") (internal citations and quotations omitted); *Myers v. Intuit, Inc.*, No. 17cv1228-WQH-BLM, 2018 U.S. Dist. LEXIS 84180, at *20-21 (S.D. Cal. May 18, 2018) (same) (listing cases).

Accordingly, we request clarification that we may propose a substitute class representative that does not have the same arbitration obligations as Ms. Golikov—e.g. one of the thousands of purchasers of Great Value Avocado Oil from Walmart's brick and mortar stores. *See, e.g., Dean v. United of Omaha Life Ins. Co.*, No. CV 05-6067-GHK (FMOx), 2008 U.S. Dist. LEXIS 112692, at *10 (C.D. Cal. Oct. 14, 2008) (deeming class representative to be inadequate, but expressly allowing "Plaintiff's counsel [to] propose a substitute class representative who does not have" the same

disqualifying problem as the original class representative); *Nat'l Fed'n of the Blind v. Target Corp.*, 582 F. Supp. 2d 1185, 1201 (N.D. Cal. 2007) (holding that plaintiff's counsel cannot proceed with its class claims with the named plaintiff but expressly providing "plaintiffs' leave to substitute another class representative"); *In re Lidoderm Antitrust Litig.*, No. 14-md-02521-WHO, 2017 U.S. Dist. LEXIS 24097, at *108 (N.D. Cal. Feb. 21, 2017) (holding that the named plaintiff is inadequate, but expressly ordering that plaintiffs "may substitute in a new class representative").

C.    **Alternatively, Ms. Golikov can continue to represent the certified class.**

In the alternative, or in addition to, allowing a substitute class representative, the Court should clarify that Ms. Golikov can continue as a class representative. A "class representative may pursue the live claims of a properly certified class—without the need to remand for substitution of a new representative—even after his own claims become moot, provided that several requirements are met." *Johnson v. City of Grants Pass*, 72 F.4th 868, 884 & n.18 (9th Cir. 2023), *rev'd and remanded sub nom. on other grounds, City of Grants Pass, Oregon v. Johnson*, 603 U.S. 520, 144 (2024). And, in this case, each of these requirements are met.

The requirements are (1) the "class must be properly certified," (2) the "class representative must be a member of the class with standing to sue at the time certification is granted," (3) the "unnamed class members must still have a live interest in the matter throughout the duration of the litigation," and (4) "the court must be satisfied that the named representative will adequately pursue the interests of the class even though their own interest has expired." *Grants Pass*, 72 F.4th at 884 n.18 (9th Cir. 2023). We address each requirement in turn.

(1) The class was "properly certified." *Id*. The Court issued a well-reasoned Order certifying the class. Dkt. 62. Each of the asserted reasons for certification provided in the Order remains true today. As demonstrated below, Walmart's

decertification request repeats the same arguments it made when it opposed Plaintiff's original class certification motion. *See infra* Section III(B)-(C) (rebutting Walmart's decertification arguments). And "repetition of arguments that the court declined to accept in deciding plaintiffs' motion for certification [is] not adequate to support a decertification request." *Heffelfinger v. Elec. Data Sys. Corp.*, 580 F. Supp. 2d 933, 968 n.119 (C.D. Cal. 2008).

Also, at Walmart's request, the Court's class certification Order is currently being reviewed by the Ninth Circuit pursuant to Walmart's 23(f) Petition. Dkt. 67-4 (Walmart's 23(f) Petition, filed March 13, 2025). The parties and the Court can gain certainty that the class was properly certified by awaiting the Ninth Circuit's Order.

(2) Ms. Golikov is "a member of the class." *Grants Pass*, 72 F.4th at 884 n.18. The certified class, as currently defined, is "all persons who, while in the state of California and within the applicable statute of limitations period, purchased [Great Value Avocado Oil]." Dkt. 62 at 13. While in California, Ms. Golikov "purchased Great Value Avocado Oil in person from brick-and-mortar Walmart stores multiple times a year for years" throughout the statutory period, "including between 2021 and 2024." Dkt. 69-1 (Golikov Decl., ¶2).

Ms. Golikov had "standing to sue at the time class certification was granted." *Grants Pass*, 72 F.4th at 884 n.18. Walmart contends that she lacks standing because of the arbitration provision in the "Terms of Use" governing the online purchase identified in her Complaint. But she also purchased Great Value Avocado Oil "in person from brick-and-mortar Walmart stores." *Id*. To begin, Walmart confuses standing with arbitrability. Whether one's claims are subject to arbitration is not a question of standing. *Nguyen v. Coinbase Inc*., No. 2:24-cv-02818-ODW (JPRx), 2024 U.S. Dist. LEXIS 211282, at *7 (C.D. Cal. Nov. 20, 2024). Regardless, Walmart's arbitration agreement is "clear" that "by agreeing to the Terms of Use" in the online purchasing process, a Plaintiff does "not assent to arbitrate claims that might arise out of a separate, in-store purchase." *Johnson v. Walmart Inc*., 57 F.4th 677, 681-83 (9th

Cir. 2023). So Ms. Golikov assuredly has standing both now and at the time of class certification to assert her claims based on these purchases.

Also, if the class definition is modified to exclude claims arising from online purchases (*see infra* Section III(B)), Ms. Golikov is still a member of the class (due to her "separate, in-store purchase[s]") with standing to pursue the claims arising out of these "separate, in-store purchase[s]." *Id.*

(3) The "unnamed class members … still have a live interest in the matter throughout the duration of the litigation." *Grants Pass*, 72 F.4th at 884 n.18. Whether Ms. Golikov must arbitrate claims arising from her online purchase in no way affects the litigation interests of the thousands of unnamed class members who purchased their products at brick-and-mortar Walmart stores. *See* Lyon Decl., Ex. 1 (Declaration of Tommy Reed, Walmart Merchandising Director), ¶3 ("Walmart has generated more than $3,000,000 in sales revenue from the sale of Great Value Avocado Oil in California brick-and-mortar stores from February 29, 2020, through February 29, 2024").

(4) Ms. Golikov would continue to "adequately pursue the interests of the class" regardless of whether she was foreclosed from pursuing claims based on her online purchases. *Grants Pass*, 72 F.4th at 884 n.18. Ms. Golikov's interests (and their alignment with the class) remain unchanged because, like all other class members with claims redressable in their Court, she purchased from brick-and-mortar Walmart stores, and paid an unfair premium due to their misleading label.

Accordingly, because the four "requirements are met," Ms. Golikov can continue to "pursue the live claims of [the] properly certified class." *Grants Pass*, 72 F.4th at 884 n.18.

\*     \*     \*

In sum, the Court should reject Walmart's proposed clarification. Instead, the Court should clarify that the class claims remain intact, and Plaintiff's counsel can

either propose a substitute class representative or continue with Ms. Golikov as the class representative.

## III.    Walmart's decertification request should be denied.

### A.    Legal standard.

"The party seeking decertification has the burden of establishing that the requirements of FRCP 23 have not been met" and that this "burden is substantial, as doubts regarding the propriety of class certification should be resolved in favor of certification." *Bah. Surgery Ctr. v. Kimberly-Clark Corp.*, No. CV 14-8390-DMG (PLAx), 2018 U.S. Dist. LEXIS 242677, at *70 (C.D. Cal. Apr. 11, 2018) (internal citations and quotations omitted); *Estrella v. Freedom Fin. Network, LLC*, No. CV 09-03156 SI, 2012 U.S. Dist. LEXIS 7947, at *14 (N.D. Cal. Jan. 24, 2012) ("The party seeking decertification must show that the class no longer meets [the] certification requirements. … Doubts should be resolved in favor of certification."). Walmart contends that *Lambert v. Nutraceutical Corp.*, 870 F.3d 1170, 1182 (9th Cir. 2017) shifted the burden. Mot. 16. But post-*Lambert*, district courts continue to "impose the burden on a defendant to show that decertification is warranted" because "the question of burden" was not "squarely before the [*Lambert*] Court," and "decertification and modification should theoretically only take place after some change, unforeseen at the time of the class certification, that makes alteration of the initial certification decision necessary.'" *In re MyFord Touch Consumer Litig.*, No. 13-cv-03072-EMC, 2018 U.S. Dist. LEXIS 129261, at *5 (N.D. Cal. Aug. 1, 2018) (citing authority and cases); *Brewster v. City of Los Angeles*, No. EDCV 14-2257 JGB (SPx), 2022 U.S. Dist. LEXIS 213156, at *11 (C.D. Cal. Jul. 27, 2022) (same). But, as shown below, regardless of which party has the burden, Walmart's decertification motion should be denied.

**B.    The lynchpin of Walmart's decertification request—that commonality and predominance are precluded by the arbitration agreement for online purchases—was already considered and rightly rejected by the Court.**

Walmart argues that the certified classes must be decertified because online purchasers (as opposed to brick-and-mortar purchasers) "are bound by arbitration agreements and class action waivers that forbid their participation in this action." Mot. at 16; *id*. at 22 (the presence of both "individual[s] [that] agreed to the arbitration agreement in Walmart.com's Terms of Use" (online purchasers) and those that did not (brick-and-mortar purchasers) leads to "[d]issimilarities within the proposed class").

But this cannot be a basis for decertification because "repetition of arguments that the court declined to accept in deciding plaintiffs' motion for certification are not adequate to support a decertification request." *Heffelfinger v. Elec. Data Sys. Corp*., 580 F. Supp. 2d 933, 968 n.119 (C.D. Cal. 2008). And this argument repeats the exact same argument Walmart made in opposing Plaintiff's motion for class certification. Plaintiff explained why this argument cannot preclude certification. The Court agreed with Plaintiff and declined to accept it.

Just as it does here, Walmart argued in its original opposition to Plaintiff's certification motion, that the proposed class "includes any buyers of the Avocado Oil … whether in brick-and-mortar stores or online" but the online purchasers are subject to "an arbitration agreement and class action waiver." Dkt. 44 (Walmart's Class Certification Opposition) at 13; *id*. at 2 (arguing that "Golikov's putative class includes customers bound by Walmart's arbitration and class waiver provisions, which creates numerous problems precluding class certification"); *id*. at 5 (the proposed class "include[s] consumers who must arbitrate their claims individually"). Indeed, Walmart even relies on the same authorities to support its argument. *Compare* Dkt. 44 at 9 *with*

1  Mot. 9 (both relying on *Avilez v. Pinkerton Gov't Servs., Inc.*, 596 F. App'x 579, 579

2  (9th Cir. 2015)).[2]

3          Plaintiff addressed this argument in the original class certification briefing in a

4  Section entitled "Walmart's online Terms of Use do not preclude certification."  Dkt.

5  51 at 6. For example:

6      Walmart's argues that some members of the proposed class (online purchasers)

7      may have agreed to arbitrate their claims under the Terms of Use for online purchases,

8      and that this presents an individualized issue that predominates over common ones.

9      Opp. 13-14.  Walmart is wrong.  "The fact that some members of a putative class may

10     have signed arbitration agreements or released claims against a defendant does not bar

11     class certification."  *Herrera v. LCS Fin. Servs. Corp.*, 274 F.R.D. 666, 681 (N.D. Cal. 2011);

12     *Ehret v. Uber Techs., Inc.*, 148 F. Supp. 3d 884, 902 (N.D. Cal. 2015) (same).  "The

13     possibility that [defendant] may seek to compel arbitration against individual Class

14     members does not predominate over the many common issues necessary to determine

15     [defendant's] liability to the Class."  *Mora v. Harley-Davidson Credit Corp.*, 2012 U.S. Dist.

16     LEXIS 49636, at *40 (E.D. Cal. Apr. 6, 2012) (collecting cases).  Here, as in *Mora*,

17     common questions predominate liability and damages, so the possibility that Walmart may

18     seek to compel arbitration against certain class members does not defeat predominance.

20  Dkt. 51 (Plaintiff's Class Certification Reply) at 6.

21          Plaintiff also explained that the arbitration argument cannot defeat class

22  certification because it is easily resolved by modifying the class definition at later

23  stages of the litigation:

26          [2] Walmart cites *Avilez* (Mot. 9), but *Avilez* supports Plaintiff's position, not
27  Walmart's. In *Avilez*, the district court certified a class that included individuals who
   signed class action waivers and those that did not. *Avilez*, 596 F. App'x at 579.  The
28  Ninth Circuit did not say that this precluded certification altogether. Instead, it ordered
   the district court to modify the class definition to include only those that did not.  *Id*.

> 19    Alternatively, if the Court finds that the Terms of Use pose predominance
>
> 20  problems, the class definition could be modified to exclude online purchases. *See Nevarez*
>
> 21  *v. Forty Niners Football Co., LLC*, 326 F.R.D. 562, 575 (N.D. Cal. 2018) ("[D]istrict courts
>
> 22  have broad discretion to modify class definitions"); *Avilez v. Pinkerton Gov't Servs.*, 596 F.
>
> 23  App'x 579, 579 (9th Cir. 2015) (ordering lower court to exclude individuals who signed
>
> 24  class action waivers from class definition); *Conde v. Sensa*, 2019 U.S. Dist. LEXIS 154439,
>
> 25  at *14 (S.D. Cal. Sep. 10, 2019) (finding predominance satisfied where class definition
>
> 26  excluded consumers subject to arbitration clause); *Magallon v. Robert Half Int'l, Inc.*, 311
>
> 27  F.R.D. 625, 640 (D. Or. 2015) (same).

*Id.* at 6.

The Court rejected Walmart's argument, agreed with Plaintiff, and certified the class. Dkt. 62. And simply repeating the already-rejected argument is "not adequate to support a decertification request." *Heffelfinger v. Elec. Data Sys. Corp.*, 580 F. Supp. 2d 933, 968 n.119 (C.D. Cal. 2008); *Cornn v. United Parcel Service, Inc.*, No. C03–2001 TEH, 2006 U.S. Dist. LEXIS 9013, *13 (N.D. Cal. Feb. 22, 2006) ("[T]he Court will not entertain motions that simply repeat the same arguments raised in opposition to Plaintiffs' class certification motion").

Moreover, the Court's original decision was correct. That some purchasers (here, the online purchasers) have arbitration agreements is not a reason to deny certification or decertify. Instead, as Plaintiff stated in its original motion, this issue can be readily resolved by modifying the class definition to exclude online purchases and include only brick-and-mortar purchasers. *Avilez v. Pinkerton Gov't Servs.*, 596 F. App'x 579, 579 (9th Cir. 2015) (ordering lower court to modify class definition to exclude individuals who signed class action waivers); *Olean Wholesale Grocery Coop., Inc. v. Bumble Bee Foods LLC*, 31 F.4th 651, 669 n.14 (9th Cir. 2022) ("the problem of a potentially over-inclusive class can and often should be solved by refining the class definition rather than by flatly denying class certification on that

basis") (internal citations and quotations omitted); *Ruiz Torres v. Mercer Canyons Inc*., 835 F.3d 1125, 1139 (9th Cir. 2016) ("the better course is not to deny class certification entirely but to amend the class definition as needed to correct for the overbreadth") (internal citations and quotations omitted); *Midland Funding, LLC v. Brent*, No. 3:08 CV 1434, 2010 U.S. Dist. LEXIS 117501, at *11 n.1 (N.D. Ohio Nov. 4, 2010) (rejecting the argument that the presence of an arbitration agreement with some of the unnamed class members barred certification, stating that "[a]ny arbitration-related defenses … to claims of certain class members may be dealt with … through the creation of subclasses, or by eliminating some members of the class"); *Davis v. Four Seasons Hotel*, No. 08-00525 HG-BMK, 2011 U.S. Dist. LEXIS 112386, at *11 (D. Haw. Sept. 30, 2011) (granting class certification, stating that "[t]he possibility that Four Seasons may be able to compel unnamed members of the putative class to arbitrate … does not preclude class certification"); *In re TFT–LCD (Flat Panel) Antitrust Litig*., No. M07-1827 SI, 2011 U.S. Dist. LEXIS 55033, at *34 (N.D. Cal. May 9, 2011) (denying motion to stop certified class claims from proceeding when a subset of unnamed class members had arbitration agreements).[3]

And, as demonstrated above, as a regular purchaser of the class product at Walmart brick-and-mortar stores, Ms. Golikov would still fall within the modified class.  And so would thousands of other unnamed plaintiffs, one of whom Plaintiff should be permitted to propose as a substitute class representative.  *See* Lyon Decl., Ex. 1, ¶3 ("Walmart has generated more than $3,000,000 in sales revenue from the sale of Great Value Avocado Oil in California brick-and-mortar stores from February 29, 2020, through February 29, 2024") (emphasis added).

As part of the clarification, Plaintiff should be granted leave to amend the Complaint to reflect the narrowed class, either by adding allegations pertaining to the substitute class representative or to Ms. Golikov's in-store purchases, as detailed in her

---

[3] Walmart argues that purchases made with Walmart Pay in the mobile app also agreed to arbitration provisions. Mot. 13-14. This fails as a decertification argument for the same reason.  These purchases can likewise readily be excluded from the class.

Response to Motion to Clarify / Decertify 12        Case No. 2:24-cv-08211-RGK-MAR

past declaration.  *See* Dkt. 69-2. "The court should freely give leave when justice so requires."  Fed. R. Civ. P. 15(a)(2). And should do so "with extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc*., 316 F.3d 1048, 1051 (9th Cir. 2003).  Here, justice requires this amendment for effective adjudication of the class claims that remain intact and have their own "legal status." *Sosna v. Iowa*, 419 U.S. 393, 395 (1975).

### C.     Walmart's other decertification arguments also fail.

In addition to the flawed predominance and commonality argument rebutted above, Walmart makes four decertification arguments that we rebut in turn.

**1.  <u>Typicality and adequacy of class representative</u>**:  Walmart argues that Ms. Golikov's claims are atypical because they must "be arbitrated individually and cannot be part of a class action." Mot. 17. But, as Plaintiff argued during class certification proceedings, Walmart's argument is obviated if the class definition is limited to claims arising from brick-and-mortar purchases. *See supra*; Dkt. 51 at 6. Ms. Golikov (and thousands of other plaintiffs, one of whom could be substituted as the new class representative) made brick-and-mortar purchases, with claims arising from those purchases. And controlling Ninth Circuit law holds that Walmart's arbitration agreement is "clear" that, regardless if consumers have "agree[d] to the Terms of Use" arbitration agreement when making online purchases, they do "not assent to arbitrate claims that might arise out of a separate, in-store purchase." *Johnson v. Walmart Inc*., 57 F.4th 677, 682 (9th Cir. 2023).

**2.  <u>Adequacy of class counsel</u>:**  Plaintiff's counsel satisfies the adequacy requirement and is routinely appointed class counsel in consumer class actions like this. Dkt. 36-3, ¶12 (listing representative cases); Dkt. 62 (Class Certification Order) at 8 ("the Court finds that the adequacy requirement is satisfied").

As purported grounds for decertification, Walmart now argues that Plaintiff's counsel is "inadequate" because the Complaint references Ms. Golikov's purchase from a "Walmart store" instead of a "Walmart online store." Mot. 18-19

(characterizing the omission of the term "online" as "misconduct," "unethical" and exhibiting a lack of "integrity and candor"). Walmart's hyperbolic rhetoric is not only unfounded and offensive—it also makes no sense. Walmart's argument depends on the premise that (1) Ms. Golikov only purchased online, and (2) counsel was somehow trying to mischaracterize the referenced online purchase as a brick-and-mortar purchase so it could point to a purchase to which the arbitration provision did not apply. But every part of this premise is false. Ms. Golikov did not only purchase online.  She also purchased "in person from brick-and-mortar Walmart stores multiple times a year for years (including between 2021 and 2024)."  Dkt. 69-2 (Golikov Decl., ¶ 2). And if counsel were deliberately trying to create the appearance of an in-store purchase to overcome the arbitration provision, they simply would have referenced these brick-and-mortar purchases.

Also, Walmart's assertion that Plaintiff was attempting to conceal her online purchases until "after the classes were certified," Mot. at 19, is refuted by the class certification briefing itself.  During briefing, Ms. Golikov expressly characterized herself as both an online purchaser and an in-store purchaser.  Dkt. 51 at 6-7 (arguing that agreeing to "Terms of Use" for "online" purchases does not bind her for "separate, in-store purchase[s]").

Walmart also argues that class counsel has a conflict between the class claims for online purchases (subject to arbitration) and the class claims for in-store purchases (not subject to arbitration).  Mot. 20.  But, as Walmart acknowledges, given the Court's Arbitration order, there can be no class claims for online purchases, and so there is no conflict.  Also, class notice has not yet occurred (*see* Dkt. 78), so there is no need for any curative notice upon excluding online purchases from the class.

**3.  Numerosity**: Walmart repeats its "numerosity is not satisfied" argument, but then acknowledges the same evidence—evidence "that Walmart has 280 stores in California and sells avocado oil in stores," Mot. 21—that the Court already held to be sufficient evidence showing "that the numerosity requirement is satisfied." Dkt. 62 at

4-5. *See Heffelfinger*, 580 F. Supp. 2d at n.119 (C.D. Cal. 2008) ("repetition of arguments that the court declined to accept in deciding plaintiffs' motion for certification are not adequate to support a decertification request"). Also, further evidence demonstrates that "Walmart has generated more than $3,000,000 in sales revenue from the sale of Great Value Avocado Oil in California brick-and-mortar stores from February 29, 2020, through February 29, 2024." Lyon Decl., Ex. 1, ¶3.

        **4. Superiority:** Walmart repeats its arbitration argument as a superiority argument, asserting that "this case will require an individual analysis of every class member to determine which are subject to arbitration agreements and class action waivers." Mot. 24-25. Not true. By excluding online (or app-based) purchases from the class definition and limiting it to California consumers who have brick-and-mortar purchases within the statutory period, no analysis is required. Controlling law is clear that, regardless if consumers have "agree[d] to [Walmart's] Terms of Use" with the arbitration and waiver provisions when making online purchases, they do "not assent to arbitrate claims that might arise out of a separate, in-store purchase." *Johnson v. Walmart Inc*., 57 F.4th 677, 682 (9th Cir. 2023).

**V.    Conclusion.**

        For the foregoing reasons, Walmart's requested clarification should be rejected, and its motion for decertification denied. Instead, the Court should clarify that (1) the class claims remain intact, (2) the class definition should be limited to brick-and-mortar purchasers, and (3) Plaintiff may either substitute a new class representative or, alternatively, proceed with Ms. Golikov as the class representative.

Dated: July 14, 2025

                             Respectfully submitted,

                             By: */s/ Richard Lyon*
                             Richard Lyon (CBN 229288)
                             rick@dovel.com
                             Christin Cho (CBN 238173)
                             christin@dovel.com
                             DOVEL & LUNER, LLP

201 Santa Monica Blvd., Suite 600
Santa Monica, California 90401
Telephone: (310) 656-7066
Facsimile: (310) 656-7069

*Attorney for Plaintiff*

1

## **CERTIFICATION OF COMPLIANCE WITH WORD LIMITATION**

2       The undersigned, counsel of record for Plaintiff, certifies that this brief contains

3   4,812 words, which complies with the word limit of L.R. 11-6.1 and the Court's

4   Standing Order.

5

6

7   Dated: July 14, 2025                          By: */s/ Richard Lyon*

8                                                 Richard Lyon

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28