Richard Lyon (Cal. Bar No. 229288)
rick@dovel.com
Christin Cho (CBN 238173)
christin@dovel.com
DOVEL & LUNER, LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, California 90401
Telephone: (310) 656-7066
Facsimile: (310) 656-7069

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| EDIE GOLIKOV, individually and on behalf of all others similarly situated,<br><br>        *Plaintiff*,<br><br>v.<br><br>WALMART INC.,<br><br>        *Defendant*. | Case No. 2:24-cv-08211-RGK-MAR<br><br>**DECLARATION OF RICK LYON IN SUPPORT OF PLAINTIFF'S RESPONSE TO WALMART'S MOTION TO CLARIFY OR TO DECERTIFY CLASS**<br><br>Date: July 28, 2025<br>Time: 9:00 a.m.<br>Ctrm.: 850<br><br>Assigned to the Hon. R. Gary Klausner<br><br>Complaint filed:  September 24, 2024 |

## <u>DECLARATION OF RICK LYON</u>

I, Rick Lyon, declare and state as follows:

1.      I am a member in good standing of the bar of the state of California and a partner in the law firm of Dovel & Luner LLP.  I represent Plaintiff Edie Golikov in the above-referenced matter and am lead counsel for Ms. Golikov in this matter.

2.      After the Arbitration Order (Dkt. 81), the parties discussed its implications.  It was clear that the parties' views differed, and we required clarification from the Court. Walmart maintained that the class had been sub silentio decertified by the Court's Arbitration Order.  We maintained that the class claims remain intact and that we should be permitted to substitute in a substitute class representative. Because both parties sought clarification, we discussed possible ways to present this request for clarification to the Court. It was decided that Walmart would set forth its requested clarification in its motion to clarify or decertify, and we would set forth Plaintiff's requested clarification in response to the motion.

3.      During our meet and confers, I further informed counsel of my pre-planned vacation with my family, and counsel agreed to notice the hearing date so that time for Plaintiff's response would not conflict with my family trip. But when Walmart filed its motion, counsel noticed the hearing date 28 days out instead of 35 days out, which inadvertently created the conflict we sought to avoid. *See* Judge Klausner's Standing Order at 3, para 6 ("the notice of motion shall be filed with the Clerk not later than twenty-eight (28) days, and no earlier than thirty-five (35) days, before the date set for hearing). Walmart's counsel therefore agreed to re-notice the hearing date for a week later, i.e., 35 days from the filing of the motion instead of 28 days (from July 28 to August 4). *See* Dkt. 83 (Amended Notice). The parties believed that the re-noticed hearing date was permissible (it still fell within the 28 to 35 day range required by the Court's Standing Order) and would automatically

move back the deadline for Plaintiff's response by one week (from July 7 to July 14). See C.D. Cal. L.R. 7-9 (opposition papers due 21 days before designated date for hearing). This past Friday, however, the Court struck the Amended Notice, and retained the original July 28, hearing date. Dkt. 85. Although the original response deadline had passed by this time, we are filing this response the very next business day.

4.    Based on the Court's Order striking the Amended Notice, it appears the better course to effectuate the parties' agreement would have been for Walmart to withdraw its original motion (with the July 28, hearing date) and re-file the amended motion (with the August 4, hearing date) instead of just filing the amended notice of motion. But the parties made a good faith effort to comply with what they understood to be the proper way to push back the briefing schedule by one week. We respectfully request that Plaintiff's response be fully considered by the Court in light of the foregoing explanation. *See, e.g., Ryan v. Editions Ltd. W., Inc*., No. C 06-04812 PVT, 2009 U.S. Dist. LEXIS 70853, at *3 (N.D. Cal. Aug. 10, 2009) (granting like relief when counsel incorrectly "believed that the parties could stipulate to change the hearing date"). *Ahanchian* is also instructive. There, the Ninth Circuit held that it was an abuse of discretion not to extend the briefing deadlines that allowed for "a mere eight days, three over the Labor Day weekend, to draft [the] oppositions to the motions" while counsel "were out of town." *Ahanchian v. Xenon Pictures, Inc*., 624 F.3d 1253, 1256, 1259 (9th Cir. 2010). Similarly, here, before re-noticing the hearing date, Plaintiff's counsel was provided with a mere seven days, three of which were over the Independence Day weekend, while counsel was out of country.

5.    Attached as Exhibit 1 is a true and correct copy of the Declaration of Tommy Reed, Walmart's Merchandising Director, filed on May 8, 2024 in *Hawkins v. Walmart Inc. et al*., No. 1:24-CV-00374-KES-SKO in the Eastern District of California.

LYON DECARATION

I declare under penalty of perjury that the foregoing is true and correct. Executed this 14th day of July, 2025, at Santa Monica, California.

Rick Lyon:

3

# EXHIBIT 1

DocuSign Envelope ID: FB6C5416-3E56-4A84-91C1-257D52D60726

Case 2:24-cv-08211-RGK-MAR    Document 86-1    Filed 07/14/25    Page 6 of 8   Page ID
#:2049
Case 1:24-cv-00374-KES-SKO    Document 9-1    Filed 05/08/24    Page 1 of 3

JACOB M. HARPER (State Bar No. 259463)
    jacobharper@dwt.com
HEATHER F. CANNER (State Bar No. 292837)
    heathercanner@dwt.com
DAVIS WRIGHT TREMAINE LLP
865 South Figueroa Street, 24th Floor
Los Angeles, California  90017-2566
Telephone:  (213) 633-6800
Fax:  (213) 633-6899

Attorneys for Defendant
WALMART INC.

IN THE UNITED STATES DISTRICT COURT

THE EASTERN  DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW HAWKINS, on behalf of himself and all others similarly situated,<br><br>                    Plaintiff,<br><br>          v.<br><br>WALMART INC., a corporation; and DOES 1 through 10, inclusive,<br><br>                    Defendant. | Case No. 1:24-CV-00374-KES-SKO<br><br>**DECLARATION OF TOMMY REED IN SUPPORT OF DEFENDANT WALMART INC.'S OPPOSITION TO MOTION TO REMAND**<br><br>*[Opposition to Motion to Remand filed concurrently]*<br><br>Date:     June 10, 2024<br>Time:    1:30 p.m.<br>Dept.:    Courtroom 6<br><br>Assigned to the Hon. Kirk E. Sherriff<br><br>Action Filed:  February 20, 2024<br>Action Removed: March 29, 2024 |

DocuSign Envelope ID: FB6C6416-3E56-4A84-91C1-257D62D60726

## **DECLARATION OF TOMMY REED**

I, Tommy Reed, declare and state as follows:

1.      I have been employed by Walmart Inc. (Walmart) for 27 years.  I am a Merchandising Director.  In this capacity, my responsibilities include general supervision of a variety of customer products, including Great Value Avocado Oil, that are offered for sale by Walmart in stores and online.  In my role I have knowledge of and involvement in record keeping, sales information, and other information that assists Walmart in meeting customer demand for Great Value Avocado Oil and other products.

2.      Based on my job responsibilities, I am familiar with Walmart's recordkeeping for the products it offers for sale to consumers.  Walmart, in its ordinary course of doing business, keeps and maintains records of its products and sales.  Those records are made by or from information transmitted by a person with knowledge of the event described therein at or near the time of the event described and are kept in the ordinary course of the regularly conducted business activity of that person and Walmart, and it is the regular practice of Walmart to make such records.  The matters stated herein are true as to my own personal knowledge and, if called as a witness, I could and would testify competently to the information set forth herein.

3.      I have access to Walmart's business records relating to its sales and products, and have reviewed records necessary to provide the information in this declaration.  Based on information from Walmart's sales database, Walmart has generated more than $3,000,000 in sales revenue from the sale of Great Value Avocado Oil in California brick-and-mortar stores from February 29, 2020, through February 29, 2024.  This number represents the aggregate purchase price paid by consumers for sales of Great Value Avocado Oil in California brick-and-mortar stores from February 29, 2020, through February 29, 2024.

\\

\\

\\

\\

1

DECLARATION OF TOMMY REED IN SUPPORT OF
WALMART'S OPPOSITION TO MOTION TO REMAND
Case No. 1:24-CV-00374-KES-SKO

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

1    I declare under penalty of perjury under the laws of the United States that the foregoing is

2    true and correct to the best of my knowledge and belief.

3    Executed this 7th day of May, 2024, at Bentonville, Arkansas.

4

5

6                                                    Tommy Reed

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DECLARATION OF TOMMY REED IN SUPPORT OF
WALMART'S OPPOSITION TO MOTION TO REMAND
Case No. 1:24-CV-00374-KES-SKO

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899