JACOB M. HARPER (State Bar No. 259463)
  jacobharper@dwt.com
JAMES H. MOON (State Bar No. 268215)
  jamesmoon@dwt.com
HEATHER F. CANNER (State Bar No. 292837)
  heathercanner@dwt.com
JOSEPH ELIE-MEYERS (State Bar No. 325183)
  josepheliemeyers@dwt.com
DAVIS WRIGHT TREMAINE LLP
350 South Grand Avenue, 27th Floor
Los Angeles, California 90071
Telephone: (213) 633-6800
Fax: (213) 633-6899

Attorneys for Defendant
WALMART INC.

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

| | |
|---|---|
| EDIE GOLIKOV, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>WALMART INC.,<br><br>Defendant. | Case No. 2:24-CV-08211-RGK-MAR<br><br>Assigned to Honorable R. Gary Klausner<br><br>**DEFENDANT WALMART INC.'S REPLY BRIEF IN SUPPORT OF MOTION TO CLARIFY OR DECERTIFY CLASSES**<br><br>Date: July 28, 2025<br>Time: 9:00 a.m.<br>Ctrm.: 850<br><br>Action Filed: September 24, 2024 |

WALMART'S REPLY BRIEF IN SUPPORT OF MOTION TO CLARIFY, OR TO DECERTIFY CLASSES

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FL
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

# TABLE OF CONTENTS

**Page**

I. INTRODUCTION ................................................................................................. 6

II. THE OPPOSITION RAISES A JURISDICTIONAL ISSUE. ........................ 7

III. THE REQUESTS MADE IN OPPOSITION SHOULD BE DENIED. ........ 10

IV. WALMART'S MOTION SHOULD BE GRANTED. ................................... 11

    A. The Court Should Clarify That the Order Decertified the Classes. .... 11

    B. The Court Should Decertify the Classes. ............................................ 11

        1. Ms. Golikov Cannot Represent the Class. ............................... 12

        2. Class Counsel Cannot Represent the Class. ............................ 13

        3. Numerosity Is Not Met. ........................................................... 14

        4. Commonality and Predominance Are Not Met. ..................... 14

        5. Superiority Is Not Met. ............................................................ 15

2

WALMART'S REPLY IN SUPPORT OF MOTION
TO CLARIFY, OR TO DECERTIFY CLASSES

**DAVIS WRIGHT TREMAINE** LLP
350 SOUTH GRAND AVENUE, 27TH FL
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Arbaugh v. Y & H Corp.*,
   546 U.S. 500 (2006) ................................................................................................ 6

*Archer v. Carnival Corp. & PLC*,
   2021 WL 4798695 (C.D. Cal. May 14, 2021) ............................................... 6, 8, 9

*Avilez v. Pinkerton Gov't Servs., Inc.*,
   596 F. App'x 579 (9th Cir. 2015) .......................................................................... 10

*Bates v. UPS, Inc.*,
   511 F.3d 974 (9th Cir. 2007) ................................................................................... 9

*Birmingham Steel Corp. v. Tennessee Valley Auth.*,
   353 F.3d 1331 (11th Cir. 2003) ............................................................................... 9

*Bohn v. Pharmavite, LLC*,
   2013 WL 12246336 (C.D. Cal. Oct. 8, 2013) ......................................................... 8

*Conde v. Sensa*,
   2018 WL 4297056 (S.D. Cal. Sept. 10, 2018) ...................................................... 15

*Dean v. United of Omaha Life Ins. Co.*,
   2008 WL 7611369 (C.D. Cal. Oct. 14, 2008) ....................................................... 10

*E. Tex. Motor Freight Sys. v. Rodriguez*,
   431 U.S. 395 (1977) ................................................................................................ 9

*Fishon v. Premier Nutrition Corp.*,
   2022 WL 958378 (N.D. Cal. Mar. 30, 2022) ........................................................ 10

*Franks v. Bowman Transp. Co.*,
   424 U.S. 747 (1976) ................................................................................................ 9

*In re Honda Idle Stop Litig.*,
   2024 WL 5265401 (C.D. Cal. Nov. 22, 2024) ........................................................ 9

*Johnson v. City of Los Angeles*,
   2020 WL 20848619 (C.D. Cal. Feb. 25, 2020) ............................................... 11, 12

3

WALMART'S REPLY IN SUPPORT OF MOTION
TO CLARIFY, OR TO DECERTIFY CLASSES

**DAVIS WRIGHT TREMAINE** LLP
350 SOUTH GRAND AVENUE, 27TH FL
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

*Johnson v. Mammoth Recreations, Inc.*,
  975 F.2d 604 (9th Cir. 1992) ................................................................................ 11

*Johnson v. Walmart Inc.*,
  57 F.4th 677 (9th Cir. 2023) ............................................................................ 12, 13

*Lambert v. Nutraceutical Corp.*,
  870 F.3d 1170 (9th Cir. 2017) .............................................................................. 11

*Leuenhagen v. Carnival Corp.*,
  2021 WL 12311039 (C.D. Cal. Oct. 27, 2021) ................................................... 6, 9

*Lidie v. State of Cal.*,
  478 F.2d 552 (9th Cir. 1973) .................................................................................. 8

*In re Lidoderm Antitrust Litig.*,
  2017 WL 679367 (N.D. Cal. Feb. 21, 2017) ........................................................ 10

*Lierboe v. State Farm Mut. Auto. Ins. Co.*,
  350 F.3d 1018 (9th Cir. 2003) ................................................................................ 8

*Marlo v. UPS, Inc.*,
  639 F.3d 942 (9th Cir. 2011) ................................................................................ 11

*McSherry v. City of Long Beach*,
  2004 WL 7332872 (C.D. Cal. Jan. 26, 2004) ....................................................... 10

*Miller v. Mercedes-Benz USA LLC*,
  2009 WL 1393488 (C.D. Cal. May 15, 2009) ...................................................... 10

*Myers v. Intuit, Inc.*,
  2018 WL 2287425 (S.D. Cal. May 18, 2018) ....................................................... 10

*In re Myford Touch Consumer Litig.*,
  2018 WL 3646895 (N.D. Cal. Aug. 1, 2018) ........................................................ 11

*Nat'l Fed'n of the Blind v. Target Corp.*,
  582 F. Supp. 2d 1185 (N.D. Cal. 2007) ................................................................ 10

*NEI Contracting & Eng'g, Inc. v. Hanson Aggregates Pac. Sw., Inc.*,
  926 F.3d 528 (9th Cir. 2019) .............................................................................. 6, 8

*Patton v. Experian Data Corp.*,
  2019 WL 13034866 (C.D. Cal. Jan. 22, 2019) ..................................................... 10

4

WALMART'S REPLY IN SUPPORT OF MOTION
TO CLARIFY, OR TO DECERTIFY CLASSES

**DAVIS WRIGHT TREMAINE** LLP
350 SOUTH GRAND AVENUE, 27TH FL
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

*Polo v. Innoventions Int'l LLC*,
   833 F.3d 1193 (9th Cir. 2016) .................................................................................. 9

*Sanchez v. Valencia Holding Co., LLC*,
   61 Cal. 4th 889 (Cal. 2015) .................................................................................... 15

*Sanchez v. Wal Mart Stores, Inc.*,
   2009 WL 2971553 (E.D. Cal. Sept. 11, 2009) ....................................................... 10

*Smith v. Premiere Valet Servs., Inc.*,
   2020 WL 7034346 (C.D. Cal. Aug. 4, 2020) .................................................... 6, 10

*Sosna v. Iowa*,
   419 U.S. 393 (1975) ................................................................................................ 9

*Velazquez v. GMAC Mortg. Corp.*,
   2009 WL 2959838 (C.D. Cal. Sept. 10, 2009) ....................................................... 10

*Wal-Mart Stores, Inc. v. Dukes*,
   564 U.S. 338 (2011) .............................................................................................. 15

*Williams v. Warner Music Grp. Corp.*,
   848 F. App'x 284 (9th Cir. 2021) .......................................................................... 12

**Statutes**

Americans with Disabilities Act (ADA) ................................................................... 10

Class Action Fairness Act of 2005 (CAFA) ...................................................... 6, 8, 9

**Rules**

Federal Rule of Civil Procedure
   16 ........................................................................................................................... 11
   23 ....................................................................................................................... 9, 11
   23(c)(2) ................................................................................................................... 7
   60 ............................................................................................................................ 7

5

WALMART'S REPLY IN SUPPORT OF MOTION
TO CLARIFY, OR TO DECERTIFY CLASSES

**DAVIS WRIGHT TREMAINE** LLP
350 SOUTH GRAND AVENUE, 27TH FL
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

## I. INTRODUCTION

This class action is over. Ms. Golikov's Opposition was the curtain call.

Ms. Golikov does not cite a single case involving a class representative disqualified by an arbitration clause or class waiver (except for one, which rejected class certification, *see infra* Sect. III(B)). Worse, she ignores the only case law involving another class representative bound by a class waiver, which resulted in a finding of *no subject-matter jurisdiction under CAFA—*a finding made by this very Court. *See Archer v. Carnival Corp. & PLC*, 2021 WL 4798695 (C.D. Cal. May 14, 2021) (Klausner, J.); *Leuenhagen v. Carnival Corp.*, 2021 WL 12311039, at *2 (C.D. Cal. Oct. 27, 2021) (Klausner, J.). The Court found no jurisdiction because, "when a class is certified and the class representatives are subsequently found to lack standing, the class should be decertified and the case dismissed." *NEI Contracting & Eng'g, Inc. v. Hanson Aggregates Pac. Sw., Inc.*, 926 F.3d 528, 532 (9th Cir. 2019). Having waived class relief and committed to arbitration, Ms. Golikov had no business bringing this class action in the first place.[1]

Recognizing the predicament, Ms. Golikov's counsel ask this Court to revive the class by granting all manner of affirmative relief, e.g., redefinition of the class, substitution of the class representative, amendment of the complaint, and "proper" clarifications. Her gambit fails because (a) "a request for affirmative relief is not proper when raised for the first time in an opposition," *Smith v. Premiere Valet Servs., Inc.*, 2020 WL 7034346, at *14 (C.D. Cal. Aug. 4, 2020) (collecting cases); and (b) she does not even address the standards for substitution, redefinition, or amendment, nor show the required good cause to modify the scheduling order.

The Court should decline Ms. Golikov's eleventh-hour excuses and grant Walmart's Motion. Either of the two options properly before the Court— clarification, or decertification—provides the proper outcome.

---

[1] Walmart moves to clarify or decertify (Mot. 2), but the Court may consider jurisdiction at any time. *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 503 (2006).

WALMART'S REPLY IN SUPPORT OF MOTION
TO CLARIFY, OR TO DECERTIFY CLASSES

6

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FL
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

First, as to *clarification* (Rule 60), Ms. Golikov argues the failure of the named plaintiff's claim does not necessarily result in decertification, citing cases that indicate the mooting of named plaintiffs' claims after class certification does not negate the claims of the class. Opp'n 2–3. But, as noted, she never actually addresses the situation before the Court: The Order did not *moot* Ms. Golikov's claim post-certification, thereby leaving class claims intact; rather, she *never had a claim to begin with* because of her arbitration agreement and class action waiver.

Second, as to *decertification* (Rule 23(c)(2)), Ms. Golikov essentially ignores the Court's Order compelling her to arbitrate her claims against Walmart and Walmart's cited authorities showing that the Order precludes the class from continuing. She simply restates her prior arguments on her original Motion for Class Certification. Contrary to her assertions (and as further evidence of lack of candor), the Court did not address arbitration issues in its February 27 class certification order (Dkt. 62). To state the obvious, the June 10 arbitration Order matters: Ms. Golikov is atypical and inadequate because she is bound by an arbitration agreement and class action waiver. Her circumstances are the same as an unknown number of class members, and only individualized inquiries can resolve those fact-intensive issues. Plus, those issues exist even for in-store purchasers, an unknown number of whom are equally bound by arbitration and waiver via, *e.g.*, Walmart Pay. Substitution or redefinition do not save her because, as the Court ruled, she is bound by the arbitration clause and class waiver, class counsel caused the current confusion through less-than-forthright representations, and even in-store class members may be bound by the arbitration agreement and class waiver (which will require individualized mini-trials to address). This class action cannot proceed.

## II.     THE OPPOSITION RAISES A JURISDICTIONAL ISSUE.

At the threshold, Ms. Golikov's Opposition raises more questions than it answers. She cites series of cases for the general proposition that she may be substituted for a new plaintiff, but *none* of those cases address the situation here: a

7

WALMART'S REPLY IN SUPPORT OF MOTION
TO CLARIFY, OR TO DECERTIFY CLASSES

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FL
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

class representative bound to arbitration and a class waiver while a certified class remains. This is because the situation raises fundamental and fatal jurisdictional questions that certainly preclude certification under CAFA.

The Ninth Circuit addressed the general problem of a misplaced class representative as to whom the Court could not redress claimed issues in *NEI*, where the court held "that when a class is certified and the class representatives are subsequently found to lack standing, the class should be decertified and the case dismissed." 926 F.3d at 532. And contrary to Ms. Golikov's characterization, her pre-filing agreement to arbitrate and waive class treatment is not merely an issue of mootness. As the Ninth Circuit explained, redressability and other standing problems arising "*from the outset of [the] litigation*" require that "certification of the class 'must be vacated.'" *Id.* at 533 (quoting *Lierboe v. State Farm Mut. Auto. Ins. Co.*, 350 F.3d 1018, 1022 (9th Cir. 2003)) (emphasis added); *see also Lidie v. State of Cal.*, 478 F.2d 552, 555 (9th Cir. 1973) (motions to intervene may be granted in "mootness situations," but "where the original plaintiffs were *never qualified* to represent the class, a motion to intervene represents a back-door attempt to begin the action anew, and need not be granted.") (emphasis added; citations omitted); *Bohn v. Pharmavite, LLC*, 2013 WL 12246336, at *2 (C.D. Cal. Oct. 8, 2013) (denying leave to substitute class representative because of counsel's lack of "diligen[ce] in investigating Bohn's allegations from the outset;" *cf.* Dkt. 82-5).

This Court applied these principles to a situation quite similar to that here—a class representative bound by a class waiver—and found CAFA jurisdiction retroactively absent. *See* Order 3 ("as Plaintiff now admits, this avocado oil was purchased online and is thus subject to the arbitration clause and class action waiver."). In *Archer*, the Court observed that plaintiffs' "signing of valid and enforceable class-action waivers" before the start of a case "stripped Plaintiffs of their ability to invoke CAFA jurisdiction *when the TAC was filed.*" 2021 WL 4798695, at *2. The Court noted that "post-filing developments," such as denial of

8

WALMART'S REPLY IN SUPPORT OF MOTION TO CLARIFY, OR TO DECERTIFY CLASSES

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FL
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

class certification due to failure to meet Rule 23, differ "from determinations of whether 'federal jurisdiction is absent from the commencement of a case.'" *Id.* at *3 (quoting *Polo v. Innoventions Int'l LLC*, 833 F.3d 1193, 1197 (9th Cir. 2016)). The Court reiterated this sound decision in another case brought by passengers of the same cruise ship who also signed class action waivers, "reason[ing] that an enforceable class action waiver meant that Plaintiffs had no right to bring their claims in the first instance, and therefore, they could not properly invoke CAFA jurisdiction, 'just as a plaintiff with no standing could not invoke federal jurisdiction.'" *Leuenhagen*, 2021 WL 12311039, at *2 (quoting *Archer*, 2021 WL 4798695, at *3). Walmart cited these cases; Ms. Golikov ignored them.

In contrast to the on-point authorities above, ***Ms. Golikov's inapposite cases involve plaintiffs whose initially valid claims became moot after proper certification—not, as here, where they were invalid at the outset and did not involve waiver- and arbitration-bound class representatives***. See *Sosna v. Iowa*, 419 U.S. 393, 402 (1975) (mooting of plaintiff's claim over temporal residency requirement for divorce petition did not defeat class certified while plaintiff had valid claim before meeting requirement); *Franks v. Bowman Transp. Co.*, 424 U.S. 747, 755–56 (1976) (plaintiff's claim of discriminatory firing not moot though class representative properly discharged for cause, not on discriminatory basis); *E. Tex. Motor Freight Sys. v. Rodriguez*, 431 U.S. 395, 406 n.12 (1977) (reversing certification to plaintiffs failing to seek certification in district court; noting no mootness only where "the initial certification was *proper*" if class certified by district court (emphasis added)); *Bates v. UPS, Inc.*, 511 F.3d 974 (9th Cir. 2007) (class could continue only where plaintiff "had standing at the time of certification"). Ms. Golikov's catalogue of non-jurisdictional cases likewise do not involve waiver- and arbitration-bound representatives (and some deny substitution).[2]

---

[2] *Birmingham Steel Corp. v. Tennessee Valley Auth.*, 353 F.3d 1331 (11th Cir. 2003), involved failure to substitute after the plaintiff filed for bankruptcy. *In re*

9

WALMART'S REPLY IN SUPPORT OF MOTION
TO CLARIFY, OR TO DECERTIFY CLASSES

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FL
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

The only case Ms. Golikov cites that is remotely similar, involving a plaintiff subject to arbitration but not a class waiver, found the "court abused its discretion to the extent it certified classes . . . that include[d] employees who signed class action waivers." *Avilez v. Pinkerton Gov't Servs., Inc.*, 596 F. App'x 579, 579 (9th Cir. 2015). Her other cases, Opp'n 3–5, do not involve arbitration or waiver.

### III. THE REQUESTS MADE IN OPPOSITION SHOULD BE DENIED.

Ms. Golikov's affirmative requests for relief fail for multiple reasons.

*First*, Ms. Golikov asks the Court to grant affirmative relief—clarification of the prior order, modification of the class definition, and substitution of a class representative—through her Opposition brief, despite having since June 10 to make a proper motion. Opp'n 3–8, 12–13, 15. But " a request for affirmative relief is not proper when raised for the first time in an opposition." *Smith*, 2020 WL 7034346, at *14 (collecting cases); *e.g. McSherry v. City of Long Beach*, 2004 WL 7332872, at *3 n.4 (C.D. Cal. Jan. 26, 2004) (Klausner, J.) (denying request made in opposition).

*Second*, if a plaintiff seeks to amend the class definition, the complaint, or parties after the deadline set in the scheduling order, Dkt. 57 (March 30, 2025 deadline to change claims or parties), she must both properly notice the motion and

---

*Honda Idle Stop Litig.*, 2024 WL 5265401 (C.D. Cal. Nov. 22, 2024), addressed a named plaintiff excluded from the class definition certified by the Court. *Fishon v. Premier Nutrition Corp.*, 2022 WL 958378 (N.D. Cal. Mar. 30, 2022), addressed substitution where the class representative's conduct in another litigation implicated credibility. *Patton v. Experian Data Corp.*, 2019 WL 13034866 (C.D. Cal. Jan. 22, 2019), concerned a plaintiff withdrawing before certification for health reasons where the Court already determined she had valid claims. *Dean v. United of Omaha Life Ins. Co.*, 2008 WL 7611369 (C.D. Cal. Oct. 14, 2008), disqualified a plaintiff as atypical because of unique defenses. *Nat'l Fed'n of the Blind v. Target Corp.*, 582 F. Supp. 2d 1185 (N.D. Cal. 2007), addressed substitution when the initial named plaintiff could not prove his ADA claim. *In re Lidoderm Antitrust Litig.*, 2017 WL 679367 (N.D. Cal. Feb. 21, 2017), also did not involve arbitration. The rest of her cases *denied* substitution. *E.g.*, *Myers v. Intuit, Inc.*, 2018 WL 2287425 (S.D. Cal. May 18, 2018) (denying substitution); *Velazquez v. GMAC Mortg. Corp.*, 2009 WL 2959838 (C.D. Cal. Sept. 10, 2009) (same); *Miller v. Mercedes-Benz USA LLC*, 2009 WL 1393488 (C.D. Cal. May 15, 2009) (same); *Sanchez v. Wal Mart Stores, Inc.*, 2009 WL 2971553 (E.D. Cal. Sept. 11, 2009) (same).

10

WALMART'S REPLY IN SUPPORT OF MOTION
TO CLARIFY, OR TO DECERTIFY CLASSES

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FL
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

1  seek to modify the scheduling order under Rule 16. *Johnson v. Mammoth*

2  *Recreations, Inc.*, 975 F.2d 604, 608–09 (9th Cir. 1992) (failure to seek scheduling

3  order modification justifies denying motion); *Johnson v. City of Los Angeles*, 2020

4  WL 20848619, at *1 (C.D. Cal. Feb. 25, 2020) (Klausner, J.) (scheduling order

5  modification required to amend complaint or add parties after deadline).

6  **IV.  WALMART'S MOTION SHOULD BE GRANTED.**

7      **A.  The Court Should Clarify That the Order Decertified the Classes.**

8      As the Motion explains, the Court may clarify its arbitration Order to reflect

9  the necessary implication of decertification given that the sole class representative

10 cannot litigate her claims. Mot. 14–15. Ms. Golikov argues in Opposition that the

11 claims of the classes persist even if the named representative can no longer represent

12 the class. Opp'n at 2–3. But (a) as explained *supra* at II.A., Ms. Golikov's claims

13 were *invalid from the start*, not mooted after the fact, and thus certification was not

14 proper in the first place; and (b) unlike the cases she points to, Ms. Golikov is

15 contractually prohibited from continuing given her agreement to arbitrate and the

16 class action waiver; thus, not "adequate." Opp'n 5.

17     **B.  The Court Should Decertify the Classes.**

18     Absent clarification, decertification offers the only proper path forward. In

19 Opposition, Ms. Golikov confuses the legal standard. But as the "party seeking to

20 maintain class certification," *Ms. Golikov* "bears the burden of demonstrating that

21 the Rule 23 requirements are satisfied, even on a motion to decertify." Mot. 16; *see*

22 *Lambert v. Nutraceutical Corp.*, 870 F.3d 1170, 1182 (9th Cir. 2017); *Marlo v.*

23 *UPS, Inc.*, 639 F.3d 942, 947 (9th Cir. 2011) ("as to the class-decertification issue[]

24 '[t]he party seeking class certification[,] bears the burden" of meeting Rule 23). She

25 cites district court cases that essentially disregard Ninth Circuit authority. Opp'n 8.

26     But even under her proposed legal standard, "decertification is warranted"

27 here because it *is* "tak[ing] place after some change, unforeseen at the time of class

28 certification, that makes alteration of the initial certification decision necessary." *In*

11

WALMART'S REPLY IN SUPPORT OF MOTION
TO CLARIFY, OR TO DECERTIFY CLASSES

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FL
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

*re Myford Touch Consumer Litig.*, 2018 WL 3646895, at *1 (N.D. Cal. Aug. 1, 2018). She pretends the recent arbitration Order does not matter because arbitration was raised generally in connection with the class certification *briefing*. But the class certification *order* did not mention, let alone decide, any arbitration-related issue. Dkt. 62. And the Court's Order finding arbitration and waiver fundamentally changes this case because (1) the sole class representative cannot litigate her claims in Court, (2) her circumstances are the same as an unknown number of class members, and only individualized inquiries resolve those fact-intensive issues.

### 1. Ms. Golikov Cannot Represent the Class.

Ms. Golikov does not claim that she is typical or adequate to represent the actual certified classes in this case, nor attempt to address the case law disqualifying class representatives differently situated from a class with respect to arbitration. Mot. 17–18. Rather, she asks to change the definition of the certified classes to include her. Opp'n 13. The Court should reject this request for the reasons above.

But redefinition would not solve the problem anyway. Even if the class is improperly redefined to those that made brick-and-mortar purchases, *Ms. Golikov's alleged claims are based solely on online purchases*, as the Court ruled. Order 3 ("In the FAC, Plaintiff consistently refers to her November 14, 2021 purchase of avocado oil. She does not mention or assert any claims based on any other purchases. . . . Plaintiff cannot retroactively base her claims on a different purchase that was never mentioned in the FAC."). She is subject to unique defenses: waiver and arbitration. *Williams v. Warner Music Grp. Corp.*, 848 F. App'x 284, 285 (9th Cir. 2021) (plaintiffs "atypical because two unique defenses applied").[3]

---

[3] Ms. Golikov cites *Johnson v. Walmart Inc.*, 57 F.4th 677 (9th Cir. 2023), for the proposition that the online terms do not apply to her in-store purchase of the same product. As explained in the motion to compel arbitration, Dkt. 72 at 5, 7–10, *Johnson* irrelevantly held that an arbitration agreement governing a purchase of a *product* (tires online) does not apply to a separate transaction for the *service* of that product (maintenance at a Walmart Auto Care Center)—a service governed by an entirely separate service agreement that lacked an arbitration agreement. *See*

WALMART'S REPLY IN SUPPORT OF MOTION
TO CLARIFY, OR TO DECERTIFY CLASSES

12

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FL
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

## 2. Class Counsel Cannot Represent the Class.

The Motion details that class counsel is inadequate where they make misrepresentations and attempt to represent disparate interests within the class. Mot. 18–21. Class counsel tries to explain away the confusion they caused by alleging Ms. Golikov made her purchase "from a Walmart store." Opp'n 13–14; FAC ¶ 6, 26. But the Court already determined she "did not indicate that she had purchased the avocado oil online," that the Complaints pleaded only one in-store purchase and could not proceed based on other purported purchases "that w[ere] never mentioned in the FAC," and Walmart was reasonable for presuming "that opposing counsel [wa]s not misrepresenting the facts." Order 3–4. Class counsel does *not* dispute they knew Ms. Golikov's purchase was made online before this case was filed, Dkt. 82-5 (receipt for online purchase printed days before filing of the Complaint), but continued asserting this fact was fairly conveyed by the allegation that the purchase was made "from a Walmart store." Dkt. 69 at 5–6. Class counsel digs an even deeper hole by suggesting that they "expressly characterized" her as both an online and in-store purchaser in their reply in support of the Motion for Class Certification. Opp'n 14. Yet, her class certification reply included only the argument that the online arbitration agreement and class waiver do not apply to in-store purchases, without acknowledging she bought online. Dkt. 51 at 6–7. The continued lack of candor further undermines adequacy.

The Opposition passively argues no conflict of interest exists between Ms.

---

*Johnson*, 57 F.4th at 683 ("Where two contracts are 'separate,' 'the lack of an arbitration clause means disputes over the agreement are not subject to arbitration.'"). Here, by contrast, the arbitration agreement indisputably applies to her purchase of Great Value Avocado Oil, the transaction for which arose from the same agreement containing the arbitration provision and class waiver. In ruling on the Motion, the Court rejected Ms. Golikov's arguments because, as explained above, she pleaded claims solely based on her online purchase, made under one contract and arbitration agreement. Order 3; *cf. Johnson*, 57 F.4th at 683 ("the proof Johnson requires to establish his underlying claim . . . depends exclusively on the terms of the Service Agreement," which lacked an arbitration agreement).

WALMART'S REPLY IN SUPPORT OF MOTION TO CLARIFY, OR TO DECERTIFY CLASSES

13

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FL
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

1  Golikov and remaining absent class members because "there can be no class claims
2  for online purchases." Opp'n 14. As predicted, class counsel throws online
3  purchasers—*including their own named-plaintiff client, Ms. Golikov*—overboard to
4  try to salvage the class action. Mot. 20. Class counsel ignores their duties to the
5  currently certified classes, and does not even pretend like they will look after their
6  interests (or make arguments on their behalf to seek to remain in this class action).

### 3.   Numerosity Is Not Met.

8  Ms. Golikov put no evidence before the Court regarding how many class
9  members purchased avocado oil exclusively from stores as opposed to online. Mot.
10 21. Ms. Golikov's Opposition merely restates the "evidence" submitted in
11 connection with the original Motion for Class Certification regarding *total* sales and
12 stores. Opp'n 14–15. But that says nothing about how many class members may
13 actually proceed in this case; she simply ignores the cases cited in Walmart's
14 Motion that explain counting disqualified class members with arbitration
15 agreements is insufficient to establish numerosity. Mot. 21.

### 4.   Commonality and Predominance Are Not Met.

17 The Motion collected cases finding no commonality or predominance when
18 individualized inquiries are necessary to determine whether class members agreed to
19 arbitrate or waive class treatment. Mot. 21–24. Ms. Golikov pretends these issues
20 were addressed in the original certification order. Opp'n 5. Although the parties
21 argued hypothetically about how the online arbitration agreement could apply, the
22 Court's order did not address the arbitration issues in any respect.
23 Ms. Golikov also argues that a redefined class—involving only in-store
24 purchasers—would solve the commonality and predominance problems. Opp'n 11.
25 ***The argument fails because in-store purchasers may still be bound by arbitration***
26 ***agreements and class action waivers.*** *First*, as explained in the Motion (and ignored
27 in the Opposition), in-store purchasers are required to arbitrate in many
28 circumstances, including if they used the Walmart Pay app. Mot. 22–23. The class

14

WALMART'S REPLY IN SUPPORT OF MOTION
TO CLARIFY, OR TO DECERTIFY CLASSES

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FL
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

1 may also include those, like Ms. Golikov, who purportedly purchased both in-store
2 and online, requiring factual determinations of purchase history and the extent to
3 which they are bound. *Second*, the Court would also have to determine, as to each
4 class member, who has standing to pursue their claims in Court and any other
5 individual defense each might have to arbitration. *Id. Third*, the delegation clause in
6 the arbitration agreements means an arbitrator likely must make these threshold
7 determinations. Mot. 23–24. Ms. Golikov does not even address delegation.

8      The Opposition does not otherwise address the issue of commonality or
9 predominance, relying only on Ms. Golikov's citations from class certification
10 involving discrete subsets of *absent* class members bound by arbitration, which
11 subsets (unlike here) may be excised from the broader class. No surprise. With the
12 inextricable mix of waiver- and arbitration-bound members within the class, the
13 substantial "[d]issimilarities within the proposed class" will "impede the generation
14 of common answers," *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011), as
15 the Court will have to determine whether each class member agreed to arbitration
16 and class waiver—whether through online purchase, online account creation, or use
17 of Walmart Pay when purchasing in a physical Walmart store. *Sanchez v. Valencia
18 Holding Co., LLC*, 61 Cal. 4th 889, 911 (Cal. 2015) (analysis of class waiver is
19 "highly dependent on context"); *Conde v. Sensa*, 2018 WL 4297056, at *10–11
20 (S.D. Cal. Sept. 10, 2018) (determination of "which of the class members may be
21 subject to the arbitration provision" defeats predominance).

22      **5.   Superiority Is Not Met.**

23      Last, Ms. Golikov does not address the cases finding lack of superiority based
24 on the need to sort individual arbitrability and class waiver issues. Mot. 24–25;
25 Opp'n 15. She points only to affirmative requests not properly before the Court.

26 Dated:  July 21, 2025                DAVIS WRIGHT TREMAINE LLP
27                                                       By: /s/ Jacob M. Harper
                                                      *For Defendant Walmart Inc.*
28

15

WALMART'S REPLY IN SUPPORT OF MOTION
TO CLARIFY, OR TO DECERTIFY CLASSES

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FL
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

## **CERTIFICATION**

The undersigned counsel of record for Walmart Inc. certifies that this brief contains 3,540 words, which complies with the word limit of L.R. 11-6.1 and the Court's Standing Order.

                                         /s/ Jacob M. Harper
                                             Jacob M. Harper

16

WALMART'S REPLY IN SUPPORT OF MOTION TO CLARIFY, OR TO DECERTIFY CLASSES

**DAVIS WRIGHT TREMAINE** LLP
350 SOUTH GRAND AVENUE, 27TH FL
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899