UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:24-cv-08211-RGK-MAR | Date | August 12, 2025 |
|---|---|---|---|
| Title | *Edie Golikov v. Walmart, Inc.* | | |

| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE | | |
|---|---|---|---|
| Joseph Remigio | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiff: | | Attorneys Present for Defendant: |
| Not Present | | Not Present |

**Proceedings:** (IN CHAMBERS) Order Re: Defendant's Motion to Decertify Class [DE 82]

## I.  INTRODUCTION

On December 30, 2024, Edie Golikov ("Plaintiff") filed her operative First Amended Class Action Complaint ("FAC") against Walmart Inc. ("Defendant"), asserting claims for violations of California's False Advertising Law, Consumer Legal Remedies Act, and Unfair Competition Law, as well as breach of express warranty, negligent misrepresentation, intentional misrepresentation, and quasi-contract. (ECF No. 31.) On February 27, 2025, the Court granted Plaintiff's Motion to Certify Class, with Plaintiff as the sole class representative. (ECF No. 62.) Discovery revealed that Plaintiff was subject to an arbitration agreement and class action waiver, and the Court granted Defendant's Motion to Compel Arbitration and Stay Proceedings. (ECF No. 81.)

Presently before the Court is Defendant's Motion to Decertify Class. (ECF No. 82.) For the following reasons, the Court **GRANTS** the Motion.

## II.  FACTUAL BACKGROUND

In her FAC, Plaintiff alleged that she purchased adulterated avocado oil from "a Walmart store" on November 14, 2021. (FAC ¶¶ 6, 26.) However, in her April 17, 2025 reply to Defendant's interrogatory, Plaintiff admitted that she had actually purchased the avocado oil from Walmart.com on November 14, 2021. (Harper Decl., Ex. B at 2, ECF No. 66-3.) By purchasing the avocado oil from Walmart.com, Plaintiff agreed to Defendant's terms of use, which includes an arbitration agreement and class action waiver. (Sahay Decl. ¶¶ 4–11, ECF No. 66-7.)

## III.  JUDICIAL STANDARD

"An order that grants or denies class certification may be altered or amended before final judgment." Fed. R. Civ. P. 23(c)(1)(C); *see also Rodriguez v. W. Publ'g Corp.*, 563 F.3d 948, 966 (9th

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:24-cv-08211-RGK-MAR | Date | August 12, 2025 |
|---|---|---|---|
| Title | *Edie Golikov v. Walmart, Inc.* | | |

Cir. 2009) ("A district court may decertify a class at any time."). A party seeking class certification bears the burden of demonstrating compliance with the class action requirements of numerosity, commonality, typicality, and adequate representation of the class interest, even on a motion to decertify a class. *Marlo v. United Parcel Serv., Inc.*, 639 F.3d 942, 946–47 (9th Cir. 2011). A court may also consider subsequent developments in the litigation after originally certifying the class. *Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 160 (1982).

### IV.     DISCUSSION

On February 27, 2025, the Court granted class certification based on claims that the putative class members had purchased adulterated avocado oil from Defendant's stores. Based on her allegations that she purchased the avocado oil from "a Walmart store" on November 14, 2021, Plaintiff was named the sole class representative. After the class was certified, however, it was revealed that when Plaintiff bought the avocado oil on November 14, 2021, she purchased it on Walmart.com and, in doing so, agreed to arbitration and a class action waiver. In her FAC, Plaintiff does not allege that she purchased avocado oil from Defendant on any other date. Accordingly, on June 10, 2025, the Court compelled Plaintiff to arbitrate her claims.

Presently before the Court is Defendant's Motion to Decertify Class. For the following reasons, the Court finds that Plaintiff never had a valid claim to represent the class in court, and the class should be decertified. Accordingly, the Court **GRANTS** Defendant's Motion.

#### A.     Class Requirements

Plaintiff bears the burden of demonstrating compliance with the class action requirements of numerosity, commonality, typicality, and adequate representation of the class interest. *See Marlo*, 639 F.3d at 946–47. Because the Court finds that Plaintiff has not met her burden of demonstrating typicality, the Court does not address the other three requirements.

Rule 23(a)(3) requires that the claims or defenses of the representative parties be typical of the claims or defenses of the class. Fed. R. Civ. P. 23(a)(3). Accordingly, when the named plaintiff is not subject to the same arbitration provisions as the unnamed plaintiffs, the typicality requirement fails. *Avilez v. Pinkerton Gov't Servs., Inc.*, 596 Fed. App'x 579, 579 (9th Cir. 2015).

In Plaintiff's Motion to Certify Class, she proposed that she would represent a class of unnamed plaintiffs who had purchased avocado oil from Defendant's stores. While there are presumably unnamed plaintiffs who purchased the avocado oil from brick-and-mortar stores, there is no allegation that Plaintiff is one of them. As explained above, Plaintiff alleged only that she purchased avocado oil on November 14, 2021. But as it turned out, this purchase was made online, pursuant to an arbitration agreement and class action waiver. As such, Plaintiff does not appear to belong to the certified class.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:24-cv-08211-RGK-MAR | Date | August 12, 2025 |
|---|---|---|---|
| Title | *Edie Golikov v. Walmart, Inc.* | | |

And further, even if Plaintiff did make other, in-store purchases of the avocado oil that might fall outside of that agreement and might qualify her as part of the class, she neglected to make any allegations about or assert any claims based on those purchases. Thus, Plaintiff does not fall within the certified class and therefore does not have any claims or defenses typical of the class.

Because Plaintiff, as the sole class representative, is atypical as to the unnamed plaintiffs, the Court finds that the class never should have been certified. The Court next considers whether another class representative may be substituted for Plaintiff.

**B.   Substitution**

When a district court requires class representatives to arbitrate their claims, it should also decertify the class. *Estrella v. Freedom Fin. Network LLC*, 2012 WL 214856, at *4–5 (N.D. Cal. Jan. 24, 2012).

Defendant argues that because the Court previously compelled Plaintiff to arbitration, the Court should now decertify the class. Plaintiff disagrees, arguing that pursuant to *Sosna v. Iowa* and its progeny, substitution is proper because Plaintiff's individual claims were merely rendered moot. 419 U.S. 393, 402 (1975) (allowing substitution because a controversy still exists "between a named defendant and a member of the class represented by the named plaintiff, even though the claim of the named plaintiff has become moot"); *see also Franks v. Bowman Transp. Co., Inc.*, 424 U.S. 747 (1976); *E. Tex. Motor Freight Sys. Inc. v. Rodriguez*, 431 U.S. 395 (1977); *Bates v. United Parcel Servs., Inc.*, 511 F.3d 974 (9th Cir. 2007).

Plaintiff misses the mark yet again. *Sosna* and its progeny only apply when the named plaintiff had a valid claim to begin with. *See Sosna*, 419 U.S. at 402 ("There must . . . be a named plaintiff who has such a case or controversy at the time the complaint is filed, and at the time the class action is certified by the District Court pursuant to Rule 23."); *see also Franks*, 424 U.S. at 753 (declaring that there had to have been a case or controversy for the class certification to have been proper); *E. Tex. Motor Freight Sys. Inc.*, 431 U.S. at 406 n.12 (allowing substitution only because the initial certification was "proper and decertification not appropriate"); *Bates*, 511 F.3d at 987 (holding that because the named plaintiff "had standing at the time of certification, which is the snapshot in time for determining initial standing," the class action was not moot, even if the named plaintiff's case was moot). That is not the case here, where Plaintiff was always bound by an arbitration agreement and class action waiver, and simply hid that fact from the Court until after the class had been certified.

Because from the onset of the litigation Plaintiff had been subject to the arbitration agreement and class action waiver, Plaintiff never had a valid claim arising out of her November 14, 2021 purchase of avocado oil. She was never eligible to represent the class before this Court, meaning the class was not duly certified. Accordingly, the class must be decertified.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

| Case No. | 2:24-cv-08211-RGK-MAR | Date | August 12, 2025 |
|---|---|---|---|
| Title | *Edie Golikov v. Walmart, Inc.* | | |

**V.      CONCLUSION**

For the foregoing reasons, the Court **GRANTS** Defendant's Motion to Decertify Class.

**IT IS SO ORDERED.**

|  | : |  |
|---|---|---|
| Initials of Preparer | | JRE/gz |