JACOB M. HARPER (State Bar No. 259463)
    jacobharper@dwt.com
JAMES H. MOON (State Bar No. 268215)
    jamesmoon@dwt.com
HEATHER F. CANNER (State Bar No. 292837)
    heathercanner@dwt.com
JOSEPH ELIE-MEYERS (State Bar No. 325183)
    josepheliemeyers@dwt.com
DAVIS WRIGHT TREMAINE LLP
350 South Grand Avenue, 27th Floor
Los Angeles, California 90071
Telephone: (213) 633-6800
Fax: (213) 633-6899

Attorneys for Defendant
WALMART INC.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## WESTERN DIVISION

| | |
|---|---|
| EDIE GOLIKOV, individually and on behalf of all others similarly situated,<br><br>          Plaintiff,<br><br>     v.<br><br>WALMART INC.,<br><br>          Defendant. | Case No. 2:24-CV-08211-RGK-MAR<br><br>Assigned to Honorable R. Gary Klausner<br><br>**DEFENDANT WALMART INC.'S MOTION FOR SANCTIONS PURSUANT TO 28 U.S.C. § 1927 AND THE COURT'S INHERENT AUTHORITY; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Date:   November 3, 2025<br>Time:  9:00 a.m.<br>Ctrm.:  850<br><br>Action Filed: September 24, 2024 |

WALMART'S MOTION FOR SANCTIONS

**DAVIS WRIGHT TREMAINE** LLP
350 SOUTH GRAND AVENUE, 27TH FL
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

## NOTICE OF MOTION AND MOTION

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on November 3, 2025 or as soon thereafter as the matter may be heard before the Honorable R. Gary Klausner of the above-titled Court, located at 255 East Temple Street, Los Angeles, CA 90012, Courtroom 850, 8th Floor, defendant Walmart Inc. (Walmart) will and hereby does move this Court for an order finding that sanctions in the form of attorney's fees is warranted against plaintiff Edie Golikov; and her counsel, Dovel & Luner LLP, including partners Richard Lyon and Christin Cho. Per practice in the Ninth Circuit, Walmart first moves for an order that sanctions is warranted in the form of attorney's fees, and if and when the Court issues that order, Walmart will submit a supplemental brief setting forth the specific amount of reasonable attorney's fees sought.

Walmart's Motion is made on the grounds that it is entitled to sanctions in the form of attorney's fees (1) pursuant to 28 U.S.C. § 1927 against Mr. Lyon and Ms. Cho, jointly and severally for unreasonably and vexatiously multiplying proceedings in bad faith; and (2) under the Court's inherent authority against Plaintiff Edie Golikov, her counsel Mr. Lyon and Ms. Cho, and counsel's firm Dovel & Luner LLP, jointly and severally, based on their bad faith. Sanctions under both 28 U.S.C. § 1927 and the Court's inherent authority are justified by the same actions: Counsel concealed the dispositive fact that Plaintiff made her single alleged purchase of the Great Value Avocado Oil online through Walmart.com (rather than in a store, as falsely alleged), and in doing so entered into a binding arbitration agreement and class action waiver. Ms. Golikov and her counsel unreasonably and vexatiously multiplied the proceedings by their concealment, as the case should have never proceeded beyond an initial complaint. Walmart seeks approximately $545,000 in fees to cover the unnecessary litigation costs imposed on Walmart by Plaintiff and her counsel as a result of hiding that her alleged November 14, 2021 purchase was online, including the costs of discovery; opposing class certification;

WALMART'S MOTION FOR SANCTIONS

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FL
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

petitioning for review of the class certification order pursuant to Rule 23(f); moving to dismiss the complaints; and moving to decertify the improvidently certified class.

Walmart thus seeks an order finding that sanctions in the form of attorney's fees is warranted, and directing Walmart to provide a supplemental brief setting forth the specific reasonable attorney's fees.

This Motion is based on this Notice of Motion and Motion, the attached Memorandum of Points and Authorities, the Declaration of Jacob M. Harper, all other pleadings and papers on file in this action, any oral argument at the hearing on the Motion, and any further matters of which this Court may take judicial notice.

This Motion is made following the conference of counsel pursuant to Local Rule 7-3, which took place between August 28, 2025 and September 28, 2025, as detailed in the concurrently-filed Declaration of Jacob M. Harper.

DATED:  September 29, 2025

DAVIS WRIGHT TREMAINE LLP

By: /s/ Jacob M. Harper
Jacob M. Harper

*Attorneys for Defendant Walmart Inc.*

# TABLE OF CONTENTS

**Page**

I. INTRODUCTION ................................................................................. 1

II. FACTUAL BACKGROUND ................................................................ 3

    A. Ms. Golikov Sues Walmart Based on Allegations of In-Store Purchase, Despite Knowing Her Purchase Was Made Online. ............................ 3

    B. The Court and Walmart Rely on Ms. Golikov's "From a Walmart Store" Pleading to Their Detriment. ................................................. 4

        1. The Court Issues Orders Requiring Litigation. ......................... 4

        2. Walmart Incurs Significant Costs Pursuing Litigation for Her Purchase "From a Store." ................................................ 5

    C. Based on Ms. Golikov's Late Disclosure, the Court Compels Arbitration and Decertifies the Class. .......................................... 8

        1. The Court Grants Walmart's Motion to Compel Arbitration. ............................................................................ 8

        2. The Court Grants Walmart's Motion to Decertify the Class. ...................................................................................... 9

III. THE COURT SHOULD AWARD ATTORNEY'S FEES ..................... 9

    A. Legal Standard. ...................................................................... 10

    B. Sanctions Are Warranted Under § 1927 and the Court's Inherent Power. ................................................................................... 10

        1. Plaintiff Acted In Bad Faith. .................................................. 11

        2. Plaintiff Unreasonably and Vexatiously Multiplied Proceedings. ......................................................................... 17

    C. Walmart is Entitled to Fees For All Unnecessary Litigation Expenses. ............................................................................... 18

WALMART'S MOTION FOR SANCTIONS

**DAVIS WRIGHT TREMAINE** LLP
350 SOUTH GRAND AVENUE, 27TH FL
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*AECOM Energy & Constr., Inc. v. Topolewski*,
  2022 WL 1469501 (C.D. Cal. May 9, 2022), *aff'd*, 2023 WL 6058825 (9th
  Cir. Sept. 18, 2023) ............................................................................................... 3

*AECOM Energy v. Constr., Inc. v. Topolewski*,
  2022 WL 595937 (C.D. Cal. Feb. 25, 2022) ........................................................ 3

*B.K.B. v. Maui Police Dep't*,
  276 F.3d 1091 (9th Cir. 2002), *abrogated on other grounds by Fort Bend
  Cnty v. Davis*, 587 U.S. 541 (2019) .................................................................... 11

*Blixseth v.Yellowstone Mountain Club, LLC*,
  854 F.3d 626 (9th Cir. 2017) .............................................................................. 10

*Chambers v. NASCO, Inc.*,
  501 U.S. 32 (1991) .............................................................................................. 10

*Chateau des Charmes Wines Ltd. v. Sabate USA, Inc.*,
  2005 WL 1528703 (N.D. Cal. June 29, 2005) .................................................... 12

*Cinquini v. Donohue*,
  1996 WL 79822 (N.D. Cal. Feb. 8, 1996) ........................................................... 11

*Edwards v. Vemma Nutrition*,
  835 F. App'x 174 (9th Cir. 2020) ....................................................................... 16

*Fink v. Gomez*,
  239 F.3d 989 (9th Cir. 2001) ........................................................................ 11, 14

*Gonick v. Drexel Burnham Lambert, Inc.*,
  711 F. Supp. 981 (N.D. Cal. 1988) ..................................................................... 15

*Hardeman v. Monsanto Co.*,
  833 F. App'x 92 (9th Cir. 2020) ......................................................................... 14

*Harter v. Iowa Grain Co.*,
  202 F.3d 273 (7th Cir. 1998) .............................................................................. 16

*Hunt v. Moore Bros., Inc.*,
  861 F.3d 655 (7th Cir. 2017) .............................................................................. 15

WALMART'S MOTION FOR SANCTIONS

**DAVIS WRIGHT TREMAINE** LLP
350 SOUTH GRAND AVENUE, 27TH FL
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

*Koji IP, LLC v. Renesas Elecs. Am., Inc.*,
   2025 WL 980796 (N.D. Cal. Mar. 31, 2025) ...................................................... 18

*Lahiri v. Universal Music & Video Distrib. Corp.*,
   606 F.3d 1216 (9th Cir. 2010) ................................................................. 10, 12

*Lake v. Gates*,
   130 F.4th 1064 (9th Cir. 2025) ........................................................................ 10

*Lu v. United States*,
   921 F.3d 850 (9th Cir. 2019) ........................................................................... 18

*Maynez v. Walmart, Inc.*,
   479 F. Supp. 3d 890 (C.D. Cal. 2020) ............................................................. 15

*Multiband Corp. v. Block*,
   2012 WL 1843261 (E.D. Mich. May 21, 2012) ............................................... 16

*New Alaska Dev. Corp. v. Guetschow*,
   869 F.2d 1298 (9th Cir. 1989) ........................................................................ 14

*Parrott v. Corley*,
   266 F. App'x 412 (6th Cir. 2008) .................................................................... 16

*Townsend v. Holman Consulting Corp.*,
   929 F.2d 1358 (9th Cir. 1990) ........................................................................ 14

*Trulis v. Barton*,
   107 F.3d 685 (9th Cir. 1995) ..................................................................... 12, 13

*Van Scoy v. Shell Oil Co.*,
   11 F. App'x 847 (9th Cir. 2001) ..................................................................... 12

*W. Coast Theater Corp. v. City of Portland*,
   897 F.2d 1519 (9th Cir. 1990) ........................................................................ 14

**Statutes**

28 U.S.C. § 1927 ............................................................................................. *passim*

**Rules**

C.D. Cal. Loc. R. 7-3 ..................................................................................... 5, 8, 9

C.D. Cal. Loc. R. 37-2 ..................................................................................... 7, 17

WALMART'S MOTION FOR SANCTIONS

**DAVIS WRIGHT TREMAINE** LLP
350 SOUTH GRAND AVENUE, 27TH FL
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

1

Fed. R. Civ. P. 23(b)(2) ........................................................................ 6

2

Fed. R. Civ. P. 23(b)(3) ........................................................................ 6

3

Fed. R. Civ. P. 23(f)................................................................... 5, 6, 17, 18

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

vi

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FL
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

## <u>MEMORANDUM OF POINTS AND AUTHORITIES</u>

## I.   INTRODUCTION

For nearly seven months, plaintiff Edie Golikov and her counsel (Christin Cho and Richard Lyon of Dovel & Luner LLP) misled the Court and defendant Walmart Inc. about a critical and dispositive fact:  Ms. Golikov made her sole alleged purchase of Great Value Avocado Oil not in a Walmart store as they alleged, but on Walmart.com.  Despite printing out an invoice unequivocally establishing her purchase was made online (and doing so just days before filing her complaint), Ms. Golikov and her counsel repeatedly and falsely alleged that she made this purchase in a Walmart store, while—as this Court found—they "hid th[e] fact" that the purchase was made online "from the Court [and Walmart] until after the class had been certified" months later, Dkt. 92. at 3.  In doing so, Ms. Golikov and her counsel were able to sidestep a class waiver and arbitration agreement that should have foreclosed this class action—and *would* have, as this Court eventually found— before it began in earnest.

The misrepresentation succeeded—at least at first.  Instead of moving to compel arbitration while the case was in its infancy (and eliminating class litigation from the start), Walmart was forced to defend this case as (falsely) pleaded:  a full-blown class action before this Court.  This unreasonably and vexatiously extended litigation that should have been cut short at the pleading stage, because in purchasing the Great Value Avocado Oil on Walmart.com, Ms. Golikov also entered into a binding arbitration agreement and class action waiver that would have barred essentially all subsequent litigation in this case.

Sanctions are warranted and necessary for Ms. Golikov and her counsel's blatant misconduct, which imposed significant litigation costs on Walmart.  And they are plainly authorized under 28 U.S.C. § 1927 and the Court's inherent authority, which allow the Court to award sanctions for precisely the misconduct present here:  litigating with knowledge or reckless disregard of dispositive facts

WALMART'S MOTION FOR SANCTIONS

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FL
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

1   frivolously or for an improper purpose, and unreasonably and vexatiously

2   multiplying proceedings.

3        At all times during this litigation—and at least five days before filing the

4   opening Complaint when they printed out the receipt confirming her alleged

5   purchase was online—Ms. Golikov and her counsel knew or recklessly disregarded

6   that she made her purchase online.  They cannot credibly claim this is a mere

7   oversight, as counsel hold themselves out as "excellent lawyer[s] [] with the highest

8   skill levels" who "isolate, dissect, and analyze" every "premise" in their filings—

9   including their repeated, false premise that the November 14, 2021 purchase was

10  made from a store.[1]  They concealed these facts for months, instead alleging she

11  purchased in a Walmart store, to gain a tactical advantage and prolong litigation in

12  this court, including by pursuing class claims and seeking individual and class-wide

13  discovery that Ms. Golikov had waived any right to obtain.

14       Indeed, they did not reveal this fact until *after* overcoming a motion to

15  dismiss, obtaining class certification based on false pretenses, and engaging in

16  significant discovery—and forcing Walmart to litigate the same.  Further, in

17  response to Walmart's motion to compel, Ms. Golikov and her counsel did not

18  dispute that she agreed to the arbitration agreement, or that it was enforceable;

19  instead, they tried to take further advantage of their wrongdoing by claiming

20  Walmart delayed during the period she concealed her arbitration agreement from

21  Walmart and the Court.  But as the Court found in compelling her claims to

22  arbitration, Ms. Golikov "was always bound by an arbitration agreement and class

23  action wavier, and simply hid that fact from the Court until after the class had been

24  certified."  Dkt. 92 at 3.

25       Once Ms. Golikov's purchase came to light, the Court correctly and

26  expeditiously unwound the rulings it had made in her favor on the basis of her

27

28  _____
    [1] https://www.dovel.com/; https://www.dovel.com/how-we-win/?deep-analysis;
    https://www.dovel.com/our-team/

WALMART'S MOTION FOR SANCTIONS

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FL
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

1  misrepresentations, by compelling arbitration, staying the action, and decertifying

2  the class.  Dkts. 81, 92.  In doing so, the Court held that Ms. Golikov "never had a

3  valid claim" and "was never eligible to represent" the plaintiff class before this

4  Court, Dkt. 92 at 3, confirming that essentially all of the litigation costs she imposed

5  on Walmart were unnecessary.  The final step is to make Walmart whole for the

6  costs that Ms. Golikov and her counsel imposed by their misconduct.  The Court

7  should award sanctions against Ms. Golikov and her counsel under § 1927 and its

8  inherent power.[2]

9  **II.    FACTUAL BACKGROUND**

10 **A.    Ms. Golikov Sues Walmart Based on Allegations of In-Store Purchase,**

11 **Despite Knowing Her Purchase Was Made Online.**

12         Ms. Golikov filed this lawsuit on September 24, 2024.  Dkt. 1 (Compl.).  In

13 her initial Complaint, she alleged that "[o]n November 14, 2021, Plaintiff Edie

14 Golikov purchased a bottle of Great Value Refined Avocado Oil from a Walmart

15 store while living in Tarzana, California."  Compl. ¶¶ 6, 26.  The Complaint was

16 signed by her attorney, Christin Cho of Dovel & Luner LLP.  *Id.* at 18.  On

17 December 30, 2024, Ms. Golikov filed her First Amended Complaint, which also

18 alleged that on November 14, 2021, she purchased a bottle of Great Value Refined

19 Avocado Oil "from a Walmart store while living in Tarzana, California."  Dkt. 31

20 ¶¶ 6, 26 (FAC).  The FAC was signed by Ms. Golikov's counsel, Richard Lyon, also

21 of Dovel & Luner LLP.  *Id.* at 20.

22

23 ────────────
[2] Per standard practice in the Ninth Circuit, Walmart moves for an order finding
24 sanctions are warranted, and if and when the Court issues such order, will "provide
supplemental briefing to establish the amount of reasonable attorneys' fees and
25 costs."  *AECOM Energy v. Constr., Inc. v. Topolewski*, 2022 WL 595937, at *14
(C.D. Cal. Feb. 25, 2022) (finding monetary sanctions warranted under inherent
26 authority, and ordering supplemental briefing as to fee amount); *AECOM Energy &*
*Constr., Inc. v. Topolewski*, 2022 WL 1469501 (C.D. Cal. May 9, 2022), *aff'd*, 2023
27 WL 6058825 (9th Cir. Sept. 18, 2023) (awarding attorney's fees after supplemental
28 briefing).

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FL
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

On March 18, 2025, Walmart served interrogatories regarding Ms. Golikov's purchase of the Avocado Oil.  Harper Decl. ¶ 2 & Ex. A.  In her April 17, 2025 response to Walmart's interrogatories, Ms. Golikov revealed for the first time that she used a Walmart.com "online account on November 14, 2021 to purchase [the oil]" from the Walmart website, and not from a Walmart store, as she had alleged. Dkt. 81 at 1; Harper Decl. ¶ 3 & Ex. B at 16.

She later produced, in response to Walmart's requests for production, an invoice printed on September 19, 2024—five days before the opening Complaint was filed on September 24, 2024—showing the sole pleaded purchase of avocado oil was made online on Walmart.com, and not in a Walmart store.  *See* Harper Decl. ¶ 5 & Ex. D.

**B.     The Court and Walmart Rely on Ms. Golikov's "From a Walmart Store" Pleading to Their Detriment.**

**1.     The Court Issues Orders Requiring Litigation.**

Relying on Ms. Golikov's allegation that she purchased avocado oil "from a Walmart store," the Court issued multiple orders that required Walmart to undertake significant litigation.

*First*, the Court denied Walmart's motion to dismiss, allowing Ms. Golikov's claims to proceed notwithstanding the false premise that her pleaded purchase occurred in-store.  Dkt. 63.  With full knowledge that claims arising from her online purchase were subject to arbitration, Ms. Golikov and her counsel nevertheless required Walmart to research and draft a motion to dismiss, research a response to her opposition, and prepare a reply brief—efforts that consumed substantial attorney time and resources despite the fact that the case did not belong in court at all.

*Second*, the Court certified both an injunctive-relief class and a damages class, naming Ms. Golikov the sole representative "[b]ased on her allegations that she purchased the avocado oil from 'a Walmart store.'"  Dkt. 62; Dkt. 92 at 2.  With full knowledge that her only pleaded purchase was made online, and she had agreed

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FL
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

to a class action waiver, Ms. Golikov nevertheless sought and obtained appointment
as the sole representative of classes defined around in-store purchases, Dkt. 92 at 2,
forcing Walmart to incur the expense of opposing certification despite her claims
being atypical from the outset.  Walmart also pursued an interlocutory appeal under
Rule 23(f).

### 2. Walmart Incurs Significant Costs Pursuing Litigation for Her Purchase "From a Store."

The Court's orders and Walmart's reliance on Ms. Golikov's false assertions
resulted in significant unnecessary litigation and costs.

### a. *Motion to Dismiss*

Walmart was required to defend against Ms. Golikov's claims by filing a
motion to dismiss.  Dkt. 24.  Preparing this motion required Walmart to research the
legal sufficiency of Ms. Golikov's allegations, draft and file the opening and reply
briefs, and confer with Ms. Golikov's counsel pursuant to Local Rule 7-3—all under
the false premise that her purchase occurred in-store, rather than online, and
therefore was not subject to dispositive defenses such as arbitration or a class action
waiver.  Before the Court ruled, however, Ms. Golikov filed a First Amended
Complaint, and the Court denied as moot Walmart's motion.  Dkt. 34.

Walmart then was forced to repeat the process of conferring, analyzing, and
responding to Ms. Golikov's new pleading by filing a renewed motion to dismiss.
Dkt. 37.  The Court ultimately denied the renewed motion in large part, allowing
Ms. Golikov's claims to continue.  Dkt. 63.

### b. *Opposing Class Certification*

Ms. Golikov moved for class certification January 8, 2025, despite being
bound by an arbitration agreement and class action waiver.  Dkt. 33, 36.  Walmart
was required to confer with her counsel pursuant to Local Rule 7-3, and then to
prepare and file an opposition.  Dkt. 53.  Walmart reviewed and analyzed the motion
and supporting documents, prepared for and attempted to depose witnesses,

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FL
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

marshalled evidence demonstrating the individualized issues that defeated certification, researched and drafted the opposition brief. Harper Decl. ¶ 8. The Court granted the motion on February 27, 2025, certifying two classes: (a) a Rule 23(b)(2) injunctive relief class, and (b) a Rule 23(b)(3) damages class. Dkt. 62. The Court named Ms. Golikov as the sole class representative "[b]ased on her allegations that she purchased the avocado oil from 'a Walmart store.'" Dkt. 92 at 2.

Walmart also incurred significant costs in preparing and filing a petition for interlocutory review of the Court's class certification order under Rule 23(f) in the Ninth Circuit on March 13, 2025. No. 25-1685 (9th Cir.); Harper Decl. ¶ 8. Walmart later voluntarily dismissed the Rule 23(f) petition after this Court decertified the plaintiff classes.

### c. *Costs Of Discovery*

On February 10, 2025, the Court issued a Scheduling Order, Dkt. 57, requiring Walmart to respond to the amended pleadings by March 30 and the parties to complete fact and expert discovery by June 24. Walmart was thus required to expend significant resources engaging in discovery to prepare for summary judgment, trial, and to seek decertification of the class.

Walmart expended substantial time and resources, including interrupting its business operations, to respond to Ms. Golikov's individual and class discovery. Walmart:

- Drafted objections and responses to Ms. Golikov's January 2 requests for production and interrogatories. Harper Decl. ¶ 9(a).
- Interviewed approximately a dozen custodians to identify responsive records and information for Ms. Golikov's requests. *Id.* ¶ 9(b).
- Collected records from approximately a dozen custodians, as well as non-custodial records, and processed those records to a review database. *Id.* ¶ 9(c).

WALMART'S MOTION FOR SANCTIONS

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FL
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

1    • Had a dedicated team of attorneys review thousands of records to

2        identify responsive documents to Ms. Golikov's requests.  *Id.* ¶ 9(d).

3    • Conferred with Ms. Golikov's counsel in writing and by phone

4        regarding Walmart's written discovery responses, and prepared

5        supplemental discovery responses.  *Id.* ¶ 9(e).

6    • Negotiated a stipulated protective order.  *Id*. ¶ 9(f).

7    • Conferred on and prepared a motion to quash Ms. Golikov's improper

8        Rule 30(b)(6) notice (not filed due to the order compelling arbitration).

9        *Id*. ¶ 9(g).

10       Walmart also undertook affirmative discovery of the claims, its defenses, and

11   class certification—nearly all of which was met with baseless objections.  Walmart:

12   • Noticed Ms. Golikov's deposition on three occasions: January 10,

13       March 28, and May 23.  Harper Decl. ¶ 10(a).  She never sat for

14       deposition.  *Id*.

15   • Drafted and served a first set of requests for production on Ms. Golikov

16       on January 23.  *Id.* ¶ 10(b).

17   • Moved to compel.  While Ms. Golikov represented in her responses

18       that she would provide the documents requested in Walmart's first set

19       of document requests, she never did, forcing Walmart to engage in

20       significant conferral efforts, and then research and draft a lengthy (over

21       100 pages) Joint Stipulation to compel the records pursuant to Local

22       Rule 37-2.  Dkt. 71; Harper Decl. ¶ 10(c).

23   • Served three subpoenas on Ms. Golikov's counsel, Mr. Rick Lyon,

24       including document and deposition subpoenas, regarding his expert

25       testimony in support of the class certification motion.  Harper Decl.

26       ¶ 10(d).

27

28

WALMART'S MOTION FOR SANCTIONS

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FL
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

- Served a first set of interrogatories on Ms. Golikov on March 18, and a second set of interrogatories and document requests on March 28.  *Id.* ¶ 2, 10(e).

- Drafted document requests and served deposition subpoenas in January 2025 on the two experts Ms. Golikov relied upon for class certification, Thomas Maronick and Ceutical Labs/Courtland Imel.  *Id.* ¶ 10(f).  They failed to appear at the noticed depositions.  *Id.*

**C.    Based on Ms. Golikov's Late Disclosure, the Court Compels Arbitration and Decertifies the Class.**

      **1.    The Court Grants Walmart's Motion to Compel Arbitration.**

After Ms. Golikov disclosed that the November 14, 2021 purchase on which she based her claim was in fact made on the Walmart website—not from a Walmart store as alleged—Walmart confirmed that Ms. Golikov had used the Walmart.com website for at least 11 purchases of Great Value Avocado Oil.  *See* Dkt. 66-7 ¶ 3. Each time, Ms. Golikov agreed to Walmart.com's Terms of Use.  *Id.* ¶¶ 4–11; Dkt. 66-8 ¶ 3 & Dkt. 66-9 at 1.

Walmart promptly moved to enforce the Terms' arbitration agreement and class action waiver.  *See* Dkt. 66.  Consistent with Local Rule 7-3, Walmart conferred with Ms. Golikov's counsel prior to filing its motion, and advised that Ms. Golikov's online purchase rendered her claims subject to arbitration and barred her from proceeding as part of a class action.  Harper Decl. ¶ 6.  Ms. Golikov and her counsel nevertheless opposed Walmart's motion, principally arguing that Walmart had waived its right to compel arbitration, relying on the time period during which Ms. Golikov and her counsel hid her online purchase.  Dkt. 69 at 4–7.

The Court granted Walmart's Motion to Compel Arbitration on June 10, 2025.  Dkt. 81.  The Court held that Ms. Golikov's online purchase—the only purchase pleaded in the First Amended Complaint—is subject to the arbitration agreement and class action waiver contained in the Terms of Use, that Ms.

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FL
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

1  Golikov's allegations were not reasonably interpretable as alleging an in-store

2  purchase, and Walmart was entitled to rely on Ms. Golikov's counsel "not

3  misrepresenting the facts."  *Id.* at 1–4.

4         **2.      The Court Grants Walmart's Motion to Decertify the Class.**

5         Based on the Court's order compelling arbitration and vacating all pending

6  proceedings, Walmart moved for clarification that the class had been decertified—

7  or, in the alternative, for decertification—because Ms. Golikov's only pleaded

8  purchase was online and thus subject to arbitration and a class action waiver.  Dkt.

9  82.  Consistent with Local Rule 7-3, Walmart again conferred with Ms. Golikov's

10  counsel before filing, and explained that her concealment of her online purchase

11  meant she never had a viable claim to pursue on behalf of a class.  *Id.* at 3; Dkt. 82-1

12  ¶ 7.  Ms. Golikov and her counsel again opposed.  Dkt. 86.

13        The Court granted Walmart's motion on August 12, 2025.  Dkt. 92.  The

14  Court ruled that because Ms. Golikov's sole alleged purchase actually occurred on

15  Walmart.com, she was not part of the certified class.  *Id.* at 2–3.  The Court further

16  held that because Ms. Golikov, the sole class representative, "never had a valid

17  claim arising out of her November 14, 2021 purchase of avocado oil" to begin with

18  she therefore "was never eligible to represent the Class before this Court."  *Id.* at 3.

19        The Court also denied Ms. Golikov's request to substitute a new named

20  plaintiff, holding she "was always bound by an arbitration agreement and class

21  action waiver, and simply hid that fact from the Court until after the class had been

22  certified."  *Id.* at 3.

23  **III.   THE COURT SHOULD AWARD ATTORNEY'S FEES**

24        28 U.S.C. § 1927 and the Court's inherent authority authorize the award of

25  attorney's fees to Walmart here, where Ms. Golikov and her counsel falsely pleaded

26  and concealed a critical fact that significantly multiplied proceedings.  As this Court

27  has recognized, Ms. Golikov was all times during this litigation "bound by an

28  arbitration agreement and class action waiver."  Dkt. 92 at 3.  She thus "*never* had a

9

WALMART'S MOTION FOR SANCTIONS

valid claim arising out of her November 14, 2021 purchase of avocado oil" and "was *never* eligible to represent the Class before this Court." *Id.* (emphasis added). By hiding that her alleged purchase was online—despite having printed a receipt days before filing the opening Complaint showing the pleaded purchase was online and thus subject to arbitration—Ms. Golikov and her counsel set in motion and maintained expensive and costly litigation that could and should have been avoided by arbitration. Fees are warranted for this knowing or reckless misrepresentation, which dramatically multiplied proceedings at significant cost to Walmart.

## A.    Legal Standard.

Courts have discretion under both § 1927 and their inherent power to assess attorney's fees as sanctions for litigation misconduct. *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 45 (1991) (addressing "court's inherent power" to award fees for attorney and party misconduct); *Blixseth v.Yellowstone Mountain Club, LLC*, 854 F.3d 626, 631 (9th Cir. 2017) (§ 1927 deters attorney misconduct and its purpose is "to compensate victims of [an] attorney's malfeasance").

Under § 1927, "[a]ny attorney … who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." Courts impose § 1927 sanctions where counsel unreasonably and vexatiously multiplied the proceedings by conduct was undertaken in bad faith. *Lake v. Gates*, 130 F.4th 1064, 1070–71 (9th Cir. 2025). Similarly, courts  impose sanctions under their inherent authority upon a finding of bad faith or conduct "tantamount to bad faith." *Lahiri v. Universal Music & Video Distrib. Corp.*, 606 F.3d 1216, 1218–19 (9th Cir. 2010).

## B.    Sanctions Are Warranted Under § 1927 and the Court's Inherent Power.

Ms. Golikov and her counsel's conduct qualifies for sanctions under both § 1927 and the Court's inherent authority. First, they acted in bad faith by (a) knowingly or recklessly making frivolous arguments in disregard of dispositive

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FL
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

facts and/or (b) doing so for the improper purpose of prolonging proceedings and gaining a tactical advantage, with the benefit of avoiding arbitration and evading a class action waiver.  Second, they unreasonably and vexatiously multiplied proceedings under § 1927 by forcing Walmart to needlessly litigate for months, which also required this Court to needlessly issue (and then unwind) multiple orders.  While both bad faith and multiplication of proceedings are required for § 1927 sanctions, the Court need only find bad faith to issue sanctions under its inherent authority.  The evidence exceeds these standards here.

### 1.    Plaintiff Acted In Bad Faith.

First, there is little question that Ms. Golikov and her counsel acted in bad faith.  For sanctions under both § 1927 and the Court's inherent authority, "bad faith" is satisfied when counsel (a) knowingly or recklessly raises a frivolous argument *or* (b) makes a meritorious claims for an improper purpose.  *B.K.B. v. Maui Police Dep't*, 276 F.3d 1091, 1107 (9th Cir. 2002), *abrogated on other grounds by Fort Bend Cnty v. Davis*, 587 U.S. 541 (2019) (reckless introduction of inadmissible evidence tantamount to bad faith justifying sanctions under § 1927 and inherent power).  "Sanctions are available for a variety of types of willful actions, including recklessness when combined with an additional factor such as frivolousness, harassment, or an improper purpose."  *Fink v. Gomez,* 239 F.3d 989, 993–94 (9th Cir. 2001) (reckless misstatements of law and fact, combined with an improper purpose, sanctionable under court's inherent power).  Further, bad faith "may be inferred from a totally baseless course of conduct."  *Cinquini v. Donohue,* 1996 WL 79822, at *8 (N.D. Cal. Feb. 8, 1996).

Here, as detailed below, Ms. Golikov and her counsel's conduct demonstrates bad faith in two ways: (1) they knowingly and frivolously pleaded that her sole alleged purchase was made from a Walmart store, concealing that her purchase was made online and thus subject to arbitration and class waiver; and (2) they made the allegations and representations with an improper purpose.

WALMART'S MOTION FOR SANCTIONS

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FL
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

a.   *Ms. Golikov and counsel acted with reckless disregard of dispositive facts*

This Court already found that Ms. Golikov "was always bound by an arbitration agreement and class action wavier, and simply hid that fact from the Court until after the class had been certified." Dkt. 92 at 3. That finding alone is enough to find Ms. Golikov and her counsel acted in bad faith and award sanctions.

"When an attorney knowingly or recklessly misrepresents facts to a court, sanctions are appropriate under § 1927." *Chateau des Charmes Wines Ltd. v. Sabate USA, Inc.*, 2005 WL 1528703, at *2 (N.D. Cal. June 29, 2005). The Ninth Circuit has consistently affirmed sanctions where attorneys pursued claims despite facts or agreements that foreclosed relief. *See Trulis v. Barton*, 107 F.3d 685, 692 (9th Cir. 1995) (reversing where sanctions warranted for maintaining suit after confirmation of a bankruptcy plan that extinguished claims); *Lahiri*, 606 F.3d at 1222 (affirming sanctions where attorney mischaracterized agreements and pursued meritless copyright claim despite having no valid copyright interest in the work at issue); *Van Scoy v. Shell Oil Co.*, 11 F. App'x 847, 852 (9th Cir. 2001) (sanctions warranted where counsel filed motions despite claims being barred by res judicata and collateral estoppel).

Ms. Golikov and her counsel recklessly and repeatedly misrepresented the key, material fact that her single alleged purchase was from a Walmart store— hiding that her purchase was online and her claims were thus subject to arbitration and a class waiver. Indeed, Ms. Golikov and her counsel cannot credibly dispute that they knew ***before*** filing the initial complaint that her alleged purchase was made from Walmart.com and not a store. Just five days before filing the initial complaint, on September 19, 2024, they printed an invoice showing the sole pleaded purchase of avocado oil was made on Walmart.com, and not in a Walmart store. *See* Harper Decl. ¶ 5 & Ex. D. Ms. Golikov's counsel, Mr. Lyon and Ms. Cho, both partners at Dovel & Luner, cannot credibly claim this was an oversight, or they were unaware

of the true facts and evidence—their firm promises its lawyers are "the best of the best," an "elite 'special forces' teams of attorneys,"[3] who "isolate, dissect, and analyze" each "litigation task" "from drafting the complaint … to trial"[4]; they "have only excellent lawyers" and "require[] that each task and each decision come from an excellent lawyer [] with the highest skill levels."[5]  *See Trulis*, 107 F.3d at 692 ("These violations did not arise from a sole practitioner's inexperience, but are the product of lawyers practicing at large, well-equipped law firms.").  Both Ms. Cho and Mr. Lyon graduated from top-tier law schools and have practiced for over 20 years.[6]  This record leaves only one reasonable inference: Ms. Golikov and her counsel *knowingly* (or, at a minimum, recklessly) made the false allegation that she made her November 14, 2021 purchase from a Walmart "store," and not Walmart.com, in the opening Complaint, and then repeated them in the FAC (among other filings).  Compl. ¶¶ 6, 26; FAC ¶¶ 6, 26.

Ms. Golikov and her counsel continued to "hid[e]" this fact from Walmart and the Court even as they moved to certify two California-wide classes with Ms. Golikov as the sole class representative.  Dkt. 36.  Indeed, Ms. Golikov did not properly meet and confer in advance of her motion for class certification.  Dkt. 44 at 3.  Further, none of Ms. Golikov's witnesses, including Ms. Golikov herself, appeared for any noticed deposition.  Harper Decl. ¶ 10.a, d, f.  This further delayed Walmart's discovery of the false allegations underlying Ms. Golikov's claims, as a deposition would likely have uncovered the dispositive fact of her online purchases. It was not until April 17, 2025—over a month after class certification was granted— that Ms. Golikov finally revealed her purchase was made on Walmart.com.

---

[3] https://www.dovel.com/
[4] https://www.dovel.com/how-we-win/?deep-analysis
[5] https://www.dovel.com/our-team/
[6] https://www.dovel.com/our-team/christin-cho/; https://www.dovel.com/our-team/rick-lyon/

WALMART'S MOTION FOR SANCTIONS

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FL
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

Falsely pleading an in-store purchase and then hiding that fact until after this Court had granted the desired relief—the denial of Walmart's motion to dismiss and certification of two classes—is sufficient to find bad faith under § 1927 and under this Court's inherent authority.  *See W. Coast Theater Corp. v. City of Portland*, 897 F.2d 1519, 1528 (9th Cir. 1990) (affirming sanctions where counsel "recklessly proceeded with the litigation despite a complete lack of factual support" and delayed responses to discovery requests).

### b.  *Ms. Golikov and counsel acted for an improper purpose*

Even if Ms. Golikov and her counsel's misrepresentations were not frivolous (they were), they were made with an improper purpose.  As a result of these misrepresentations, Ms. Golikov was able to prolong proceedings and gain tactical advantages, by (a) proceeding in litigation before this Court despite a binding arbitration agreement; (b) certifying a class despite a binding class-action waiver; and (c) seeking broad discovery, including class discovery, to which Ms. Golikov would not have been entitled in arbitration and was precluded by class waiver.  This misconduct is therefore sanctionable.  *See Fink*, 239 F.3d at 993–94 (reckless but non-frivolous misstatements of fact are sanctionable "when coupled with an improper purpose").

An improper purpose includes, among other tactics, harassing an opponent or tactics "undertaken with the intent to increase expenses," *New Alaska Dev. Corp. v. Guetschow*, 869 F.2d 1298, 1306 (9th Cir. 1989), or "an attempt to influence or manipulate proceedings," *Fink*, 239 F.3d at 994.  Improper purpose may be inferred from counsel's actions.  *See Townsend v. Holman Consulting Corp.*, 929 F.2d 1358, 1365 (9th Cir. 1990) ("A district court confronted with solid evidence of a pleading's frivolousness may in circumstances that warrant it infer that it was filed for an improper purpose."); *Hardeman v. Monsanto Co.*, 833 F. App'x 92, 93–94 (9th Cir. 2020) (district court did not abuse its discretion by inferring bad faith from party's recklessness coupled with violations of pretrial orders).

WALMART'S MOTION FOR SANCTIONS

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FL
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

Here, the proof is in the pudding: Ms. Golikov and her counsel made blatant misrepresentations that directly resulted in imposing significant and unnecessary costs on Walmart, in addition to gaining a clear tactical advantages:

*First*, Ms. Golikov sought to conceal her online purchase, with the obvious benefit of evading arbitration and litigating in her preferred forum. Ms. Golikov's own filings after her false allegations came to light confirm as much. In opposing arbitration, Ms. Golikov did not dispute, and thus conceded, she accepted a valid arbitration agreement and class action waiver in the Walmart.com Terms of Use. Dkt. 69. Instead, she argued Walmart waived its right to arbitrate by litigating the claim *during the period she hid her online purchase*. *Id*. In other words, Ms. Golikov attempted to gain a direct advantage from her misrepresentation, by relying on the delay she manufactured by hiding her online purchase.[7]

Federal courts have found that such unfounded attempts to evade clearly enforceable and applicable arbitration agreements warrant sanctions.[8] *See Gonick v. Drexel Burnham Lambert, Inc.*, 711 F. Supp. 981, 987 (N.D. Cal. 1988) (imposing fees where it was "settled law" that plaintiffs' claims were subject to arbitration and noting that "the absence of case authority or other authorities … is indicative that a party's position is not well-founded in law or adequately researched"); *Hunt v. Moore Bros., Inc.*, 861 F.3d 655, 660–61 (7th Cir. 2017) (affirming § 1927 sanctions where counsel opposed arbitration with "objectively baseless" arguments given plaintiff's assent to a binding arbitration agreement); *Multiband Corp. v. Block*, 2012 WL 1843261, at *10 (E.D. Mich. May 21, 2012) (imposing sanctions (under Rule 11) where opposition to arbitration was "objectively unreasonable" and

---

[7] Even after she was compelled to arbitration, Ms. Golikov's counsel again attempted to leverage her false allegations, arguing that she should benefit from the Court's improvident class certification order by being allowed to continue to represent the certified class or substitute a new class representative. Dkt. 86 at 2–7.

[8] Courts in this District have held that Walmart's online arbitration agreement is valid and enforceable. *See Maynez v. Walmart, Inc.*, 479 F. Supp. 3d 890, 900 (C.D. Cal. 2020) (compelling arbitration based on online purchase).

WALMART'S MOTION FOR SANCTIONS

Davis Wright Tremaine LLP
350 SOUTH GRAND AVENUE, 27TH FL
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

1  ignored plain contract terms agreeing to arbitration).  This Court should find the

2  same here.

3      **Second**, Ms. Golikov and her counsel's concealment of her online purchase

4  also had the obvious benefit of allowing her to evade her class waiver, opening the

5  door to a class action, which offers far greater monetary relief and leverage for Ms.

6  Golikov and her counsel than individual claims.

7      **Third**, Ms. Golikov's false pleadings allowed her to gain another advantage

8  she would not otherwise have been entitled to: seeking extensive discovery,

9  including class discovery, that is not available in individual arbitration, which offers

10 limited discovery.  Yet in this litigation, having evaded arbitration and her class

11 waiver through her misrepresentations, Ms. Golikov served extensive and costly

12 class discovery, including written discovery, a Rule 30(b)(6) notice on Walmart, and

13 a third-party subpoena, to which she would not have been entitled if bringing

14 individual claims in arbitration.  *Supra* Sec. II(B)(2)(c).

15     Courts grant sanctions where parties proceed with litigation in bad faith

16 despite being bound by arbitration agreements, as Ms. Golikov and her counsel have

17 done here.  *Edwards v. Vemma Nutrition*, 835 F. App'x 174, 176 (9th Cir. 2020)

18 (affirming § 1927 sanctions against plaintiff for, *inter alia*, filing complaint naming

19 dismissed defendant because such claims were barred by arbitration clause); *Parrott*

20 *v. Corley*, 266 F. App'x 412, 415 (6th Cir. 2008) (affirming § 1927 sanctions where

21 plaintiff's counsel unreasonably multiplied the proceedings by contesting

22 Defendant's motion to compel arbitration and simultaneously pursuing a motion for

23 preliminary injunction on claims it should have known were arbitrable); *Harter v.*

24 *Iowa Grain Co.*, 202 F.3d 273 (7th Cir. 1998) (mem.) (affirming § 1927 sanctions

25 where plaintiff brought claim despite arbitration agreement, and filed three motions

26 to reconsider order compelling arbitration).  The same ruling is warranted here.

27

28

WALMART'S MOTION FOR SANCTIONS

**DAVIS WRIGHT TREMAINE** LLP
350 SOUTH GRAND AVENUE, 27TH FL
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

2.     **Plaintiff Unreasonably and Vexatiously Multiplied**

     **Proceedings.**

Without question, Ms. Golikov and her counsel unreasonably and vexatiously multiplied proceedings, imposing significant unnecessary costs on Walmart. Almost every step of this litigation after filing the Complaint was unnecessary and would have been avoided but for their misconduct.

Their concealment of Ms. Golikov's online purchase forced Walmart to expend substantial resources litigating claims and a class certification motion that were never viable. Ms. Golikov did not disclose until April 17, 2025 that her only pleaded purchase occurred on Walmart.com. By the time Walmart could compel arbitration, it was unable to avoid engaging in extensive and unnecessary motion practice and discovery: moving to dismiss the FAC; opposing class certification; responding to Ms. Golikov's discovery requests regarding her individual and class claims, including conferring on her claimed discovery disputes and preparing supplemental discovery responses; propounding multiple sets of discovery requests on Ms. Golikov, conferring on her discovery deficiencies, and filing a lengthy Local Rule 37-2 Joint Stipulation to compel discovery, Dkt. 71; noticing Ms. Golikov's deposition three times; drafting and serving subpoenas on Ms. Golikov's experts; interviewing approximately a dozen Walmart custodians to identify relevant discovery; collecting and processing records from its custodians and non-custodial sources; reviewing thousands of records for production; conferring on and drafting a motion to quash Ms. Golikov's improper Rule 30(b)(6) deposition notice; and filing a petition for interlocutory review under Rule 23(f). Harper Decl. ¶¶ 9–10. Even after the Court compelled arbitration and stayed proceedings, Ms. Golikov and her counsel continued to prolong proceedings by opposing decertification.

These efforts required Walmart to incur more than $545,000 in fees that would have been unnecessary had Plaintiff been candid from the outset about her purchase. Indeed, after Ms. Golikov revealed her purchase was made online, the

17

**DAVIS WRIGHT TREMAINE** LLP
350 SOUTH GRAND AVENUE, 27TH FL
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

entire lawsuit quickly unraveled, as the Court quickly and correctly compelled her to arbitration, stayed proceedings, and decertified the class—essentially undoing all the unnecessary rulings Ms. Golikov and her counsel unreasonably and needlessly forced here.

**C.     Walmart is Entitled to Fees For All Unnecessary Litigation Expenses.**

Walmart seeks fees for all unnecessary litigation costs after the filing of the FAC.  Ninth Circuit courts award such fees as sanctions where, as here, a plaintiff initiates and maintains lawsuit in bad faith and in reckless disregard of dispositive facts.  *See Lu v. United States,* 921 F.3d 850, 860–61 (9th Cir. 2019) (under the court's inherent authority, "if a plaintiff initiates a case in complete bad faith, so that every cost of defense is attributable only to sanctioned behavior, the court may [] make a blanket award" and shift all fees); *Koji IP, LLC v. Renesas Elecs. Am., Inc.,* 2025 WL 980796, at *17 (N.D. Cal. Mar. 31, 2025) (fee award under 28 U.S.C. § 1927 covers fees incurred after responding to complaint).

Walmart intends to seek no less than $545,000 in attorney's fees, representing the fees incurred in moving to dismiss the FAC; opposing class certification; preparing a petition for interlocutory review under Rule 23(f); engaging in extensive discovery practice and briefing; and moving to decertify the plaintiff classes.  If the Court determines fees are an appropriate sanction, Walmart will submit briefing on the amount of reasonable attorney's fees requested.

Dated:  September 29, 2025

DAVIS WRIGHT TREMAINE LLP

By: /s/ Jacob M. Harper

*Attorneys for Defendant Walmart Inc.*

WALMART'S MOTION FOR SANCTIONS                    18

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FL
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## <u>CERTIFICATION</u>

The undersigned counsel of record for Walmart Inc. certifies that this brief contains 5,595 words, which complies with the word limit of L.R. 11-6.1 and the Court's Standing Order.

/s/ Jacob M. Harper

Jacob M. Harper

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FL
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899