JACOB M. HARPER (State Bar No. 259463)
  jacobharper@dwt.com
JAMES H. MOON (State Bar No. 268215)
  jamesmoon@dwt.com
HEATHER F. CANNER (State Bar No. 292837)
  heathercanner@dwt.com
JOSEPH ELIE-MEYERS (State Bar No. 325183)
  josepheliemeyers@dwt.com
DAVIS WRIGHT TREMAINE LLP
350 South Grand Avenue, 27th Floor
Los Angeles, California 90071
Telephone: (213) 633-6800
Fax: (213) 633-6899

Attorneys for Defendant
WALMART INC.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| EDIE GOLIKOV, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>WALMART INC.,<br><br>Defendant. | Case No. 2:24-CV-08211-RGK-MAR<br><br>Assigned to Honorable R. Gary Klausner<br><br>**DECLARATION OF JACOB M. HARPER IN SUPPORT OF DEFENDANT WALMART INC.'S MOTION FOR SANCTIONS PURSUANT TO 28 U.S.C. § 1927 AND THE COURT'S INHERENT AUTHORITY**<br><br>Date:   November 3, 2025<br>Time:   9:00 a.m.<br>Ctrm.:  850<br><br>[*Notice of Motion and Motion for Sanctions; Memorandum of Points and Authorities; and Proposed Order filed concurrently*]<br><br>Action Filed: September 24, 2024 |

DECLARATION OF JACOB M. HARPER IN SUPPORT OF
WALMART'S MOTION FOR SANCTIONS

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FL
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

## <u>DECLARATION OF JACOB M. HARPER</u>

I, Jacob M. Harper, declare and state as follows:

1.      I am a partner with the law firm of Davis Wright Tremaine LLP, counsel for defendant Walmart Inc. (Walmart) in this matter.  I make this declaration in support of Walmart's Motion for Sanctions pursuant to 28 U.S.C. § 1927 and the Court's inherent authority.  I have personal knowledge of the facts set forth in this declaration, and if called as a witness, I could and would competently testify to them.

2.      On March 18, 2025, my office (on Walmart's behalf) served Ms. Golikov through counsel with Walmart's first set of interrogatories.  Attached as **Exhibit A** is a true and correct copy of Walmart's as-served interrogatories.

3.      On April 17, 2025, Ms. Golikov's counsel served my office (for Walmart) her responses to Walmart's first set of interrogatories, which revealed for the first time that she used a Walmart.com "online account on November 14, 2021 to purchase [the oil]" from the Walmart website, and not from a Walmart store, as she had alleged.  Attached as **Exhibit B** is a true and correct copy of Ms. Golikov's verified responses.

4.      On March 28, 2025, my office (on Walmart's behalf) served Ms. Golikov through counsel with Walmart's second set of interrogatories.  On April 28, 2025, Ms. Golikov's counsel served my office (for Walmart) her responses to Walmart's second set of interrogatories.  Attached as **Exhibit C** is a true and correct copy of Ms. Golikov's verified responses.

5.      On May 2, 2025, Ms. Golikov produced documents to my office (for Walmart) showing the sole pleaded purchase of avocado oil was made online on Walmart.com, and not in a Walmart store.  Attached as **Exhibit D** is a true and correct copy of a page from that production bearing Bates number GOLIKOV000002.

2

DECLARATION OF JACOB M. HARPER IN SUPPORT OF
WALMART'S MOTION FOR SANCTIONS

**DAVIS WRIGHT TREMAINE** LLP
350 SOUTH GRAND AVENUE, 27TH FL
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

6.      Upon Ms. Golikov's disclosure that she had concealed the online nature of the purchase at issue, Walmart's counsel promptly moved to enforce the arbitration agreement and class action waiver.  Consistent with Local Rule 7-3, I met and conferred with Ms. Golikov's counsel Rick Lyon before filing the Motion to Compel Arbitration, and expressly advised that Ms. Golikov's online purchase rendered her claims subject to individual arbitration and barred her from proceeding as part of a class action.  Ms. Golikov and her counsel nevertheless opposed Walmart's motion, which the Court ultimately granted.

7.      Based on the Court's order compelling arbitration and vacating all pending proceedings, Walmart moved for clarification that the class had been decertified—or, in the alternative, for decertification. Consistent with Local Rule 7-3, I again met and conferred with Ms. Golikov's counsel Rick Lyon before filing, and explained that Ms. Golikov's concealment of her online purchase meant she never had a viable claim to pursue on behalf of a class.  Ms. Golikov again opposed Walmart's motion, which the Court ultimately granted.

8.      Relying on representations by Ms. Golikov and her attorneys, my colleagues and I (at Walmart's direction) expended time responding to her Motion for Class Certification, including reviewing and analyzing the motion and supporting documents, preparing for and attempting to depose witnesses, and marshalling evidence demonstrating the individualized issues that defeated certification.  Walmart also incurred significant costs in having my office prepare and file a petition for interlocutory review of the Court's class certification order under Rule 23(f) in the Ninth Circuit on March 13, 2025.

9.      Relying on representations by Ms. Golikov and her attorneys, Walmart ,my colleagues and I (on behalf of Walmart) expended substantial time and resources, including interrupting Walmart's business operations, to respond to Ms. Golikov's individual and class discovery.  These expenditures include requiring my

DECLARATION OF JACOB M. HARPER IN SUPPORT OF
WALMART'S MOTION FOR SANCTIONS

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FL
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

office and Walmart's own personnel to engage in the following to meet the case's requirements and the Court's deadlines with diligence:

    a. Drafting objections and responses to Ms. Golikov's January 2 requests for production and interrogatories.

    b. Interviewing approximately a dozen custodians to identify responsive records and information for Ms. Golikov's requests.

    c. Collecting records from approximately a dozen custodians, as well as non-custodial records, and processing those records to a review database.

    d. Tasking a dedicated team of attorneys to review thousands of records to identify responsive documents to Ms. Golikov's requests.

    e. Conferring with Ms. Golikov's counsel through correspondence and by phone regarding Walmart's written discovery responses, and preparing supplemental discovery responses.

    f. Negotiating a stipulated protective order.

    g. Conferring on and preparing a motion to quash Ms. Golikov's improper Rule 30(b)(6) notice (not filed due to order compelling arbitration).

10. Walmart also undertook affirmative discovery of the claims, its defenses, and class certification—nearly all of which was met with baseless objections. Walmart:

    a. Noticed Ms. Golikov's deposition on three occasions: January 10, March 28, and May 23. She never sat for any deposition.

    b. Drafted and served a first set of requests for production on Ms. Golikov on January 23.

    c. Moved to compel. While Ms. Golikov represented in her responses that she would provide the documents requested in Walmart's first set of document requests, she never did, forcing Walmart to engage in significant conferral efforts, and then research and draft a lengthy (over

DECLARATION OF JACOB M. HARPER IN SUPPORT OF
WALMART'S MOTION FOR SANCTIONS

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FL
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

100 pages) Joint Stipulation to compel the records pursuant to Local Rule 37-2.

d.  Served three subpoenas (Jan. 10, March 28, May 23) on plaintiff's counsel, Mr. Rick Lyon, including document and deposition subpoenas, regarding his expert testimony in support of the class certification motion.

e.  Served a first set of interrogatories on Ms. Golikov on March 18, and a second set of interrogatories and document requests on March 28.

f.  Drafted document requests and served deposition subpoenas in January 2025 on the two experts Ms. Golikov relied upon for class certification, Thomas Maronick and Ceutical Labs/Courtland Imel. They failed to appear at the noticed depositions.

11.    Conferral about the post-decertification proceedings of this case began between me and Ms. Golikov's counsel, Rick Lyon, on August 28, 2025. Between September 18 and September 28, I conferred with Rick Lyon specifically about Walmart's intended motion for sanctions (including through emails and voicemails to Mr. Lyon on approximately September 18, 19, and 22; and multiple live telephone calls September 23, 24, and 25). During these communications, I detailed and we discussed the bases for Walmart's forthcoming motion for sanctions under 28 U.S.C. § 1927 and the Court's inherent authority. I explained, and we discussed, that Walmart would seek fees based on Ms. Golikov and her counsel's bad faith in repeatedly asserting false allegation that her November 14, 2021 purchase was from a Walmart store, and her and her counsel's concealment of the fact that the purchase was actually made online. I explained our view that their misconduct vexatiously and unreasonably multiplied the proceedings, and that Walmart would seek sanctions in the form of a fee award to recover the fees Walmart's counsel incurred as a result of their misconduct, which we estimated to be at least $545,000. Despite our good faith efforts to resolve the motion, the parties could not come to an

DECLARATION OF JACOB M. HARPER IN SUPPORT OF WALMART'S MOTION FOR SANCTIONS

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FL
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

agreement.  Mr. Lyon advised that Ms. Golikov and his firm would oppose the Motion, and he asked that we notice the motion for the maximum available time available under the rules—35 days—to allow him an extra week to file an opposition, to which I agreed.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct to the best of my knowledge and belief.

Executed this 29th day of September, 2025, at Edinburgh, Scotland, in the United Kingdom.

_____/s/ Jacob M. Harper_____<br>
Jacob M. Harper

6

DECLARATION OF JACOB M. HARPER IN SUPPORT OF
WALMART'S MOTION FOR SANCTIONS

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FL
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899