# EXHIBIT C

1  Richard Lyon (Cal Bar No. 229288)
   rick@dovel.com
2  Christin Cho (Cal. Bar No. 238173)
3  christin@dovel.com
   DOVEL & LUNER, LLP
4  201 Santa Monica Blvd., Suite 600
5  Santa Monica, California 90401
   Telephone: (310) 656-7066
6  Facsimile: (310) 656-7069
7
8  *Attorneys for Plaintiff*
9
10                **UNITED STATES DISTRICT COURT**
                  **CENTRAL DISTRICT OF CALIFORNIA**
11
12
13  EDIE GOLIKOV, individually and       Case No. 2:24-cv-08211-RGK-MAR
    on behalf of all others similarly
14  situated,                            **PLAINTIFF'S RESPONSE TO**
                                         **DEFENDANT WALMART INC.'S**
15         *Plaintiff*,                  **SECOND SET OF**
16                                       **INTERROGATORIES**
    v.
17
18  WALMART INC.,
19         *Defendant*.
20
21
22
23
24
25
26
27
28

Plaintiff's Responses to Walmart's                Case No. 2:24-cv-08211-RGK-MAR
Interrogatories, Set Two

Pursuant to Federal Rule of Civil Procedure 33, Plaintiff Edie Golikov ("Plaintiff") provides the following objections and responses to Defendant's second set of interrogatories.

Plaintiff responds based on information currently known and available to Plaintiff and her counsel as of the date of these objections and responses. Plaintiff may amend or supplement these responses as additional discovery is taken, facts are learned, research is completed, and arguments are made.

By answering an interrogatory, Plaintiff does not concede that the information given is properly discoverable or admissible. Plaintiff reserves the right to object to the introduction of responses into evidence for any purpose.

## General Objections

Plaintiff objects to the extent that any interrogatory requests information that is protected from discovery under the attorney-client privilege, the work product doctrine, the common interest privilege, and/or any other applicable privilege or other immunity. Plaintiff will not provide privileged information.

Certain definitions, when incorporated into the interrogatories below, render the requests overly broad, unduly burdensome, and not proportional to the needs of the case. Plaintiff objects specifically to the breadth of such interrogatories below and states the scope to which Plaintiff will respond.

Plaintiff will respond as required by the Federal Rules of Civil Procedure, the Local Rules of this Court, and this Court's orders, but will not comply with any instructions that exceed those requirements.

## Objections and Responses to Each Interrogatory

**INTERROGATORY NO. 5:** Identify all of YOUR accounts on social media platforms, including but not limited to Facebook, X (formerly Twitter), Bluesky, Instagram, TikTok, Snapchat, YouTube, tumblr, Reddit, Discord, Threads, LinkedIn, Quora, and Twitch, by disclosing YOUR user name, the email address used to open or maintain the account, and account number or other account identifier.

**Response to 5:** Plaintiff incorporates the General Objections recited above as if fully stated here. Plaintiff objects to this request as overbroad and seeking information that is not relevant to any party's claims or defenses. Plaintiff agrees to meet and confer to better understand the relevance of this Interrogatory.

**INTERROGATORY NO. 6:** DESCRIBE all actions, lawsuits, arbitrations, bankruptcies, mediations, insolvency proceedings, other adjudicatory or legal proceedings (including any class actions or class action settlements in which YOU were a named plaintiff or class member), or regulatory enforcement actions or investigations to which YOU are or have been a party at any time, including the matter name, identifying number, parties to the matter, jurisdiction or forum, the nature of the dispute, the claims asserted, whether the matter was a class action, YOUR role in the matter, whether YOU testified in the matter, whether the matter has been resolved, and how the matter resolved.

**Response to 6:** Plaintiff incorporates the General Objections recited above as if fully stated here. Plaintiff objects to this request as overbroad and seeking information that is not relevant to any party's claims or defenses. Except as objected to, Plaintiff responds as follows: Plaintiff was named as a plaintiff and provided testimony by deposition in *Bennett et al. v. Quest Diagnostics, Inc.*, Case No. 2:17-cv-01590-ES-MAH (D.N.J.). By agreement of the parties, the matter was voluntarily dismissed with prejudice pursuant to Fed. R. Civ. P. 41(a)(2) on August 21, 2023.

**INTERROGATORY NO. 7:** DESCRIBE each purchase YOU made of any PRODUCTS during the RELEVANT TIME PERIOD, including the date, product name, UPC, size, how many bottles, the payment method YOU used, the label statements YOU read and relied upon in making the purchase, any information YOU considered material to YOUR purchase decisions, from which store YOU purchased the PRODUCT, how much YOU paid, whether the purchase was online, through curbside pickup, or through a personal shopper (e.g., Instacart), whether anyone was with YOU when YOU made the purchase, and any other details of YOUR purchase.

**Response to 7:** Plaintiff incorporates the General Objections recited above as if fully stated here. Except as objected to, Plaintiff responds as follows: Plaintiff purchased Walmart Great Value Avocado Oil multiple times a year for years (including between 2021 and 2024) primarily in person at Walmart stores, including the Walmart store in West Hills, California (near her Tarzana home). Plaintiff is also aware of using an online Walmart account on one occasion (on November 14, 2021) to purchase a 25.5 fl. oz, bottle of Walmart Great Value Avocado Oil for $8.23. To the best of her recollection, for each of her in-store purchases, Plaintiff purchased a 25.5 fl. oz. bottle Walmart Great Value Avocado Oil. Plaintiff was not in the practice of maintaining receipts and therefore cannot provide exact information regarding cost for her in-store purchases. Each time Plaintiff purchased the product, the package prominently stated "Avocado Oil." And she read and relied on this statement, and believed she was purchasing pure unadulterated avocado oil. Since becoming aware that Walmart Great Value Avocado Oil is adulterated, Plaintiff stopped purchasing avocado oil from Walmart. Instead, Plaintiff now purchases avocado oil from Whole Foods. Plaintiff does not use any other oils to cook food.

**INTERROGATORY NO. 8:** IDENTIFY any purchase YOU made of any avocado oil product(s) during the RELEVANT TIME PERIOD, including the date, product name, UPC, size, packaging, how many packages YOU purchased, the payment method YOU used, how much YOU paid, from which store YOU purchased the product(s),

whether the purchase was online, through curbside pickup, or through a personal shopper (e.g., Instacart), whether anyone was with YOU when YOU made the purchase, and any other details of YOUR purchase.

**Response to 8:** Plaintiff incorporates the General Objections recited above as if fully stated here. Except as objected to, Plaintiff responds as follows: Plaintiff purchased Walmart Great Value Avocado Oil multiple times a year for years (including between 2021 and 2024) primarily in person at Walmart stores, including the Walmart store in West Hills, California (near her Tarzana home). Plaintiff is also aware of using an online Walmart account on one occasion (on November 14, 2021) to purchase a 25.5 fl. oz, bottle of Walmart Great Value Avocado Oil for $8.23. To the best of her recollection, for each of her in-store purchases, Plaintiff purchased a 25.5 fl. oz. bottle Walmart Great Value Avocado Oil. Plaintiff was not in the practice of maintaining receipts and therefore cannot provide exact information regarding cost for her in-store purchases. Each time Plaintiff purchased the product, the package prominently stated "Avocado Oil." And she read and relied on this statement, and believed she was purchasing pure unadulterated avocado oil. Since becoming aware that Walmart Great Value Avocado Oil is adulterated, Plaintiff stopped purchasing avocado oil from Walmart. Instead, Plaintiff now purchases avocado oil from Whole Foods. Plaintiff does not use any other oils to cook food.

**INTERROGATORY NO. 9:** IDENTIFY any purchase YOU made of any non-avocado cooking oil product(s) during the RELEVANT TIME PERIOD, including the date, product name, UPC, size, packaging, how many packages YOU purchased, the payment method YOU used, how much YOU paid, from which store YOU purchased the product(s), whether the purchase was online, through curbside pickup, or through a personal shopper (e.g., Instacart), whether anyone was with YOU when YOU made the purchase, and any other details of YOUR purchase.

1 **Response to 9:** Plaintiff incorporates the General Objections recited above as if fully stated here. Except as objected to, Plaintiff responds as follows: Plaintiff does not use any oils other than avocado oil to cook food.

**INTERROGATORY NO. 10:**

DESCRIBE the circumstances under which YOU first became aware that avocado oil products may be adulterated with other cooking oils, including the date YOU became aware, who or what source informed YOU, and how YOU made that discovery.

**Response to 10:**

Plaintiff incorporates the General Objections recited above as if fully stated here. Plaintiff objects to this request to the extent it asks Plaintiff to disclose communications with counsel or other privileged information. Plaintiff will not provide privileged information. Subject to these objections, Plaintiff will provide the detail that Plaintiff can reasonably recall.

Except as objected to, Plaintiff responds as follows: Plaintiff learned that avocado oil products may be adulterated with other cooking oils online in the summer of 2024, shortly before seeking and consulting with counsel for this case.

**INTERROGATORY NO. 11:**

DESCRIBE the circumstances under which YOU first became aware that the PRODUCT may be adulterated with other cooking oils, including the date YOU became aware, who or what source informed YOU, and how YOU made that discovery.

**Response to 11:**

Plaintiff incorporates the General Objections recited above as if fully stated here. Plaintiff objects to this request to the extent it asks Plaintiff to disclose communications with counsel or other privileged information. Plaintiff will not provide privileged information. Subject to these objections, Plaintiff will provide the detail that Plaintiff can reasonably recall.

Plaintiff's Responses to Walmart's Interrogatories, Set Two    5    Case No. 2:24-cv-08211-RGK-MAR

Except as objected to, Plaintiff responds as follows: Plaintiff learned that the Product may be adulterated with other cooking oils online in the summer of 2024, shortly before seeking and consulting with counsel for this case.

**INTERROGATORY NO. 12:**

DESCRIBE all monetary and other relief YOU seek to recover from DEFENDANT in this action on YOUR own behalf, including the amount of and basis for any damages, restitution, and attorney's fees and costs, including all documents that support the calculations and amount of such recovery; and the specific injunctive or other equitable relief YOU seek.

**Response to 12:**

Plaintiff incorporates the General Objections recited above as if fully stated here. Plaintiff objects to this request as premature insofar as it depends on information that has not yet been provided by Defendant in discovery, and on expert analysis of that data that has not yet been performed.

Except as objected to, Plaintiff responds as follows: The monetary and other relief that Plaintiff seeks is set forth in the operable Complaint in this action. A calculation of the amount of any monetary relief depends on data in the possession of Defendant that has not yet been produced in discovery.

**INTERROGATORY NO. 13:**

DESCRIBE all monetary and other relief YOU seek to recover from DEFENDANT in this action on the certified classes' behalf, including the amount of and basis for any damages, restitution, and attorney's fees and costs, including all documents that support the calculations and amount of such recovery; and the specific injunctive or other equitable relief sought.

**Response to 13:**

Plaintiff incorporates the General Objections recited above as if fully stated here. Plaintiff objects to this request as premature insofar as it depends on information that has

Plaintiff's Responses to Walmart's Interrogatories, Set Two     6     Case No. 2:24-cv-08211-RGK-MAR

not yet been provided by Defendant in discovery, and on expert analysis of that data that has not yet been performed.

Except as objected to, Plaintiff responds as follows: The monetary and other relief that Plaintiff seeks is set forth in the operable Complaint in this action. A calculation of the amount of any monetary relief depends on data in the possession of Defendant that has not yet been produced in discovery.

**INTERROGATORY NO. 14:**

Identify by name, email address, home address, and telephone number each person who has communicated with YOU or YOUR attorneys regarding the PRODUCT or any allegation contained in your COMPLAINT and DESCRIBE the substance of the COMMUNICATION.

**Response to 14:**

Plaintiff incorporates the General Objections recited above as if fully stated here. Plaintiff objects to this request to the extent it asks Plaintiff to disclose communications with counsel or other privileged information. Plaintiff will not provide privileged information. Subject to these objections, Plaintiff states that she has not had any non-privileged communications regarding the Product or the allegations in the Complaint.

**INTERROGATORY NO. 15:**

IDENTIFY any individuals that YOU believe are members of the classes certified in the Court's February 27, 2025 Order granting Motion for Class Certification, including their name, email address, home address, and relationship to YOU.

**Response to 15:**

Plaintiff incorporates the General Objections recited above as if fully stated here. Subject to these objections, Plaintiff states that the certified class includes all persons who, while in the state of California and within the applicable statute of limitations period, purchased Great Value Avocado Oil. Plaintiff is unaware of the specific identities of such persons other than herself.

**INTERROGATORY NO. 16:**

If YOU have been charged or convicted of a crime within the last ten years, DESCRIBE the charge or conviction, including but not limited to the court in which YOU were charged or convicted, the date of the charge or conviction, and the conduct giving rise to the charge or conviction.

**Response to 16:**

Plaintiff incorporates the General Objections recited above as if fully stated here. Plaintiff objects to this request as seeking information that is not relevant to any party's claims or defenses, including for periods of time not relevant here.

Except as objected to, Plaintiff responds as follows: Plaintiff has not been charged or convicted of a crime.

**INTERROGATORY NO. 17:**

DESCRIBE in detail all facts and evidence that supports your allegation in paragraph 97 of the COMPLAINT that "When defendant made these misrepresentations, it knew that they were false at the time that it made them and/or acted recklessly in making the misrepresentations."

**Response to 17:**

Plaintiff objects that contention interrogatories which seek "all facts" are overbroad and unduly burdensome, particularly given that fact discovery is ongoing and that most of the information about Defendant's activities is in their own possession. *See Amgen Inc. v. Sandoz Inc.*, No. 14-cv-04741-RS (MEJ), 2017 U.S. Dist. LEXIS 57013 at *9 (N.D. Cal. Apr. 13, 2017); *Haggarty v. Wells Fargo Bank, N.A.*, No. 10-2416 CRB (JSC), 2012 U.S. Dist. LEXIS 133375 at *4-5 (N.D. Cal. Sep. 18, 2012); *Hernandez v. Best Buy Co.*, No. 13cv2587-JM(KSC), 2014 U.S. Dist. LEXIS 152117 at *16-17 (S.D. Cal. Oct. 24, 2014) ("Courts 'will generally find [contention interrogatories] overly broad and unduly burdensome on their face to the extent they ask for 'every fact' [or 'all facts'] which support[] identified allegations or defenses.'").

Except as objected to, Plaintiff responds as follows: Plaintiff points Defendant to the sources cited by Plaintiff's counsel in the First Amended Complaint. Plaintiff incorporates any forthcoming expert reports into Plaintiff's response to this interrogatory.

**INTERROGATORY NO. 18:**

DESCRIBE in detail the circumstances under which the PRODUCT or PRODUCTS that Ceutical Labs tested—as referenced in the Declaration of Imel Courtland (ECF No. 41-1) and Declaration of Rick Lyon (ECF No. 36-3)—were provided to Ceutical Labs, including when the PRODUCTS were purchased and by whom, the store or webpage from which the PRODUCTS were purchased, every individual and entity that had possession of the PRODUCTS prior to their delivery to Ceutical Labs, when the PRODUCTS were delivered to Ceutical Labs, each instance when the PRODUCT was opened prior to its delivery to Ceutical Laboratories, Inc., every location the PRODUCT was stored after its purchase through the time it was delivered to Ceutical Labs, and all methods of transportation the PRODUCTS have traveled through from their purchase through delivery to Ceutical Labs.

**Response to 18:**

Plaintiff incorporates the General Objections recited above as if fully stated here. Plaintiff objects to this request on the grounds that it seeks information protected by the attorney work-product doctrine. Plaintiff further objects to the request on the grounds that it seeks expert discovery and the window for expert discovery has not yet commenced.

Plaintiff's Responses to Walmart's Interrogatories, Set Two          9          Case No. 2:24-cv-08211-RGK-MAR

| | | |
|---|---|---|
| 1 | Dated: April 28, 2025 | Respectfully submitted, |
| 2 | | By: /s/ *Richard Lyon* |
| 3 | | Richard Lyon (Cal Bar No. 229288) |
| 4 | | rick@dovel.com |
| | | Christin Cho (Cal. Bar No. 238173) |
| 5 | | christin@dovel.com |
| 6 | | DOVEL & LUNER, LLP |
| | | 201 Santa Monica Blvd., Suite 600 |
| 7 | | Santa Monica, California 90401 |
| 8 | | Telephone: (310) 656-7066 |
| | | Facsimile: (310) 656-7069 |
| 9 | | |
| 10 | | *Attorney for Plaintiff* |

Plaintiff's Responses to Walmart's Interrogatories, Set Two        10        Case No. 2:24-cv-08211-RGK-MAR

**CERTIFICATE OF SERVICE**

I hereby certify that on April 28, 2025, the foregoing document is being served by e-mail on counsel of record.

/s/ *Richard Lyon*
Richard Lyon

Plaintiff's Responses to Walmart's Interrogatories, Set Two     11     Case No. 2:24-cv-08211-RGK-MAR

1 **Verification**

2   I declare under penalty of perjury under the laws of the United States of American
3   that the foregoing is true and correct, to the best of my knowledge, as to my personal
4   responses to these interrogatories.

5

6   Dated: 4/28/2025             Signature: _____Edie Golikov_____
7                                            Edie Golikov

8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Plaintiff's Responses to Walmart's          12          Case No. 2:24-cv-08211-RGK-MAR
Interrogatories, Set Two