# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| EDIE GOLIKOV, individually and on behalf of all others similarly situated,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>WALMART INC.,<br><br>　　　　Defendant. | Case No. 2:24-CV-08211-RGK-MAR<br><br>Assigned to Honorable R. Gary Klausner<br><br>**[PROPOSED] ORDER GRANTING DEFENDANT'S MOTION FOR SANCTIONS PURSUANT TO 28 U.S.C. § 1927 AND THE COURT'S INHERENT AUTHORITY**<br><br>Date:　_November 3, 2025<br>Time:　9:00 a.m.<br>Ctrm.:　850<br><br>Action Filed: September 24, 2024 |

---

[PROPOSED] ORDER GRANTING DEFENDANT'S MOTION FOR SANCTIONS

## **[PROPOSED] ORDER GRANTING MOTION FOR SANCTIONS**

Before the Court is Defendant Walmart Inc.'s (Walmart's) Motion for Sanctions Pursuant to 28 U.S.C. § 1927 and the Court's inherent authority (the Motion). For the following reasons, the Court hereby **GRANTS** the Motion. Plaintiff Edie Golikov and her counsel of record, Christin Cho and Rick Lyon of Dovel & Luner LLP, will be sanctioned, jointly and severally, under 28 U.S.C. § 1927; and Plaintiff, her counsel of record, Ms. Cho and Mr. Lyon, and counsel's firm Dovel & Luner LLP will be sanctioned, jointly and severally, under the Court's inherent power.

Plaintiff and her counsel extended this straightforward action through their inaccurate pleadings, which needlessly caused both the Court and Walmart to expend substantial resources. Plaintiff is represented by two attorneys. One signed the original complaint, filed in September 2024; the other signed the operative First Amended Complaint, filed in December 2024. ECF No. 1 at 18; ECF No. 31 at 20. Both pleadings falsely stated that Plaintiff purchased Walmart's avocado oil "from a Walmart store while living in Tarzana, California." ECF No. 1 ¶¶ 6, 26; ECF No. 31 ¶¶ 6, 26. It was not until mid-April that Plaintiff revealed for the first time that she used a Walmart.com "online account on November 14, 2021 to purchase [the oil]" from the Walmart website, and not from a Walmart store, as she had alleged. ECF No. 81 at 1; Declaration of Jacob Harper, filed with the Motion ("Harper Decl."), ¶ 3 & Ex. B at 16. In other words, the single purchase she alleged in her complaints, and upon which she premised all her claims, and as a putative class action, were not purchased "from a Walmart store" as represented, but on the Walmart.com website. Counsel additionally later produced an invoice printed five days before the opening Complaint was filed, showing the sole pleaded purchase of avocado oil was made online on Walmart.com and not in a Walmart store. *See* Harper Decl. ¶ 5 & Ex. D. This distinction is critical and material, because in making her online purchase, Ms. Golikov agreed to an arbitration agreement

requiring that she adjudicate her claims in arbitration, and a class action waiver, barring her from pursuing claims on behalf of a class.

The pleaded misrepresentations made this action take on a completely different, and completely unwarranted, character. By hiding Ms. Golikov's online purchase—despite having printed days before filing the opening Complaint a receipt showing the pleaded purchase was online and thus subject to arbitration—her counsel set in motion and maintained expensive and costly litigation that could and should have been avoided by arbitration. As the Court previously found, "Plaintiff was always bound by an arbitration agreement and class action waiver, and simply *hid that fact from the Court* until after the class had been certified." *See* ECF No. 92 at 3 (decertifying class) (emphasis added).

Under 28 U.S.C. § 1927, "[a]ny attorney … who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." Courts may impose § 1927 sanctions where counsel unreasonably and vexatiously multiplied the proceedings, and such conduct was undertaken in bad faith. *Lake v. Gates*, 130 F.4th 1064, 1070–71 (9th Cir. 2025). Similarly, courts may impose sanctions under their inherent authority upon a finding of "bad faith or conduct tantamount to bad faith." *Lahiri v. Universal Music & Video Distribution Corp.*, 606 F.3d 1216, 1218–19 (9th Cir. 2010).

Plaintiff and her counsel's conduct qualifies for sanctions under both § 1927 and the Court's inherent authority. First, they acted in bad faith by (a) knowingly or recklessly making frivolous arguments in disregard of dispositive facts and/or (b) doing so for the improper purpose of prolonging proceedings and gaining a tactical advantage, the benefit of avoiding arbitration and evading a class action waiver. Second, they unreasonably and vexatiously multiplied proceedings under § 1927 by forcing Walmart to needlessly litigate for months, which also required this Court to needlessly issue (and then unwind) multiple orders. And given this

finding of bad faith, as detailed below, sanctions under the inherent power are also appropriate.

To start, "[w]hen an attorney knowingly or recklessly misrepresents facts to a court, sanctions are appropriate under § 1927." *Chateau des Charmes Wines Ltd. v. Sabate USA, Inc.*, 2005 WL 1528703, at *2 (N.D. Cal. June 29, 2005). The Ninth Circuit has consistently affirmed sanctions where attorneys pursued claims despite facts or agreements that foreclosed relief. *See Trulis v. Barton*, 107 F.3d 685, 692 (9th Cir. 1995) (sanctions warranted for maintenance of suit after confirmation of a bankruptcy plan that extinguished claims); *Lahiri v. Universal Music & Video Distribution Corp.*, 606 F.3d 1216, 1222 (9th Cir. 2010) (affirming sanctions where attorney mischaracterized agreements and pursued a meritless copyright claim despite having no valid copyright interest in the work at issue); *Van Scoy v. Shell Oil Co.*, 11 F. App'x 847, 852 (9th Cir. 2001) (sanctions warranted where counsel filed motions despite claims being barred by res judicata and collateral estoppel).

Plaintiff and her counsel recklessly and repeatedly misrepresented the key, material fact that her single alleged purchase was from a Walmart store, thus concealing that her claims were subject to arbitration and a class waiver. They did so despite printing an order confirmation on September 19, 2024 (five days before filing the initial complaint) showing the sole pleaded purchase was made on November 14, 2021 on Walmart.com, not in a store. *See* Harper Decl. ¶ 5 & Ex. D. The only reasonable inference is that Plaintiff and counsel knowingly—or *at least* recklessly—disregarded this fact in pleading (and then repleading and repeatedly representing for months) the false statement that Plaintiff purchased anything "from a Walmart store." *Contra* ECF No. 1 ¶¶ 6, 26; ECF No. 31 ¶¶ 6, 26.

Moreover, and relatedly, Plaintiff and her counsel acted for improper purposes. They misrepresented the facts for the improper purpose of prolonging proceedings and gaining a tactical advantage. As a result of these misrepresentations, Plaintiff was able to (a) proceed in litigation before this Court

despite a binding arbitration agreement; (b) certify a class despite a binding class-action waiver; and (c) obtain broad discovery, including class discovery, to which Plaintiff would not have been entitled in arbitration and which was precluded by class waiver.  They are therefore sanctionable.  *See Fink v. Gomez*, 239 F.3d 989, 993–94 (9th Cir. 2001) (even reckless but non-frivolous misstatements of law and fact are sanctionable "when coupled with an improper purpose, such as an attempt to influence or manipulate proceedings in one case in order to gain tactical advantage in another case").

The Court finds that Ms. Golikov's counsel's misconduct unreasonably and vexatiously multiplied proceedings.  Plaintiff and counsel's concealment meant the Court and Walmart had to expend substantial resources resolving and litigating claims and a class certification motion that were never viable.  By the time Walmart could move to compel arbitration after Plaintiff's evidence revealed their concealment, it had already engaged in extensive and unnecessary motion practice and discovery, including moving to dismiss a complaint (when it would have moved to compel to arbitration had it known of the true facts); opposing class certification from a Plaintiff who waived her right to bring a class action; responding to Plaintiff's discovery requests regarding her individual and class claims, including addressing her counsel's claimed discovery disputes and preparing supplemental discovery responses; propounding multiple sets of discovery requests, conferring on her discovery deficiencies, and filing a lengthy Local Rule 37-2 Joint Stipulation to compel her discovery responses, ECF No. 71; noticing Plaintiff's deposition three times; drafting and serving subpoenas on Plaintiff's experts; interviewing approximately a dozen Walmart custodians to identify relevant discovery; collecting and processing records from its custodians and non-custodial sources; reviewing thousands of records for production; conferring on and drafting a motion to quash Plaintiff's improper Rule 30(b)(6) deposition notice; and filing a petition for interlocutory review under Rule 23(f).  Harper Decl. ¶¶ 8–9.  And even after the

Court compelled arbitration and stayed proceedings, Ms. Golikov and her counsel continued to prolong proceedings by opposing decertification. *See* ECF No. 86.

Walmart contends that it incurred substantial attorney's fees in litigating these matters. The Court will consider the appropriateness of the amount of claimed fees after proper briefing and an opportunity for Plaintiff and her counsel to be heard.

Accordingly, Walmart's Motion is **GRANTED**. Plaintiff's counsel of record, Richard Lyon and Christin Cho, are jointly and severally liable under 28 U.S.C. § 1927. Plaintiff, Mr. Lyon, Ms. Cho, and the firm Dovel & Luner LLP are jointly and severally liable under the Court's inherent power. Within twenty-one (21) days of this Order, Walmart shall file evidence supporting its claimed fees. Plaintiff and her counsel may respond to such evidence within fourteen (14) days of filing. Walmart may reply within seven (7) days of Plaintiff's response, if any.

**IT IS SO ORDERED.**

Dated: _____    _____
THE HON. R. GARY KLAUSNER
UNITED STATES DISTRICT JUDGE