Richard Lyon (Cal. Bar No. 229288)
rick@dovel.com
Christin Cho (Cal. Bar No. 238173)
christin@dovel.com
DOVEL & LUNER, LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, California 90401
Telephone: (310) 656-7066
Facsimile: +1 (310) 656-7069

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDIE GOLIKOV, individually and on behalf of all others similarly situated,<br><br>    *Plaintiff*,<br><br>v.<br><br>WALMART INC.,<br><br>    *Defendant*. | Case No. 2:24-cv-08211-RGK-MAR<br><br>**DECLARATION OF RICK LYON IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANT WALMART'S MOTION FOR SANCTIONS**<br><br>Date: November 3, 2025<br>Time: 9:00 a.m.<br>Dept.: Courtroom 850<br><br>Assigned to the Hon. R. Gary Klausner<br><br>Complaint filed: September 24, 2024 |

**DECLARATION OF RICK LYON**

I, Rick Lyon, declare and state as follows:

1. I am a member in good standing of the bar of the state of California and a partner in the law firm of Dovel & Luner, LLP. I represent Plaintiff Edie Golikov in the above-referenced matter.

2. I first appeared in this case on September 30, 2024. Dkt. 10. Prior to my appearance, I had no involvement with this matter. I was not involved with the pre-filing investigation or the preparation of the initial Complaint, which was filed on September 24, 2024. The pre-filing investigation and initial Complaint were overseen by my partner, Christin Cho, whom I have worked with for over 15 years and whom I believe to be an excellent attorney.

3. After I joined the case, Defendant filed a motion to dismiss the Complaint on December 9, 2024. Dkt. 24. I reviewed Defendant's motion and determined that Defendant's primary argument could be addressed by amending the Complaint. In its motion, Defendant argued that the "allegations that the avocado oil was advertised as 'pure' were 'conclusory.'" *Id.* (quoting *McConnon v. The Kroger Co.*, U.S. Dist. LEXIS 110016 (C.D. Cal. June 21, 2024)). I amended the Complaint to address this argument, illustrating the distinction between our case and *McConnon*. I clarified that our allegations focus on "adulteration," not the "purity," of the avocado oil. *See* Exhibit 1 (redline showing changes made in the Amended Complaint), ¶¶ 4-6, 15-21, 23-27. I also added additional detail supporting the allegations of adulteration. *Id.* None of these amendments had anything to do with the date or location of Ms. Golikov's purchase, so I had no reason to revisit, or second-guess, those allegations. Instead, I addressed the issues raised in the motion to dismiss and focused on making sure that the amendments were accurate.

4. During the course of the litigation, I was aware that Ms. Golikov had purchased Walmart's avocado oil both in person at physical Walmart stores and online at Walmart.com. And because of her in-store purchases, I did not believe arbitration

Declaration of Rick Lyon                        1                        Case No. 2:24-cv-08211-RGK-MAR

could be an issue in this case. I never had reason to go back and check the Complaint or Amended Complaint to confirm that her in-store purchases were specifically identified until the April 24, 2025, meet and confer when counsel for Walmart informed me that they intended to file a motion to compel arbitration. After we met and conferred and I reviewed the Complaint, I still believed we had a good-faith basis to oppose Defendant's motion to compel arbitration—and in fact fully expected to prevail on that motion—for the reasons set forth in our Opposition to the motion (Dkt. 69) and in our Response to Defendant's motion to decertify (Dkt. 86). Also, when I saw that the Complaint referenced a purchase from a "Walmart store," I looked into whether this could plausibly be interpreted as encompassing a purchase from Walmart.com. And I found evidence supporting this interpretation. *See* Dkt. 69 at 5, n.2 (citing CNN article referring to "Walmart's online store" and Walmart's website referring to its "Online Walmart Store"). Although the Court did not adopt our arguments and ruled against us, all of the arguments and submissions were made in good faith.

    5.   Defendant argues that it "[n]oticed Ms. Golikov's deposition on three occasions," but she "never sat for deposition." Mot. 7. But the reason Ms. Golikov did not sit for a deposition is because, the first two times, Defendant confirmed it did not intend to proceed with the noticed deposition. And the third time, the deposition was noticed for a date after the Court stayed all proceedings. The Court already acknowledged that the first deposition notice (Exhibit 2) was deficient. When Walmart argued that Ms. Golikov failed to appear for this deposition (like it does again in this motion), the Court held that "Defendant appears to grossly misrepresent the facts." Dkt. 62 (Order) at 7. This is because "Plaintiff objected" to the notice on the basis that "Defendant gave only three business days' notice." *Id*. And "Defendant not only acknowledged these objections, but seemingly agreed that Plaintiff was not obligated to appear, writing: 'We absolutely understand and appreciate the objections. We will work with [counsel] to try to get a more appropriate schedule.'" *Id*. (quoting counsel

Declaration of Rick Lyon   2   Case No. 2:24-cv-08211-RGK-MAR

1  communications). When the parties attempted to find a more appropriate schedule, and
2  Defendant served its second notice of deposition (Exhibit 3), Defendant changed
3  course and elected not to proceed with Ms. Golikov's deposition. Defendant's second
4  notice, served on March 28, noticed the deposition for April 17. *Id*. Because Ms.
5  Golikov was unavailable on April 17, Plaintiff provided Defendant with four
6  alternative dates. *See* Exhibit 4 (April 10 email) (Ms. Golikov is "available April 25,
7  28, 29, or 30"). Defendant, however, did not depose Ms. Golikov on these dates; nor
8  did Defendant request alternative dates. When Defendant later determined that it did
9  want to proceed with Ms. Golikov's deposition, it served a third notice on May 23,
10 noticing the deposition for June 20. *See* Exhibit 5. But before that deposition could
11 proceed, the Court granted Defendant's motion to compel arbitration and stayed all
12 proceedings on June 10. Dkt. 81.
13      6.     Defendant's suggestion that I improperly avoided my own deposition
14 (concerning a class certification declaration I submitted attaching laboratory testing
15 results) is likewise not true. During meet and confers, I repeatedly informed Defendant
16 that, if they intended to proceed with my deposition, I would move to quash.
17 Defendant informed me they did not intend to proceed, and there was no need to file
18 such a motion. *See, e.g.*, Exhibit 6 (April 25 email) ("To confirm our call yesterday,
19 my understanding is that you do not intend to pursue my deposition at this time and
20 there is no need for me to file a motion to quash."). Defendant's reference to the
21 noticed depositions of the class certification experts, Mr. Imel and Mr. Maronick, is
22 similarly misplaced. Because "class certification … ended up being fully briefed prior
23 to the date[s]" noticed for these "deposition[s]" due to "extension requests" being
24 "denied," "the parties agreed to revisit [these depositions] after the class certification
25 Order was entered." Exhibit 4 (April 10 email). And when they did, Defendant elected
26 not to pursue Mr. Imel's deposition further, and Plaintiff offered April 25, 2025 for
27 Mr. Maronick's deposition. *Id*. But Defendant elected not to depose Mr. Maronick on
28 April 25 and did not request alternative dates.

Declaration of Rick Lyon                3               Case No. 2:24-cv-08211-RGK-MAR

1    I declare under penalty of perjury that the foregoing is true and correct.
2    Executed this 10th day of October, 2025, in Santa Monica, California.
3
4    Rick Lyon: /s/ Rick Lyon