1  JACOB M. HARPER (State Bar No. 259463)
      jharper@dwt.com
2  JAMES H. MOON (State Bar No. 268215)
      jamesmoon@dwt.com
3  HEATHER F. CANNER (State Bar No. 292837)
      heathercanner@dwt.com
4  JOSEPH ELIE-MEYERS (State Bar No. 325183)
      josepheliemeyers@dwt.com
5  DAVIS WRIGHT TREMAINE LLP
   350 South Grand Avenue, 27th Floor
6  Los Angeles, California 90071
   Telephone: (213) 633-6800
7  Fax: (213) 633-6899

8  Attorneys for Defendant
   WALMART INC.

9

10

11              **UNITED STATES DISTRICT COURT**

12              **CENTRAL DISTRICT OF CALIFORNIA**

13                    **WESTERN DIVISION**

14

| 15 | EDIE GOLIKOV, individually and on behalf of all others similarly situated, | Case No. 2:24-CV-08211-RGK-MAR |
|---|---|---|
| 16 | | Assigned to Honorable R. Gary Klausner |
| 17 | Plaintiff, | |
| 18 | v. | **DEFENDANT WALMART INC.'S REPLY IN SUPPORT OF MOTION FOR SANCTIONS PURSUANT TO 28 U.S.C. § 1927 AND THE COURT'S INHERENT AUTHORITY** |
| 19 | WALMART INC., | |
| 20 | Defendant. | |
| 21 | | |
| 22 | | Date:  November 3, 2025 |
| 23 | | Time:  9:00 a.m.<br>Ctrm.:  850 |
| 24 | | Action Filed: September 24, 2024 |
| 25 | | |
| 26 | | |

27

28

WALMART'S REPLY IN SUPPORT OF
MOTION FOR SANCTIONS

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FL
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

# TABLE OF CONTENTS

**Page**

I. INTRODUCTION ..................................................................................................1

II. THE COURT SHOULD AWARD ATTORNEY'S FEES..............................2

    A. Plaintiff and Her Counsel Apply an Incorrect "Bad Faith" Standard.....2

    B. Sanctions Are Warranted Under § 1927 and the Court's Inherent Power........................................................................................................4

        1. Plaintiff and Her Counsel Acted In Bad Faith..............................4

            a. Recklessly Asserting and Maintaining Frivolous Facts...................................................................................4

                (1) Using Staff-Drafted Allegations Without Verification .................................................................4

                (2) Maintaining False Facts or Hiding the Truth...........6

                (3) Rather than Correct the Facts, They Doubled-Down. ....................................................................8

            b. Acting for an Improper Purpose.........................................9

            c. The Remaining Arguments Fail. .......................................9

        2. Unreasonable and Vexatious Multiplication of Proceedings. .....10

    C. Ms. Cho and Mr. Lyon Must Cover All Fees Caused by Their Bad Faith...........................................................................................................10

i

WALMART'S REPLY IN SUPPORT OF
MOTION FOR SANCTIONS

**DAVIS WRIGHT TREMAINE** LLP
350 SOUTH GRAND AVENUE, 27TH FL
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Caputo v. Tungsten Heavy Powder*,
　96 F.4th 1111 (9th Cir. 2024) ................................................................................ 5

*Fink v. Gomez*,
　239 F.3d 989 (9th Cir. 2001) ................................................................................ 2

*Fitzgerald v. Mercedes Benz U.S.*,
　2021 WL 3620429 (C.D. Cal. Apr. 5, 2021) ........................................................ 6

*Hawthorne Hangar Operations. L.P. v. Hawthorne Airport*,
　2021 WL 4184898 (C.D. Cal. July 8, 2021) ........................................................ 9

*In re Girardi*,
　611 F.3d 1027 (9th Cir. 2010) ..................................................................... *passim*

*In re Keegan Mgmt. Co., Sec. Litig.*,
　78 F.3d 431 (9th Cir. 1996) .............................................................................. 1, 3

*Lahiri v. Univ. Music &Video Distrib. Corp.*,
　606 F.3d 1216 (9th Cir. 2010) .................................................................. 3, 7, 8, 9

*Lake v. Gates*,
　130 F.4th 1064 (9th Cir. 2025) ........................................................................ 6, 8, 9

*Lampkin v. Cnty. of Sacramento*,
　2022 WL 3327469 (E.D. Cal. Aug. 11, 2022) .................................................. 3, 8

*Moser v. Bret Harte Union High Sch. Dist.*,
　366 F. Supp. 2d 944 (E.D. Cal. 2005) ............................................................... 3, 6

*Ready Transp., Inc., v. CRST Malone, Inc.*,
　2009 WL 10669743 (C.D. Cal. June 18, 2009) ................................................... 3

*Rowland v. Watchtower Bible & Tract Soc'y of New York*,
　2022 WL 3596827 (D. Mont. Aug. 23, 2022), *aff'd* 142 F.4th 1169 (9th
　Cir. 2025) ............................................................................................................. 9

*Schwarz v. Meinberg*,
　2016 WL 4370050 (C.D. Cal. Aug. 10, 2016) ..................................................... 9

i

WALMART'S REPLY IN SUPPORT OF
MOTION FOR SANCTIONS

**DAVIS WRIGHT TREMAINE** LLP
350 SOUTH GRAND AVENUE, 27TH FL
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

*Trulis v. Barton*,
    107 F.3d 685 (9th Cir. 1995) ............................................................................... 10

*Whelan v. BDR Thermea*,
    2011 WL 6182329 (N.D. Cal. Dec. 13, 2011) ...................................................... 6

*Whitaker v. Peet's Coffee, Inc.*,
    2022 WL 6698328 (N.D. Cal. Oct. 11, 2022) ....................................................... 8

*Wilkins v. Barber*,
    2021 WL 4992665 (E.D. Cal. Oct. 27, 2021) ....................................................... 9

*Yangman v. Republic Ins.*,
    987 F.2d 622 (9th Cir. 1993) ................................................................................. 6

*Zambrano v. City of Tustin*,
    885 F.2d 1473 (9th Cir. 1989) ........................................................................... 3, 6

**Rules**

Fed. R. Civ. P. 9(b) ..................................................................................................... 7, 8

Fed. R. Civ. P. 11 ............................................................................................................ 6

Fed. R. Civ. P. 23 ............................................................................................................ 8

L.R. 11-6.1 .................................................................................................................... 12

L.R. 83-3.1.2 ................................................................................................................... 4

L.R. 83-7 ......................................................................................................................... 4

ii

WALMART'S REPLY IN SUPPORT OF
MOTION FOR SANCTIONS

**DAVIS WRIGHT TREMAINE** LLP
350 SOUTH GRAND AVENUE, 27TH FL
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

## I. INTRODUCTION

Plaintiff Edie Golikov's counsel, Christin Cho and Richard Lyon, attempt to dodge sanctions by recharacterizing their conduct as "mistake" and ignoring the standards for bad faith. The gambit fails. Sanctions are warranted.

As confirmed in opposition, Ms. Cho and Mr. Lyon—two senior and competent partners at a law firm that prides itself on excellence—recklessly "hid" the key fact that would have avoided over a half-million dollars in defense costs: that their client's alleged purchase was online, not in a store, and she thus agreed to arbitration and a class waiver. By doing so, they wasted Walmart's time and resources litigating a class action that should never have happened. Counsel's behavior—unquestionably reckless under the controlling Ninth Circuit standards for bad faith conduct warranting sanctions (which Ms. Cho and Mr. Lyon tellingly fail to address)—means they, not Walmart, should pay for that wasted time.

Their excuses only underscore their recklessness. They argue and submit declarations claiming they never verified the key allegation they hid, yet they have produced a receipt printed *before* filing that demonstrate the allegation was false. When confronted with this decisive evidence requiring arbitration and class waiver, they didn't correct their misrepresentation—they *doubled-down* when it suited them (to oppose arbitration and decertification) only to backtrack and blame unspecified "staff" when facing sanctions and with nothing left to lose in this litigation. All such conduct qualifies as recklessness and bad faith in the Ninth Circuit. Section 1927 and the Court's inherent authority authorize the Court to make it right by requiring counsel to pay the fees incurred as a result of their misconduct.

Nothing in the opposition saves them from sanctions. ***First***, even taken as true, their "mistake" excuse is an admission to sanctionable bad faith. The Ninth Circuit defines "bad faith" to include "recklessly" misstating "frivolous" facts, *In re Keegan Mgmt. Co., Sec. Litig.*, 78 F.3d 431, 436 (9th Cir. 1996), *i.e.*, "depart[ing] from ordinary standards of care that disregards a known or obvious risk of a material

1
WALMART'S REPLY ISO MOTION FOR SANCTIONS

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FL
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

misrepresentation," *In re Girardi*, 611 F.3d 1027, 1038 n.4 (9th Cir. 2010). The Ninth Circuit recognizes such recklessness where, as here:

- Lead counsel fails to verify allegations, particularly when in possession of evidence (an invoice) showing that allegation is false, *infra* 4–6;
- Continues to repeat and rely upon the false allegation, despite events that would prompt any non-reckless attorney to verify it, *infra* 6–8; and
- Fails to correct such false allegation after the truth is revealed, and instead doubles-down on them, *infra* 8–9.

***Second,*** they fail to rebut the additional basis for bad faith—improper purpose. They claim, with no evidence, if they really wanted to they could have alleged a true, in-store purchase. They fail to offer any credible evidence that any such purchase occurred, or to explain why they did not seek to amend to allege one.

***Third***, Walmart showed their actions multiplied proceedings—the other requirement under § 1927. Their arguments that Walmart somehow benefitted from their misrepresentation are absurd. And Walmart was not required to discover the misrepresentation sooner; as the Court already found, it had "no duty … to investigate whether Plaintiff made the purchase online[.]" Dkt. 81 at 4.

## II.  THE COURT SHOULD AWARD ATTORNEY'S FEES

### A.  Plaintiff and Her Counsel Apply an Incorrect "Bad Faith" Standard.

As explained in the Motion, the requisite bad faith for sanctions under the Court's inherent authority and § 1927 is satisfied by recklessness coupled with frivolousness or improper purpose. Mot. 11–12. Tacitly acknowledging Walmart has shown recklessness, Ms. Golikov and her counsel do not address (or even mention) this standard. Instead, they suggest bad faith requires intentional misconduct, and argue their "unintentional mistake" falls short. Opp. 3–9. Not so.

Ninth Circuit authority makes clear bad faith encompasses "recklessness combined with" "frivolousness," or "improper purpose," and does not require intentional misconduct. Mot. 11–12 (citing *e.g.*, *Fink v. Gomez*, 239 F.3d 989, 994

2
WALMART'S REPLY ISO MOTION FOR SANCTIONS

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FL
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

(9th Cir. 2001)); *Keegan*, 78 F.3d at 436 ("Bad faith is present when an attorney knowingly or recklessly raises a frivolous argument, or argues a meritorious claim for [an improper] purpose."")).[1] "Recklessness" is "a departure from ordinary standards of care that disregards a known or obvious risk of a material misrepresentation." *Girardi*, 611 F.3d at 1038 n.4. Such "departure" occurs where:

- Lead counsel fails to verify and repeats allegations drafted by another, particularly when they have evidence showing that allegation is false, *Girardi*, 611 F.3d at 1061 (deeming this "reckless"); *Ready Transp., Inc., v. CRST Malone, Inc.*, 2009 WL 10669743, at *10 (C.D. Cal. June 18, 2009) (bad faith where declaration asserted facts contrary to evidence in counsel's possession);

- Counsel maintains the false allegation, despite their continuing obligation to verify and correct facts central to the litigation, and "chooses to remain willfully blind" to false statements, *see Girardi*, 611 F.3d at 1029; *Lahiri v. Univ. Music &Video Distrib. Corp.*, 606 F.3d 1216, 1221 (9th Cir. 2010) (attorney acted "recklessly and in bad faith" in continued "[p]ursuit of copyright claim without inquiring" into client's claimed copyright ownership); *Moser v. Bret Harte Union High Sch. Dist.*, 366 F. Supp. 2d 944, 977 (E.D. Cal. 2005) (ordering sanctions where counsel filed misleading facts; "the attorney personally certifies the content [of each filing is the result of] reasonable factual investigation").

- Counsel fails to correct the false statement after the truth is disclosed, or continues to rely on it, *e.g.*, *Lampkin v. Cnty. of Sacramento*, 2022 WL 3327469, at *2 (E.D. Cal. Aug. 11, 2022) (bad faith where "counsel had notice of their error[,] recklessly refused to amend their complaint" and "instead" "maintained" it); C.R.P.C. 3.3(a)(1) ("A lawyer shall not … fail to correct a false statement of

---

[1] The Opposition also misleadingly quotes the standard for sanctions under the local rules in *Zambrano v. City of Tustin*, 885 F.2d 1473, 1480 (9th Cir. 1989) (Opp. 2), not inherent authority or § 1927.

material fact … [it] previously made to the tribunal.").[2]

All apply here (as detailed below). Ms. Golikov and her counsel—*through their own admissions*—make clear they engaged in each. Their misplaced arguments they acted "unintentional[ly]" address only "improper purpose" and still fail.

**B.  Sanctions Are Warranted Under § 1927 and the Court's Inherent Power.**

**1.  Plaintiff and Her Counsel Acted In Bad Faith.**

**a.  Recklessly Asserting and Maintaining Frivolous Facts.**

Ms. Golikov and her counsel do not dispute that their representations that Ms. Golikov's November 14, 2021 purchase was from a store was frivolous, nor that they were reckless. Mot. 12–14. Rather, (1) Ms. Golikov's counsel submit declarations of their "unintentional mistake" excuse—which alone show sanctionable reckless misconduct. And they fail to address their other bad faith: (2) recklessly maintaining their false allegations pre-disclosure; and (3) post-disclosure, failing to correct, and instead doubling-down on, the false allegations.

**(1)  Using Staff-Drafted Allegations Without Verification.**

Ms. Cho's and Mr. Lyon's declarations—even taken as true—conclusively establish bad faith. Dkt. 95-1, 95-2. The Court already found they "hid" the online purchase (Dkt. 92 at 3), and their declarations confirm they never verified the fact after non-attorney "staff" drafted it, including when realleging it in the FAC. Opp. 1–5. This is textbook bad faith, not a mere "mistake," as they argue.

*Girardi*, 611 F.3d at 1061–63, rebuts Counsel's position. There, the Ninth Circuit ordered § 1927 sanctions against an attorney who signed a brief containing false factual statements despite only "days before" having signed a separate agreement making clear those statements were false. *Id.* at 1062. The Ninth Circuit rejected his excuses, nearly identical to counsel's here: that he was "unaware" of the factual error and that he had relied on other counsel to draft the filings. *Id.* The

---

[2] Local Rule 83-3.1.2 "adopt[s]" the State Bar of California's professional rules, and Local Rule 83-7 authorizes sanctions for the violation of the Local Rules.

WALMART'S REPLY ISO MOTION FOR SANCTIONS

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FL
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

Ninth Circuit explained that "willful ignorance of positions he propagates … does not insulate him from sanctions." *Id.* "At the very least, [he] was reckless in failing to live up to his personal obligation as the leading attorney of record." *Id.*; *accord Caputo v. Tungsten Heavy Powder*, 96 F.4th 1111, 1156 (9th Cir. 2024) (partner's "failure to check [subordinate's] work and independently verify the facts and law … rise[s] to the level of recklessness").

Ms. Cho and Mr. Lyon's conduct is strikingly similar, except they claim they relied on *non-attorney* "staff" to draft their key allegations, without ever verifying them (itself either the unauthorized practice of law, or a breach of the duty to supervise), and despite having printed an invoice just days before showing the allegation was false. Dkt. 95-1 ¶ 4. Their declarations do not help them:

- **Ms. Cho** admits she filed the initial complaint after a non-attorney "staff member filled in November 14, 2021, as the date of the in-store purchase," and admits she did not "double-check" (i.e., never verified) that fact, despite her asserted knowledge that Ms. Golikov made purchases both in store and online. Dkt. 95-1 ¶¶ 3–4; Opp. 2. She provides no explanation for the invoice printed just days prior reflecting the purchase was online. Dkt. 94-5 at 3; *Girardi*, 611 F.3d at 1063 (similar evidence made "clear" counsel "knew the" truth). She also fails to explain the declaration she had Ms. Golikov sign at the same time also testifying to the falsehood. Dkt.1-1 ¶ 2 ("On November 14, 2021, I purchased [the] Avocado Oil from a Walmart store[.]"). Nor can she blame unnamed "staff," as she was required to "make reasonable efforts to ensure" her staff's work complied with her own professional obligations. C.R.P.C. 5.4(b). Her testimony she was "working on a number of potential avocado oil cases," Dkt. 95-1 ¶ 2, does not relieve her of her "personal obligation as the leading attorney of record," *Girardi*, 611 F.3d at 1062.

- **Mr. Lyon** disclaims responsibility by arguing he "was not involved" in this case until he "appeared" six days after the complaint was filed. Dkt. 95-2 ¶ 2. At that time, he apparently failed to review the evidence of Ms. Golikov's allegations,
5
WALMART'S REPLY ISO MOTION FOR SANCTIONS

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FL
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

including the purchase invoice (or did, and ignored it). *See Moser*, 366 F. Supp. 2d at 977–78 (sanctioning claimed "mistakes" as counsel must "understand[] background" of case and "verify" statements made in filings). Later, he prepared amendments to the FAC and signed it (also under Rule 11), but admits he did not bother to "revisit" (i.e., verify) the original allegations then, even as he continued to rely on and repeat them. *Id.* ¶ 3. By signing the FAC, however, he represented to the Court the *entire* document was the result of a reasonable investigation and factually supported, not just the amendments. *See Lake v. Gates*, 130 F.4th 1064, 1068 (9th Cir. 2025) ("the existence of some supported allegations does not insulate Lead Attorneys for sanctions based on other, unsupported allegations"). Failing to verify those allegations was reckless.[3]

### (2) Maintaining False Facts or Hiding the Truth.

***Second***, independent of their admissions, counsel's failure to investigate or correct their false allegations despite its relevance and intervening events that would prompt a prudent attorney to do so independently evinces reckless bad faith. Mot. 11–14; *see Moser*, 366 F. Supp. 2d at 977 (sanctioning attorney for misleading filing; noting duty to verify facts "every time a party submits a filing"); *see also Girardi*, 611 F.3d at 1036 (noting "crucial moments [during case] where a reasonable attorney would have, at minimum, inquired further" about evidence supporting claim, and failure to do so is "willful blindness"). It shows, as this Court already found, that Ms. Golikov and her counsel "hid" the truth until after class certification. Dkt. 92 at 3. They fail to address this history, and argue, without explanation, they "never had a reason to [] check" these facts "until the April 24,

---

[3] Counsel's cited cases (Opp. 4) address inapposite situations such as an error corrected early in litigation (*Whelan v. BDR Thermea*, 2011 WL 6182329, at *7 (N.D. Cal. Dec. 13, 2011); *Fitzgerald v. Mercedes Benz U.S.*, 2021 WL 3620429, at *6 (C.D. Cal. Apr. 5, 2021)); an error excused by a life-threatening injury (*Zambrano*, 885 F.2d at 1484); and a poorly worded but accurate pleading (*Yangman v. Republic Ins.*, 987 F.2d 622, 628 (9th Cir. 1993)).

6
WALMART'S REPLY ISO MOTION FOR SANCTIONS

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FL
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

2025, meet and confer" on Walmart's arbitration motion. Dkt. 95-2 ¶ 4; Opp. 3.

The record belies their argument, as they blazed by a string of events and filings that each called for counsel to verify their central purchase allegations, but did not do so. *Lahiri*, 606 F.3d at 1222 (recklessness inferred from litigation conduct where counsel persisted in failing to investigate the validity of underlying claim). Over the course of months, *without verifying* a central fact, they:

- Drafted Ms. Golikov's declaration stating the false fact two days after printing an invoice showing the purchase was online, Dkt. 1-1, 94-5 at 3;
- Filed the complaint alleging the same false fact days later, Dkt. 1;
- Reviewed the initial motion to dismiss and filed a FAC restating the false fact, Dkt. 95-2 ¶ 3;
- Prepared Ms. Golikov's class certification declaration attesting she made purchases "from a Walmart store" for the exact price on the printed invoice of "$8.23," *compare* Dkt. 36-1 ¶ 2, *with* Dkt. 94-5 at 3);[4]
- Reasserted the false allegation in Opposition to the Motion to Dismiss to show they satisfied Rule 9(b), Dkt. 41 at 11;
- Replied to Walmart's class certification arguments about Ms. Golikov's failure to substantiate the details of her purchase, Dkt. 44 at 15, and waiver for class members who made online purchases, *id.* at 14; and
- Served March 10 discovery responses promising to produce documents regarding dates of Ms. Golikov's purchases, Dkt. 71-1 at 161–62.

Still, they did not disclose the truth until Walmart's interrogatories required it. Dkt. 94-3 at 4 (Resp. to Rog. No. 1). They cannot brush off this critical misrepresentation as a mere "mistake" mixing up purchase dates. Opp. 3. The facts of this single alleged purchase were central at all stages of this litigation. Beginning

---

[4] Indeed, Ms. Golikov admits she "[could not] provide exact information regarding cost for her in-store purchase," Dkt. 94-4 at 5 (Resp. to Rog No. 7), meaning she likely referenced the invoice price, Dkt. 94-5 at 3.

7
WALMART'S REPLY ISO MOTION FOR SANCTIONS
DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FL
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

at the pleadings, when and where she purchased the Avocado Oil was critical to, e.g., statute of limitations, what representations she read and relied upon, and satisfying Rule 9(b). And at class certification, these facts bore directly on whether Ms. Golikov was a class member and satisfied Rule 23. Either they failed to verify (recklessly disregarding obvious risk of material misstatement), or they did verify and hid the truth (intentionally). *See Lake*, 130 F.4th at 1069 (attorneys "either failed to conduct a reasonable [] factual [] inquiry … or [did] and filed this lawsuit anyway"). Either constitutes bad faith. *See Lahiri*, 606 F.3d at 1221 ("repeated misrepresentations … clearly evidenced [] recklessness and bad faith").

### (3) Rather than Correct the Facts, They Doubled-Down.

***Third***, were that not enough, Ms. Golikov and her counsel's post-disclosure conduct also shows recklessness. Rather than admitting their "mistake" and correcting the false allegations, they continued to exploit it to oppose Walmart's motion that specifically sought to undo some of the harm the false allegations caused. To "double-down" in this manner evinces bad faith. *See Whitaker v. Peet's Coffee, Inc.*, 2022 WL 6698328, at *4 (N.D. Cal. Oct. 11, 2022); *Lampkin*, 2022 WL 3327469, at *2 (bad faith where "counsel had notice of their error[,] recklessly refused to amend their complaint" and "instead" "maintained it").

Ms. Golikov and her counsel first disclosed on April 17 that her November 14, 2021 purchase was "online." Dkt. 94-3 at 4. At that point, they should have advised the Court and Walmart that their key purchase allegation was false and taken remedial action. Mot. 15; *Girardi*, 611 F.3d at 1064 (failures to "correct or withdraw [false] litigation positions" are additional violations of § 1927); C.R.P.C. 3(a)(1). Instead, they relied on it to seek further advantage. *First*, they claimed Walmart waived its arbitration rights and argued the false allegation (which they now admit describes a non-existent in-store purchase) somehow put Walmart on notice of an online purchase, Dkt. 69 at 5. *Second*, to oppose decertification, they tried to maintain the class they improperly certified based on the false allegations,

WALMART'S REPLY ISO MOTION FOR SANCTIONS

8

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FL
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

which "never should have been certified." Dkt. 92 at 3.

### b. Acting for an Improper Purpose.

Walmart separately demonstrated bad faith through improper purpose, including evading arbitration and class waiver. Mot. 14. Counsel argue they could have evaded arbitration by simply alleging a truthful in-store purchase. (Opp. 7–8.) So why didn't they? They twice pled only a single purchase, and didn't move to amend after Walmart moved to compel arbitration. Nor have they offered evidence of any in-store purchases beyond Ms. Golikov's vague statements. Dkt. 36-1 ¶ 2. In fact, the only purchase for which they offer any credible or specific evidence is the November 14, 2021 online purchase. If they kept their purchase allegation vague (and misleading) to suggest an in-store purchase because they cannot adequately allege one, that too is bad faith. *See Lake*, 130 F.4th at 1070–71 (misleading fact allegations show bad faith); *Rowland v. Watchtower Bible & Tract Soc'y of New York*, 2022 WL 3596827, at *7 (D. Mont. Aug. 23, 2022), *aff'd* 142 F.4th 1169 (9th Cir. 2025) (same).

### c. The Remaining Arguments Fail.

*First,* they claim there is "no evidence" of bad faith, citing inapposite cases. Opp. 1, 3–4.[5] But "litigation conduct" itself can show bad faith, *Lahiri*, 606 F.3d at 1222, and Walmart has identified additional evidence of sanctionable conduct.

*Second*, unable to respond to *the Court's* finding that they "hid" the truth until after class certification (Dkt. 92 at 3), Ms. Golikov and her counsel instead misattribute this quote to Walmart and mischaracterize it as based on deposition scheduling (Opp. 5), which is false. Mot. 13, 17.

---

[5] Opp. 4, citing *Hawthorne Hangar Operations L.P. v. Hawthorne Airport*, 2021 WL 4184898, at *3 (C.D. Cal. July 8, 2021) (no sanctions for unsuccessful but not meritless motions); *Schwarz v. Meinberg*, 2016 WL 4370050, at *4 (C.D. Cal. Aug. 10, 2016) (declining to sanction for raising non-frivolous "affirmative defenses"); *Wilkins v. Barber*, 2021 WL 4992665, at *2 (E.D. Cal. Oct. 27, 2021) (no sanctions for finding inadvertent failure to redact remedied by refiling).

9
WALMART'S REPLY ISO MOTION FOR SANCTIONS

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FL
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

*Third,* they argue sanctions should not be imposed against Ms. Golikov because she was not responsible for drafting the complaints. Opp. 11–12. They ignore that Ms. Golikov herself signed a false declaration submitted to this Court, Dkt. 1-1, and then perpetuated that falsehood in a later declaration, Dkt. 36-1 ¶ 2.

### 2. Unreasonable and Vexatious Multiplication of Proceedings.

Next, Ms. Golikov and counsel's bad faith multiplied the proceedings—satisfying the other requirement of § 1927. Mot. 17. They fail to show otherwise.

*First,* they argue that if they had alleged an in-store purchase from the outset, Walmart would have been "worse off." Opp. 10. Nonsense. If Ms. Golikov's counsel had *truthfully* pleaded the alleged purchase as online, Walmart (and the Court) would never had wasted their time—to the tune of over $500,000 litigating claims Ms. Golikov agreed not to bring. Regardless, the standard is simply whether their reckless conduct "resulted in the multiplication of the proceedings." *Girardi*, 611 F.3d at 1027; *Trulis v. Barton*, 107 F.3d 685, 692 (9th Cir. 1995) (continued "maintenance of [a] suit" after attorney should have known position was frivolous satisfies this requirement). Here, it plainly did.

*Second,* they argue it was *Walmart's* responsibility to uncover their misrepresentation to avoid further proceedings. Opp. 10. But the Court already found "there is no duty for Defendant to investigate whether Plaintiff made the purchase online." Dkt. 81 at 4.

*Third,* Mr. Lyon claims that because an initial complaint cannot multiply proceedings, the same is true for his FAC (Opp. 9–10); but refiling allegations without correction *does* multiply proceedings (not to mention the continued repetition and reliance on the false fact). *Girardi*, 611 F.3d at 1065 (failure to "correct[] the error" multiplies proceedings).

### C. Ms. Cho and Mr. Lyon Must Cover All Fees Caused by Their Bad Faith.

Walmart requests fees for all unnecessary litigation costs after filing the FAC. Mot. 18. Ms. Golikov and her counsel do not dispute this is the appropriate measure.

10
WALMART'S REPLY ISO MOTION FOR SANCTIONS

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FL
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

| | | |
|---|---|---|
| 1 | Dated: October 20, 2025 | DAVIS WRIGHT TREMAINE LLP |
| 2 | | |
| 3 | | By: /s/ Jacob M. Harper |
| 4 | | *Attorneys for Defendant Walmart Inc.* |

WALMART'S REPLY ISO MOTION FOR SANCTIONS

11

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FL
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

## CERTIFICATION

The undersigned counsel of record for Walmart Inc. certifies that this brief contains 3,392 words, which complies with the word limit of L.R. 11-6.1 and the Court's Standing Order.

/s/ Jacob M. Harper
Jacob M. Harper

12
WALMART'S REPLY ISO MOTION FOR SANCTIONS

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FL
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899