UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 2:24-cv-08211-RGK-MAR | Date | November 6, 2025 |
|---|---|---|---|
| Title | *Eddie Golikov v. Walmart Inc.* | | |

| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE | | |
|---|---|---|---|
| Joseph Remigio | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiff:          Attorneys Present for Defendant:

Not Present                                                Not Present

**Proceedings:** (IN CHAMBERS) Order Re: Motion for Sanctions Pursuant to 28 U.S.C. Section 1927 and the Court's Inherent Authority [DE 94]

## I.  INTRODUCTION

On December 30, 2024, Edie Golikov ("Plaintiff") filed a First Amended Class Action Complaint ("FAC") against Walmart Inc. ("Defendant") alleging: (1) violation of California's False Advertising Law; (2) violation of California's Consumer Legal Remedies Act; (3) violation of California's Unfair Competition Law; (4) breach of express warranty; (5) negligent misrepresentation; (6) intentional misrepresentation; and (7) quasi contract. (ECF No. 31.) Plaintiff sought injunctive relief, restitution, damages, and punitive damages.

On February 27, 2025, the Court certified the class. (ECF No. 62.) Also on February 27, 2025, following Defendant's Motion to Dismiss, the Court dismissed the claim for punitive damages. (ECF No. 63.) On June 10, 2025, the Court granted Defendant's Motion to Compel Arbitration and Stay Proceedings. (ECF No. 81.)

Presently before the Court is Defendant's Motion for Sanctions in the form of attorney's fees under 28 U.S.C. § 1927. (ECF No. 94.) For the following reasons, the Court **GRANTS** the Motion for Sanctions in the form of attorney's fees against Plaintiff's attorneys.

## II.  FACTUAL BACKGROUND

Defendant's Motion for Sanctions stems from Plaintiff's continued assertion that Plaintiff purchased avocado oil on November 14, 2021 "from a Walmart store." (*See* Compl. ¶ 6, ECF No. 1; FAC ¶ 6, ECF No. 31; Opp. Mot. Dismiss at 11, ECF No. 41.) However, on April 17, 2025, in response to Defendant's first set of interrogatories, Plaintiff revealed that she used a Walmart.com "online account on November 14, 2021 to purchase Walmart Great Value Avocado Oil." (Harper Decl., Ex. B at 2, ECF No. 66-3.) This revelation was made four months after Plaintiff filed the FAC. By using a Walmart.com online account to buy the avocado oil, Plaintiff agreed to Defendant's Privacy Policy and

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:24-cv-08211-RGK-MAR | Date | November 6, 2025 |
|---|---|---|---|
| Title | *Eddie Golikov v. Walmart Inc.* | | |

Terms of Use, which entered Plaintiff into a binding arbitration agreement and waived class action. (*See* Krsulic Decl., Ex. A ¶ 20, ECF No. 66-9.)

### III.    JUDICIAL STANDARD

Under § 1927, an attorney may be required to pay "excess costs, expenses, and attorneys' fees" for "multipl[ying] the proceedings in any case unreasonably and vexatiously." 28 U.S.C. § 1927. Sanctions under § 1927 apply after the initial pleadings to that which prolongs proceedings. *Zaldivar v. City of Los Angeles*, 780 F.2d 823, 831 (9th Cir. 1986). "Sanctions pursuant to section 1927 must be supported by a finding of subjective bad faith." *Blixseth v. Yellowstone Mountain Club, LLC*, 796 F.3d 1004, 1007 (9th Cir. 2015). Bad faith is shown by (1) knowingly or recklessly raising a frivolous argument or (2) arguing a meritorious claim for the purpose of harassment. *Id.* An action is frivolous when "the result is obvious or the arguments of error advanced are wholly without merit." *Int'l Union of Petroleum & Industrial Workers v. W. Indus. Maint., Inc.*, 707 F.2d 425, 430 (9th Cir. 1983).

Recklessness can be established when a leading attorney fails to check a subordinate's work and independently verify the facts and law. *See In re Girardi*, 611 F.3d 1027, 1062 (9th Cir. 2010); *see also In re Mitchell*, 901 F.2d 1179, 1188 (3d Cir. 1990) ("The fact that an attorney of record may make an agreement with some other person, attorney or layman, regarding a division of labor, does not diminish the attorney's *personal responsibility* for compliance with the rules of this court, *and liability for discipline if those rules are not complied with.*" (emphasis in original)).

### IV.    DISCUSSION

Here, Defendant argues that Plaintiff's attorneys, Ms. Cho and Mr. Lyon, acted in subjective bad faith by recklessly raising a frivolous argument. Defendant also argues that Ms. Cho and Mr. Lyon unreasonably multiplied proceedings. The Court agrees.

#### A.    Frivolousness

First, the action was frivolous because the argument that Plaintiff purchased a bottle of Great Value Refined Avocado Oil "[o]n November 14, 2021 . . . from a Walmart store," was without factual basis. (Compl. ¶ 6; FAC ¶ 6.) Plaintiff actually purchased the avocado oil from Defendant's website. (*See* Harper Decl., Ex. B at 2, ECF No. 66-3.) Plaintiff even had a printed-out receipt five days before filing the Complaint, showing that the avocado oil was delivered from Walmart.com. (Harper Decl., Ex. D, ECF No. 94-5.) The merit of Plaintiff's action was based on the false fact that Plaintiff purchased the avocado oil from a Walmart store, and not a website, as otherwise Plaintiff would be compelled to arbitrate her claim per Walmart's Terms of Use for website orders. Because of this false fact, Plaintiff's claims were advanced through the litigation phase without merit and therefore were frivolous. *See Int'l Union of Petroleum & Industrial Workers v. W. Indus. Maint., Inc.*, 707 F.2d 425, 430 (9th Cir. 1983).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:24-cv-08211-RGK-MAR | Date | November 6, 2025 |
|---|---|---|---|
| Title | *Eddie Golikov v. Walmart Inc.* | | |

Plaintiff argues that the claim was not frivolous and not made in bad faith because Plaintiff actually made numerous in-store purchases, and that Plaintiff simply entered the wrong date corresponding to the in-store purchase in the Complaint. (Opp. Motion for Sanctions at 7–8.) The Court disagrees. Plaintiff's in-store purchases still do not change the fact that the Complaint and the FAC make a claim that Plaintiff purchased a bottle of avocado oil on November 14, 2021 from a Walmart store, when she actually did not do so. Accordingly, the action was based on an argument advanced without factual merit.

  **B.**  <u>Recklessness</u>

Second, Plaintiff's attorneys acted with recklessness. Ms. Cho stated that she prepared the initial Complaint with assistance from a staff member, a staff member included the November 4, 2021 date in the Complaint, that Ms. Cho "did not realize that the November 14 date corresponded to an online purchase, and not an in-store purchase, and did not double-check that fact," and therefore the complaint was filed "with that inadvertent error." (Cho Decl. ¶ 4, ECF No. 95-1.) Mr. Lyon claims that he only oversaw preparation of the amendments of the FAC and that "[he] never had reason to go back and check the Complaint or Amended Complaint to confirm that her in-store purchases were specifically identified until the April 24, 2025 meet and confer." (Opp. Motion for Sanctions at 3; Lyon Decl. ¶ 4, ECF No. 95-2.)

Counsel's failure to verify a material fact constitutes recklessness under § 1927. Ms. Cho and Mr. Lyon had an obligation to independently verify asserted facts in pleadings to ensure they were not frivolous. Just because Ms. Cho had a staff member prepare the date of purchase for the complaint does not undermine her responsibility to the Court to ensure the claim's truthfulness. *See In re Girardi*, 611 F.3d at 1062; Fed. R. Civ. P. 11(b). Furthermore, Mr. Lyon's argument that he did not catch the mistake in the FAC because he only oversaw the amendments in the FAC is not persuasive as "the existence of some supported allegations does not insulate Lead Attorneys from sanctions based on other, unsupported allegations in the FAC." *Lake v. Gates*, 130 F.4th 1064, 1068 (9th Cir. 2025).

Plaintiff argues that Ms. Cho and Mr. Lyon's failure to catch the false statement of fact in the initial complaint and the FAC was due to a mistake, or what Plaintiff claims to be "advertent oversight," and not bad faith. (Opp. Motion for Sanctions at 3–4). In support, Plaintiff cites a variety of cases that deal with incomparable situations. *See, e.g., Whelan v. BDR Thermea*, No. C-11-02146 EDL, 2011 WL 6182329, at *7 (N.D. Cal. Dec. 13, 2011) (excusing counsel's mistake in early-stage litigation for failure to file timely notice and declining to dismiss a claim with prejudice); *Zambrano v. City of Tustin*, 885 F.2d 1473, 1480 (9th Cir. 1989) (finding counsel did not act in bad faith by failing to apply for admission to the bar before appearing). These situations did not result in months of unnecessary litigation because of a false factual allegation. In fact, the court in *Whelan* even admits that attorney's fees may be an appropriate award: "there are other disciplinary ways to deal with any willful disregard of the law, such as attorney's fees awards to name just one." *Whelan*, 2011 WL 6182329, at *7.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:24-cv-08211-RGK-MAR | Date | November 6, 2025 |
|---|---|---|---|
| Title | *Eddie Golikov v. Walmart Inc.* | | |

Accordingly, the Court finds that Ms. Cho and Mr. Lyon acted recklessly when they failed to verify a material fact in the litigation.

**C.      Unreasonable and Vexatious Multiplication of Proceedings**

Third, due to Plaintiff's failure to correct the fact that Plaintiff did not purchase avocado oil in store, and instead purchased it online, the parties engaged in multiple proceedings that unnecessarily augmented litigation. This false material fact led the parties to (1) litigate a motion to dismiss the FAC; (2) a motion opposing class certification; and (3) engage in discovery. (*See* Mot. to Dismiss, ECF No. 24; Mot. to Oppose Class Certification, ECF No. 44; Harper Decl. at 2, ECF No. 1-1.) This is evidence of "unnecessary filings and tactics once [the] lawsuit has begun." *In re Keegan Mgmt. Co., Sec. Litig.*, 78 F.3d 431, 436 (9th Cir. 1996). Although counsel cannot be sanctioned due to the filing of the complaint alone, Ms. Cho and Mr. Lyon continued to represent to the Court, in proceedings beyond the complaint, that Plaintiff purchased the avocado oil in a Walmart store. *Id.* (*See, e.g.*, Opp. Mot. Dismiss at 11 ("[o]n November 14, 2021, Plaintiff . . . purchased a bottle of Great Value Refined Avocado Oil from a Walmart *store*.") (emphasis added). Simply put, Ms. Cho and Mr. Lyon's failure to verify the initial fact led the Court to resolve unnecessary disputes that would not have occurred had they simply stopped to check whether Plaintiff actually purchased the avocado oil on November 14, 2021.

Furthermore, after it was revealed that Plaintiff purchased the avocado oil on Walmart.com instead of in a Walmart store, rather than correcting the error, Plaintiff continued to advance her litigation position through an Opposition to a Motion to Compel Arbitration (DE No. 69) and an Opposition to a Motion to Decertify the Class (DE No. 86.) This again unreasonably multiplied proceedings and "violated § 1927's duty to correct or withdraw litigation positions after it becomes obvious that they are meritless." *In re Girardi*, 611 F.3d at 1064.

Therefore, Ms. Cho and Mr. Lyon acted in subjective bad faith by recklessly raising a frivolous argument and unreasonably multiplying proceedings. Accordingly, sanctions awarding attorney's fees are appropriate under § 1927.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:24-cv-08211-RGK-MAR | Date | November 6, 2025 |
|---|---|---|---|
| Title | *Eddie Golikov v. Walmart Inc.* | | |

### V.     CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendant's Motion for Sanctions in the form of attorney's fees against Ms. Cho and Mr. Lyon. Defendant should submit a brief on the reasonableness of attorney's fees no later than **ten days** from this Order's entry.

**IT IS SO ORDERED.**

:

Initials of Preparer          JRE/sh