Richard Lyon (Cal. Bar No. 229288)
rick@dovel.com
Christin Cho (Cal. Bar No. 238173)
christin@dovel.com
DOVEL & LUNER, LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, California 90401
Telephone: (310) 656-7066
Facsimile: +1 (310) 656-7069

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDIE GOLIKOV, individually and on behalf of all others similarly situated,<br><br>*Plaintiff*,<br><br>v.<br><br>WALMART INC.,<br><br>*Defendant*. | Case No. 2:24-cv-08211-RGK-MAR<br><br>**PLAINTIFF'S COUNSEL'S OPPOSITION TO DEFENDANT WALMART'S SUPPLEMENTAL BRIEF ON THE REASONABILITY OF ATTORNEY'S FEES PURSUANT TO THE COURT'S ORDER GRANTING SANCTIONS (DKT. 98)**<br><br>Assigned to the Hon. R. Gary Klausner<br><br>Complaint filed: September 24, 2024 |

**Table of Contents**

I.   Introduction. .................................................................................................... 1

II.  The requested sanctions against individual lawyers are unreasonably high. ......... 1

III. Defendant has not met its burden of showing that the requested fees are reasonable. ..................................................................................................... 3

IV.  Conclusion. ................................................................................................... 10

# Table of Authorities

**Cases**

*Brown v. Baden (In re Yagman)*,
   796 F.2d 1165 (9th Cir. 1986) .................................................................... 2, 8

*Haynes v. City & Cty. of S.F.*,
   688 F.3d 984 (9th Cir. 2012) .................................................................... 1, 2, 3

*In re Keegan Mgmt. Co., Sec. Litig.*,
   78 F.3d 431 (9th Cir. 1996) ............................................................................ 10

*Kailikole v. Palomar Cmty. Coll. Dist.*,
   2020 U.S. Dist. LEXIS 196645 (S.D. Cal. Oct. 22, 2020) ................. 3, 4, 5, 6, 7

*Larin Corp. v. Alltrade, Inc.*,
   2008 U.S. Dist. LEXIS 65193 (C.D. Cal. July 11, 2008) ........................ 2, 3, 4, 5

*Laub v. Horbaczewski*,
   2020 U.S. Dist. LEXIS 259004 (C.D. Cal. Nov. 23, 2020) ............................... 5

*Scalia v. Cty. of Kern*,
   2023 U.S. Dist. LEXIS 73664 (E.D. Cal. Apr. 27, 2023) ........................... 4, 5, 6

*Wilden v. Cty. of Yuba*,
   2012 U.S. Dist. LEXIS 120822 (E.D. Cal. Aug. 23, 2012) ............................... 1

*Yi-Sheng Fang v. Hechalou US LLC*,
   2025 U.S. Dist. LEXIS 181749 (C.D. Cal. Sept. 12, 2025) ............................... 2

**Statutes**

28 U.S.C. § 1927 ................................................................................................ 1, 9

I.  **Introduction.**

Walmart seeks Section 1927 sanctions of $745,422.75 in fees against two individual attorneys. This request is excessive and unreasonable. Any awarded fees should be substantially lower.

II. **The requested sanctions against individual lawyers are unreasonably high.**

The district court has discretion to determine the amount of Section 1927 sanctions:

> "The plain language of the sanctions statute dictates this conclusion. Section 1927 provides that … '[any sanctioned] attorney . . . *may* be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.' 28 U.S.C. § 1927 (emphasis added). The use of the word 'may' — rather than 'shall' or 'must' — confers substantial leeway on the district court when imposing sanctions."

*Haynes v. City & Cty. of S.F.*, 688 F.3d 984, 987 (9th Cir. 2012). "Thus, with § 1927 as with other sanctions provisions, district courts enjoy much discretion in determining whether and how much sanctions are appropriate." *Id*. (internal quotations omitted).

While the Court cannot award more than the fees spent on unnecessary ligation as Section 1927 sanctions, it can award less. *Id*. ("a district court may impose an award of less than the total excess costs, expenses and fees incurred by the opposing party"); *Wilden v. Cty. of Yuba*, No. 2:11-cv-02246-JAM-GGH, 2012 U.S. Dist. LEXIS 120822, at *4 (E.D. Cal. Aug. 23, 2012) ("An award cannot exceed the amount expended by the opposing party, but the award may be less than that amount.").

And courts applying Section 1927 typically award substantially less than the amount sought by the requesting party, and nowhere near the amount Walmart seeks here. *See, e.g., Larin Corp. v. Alltrade, Inc.*, No. EDCV 06-1394 ODW (OPx), 2008

U.S. Dist. LEXIS 65193, at *11-18 (C.D. Cal. July 11, 2008) (awarding Section 1927 sanctions of $6,480 where requesting party sought $538,020.10); *Yi-Sheng Fang v. Hechalou US LLC*, No. CV 25-1180 PA (JDEx), 2025 U.S. Dist. LEXIS 181749, at *9 (C.D. Cal. Sept. 12, 2025) (concluding that the "reimbursement of 50% of the attorneys' fees generated … is a reasonable sanction, and that the sanction should be imposed on the law firm that filed the brief as opposed to the individual attorney or attorneys responsible.").

Section 1927 sanctions are awarded against individual attorneys (here, just two individuals), not the law firm of which they are a part. *See Haynes*, 688 F.3d at 988. This makes large monetary sanctions all the more severe and punitive. As a result, "when faced with a massive fee application the district court has the authority to make across-the-board percentage cuts either in the number of hours claimed or in the final figure." *Larin*, 2008 U.S. Dist. LEXIS 65193, at *10-11 (internal quotation marks omitted).

For example, in *Brown v. Baden*, the Court held that a district court abused its discretion by awarding fees of $250,000 against counsel. *Brown v. Baden (In re Yagman)*, 796 F.2d 1165, 1185 (9th Cir. 1986). The Court acknowledged "Yagman's misbehavior" and "empathize[d] with the district court's desire to punish Yagman's actions." *Id.* at 1184-85. But the fact that Yagman, an individual, would have to "pay such an immense sum" was a "factor relevant in determining reasonableness," and a sanction of this size "would send shivers through the bar." *Id*.

In *Larin*, Defendant sought Section 1927 sanctions of $538,020.10 against attorney Hyman. *Larin*, 2008 U.S. Dist. LEXIS 65193, at *11 (C.D. Cal. July 11, 2008). After considering that Mr. Hyman's conduct was "egregious" and in "bad faith" and that he would "personally [be] liable for a reasonable portion of Alltrade's fees" under Section 1927, the Court awarded sanctions of $6,840, roughly 1.3% of the amount sought. *Id*. at *7-12.

Opposition to Supplemental Brief on the Reasonability of Attorney's Fees    2    Case No. 2:24-cv-08211-RGK-MAR

In sum, Walmart's requested sanctions—$745,422.75 against two individual attorneys—is extremely high and substantially more than two individual lawyers can be expected to be able to pay. We are unaware of any Section 1927 sanctions in this district that have been assessed against individual lawyers for this amount. This is the first time that both lawyers have been subject to any sanctions order, and lesser sanctions are sufficient to deter any future misconduct. Plaintiff's counsel respectfully submits that the amount is excessive and unreasonable, and requests that the amount of the sanctions be lowered under the Court's discretion. *Haynes*, 688 F.3d at 987 ("a district court may impose an award of less than the total excess costs, expenses and fees incurred").

### III. Defendant has not met its burden of showing that the requested fees are reasonable.

As the party seeking sanctions, Defendant has the burden to show that it made a "good faith effort to exclude from the fee request hours that are excessive, redundant, or otherwise unnecessary." *Kailikole v. Palomar Cmty. Coll. Dist.*, No. 18-cv-02877-AJB-MSB, 2020 U.S. Dist. LEXIS 196645, at *9 (S.D. Cal. Oct. 22, 2020) (considering a fee application in the context of Section 1927). Defendant fails to meet its burden of establishing the reasonableness of its fees for five reasons.

####  1.   Defendant's fee request reflects duplication and overstaffing.

Fees that are a result of duplication and overstaffing should be reduced in the context of Section 1927 sanctions. *See Larin*, 2008 U.S. Dist. LEXIS 65193, at *16-17 (awarding just $6,840 in fees of the requested $538,020.10 in Section 1927 sanctions where the "invoices were deficient, duplicative, vague, and demonstrate a degree of overstaffing").

Here, Defendant had 15 attorneys—three partners, one counsel and eleven associates—who billed 1009.5 hours on the case. The entries show that Defendant always staffed multiple attorneys on the same task. For example, seven attorneys worked on the class certification opposition. Defendant does not explain why so many

hours were needed on each task, and it is impossible to determine based on the entries why so many hours and people were necessary. "[G]iven the attorneys' experience and the non-complex issues involved, this case should not have required the time of three partners and six associates … all largely doing the same things." *Larin*, 2008 U.S. Dist. LEXIS 65193, at *16.

Further, the amount of time that Defendant spent on each task was excessive for this case. Defendant states that it spent 76.2 hours on the motion to dismiss, 147 hours on the class certification opposition, 51 hours on the 23(f) petition, 418.8 hours on discovery, 139.5 hours on the decertification motion, 90.7 hours on the sanctions motion, and 76 hours on the supplemental fees brief. Dkt. 99-2 at 2. Using numbers more reasonable for this case, the total should be no more than 130 hours and $100,000 in fees.[1]

In other sanctions cases weighing attorneys' fees, courts have found that it was unreasonable to spend so much time on similar tasks. For example, in *Scalia v. City of Kern*, the Court held that spending 70 hours on a motion for spoliation and reply "was excessive and not reasonable." *Scalia*, 2023 U.S. Dist. LEXIS 73664, at *7-9. It further held that 4.1 hours on a reply brief was excessive, because around 2 hours would have been reasonable. *Id.*

In *Kailikole v. Palomar Cmty. Coll. Dist.*, the Court found that ten hours was reasonable for hours spent on a fee application and reply under Section 1927 in that case. *Kailikole*, 2020 U.S. Dist. LEXIS 196645, at *14 ("adding the reasonable hours spent on the fee application and reply (4 hours + 6 hours = 10 hours), multiplied by Mr. Dwin's reasonable hourly rate (10 hours x $550), the Court concludes that Plaintiff's counsel is entitled to 'fees-on-fees' award of $5,500.").

---

[1] For example, 15 hours on the motion to dismiss, 5 on the answer, 25 hours on the class certification opposition, 15 hours on the 23(f) petition, 30 hours on discovery, 15 hours on the decertification motion, 15 hours on the sanctions motion, and 10 hours on the supplemental fees.

Opposition to Supplemental Brief on the Reasonability of Attorney's Fees   4   Case No. 2:24-cv-08211-RGK-MAR

Here, Defendant fails to explain why it spent such an unusually high number of hours on similar tasks. The case was not unusual, and the time entries also fail to explain why so much time was needed for largely duplicative and repetitive tasks by 15 different attorneys. Thus, the amounts should be reduced. *Scalia*, 2023 U.S. Dist. LEXIS 73664, at *9 ("Because counsel did not submit evidence showing the distinct work each performed or their division of labor when they worked on the same matter, their redundant time entries and virtually identical work descriptions warrant a reduction of hours worked.").

    2.    <u>Defendant's vague time entries do not meet its burden of establishing reasonable sanctions</u>.

Where the "time entries submitted…are too vague for the Court to determine whether the hours reflected therein were reasonably expended," the fees may be reduced. *Kailikole*, 2020 U.S. Dist. LEXIS 196645, at *12-13; *Larin,* 2008 U.S. Dist. LEXIS 65193, at *17 ("Because Alltrade's invoices were deficient, duplicative, vague, and demonstrate a degree of overstaffing, this court concludes that it is impossible to ascertain the full scope of Alltrade's attorneys' fees and costs that can be attributed to Mr. Hyman's misconduct."); *Laub v. Horbaczewski*, No. CV 17-6210-JAK (KS), 2020 U.S. Dist. LEXIS 259004, at *23 (C.D. Cal. Nov. 23, 2020).

Courts routinely hold that time entries are too vague to be awarded as sanctions if it is impossible to assess whether the work was reasonably necessary or duplicative. For example, in *Laub v. Horbaczewski*, the Court held that entries that were "described as either 'review', 'work on' or 'revise' the draft spoliation motion" were too "generic and repetitive" to support the sanctions fees requested. *Laub*, 2020 U.S. Dist. LEXIS 259004, at *23-25 (considering sanctions under Rule 37). The entries did not "permit the Court to adequately assess whether the time billed was reasonably necessary or simply duplicative." *Laub*, 2020 U.S. Dist. LEXIS 259004, at *25-26.

Similarly, in *Kailikole v. Palomar Cmty. Coll. Dist.*, entries like "begin drafting application for attorney's fees," "continue drafting and revising application for fees,"

1  "continue drafting and revising application for fees and supporting declaration,"
2  "compile evidence in support of fee application," "draft and revise fee application and
3  supporting declaration," "continue drafting and revising fee application and supporting
4  declaration," and "compile and prepare exhibits in support of motion" were too vague
5  to be taxed as sanctions under Section 1927. *Kailikole*, 2020 U.S. Dist. LEXIS 196645,
6  at *12-13.
7        Likewise, in *Scalia v. Cty. of Kern*, the Court reduced the sanction fees
8  requested because entries such as "Drafting Spoliation Motion," "Researching and
9  Drafting Reply," "Drafting Reply," "Drafting Request for Extension," "Draft
10 Objections to Mag's F&R," and "Review and Revise Reply Briefs" "render[ed] the
11 Court's review for reasonableness exceedingly difficult and warrant[ed] a reduction in
12 the number of hours." *Scalia v. Cty. of Kern*, No. 1:17-cv-01097-AWI-CDB, 2023
13 U.S. Dist. LEXIS 73664, at *5-7 (E.D. Cal. Apr. 27, 2023) (considering fees
14 associated with spoilation sanctions).
15       The entries held to be insufficient in those cases mirror the overwhelming
16 majority of the entries here. For each category of court filing for which Defendant
17 requests sanctions (briefing for the motion to dismiss, answer, class certification, 23(f)
18 petition, decertification, sanctions, and fees motion), Defendant provides multiple
19 repetitive and vague entries. For example, for its opposition to the motion to dismiss,
20 Defendant has numerous generic and repeated entries such as, "Prepare motion to
21 dismiss First Amended Complaint," "Revise Motion to Dismiss," "Prepare reply brief
22 in support of motion to dismiss" and "Revise draft reply in support of motion to
23 dismiss." Dkt. 99-3. These entries contain no additional detail. The same is true for
24 many of the entries for the time spent for Walmart's answer (e.g., "Begin to draft
25 answer to SAC," "Draft answer," "Revise draft answer," "Finalize answer"). Similarly,
26 the entries regarding the 23(f) motion largely consist of vague entries such as "Prepare
27 Rule 23(f) petition" and "Revise Rule 23(f) petition," "Draft and revise 23(f) petition,"
28 and "Edit 23(f) petition."   For example:

Opposition to Supplemental Brief on the       6       Case No. 2:24-cv-08211-RGK-MAR
Reasonability of Attorney's Fees

**Fees Timesheet**

| Date | Timekeeper | Billed Hours | Base Amount | Billed Amount | Narrative | Phase |
|---|---|---|---|---|---|---|
| 3/5/2025 | Elie-Meyers, Joseph | 10.7 | $8,560.00 | $7,704.00 | Prepare Rule 23(f) petition | 23(f) Petition |
| 3/7/2025 | Elie-Meyers, Joseph | 0.7 | $560.00 | $504.00 | Prepare Rule 23(f) petition | 23(f) Petition |
| 3/8/2025 | Sigel, James | 1.1 | $1,512.50 | $1,361.25 | Revise 23(f) petition | 23(f) Petition |
| 3/9/2025 | Sigel, James | 1.8 | $2,475.00 | $2,227.50 | Revise 23(f) petition | 23(f) Petition |
| 3/10/2025 | Elie-Meyers, Joseph | 0.9 | $720.00 | $648.00 | Revise Rule 23(f) petition | 23(f) Petition |
| 3/10/2025 | Sigel, James | 4.9 | $6,737.50 | $6,063.75 | Draft and revise 23(f) petition | 23(f) Petition |
| 3/11/2025 | Sigel, James | 4.3 | $5,912.50 | $5,321.25 | Revise and circulate draft 23(f) petition | 23(f) Petition |
| 3/12/2025 | Sigel, James | 3.7 | $5,087.50 | $4,578.75 | Revise 23(f) petition | 23(f) Petition |
| 3/12/2025 | Harper, Jacob | 0.8 | $792.00 | $712.80 | Edit 23(f) petition | 23(f) Petition |
| 3/14/2025 | Harper, Jacob | 1.2 | $1,188.00 | $1,069.20 | Finalize 23(f) petition | 23(f) Petition |
| 3/24/2025 | Sigel, James | 0.8 | $1,100.00 | $990.00 | Review and analyze answer to 23(f) petition | 23(f) Petition |
| 3/25/2025 | Elie-Meyers, Joseph | 2.9 | $2,320.00 | $2,088.00 | Prepare reply brief ISO 23(f) petition | 23(f) Petition |
| 3/25/2025 | Sigel, James | 0.4 | $550.00 | $495.00 | Correspond with DWT team regarding reply to answer | 23(f) Petition |
| 3/26/2025 | Elie-Meyers, Joseph | 6.1 | $4,880.00 | $4,392.00 | Prepare reply brief ISO 23(f) petition | 23(f) Petition |
| 3/27/2025 | Sigel, James | 4.4 | $6,050.00 | $5,445.00 | Revise reply in support of 23(f) petition | 23(f) Petition |
| 3/28/2025 | Elie-Meyers, Joseph | 0.4 | $320.00 | $288.00 | Prepare reply brief ISO 23(f) petition | 23(f) Petition |
| 6/12/2025 | Sigel, James | 0.4 | $550.00 | $495.00 | Review record and revise draft 28(j) letter | 23(f) Petition |
| 6/13/2025 | Elie-Meyers, Joseph | 0.2 | $160.00 | $144.00 | Discuss appeal and de-certification strategy with H. Canner | 23(f) Petition |
| 6/13/2025 | Sigel, James | 0.4 | $550.00 | $495.00 | Revise and file 28(j) letter | 23(f) Petition |
| 6/13/2025 | Harper, Jacob | 0.2 | $198.00 | $178.20 | Revise and finalize 28(j) letter | 23(f) Petition |
| 8/14/2025 | Ladew, Matthew | 0.9 | $684.00 | $615.60 | Prepare stipulated motion to dismiss 23(f) petition | 23(f) Petition |
| 8/14/2025 | Sigel, James | 0.3 | $412.50 | $371.25 | Review and edit dismissal motion | 23(f) Petition |

Dkt. 99-3, Exhibit B at 6. The entries regarding the sanctions motion also contain repetitive and similar entries such as "Draft 1927 sanctions motion," "Work on motion for sanctions," and "Revise sanctions motion and supporting materials." *Id*. at 32. For over 85% of its time entries relating to court filings, Defendant includes these insufficient vague descriptors. This fails to satisfy Defendant's burden and justifies at least an 85% reduction in those fees.

Because it is impossible to determine whether the time spent was reasonable, duplicative, or excessive, these fees should be excluded. *Kailikole*, 2020 U.S. Dist. LEXIS 196645, at *12-13 ("The Court is unable to determine from these overly generalized entries how much time was spent on the different sections of the fee

application, and how much time was spent on the various portions of the 110-page supporting documentation … Without more, the Court does not find that counsel has met his burden of demonstrating the reasonableness of certain time entries reflected in his billing records.").

3. <u>Defendant's entries relating to time spent on discovery is unreasonable</u>.

Defendant asserts that it spent $298,000 and over 418 hours "engaging in discovery." Dkt. 99-1 at ¶ 41; Dkt. 99-2. This is unreasonable because there was only limited discovery in this case. The 26(f) Report was submitted on January 17, 2025 (Dkt. 40), and the case was stayed six months later, on June 10, 2025 (Dkt. 81). During the limited time period discovery was open in this case, Defendant did not take or defend a single deposition, and Defendant did not produce a single document in response to Plaintiff's requests for production. *See, e.g.*, Dkt. 71-2 ("Defendant has not produced a single document"). Given these circumstances, Defendant does not meet its burden of explaining why it needed 11 different attorneys to work for 418 hours on the limited amount of discovery during this time frame.  Thus, these fees should be reduced.

4. <u>Defendant's request for $200,000 more fees than it originally requested is unreasonable</u>.

"In assessing the damage done, the court should consider the extent to which it is self-inflicted due to the failure to mitigate." *Brown*, 796 F.2d 1165, 1185.

In its original motion for sanctions, filed on September 29, 2025, Walmart stated that it "seeks approximately $545,000 in fees" to cover its litigation costs. Dkt. 94 at i. Less than two months later, Walmart contends that the new total is $200,000 higher. Dkt. 99 at 1 ("Walmart now seeks a total of $745,422.75 in fees incurred"). The increase is unreasonable given that less than two months have passed, and the only activity in the case is the sanctions and fees briefing. Defendant had a duty to mitigate its fees, but instead chose to dramatically increase the amounts of its fees by billing

$200,000 in less than two months in a case that is stayed. This is unreasonable, and these fees should be rejected.

5. <u>Defendant's fees should also be reduced because some of the fees would have been incurred regardless</u>.

"If an award of attorneys' fees and costs is appropriate under 28 U.S.C. § 1927, the court must first determine how much of the attorneys' fees and costs are due to 'excessive' litigation." *Larin*, 2008 U.S. Dist. LEXIS 65193, at *9. "[T]he Court's authority under § 1927 authorizes an award only for excess costs incurred by the multiplication of the proceedings" and "does not include costs…and work that would have been performed" regardless. *Kailikole*, 2020 U.S. Dist. LEXIS 196645, at *9.

Defendant has the burden of proof. Defendant does not satisfy its burden of proof demonstrating that the work would not have been performed regardless. And, much of the work billed by Defendant would have been performed regardless. Walmart asserts that but for Plaintiff's error, the case would have proceeded in arbitration pursuant to Walmart's terms. According to Walmart's current terms, its arbitration proceedings include the right to "file such dispositive motions as would be permitted by the Federal Rules of Civil Procedure" (like the Rule 12 motion litigated in this case) and the "right to conduct such discovery from the opposing party or any third party that is proportional to the needs of the claim or dispute" (which includes most of the discovery that took place in this case).[2] Thus, even if the case had been litigated before an arbitrator, some of the fees that Walmart incurred would have been incurred. And Walmart does not exclude these fees from its request, further failing to satisfy its burden.

*    *    *

Lastly, as addressed in Plaintiff's Sanctions Opposition, the Ninth Circuit has "expressly held that § 1927 cannot be applied to an initial pleading." *In re Keegan*

---

[2] *See* https://www.walmart.com/help/article/walmart-com-terms-of-use/3b75080af40340d6bbd596f116fae5a0.

Opposition to Supplemental Brief on the    9    Case No. 2:24-cv-08211-RGK-MAR
Reasonability of Attorney's Fees

*Mgmt. Co., Sec. Litig.*, 78 F.3d 431, 435 (9th Cir. 1996); Dkt. 95 (Sanctions Opp. at 9-10). Ms. Cho's only involvement here was preparing the initial pleading. Declaration of Christin Cho ("Cho Decl."), ¶ 3. The fees that Walmart identifies were incurred as a result of litigation conduct that Ms. Cho had no involvement in. Cho Decl. ¶ 4. So none of these fees can be awarded as a § 1927 sanction against Ms. Cho. And it would be unreasonable to assess the full amount of the requested sanctions against Mr. Lyon, whose error was not revisiting the work of his partner, Ms. Cho, to catch the error in the initial pleading. *See* Dkt. 95-2 (Lyon Declaration), ¶¶ 3-4.

### IV. Conclusion.

Defendant's request for sanctions of $745,422.75 against two individual lawyers is unreasonable. The Court, in its discretion, may impose sanctions of less than $1,000 per attorney. For the reasons stated above, and considering the work performed in this case reflected in Defendant's brief, Plaintiff's counsel respectfully contends that any award of attorneys' fees exceeding $100,000 would be unreasonable.

Dated: December 5, 2025

Respectfully submitted,

By: */s/ Christin Cho*
Richard Lyon (Cal. Bar No. 229288)
rick@dovel.com
Christin Cho (Cal. Bar No. 238173)
christin@dovel.com
DOVEL & LUNER, LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, California 90401
Telephone: (310) 656-7066
Facsimile: +1 (310) 656-7069

*Attorneys for Plaintiff*

**CERTIFICATION OF COMPLIANCE WITH WORD LIMITATION**

The undersigned, counsel of record for Plaintiff Edie Golikov, certifies that this brief contains 2,912 words, which complies with the word limit of L.R. 11-6.1 and the Court's Standing Order.

Dated: December 5, 2025                              By: */s/ Christin Cho*
                                                                              Christin Cho