closed

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 2:24-cv-08211-RGK-MAR | Date | December 19, 2025 |
|---|---|---|---|
| Title | *Eddie Golikov v. Walmart Inc.* | | |

| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE | | |
|---|---|---|---|
| Joseph Remigio | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:**   (IN CHAMBERS) Order Re: Defendant's Supplement to Order on Motion for Sanctions [DE 99]

## I.  INTRODUCTION

On December 30, 2024, Eddie Golikov ("Plaintiff") filed a First Amended Class Action Complaint ("FAC") against Walmart Inc. ("Defendant") alleging: (1) violation of California's False Advertising Law; (2) violation of California's Consumer Legal Remedies Act; (3) violation of California's Unfair Competition Law; (4) breach of express warranty; (5) negligent misrepresentation; (6) intentional misrepresentation; and (7) quasi contract. (ECF No. 31.) Plaintiff sought injunctive relief, restitution, and actual and punitive damages.

On February 27, 2025, the Court certified the class. (ECF No. 62.) Also on February 27, 2025, following Defendant's Motion to Dismiss, the Court dismissed the claim for punitive damages. (ECF No. 63.) On June 10, 2025, the Court granted Defendant's Motion to Compel Arbitration and Stay Proceedings. (ECF No. 81.) Thereafter, the Court decertified the class on August 12, 2025. (ECF No. 92.) On November 6, 2025, the Court granted Defendant's Motion for Sanctions pursuant to 28 U.S.C. § 1927 in the form of attorney's fees against Plaintiff's attorneys, Ms. Cho and Mr. Lyon. (ECF No. 98.) In the Sanctions Order, the Court ordered the parties to brief the reasonability of attorney's fees. (*Id.*)

Presently before the Court is Defendant's Supplemental Brief on the Reasonability of Attorney's fees. (ECF No. 99.) For the following reasons, the Court **AWARDS** Defendant a total of **$623,738.70** in attorney's fees.

## II.  JUDICIAL STANDARD

Under 28 U.S.C. § 1927, an attorney may be required to pay "excess costs, expenses, and attorneys' fees" for "multipl[ying] the proceedings in any case unreasonably and vexatiously." If sanctions are awarded, § 1927 "authorizes the taxing of only excess costs incurred because of an attorney's unreasonable conduct; it does not authorize imposition of sanctions to reimburse a party for

closed

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:24-cv-08211-RGK-MAR | Date | December 19, 2025 |
|---|---|---|---|
| Title | *Eddie Golikov v. Walmart Inc.* | | |

the ordinary costs of trial." *United States v. Associated Convalescent Enterprises, Inc.*, 766 F.2d 1342, 1347 (9th Cir. 1985).

After a party shows that they are entitled to attorney's fees, the Court determines a reasonable fee award. In the Ninth Circuit, district courts calculate an award of attorney's fees by calculating the "lodestar." *See Caudle v. Bristow Optical Co. Inc.*, 224 F.3d 1014, 1028 (9th Cir. 2000). The "lodestar" amount is calculated by multiplying the number of hours the prevailing party reasonably expended on the litigation by a reasonable hourly rate. *Id.*

### III. DISCUSSION

#### A. Defendant's Estimate of Attorney's Fees is Reasonable

Pursuant to the Court's Sanctions Order, Defendant is entitled to its reasonable attorney's fees for Plaintiff's multiplication of proceedings. Defendant requests $745,422.75 in attorney's fees, representing 1,009.5 hours total in litigating the case. Defendant was represented by three partners, one counsel, and ten associates. The Court addresses the reasonableness of Defendant's hourly rates and hours expended in turn.

#### B. Hourly Rates

Defendant "bears the burden of documenting the appropriate hours expended in litigation and must submit evidence in support of those hours worked." *Gates v. Deukmejian*, 987 F.2d 1392, 1397 (9th Cir. 1992). Such evidence can include attorney declarations and rate determinations in other cases. *Harlow v. Metro. Life Ins. Co.*, 379 F. Supp. 3d 1046, 1053 (C.D. Cal. 2019). Plaintiff has "the burden of rebuttal that requires submission of evidence to the district court challenging the accuracy and reasonableness of the hours charged or the facts asserted." *Gates*, 987 F.2d at 1397–98.

Plaintiff does not contest that Defendant's hourly rates are reasonable. The partners and counsel who represent Defendant have substantial experience. Jacob Harper is a partner at Davis Wright Tremaine ("DWT") with over sixteen years of experience defending consumer product mislabeling cases. (Harper Decl. ¶ 7, ECF No. 99-1.) James Siegal is a partner at DWT and co-chair of DWT's appellate practice. (*Id.* ¶ 8.) James H. Moon is a partner at DWT and has extensive litigation experience. (*Id.* ¶ 9.) Finally, Heather Canner is a counsel at DWT and has over six years of experience representing retailers in consumer product mislabeling class actions in at least seven states. (*Id.* ¶ 10.)

Courts in this District have regularly awarded partners with comparable experience hourly rates exceeding $800 and associates hourly rates exceeding $600. *See, e.g., Amazon Content Servs. LLC v. DeBarr*, 2025 WL 2553333, at *1 (C.D. Cal. Aug. 8, 2025) (finding rates of $885–$1,090 an hour for partners and a rate of $620–$680 an hour for a fourth-year associate to be "reasonable and in line with

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:24-cv-08211-RGK-MAR | Date | December 19, 2025 |
|---|---|---|---|
| Title | *Eddie Golikov v. Walmart Inc.* | | |

the prevailing market rates"); *Providence Publ'ns, LLC v. NBC Universal Media, LLC*, 2025 WL 1766338, at *4 (C.D. Cal. June 18, 2025) (finding partner rate of $845.75 an hour and associate rate of $663 an hour to be reasonable); *AK Futures LLC v. Smoke Tokes, LLC*, 2022 WL 3574280, at *1–2 (C.D. Cal. Jan. 13, 2022) (finding rates ranging from $590.63 to $809.38 reasonable for associates). Defendant has further discounted its rates by an additional 10%. (Harper Decl. ¶ 6.) The Court finds Defendant's requested rates in range with previously awarded fees in this District.

    **C.**   **Hours Expended**

In litigating this case, Defendant filed a Motion to Dismiss the FAC, an Answer to the FAC, an Opposition to Class Certification, a Rule 23(f) Petition, a Motion to Decertify the Class, and a Motion for Sanctions. In addition, Defendants also engaged in Discovery.

As a preliminary matter, the Court excludes from the hours expended calculation the time associated with filing the Motion for Sanctions and the Supplemental Brief on the reasonability of attorney's fees. In its original Motion for Sanctions, Defendant wrote that it "intends to seek no less than $545,000 in attorney's fees, representing the fees incurred in moving to dismiss the FAC; opposing class certification; preparing a petition for interlocutory review under Rule 23(f); engaging in extensive discovery practice and briefing; and moving to decertify the plaintiff classes." (Mtn. Sanctions at 18.) However, in its Supplemental Brief on the reasonability of fees, Defendant requests an additional $121,368.15 for the costs incurred in moving for sanctions and filing the present Supplemental Brief on attorney's fees.

"If an award of attorneys' fees and costs is appropriate under 28 U.S.C. § 1927, the Court must first determine how much the attorneys' fees and costs are due to 'excessive' litigation." *Larin Corp. v. Alltrade, Inc.*, 2008 WL 2745881, at *4 (C.D. Cal. July 11, 2008), *aff'd sub nom. Larin Corp. v. Mueller*, 364 F. App'x 380 (9th Cir. 2010). The Court's authority under § 1927 "authorizes an award only for excess costs incurred by the multiplication of the proceedings." *Kailikole v. Palomar Cmty. Coll. Dist.*, 2020 WL 6203097, at *4 (S.D. Cal. Oct. 22, 2020). The Court previously found that Plaintiff unreasonably multiplied proceedings by continuing to represent a false fact throughout the case. (*See* Sanctions Order.) Plaintiff caused excessive litigation, beginning with the FAC and ending with the decertification of the class. Yet, Defendant's filing of a Motion for Sanctions was not part of Plaintiff's unreasonable multiplication because it was Defendant itself who chose to file this Motion for Sanctions. Although "the costs of obtaining sanctions *may* be included in a sanctions award under § 1927," *Blixseth v. Yellowstone Mountain Club, LLC*, 854 F.3d 626, 630 (9th Cir. 2017) (emphasis added), such an award is discretionary. The Court does not view the Motion for Sanctions and the litigation following the motion as part of the Plaintiff's multiplication of the proceedings. Therefore, the Court declines to award Defendant the costs associated with obtaining sanctions.

closed

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:24-cv-08211-RGK-MAR | Date | December 19, 2025 |
|---|---|---|---|
| Title | *Eddie Golikov v. Walmart Inc.* | | |

The Court finds Defendant's 842.8[1] hours spent to be reasonable.

Plaintiff argues that Defendant's time entries are unreasonable because of duplication and overstaffing. Plaintiff also argues that Defendant's time entries are excessive and that the time entries are too vague. In response, Defendant argues that Plaintiff fails to meet her burden to identify which time entries are duplicative, that the time Defendant's attorneys spent was reasonable, and that its time entries are sufficiently detailed.

First, the Court disagrees that Defendant's time entries are duplicative simply because Defendant staffed multiple attorneys on the same task. Especially considering that attorneys on the same case need to communicate with each other, "[o]ne certainly expects some degree of duplication as an inherent part of the [litigation] process." *Moreno v. City of Sacramento*, 534 F.3d 1106, 1112 (9th Cir. 2008). Although Plaintiff contends that "it is impossible to determine based on the entries why so many hours and people were necessary," (Opp'n Supp. Brief at 4, ECF No. 101), courts in this district have determined it is reasonable to have multiple attorneys perform one task. *See, e.g.*, *DCR Mktg. Inc. v. U.S. All. Grp., Inc.*, 2023 WL 3149277, at *2 (C.D. Cal. Mar. 9, 2023) ("[M]ultiple attorneys working on the same task is not inherently inappropriate."). Furthermore, the Court will not "impose its own judgment regarding the best way to operate a law firm, nor to determine if different staffing decisions might have led to different fee requests." *Moreno*, 534 F.3d at 1115. Absent more reasoning from Plaintiff, the Court finds Defendant's decision regarding staffing the case to be appropriate.

Second, Plaintiff argues that the amount of time that Defendant spent on each task was excessive for this case. Defendant spent 76.2 on the motion to dismiss, 10.3 hours in answering the FAC, 147 hours in opposing class certification, 51 hours in drafting the Rule 23(f) Petition, 418.8 hours engaging in discovery, and 139.5 hours in moving to decertify the class. These time records are presumptively correct. *See Ortega v. BMW of N. Am., LLC*, 2019 WL 6792798 at *3 (C.D. Cal. Oct. 24, 2019) ("Verified attorney time records are presumptively correct."). Furthermore, Plaintiff provides no direct support for the claim that Defendant's time spent was excessive, beyond providing its own estimate that "the total should be no more than 130 hours." (Opp'n Supp. Brief Reasonability Atty's Fees at 4.)

The cases that Plaintiff cites in support of her notion that Defendant's time entries are excessive are inapposite to this case. In *Scalia v. County of Kern*, the court found that 70 hours preparing a spoliation motion and reply was "excessive and not reasonable," because counsel had previously briefed those issues and facts. 2023 WL 3124385, at *3 (E.D. Cal. Apr. 27, 2023). In addition, the Court in that case found that spending 2 hours, instead of 4.1 hours, would be more reasonable in preparing a reply,

---

[1] Defendant spent 1,009.5 total hours litigating this case, however, 166.7 of them were a result of moving for sanctions and filing the Supplemental Brief on the reasonability of attorney's fees. (Def.'s Supp. Brief Regarding Fees at 3.) Because the Court declines to award sanctions for the hours associated with obtaining sanctions, the Court finds Defendant's total hours spent to be 842.8 (1,009.5 hours less 166.7 hours).

closed

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:24-cv-08211-RGK-MAR | Date | December 19, 2025 |
| Title | *Eddie Golikov v. Walmart Inc.* | | |

"because the issues addressed in this pleading were straightforward and not complex." *Id*. Plaintiff does not indicate that the factors present in *Kern* are present here, such as Defendant having previously briefed issues or that the facts or issues here were straightforward. In addition, in *Kailikole v. Palomar Community College District.*, the Court found that ten hours was a reasonable amount of time to spend on a fee application and reply for a case that involved a single anti-SLAPP motion, unlike this case which involved a complex class action and multiple phases of litigation. 2020 WL 6203097, at *4–5 (S.D. Cal. Oct. 22, 2020).

Third, Plaintiff argues that Defendant's time entries are too vague, as they contain generic words like "draft," "work on," and "revise." (Opp'n Supp. Brief at 7.) "[C]ounsel . . . is not required to record in great detail how each minute of his time was expended" in order to support a fee award, as long as counsel "identif[ies] the general subject matter of his time expenditures." *Trs. of Directors Guild of Am.-Producer Pension Benefits Plans v. Tise*, 234 F.3d 415, 427 (9th Cir. 2000) (quoting *Hensley v. Eckherhart*, 461 U.S. 424, 437 n.12 (1983)). Here, the billing records are sufficiently detailed to meet this standard, "as they specify the time spent down to the tenth of an hour and provide descriptions of the services that were performed." *Patagonia, Inc. v. 18A Chrons. LLC*, 2023 WL 5505805, at *2 (C.D. Cal. July 11, 2023).

In sum, the Court finds the 842.8 hours Defendant spent to be reasonable.

**D.   Lodestar Calculation**

The Court finds that awarding Defendant $623,738.70 in attorney's fees to be reasonable.[2] In so finding, the Court adopts the following lodestar calculation:[3]

| Attorney | Hours | Hourly Rate | Lodestar |
|---|---|---|---|
| J. Siegel | 22.5 | $1,237.50 | $27,843.75 |
| J. Harper | 131.8 | $891 | $117,433.80 |
| J. Moon | 23.4 | $891 | $20,849.40 |
| H. Canner | 2024: 0.4<br>2025: 131.5<br>Total: 131.9 | 2024: $733.50;<br>2025: $805.50 | 2024: $293.40<br>2025: $105,923.25<br>Total: $106,216.65 |

---

[2] Plaintiff also argues that two individual lawyers are unable to pay such high sanctions. Although it is within the Court's discretion to reduce § 1927 sanctions because of inability to pay, *see Haynes v. City & Cnty. of San Francisco*, 688 F.3d 984, 989 (9th Cir. 2012), Plaintiff offers no evidence in support of their contention that they are unable to pay.

[3] The Court notes that the lodestar calculation was calculated after subtracting the 166.7 hours associated with Defendant moving for sanctions and filing the Supplemental Brief on the reasonability of attorney's fees.

closed

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:24-cv-08211-RGK-MAR | Date | December 19, 2025 |
|---|---|---|---|
| Title | *Eddie Golikov v. Walmart Inc.* | | |

| | | | |
|---|---|---|---|
| J. Elie-Meyers | 152.4 | $720 | $109,728 |
| C. Whitten | 19 | $720 | $13,680.00 |
| P. Bae | 19.0 | $684 | $12,996.00 |
| M. Drell | 108 | $684 | $73,872.00 |
| M. Ladew | 33.8 | $684 | $23,119.20 |
| B. Stoffers | 62.5 | $652.50 | $40,781.25 |
| K. Feliciano | 2.2 | $612 | $1,346.40 |
| M. Gibbons | 40 | $576 | $23,040.00 |
| N. Traver | 36.9 | $562.50 | $20,756.25 |
| D. Imakyure | 59.4 | $540 | $32,076.00 |
| **Total** | **842.8** | - | **$623,738.70** |

### IV.  CONCLUSION

For the foregoing reasons, the Court **AWARDS** Defendant $623,738.70 in attorney's fees as a form of sanctions under § 1927 against Ms. Cho and Mr. Lyon.

**IT IS SO ORDERED.**

|  |  :  |
|---|---|
| Initials of Preparer | JRE/sh |