Richard Lyon (Cal. Bar No. 229288)
rick@dovel.com
Christin Cho (Cal. Bar No. 238173)
christin@dovel.com
DOVEL & LUNER, LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, California 90401
Telephone: (310) 656-7066
Facsimile: +1 (310) 656-7069

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDIE GOLIKOV, individually and on behalf of all others similarly situated,<br><br>*Plaintiff*,<br><br>v.<br><br>WALMART INC.,<br><br>*Defendant*. | Case No. 2:24-cv-08211-RGK-MAR<br><br>**PLAINTIFF'S COUNSEL'S NOTICE OF MOTION AND MOTION TO STAY SANCTIONS**<br><br>Date: March 2, 2026<br>Time: 9:00 a.m.<br>Courtroom: 850<br><br>Assigned to the Hon. R. Gary Klausner<br><br>Complaint filed: September 24, 2024 |

**NOTICE OF MOTION AND MOTION**

PLEASE TAKE NOTICE that on March 2, 2026, at 9:00 a.m. at the Roybal Federal Building and U.S. Courthouse, 255 East Temple Street, Los Angeles, CA 90012, Courtroom 850, 8th Floor, Plaintiff's counsel will move the Court to stay the sanctions order in this case pending a decision on the petition for a writ of mandamus in *Cho, et al. v. United States District Court for the Central District of California, Los Angeles*, No. 26-364 (9th Cir. 2026).

This motion is made following the conference of counsel pursuant to Civil Local Rule 7-3 which took place on January 23, 2026, at approximately 2:00 p.m. PST via telephone conference.

The motion is based upon this notice of motion, the attached memorandum of law, and the concurrently filed Declaration of Rick Lyon and exhibits thereto.

**MEMORANDUM OF LAW**

I.  **Introduction.**

On November 6, 2025, the Court entered an order for sanctions of $623,738.70. On January 16, 2026, Counsel filed a petition for writ of mandamus in the Ninth Circuit, requesting review of the sanctions order. Counsel now files this motion to stay the sanctions order while the petition for writ of mandamus is pending.[1]

II. **A stay is warranted under *Landis*.**

"A district court has discretionary power to stay proceedings in its own court under *Landis v. North American Co.*, 299 U.S. 248, 254, 81 L. Ed. 153, 57 S. Ct. 163 (1936)." *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1109 (9th Cir. 2005).

In determining whether a stay is appropriate, courts weigh (1) "the possible damage which may result from the granting of a stay," (2) "the hardship or inequity which a party may suffer in being required to go forward," and (3) "the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005) (*quoting CMAX, Inc. v. Hall*, 300 F.2d 265, at 268 (9th Cir. 1962)). Here, each of these factors support granting the stay.

(1) A stay would not result in any damage to Walmart. Walmart is a large, multinational corporation. In 2025, its revenues were $681 billion.[2] The sanctions award is less than one millionth of that amount. So waiting to receive the sanctions award while the Ninth Circuit reviews the sanctions order will have no material impact on Walmart at all.

(2) The sanctioned attorneys and/or law firm will suffer hardship and inequity if the sanctions are required to go forward before the writ of mandamus is decided. Unlike Walmart, neither the sanctioned attorneys nor their small law firm are

---

[1] The parties have met and conferred on this motion. *See* Lyon Decl. ¶ 2; Exh. 1 (email correspondence about this).

[2] https://stock.walmart.com/sec-filings/all-sec-filings/content/0000104169-25-000059/0000104169-25-000059.pdf.

Motion to Stay Sanctions                       1                  Case No. 2:24-cv-08211-RGK-MAR

1 multinational corporations with billions of dollars in annual revenue. Having to pay
2 $623,738.70 in sanctions poses risks, such as risks to budgets, liquidity, and long-term
3 reserves. Also, as detailed in the Petition, the sanctions award is causing ongoing
4 reputational harm to the attorneys.  Lyon Decl., Exh. 2 (Petition for Writ of
5 Mandamus) at 28-30. And their "professional reputations are the essence of their
6 livelihood." *United States v. Tillman*, 756 F.3d 1144, 1151 (9th Cir. 2014) (granting
7 petition for mandamus and reversing sanctions).

8      (3) A stay will promote the orderly course of justice by maintaining the status
9 quo while the Ninth Circuit determines whether sanctions were proper. A stay avoids
10 collateral enforcement disputes, and ensures that appellate review occurs before
11 irreversible consequences occur.

12 **III.   A stay is also warranted under *Nken* or the "sliding scales" approach.**

13      Courts may also consider the *Nken* factors in determining whether to stay. These
14 are: "(1) whether the stay applicant has made a strong showing that he is likely to
15 succeed on the merits; (2) whether the applicant will be irreparably injured absent a
16 stay; (3) whether issuance of the stay will substantially injure the other parties
17 interested in the proceeding; and (4) where the public interest lies." *Nken v. Holder*,
18 556 U.S. 418, 434 (2009) (cleaned up) (quoting *Hilton v. Braunskill*, 481 U.S. 770,
19 776 (1987)).

20      These factors overlap significantly with the *Landis* factors addressed above, and
21 also support granting the stay.

22      First, for the reasons stated in the petition for writ of mandamus, counsel has
23 made a strong showing that they will succeed on the merits. Lyon Decl., Exh. 2
24 (Petition for Writ of Mandamus). Second, for the reasons discussed above, the
25 sanctioned attorneys will be irreparably injured absent a stay. Third, as a large
26 multinational corporation, Walmart will not be injured by any brief delay in payment.
27 Fourth, the public interest lies in favor of a stay. The public interest is best served
28 when sanctions are enforced in a manner that is both fair and final. Premature

Motion to Stay Sanctions                 2               Case No. 2:24-cv-08211-RGK-MAR

...

enforcement of a contested, interlocutory sanctions order risks undermining confidence in the judicial process, while a brief stay pending mandamus review ensures that the sanction is fair before enforcement. Thus, this factor also supports the stay.

Finally, courts in this circuit sometimes also consider a sliding scale approach. "Under this approach, assuming the plaintiff has shown the balance of equities tips in its favor and a stay is in the public interest, serious questions going to the merits and a hardship balance that tips sharply toward the plaintiff can support a stay, even if the plaintiff does not show likely success on the merits." *Morgan Tire of Sacramento. Inc. v. Goodyear Tire & Rubber Co.*, 2015 U.S. Dist. LEXIS 74600, at *2-3 (E.D. Cal. June 8, 2015) (quoting *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1132 (9th Cir. 2011) (internal quotation marks omitted)).

Here, for the reasons above, the balance of equities and hardship tips sharply towards the sanctioned attorneys. Further, for the reasons stated in the writ of mandamus, there are serious questions raised going towards the merits. Lyon Decl., Exh. 2. Thus, under the "sliding scale" approach, the stay is also warranted.

***

For the foregoing reasons, counsel seeks a stay of enforcement of the sanctions order pending a decision on the petition for writ of mandamus. Counsel seeks only to preserve the status quo pending appellate review, not to avoid or delay compliance should the sanctions order ultimately be upheld.

Dated: January 30, 2026

Respectfully submitted,

By: /s/ Christin Cho
Richard Lyon (Cal. Bar No. 229288)
rick@dovel.com
Christin Cho (Cal. Bar No. 238173)
christin@dovel.com
DOVEL & LUNER, LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, California 90401

Telephone: (310) 656-7066
Facsimile: +1 (310) 656-7069

*Attorneys for Plaintiff*

**CERTIFICATION OF COMPLIANCE WITH WORD LIMITATION**

The undersigned, counsel of record for Plaintiff Edie Golikov, certifies that this brief contains 906 words, which complies with the word limit of L.R. 11-6.1 and the Court's Standing Order.

Dated: January 30, 2026                    By: */s/ Christin Cho*
                                                Christin Cho