JACOB M. HARPER (State Bar No. 259463)
jacobharper@dwt.com
JAMES H. MOON (State Bar No. 268215)
jamesmoon@dwt.com
HEATHER F. CANNER (State Bar No. 292837)
heathercanner@dwt.com
JOSEPH ELIE-MEYERS (State Bar No. 325183)
josepheliemeyers@dwt.com
DAVIS WRIGHT TREMAINE LLP
350 South Grand Avenue, 27th Floor
Los Angeles, California 90071
Telephone: (213) 633-6800
Fax: (213) 633-6899

Attorneys for Defendant
WALMART INC.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| EDIE GOLIKOV, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>WALMART INC.,<br><br>Defendant. | Case No. 2:24-CV-08211-RGK-MAR<br><br>Assigned to Honorable R. Gary Klausner<br><br>**DEFENDANT WALMART INC.'S OPPOSITION TO PLAINTIFF'S COUNSEL'S MOTION TO STAY SANCTIONS**<br><br>Date:   March 2, 2026<br>Time:  9:00 a.m.<br>Ctrm.:  850<br><br>Action Filed: September 24, 2024 |

WALMART'S OPPOSITION TO MOTION TO STAY SANCTIONS

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FL
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

**TABLE OF CONTENTS**

Page

I. INTRODUCTION ............................................................................................. 5

II. BACKGROUND ............................................................................................... 6

III. LEGAL STANDARD ....................................................................................... 7

IV. ARGUMENT .................................................................................................... 8

    A. Counsel Cannot Show a Likelihood of Success under *Bauman*........... 8

        1. This Court's carefully reasoned orders were correct, not "clearly erroneous as a matter of law." ...................................... 9

        2. Counsel also cannot demonstrate the other *Bauman* factors................................................................................................. 10

    B. Counsel Show No Irreparable Harm................................................... 12

        1. Any delay in obtaining a final judgment is self-inflicted......... 12

        2. Monetary awards are not irreparable, and counsel offer no evidence of inability to pay. ..................................................... 12

        3. A stay will not address the claimed reputational harm. ........... 14

    C. The Remaining *Nken* Factors Weigh Against A Stay: Walmart Will Be Injured by a Stay, and the Public Interest Favors Enforcement. ........ 14

    D. *Landis* Does Not Apply Because Counsel Do Not Seek a Stay of Proceedings. ........................................................................................ 16

    E. If the Court Grants a Stay, Which It Should Not, It Should Require Full Security. ....................................................................................... 17

V. CONCLUSION ............................................................................................... 18

1

WALMART'S OPPOSITION TO MOTION TO STAY SANCTIONS

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FL
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Al Otro Lado v. Wolf*,
  952 F.3d 999 (9th Cir. 2020) .................................................................................. 12

*Apple, Inc. v. Samsung Elecs. Co., Ltd.*,
  2014 WL 794328 (N.D. Cal. Feb. 25, 2014) ......................................................... 10

*Assurance Wireless USA, L.P. v. Reynolds*,
  100 F.4th 1024 (9th Cir. 2024) ......................................................................... 8, 16

*Bankers Life & Cas. Co. v. Holland*,
  346 U.S. 379 (1953) ............................................................................................... 11

*Bauman v. U.S. Dist. Ct.*,
  557 F.2d 650 (9th Cir. 1977) .......................................................... 8, 9, 10, 11

*Bennett v. Isagenix Int'l LLC*,
  118 F.4th 1120 (9th Cir. 2024) ............................................................................ 12

*Blixseth v. Yellowstone Mountain Club, LLC*,
  854 F.3d 626 (9th Cir. 2017) ................................................................................ 15

*Chalais v. Milton Bradley Co.*,
  1996 WL 524336 (S.D.N.Y. Sept. 16, 1996) ....................................................... 16

*Cheney v. U.S. Dist. Ct.*,
  542 U.S. 367 (2004) .......................................................................................... 8, 10

*Cunningham v. Hamilton County*,
  527 U.S. 198 (1999) ............................................................................................... 11

*Dodd Ins. Servs., Inc. v. Royal Ins. Co. of Am.*,
  935 F.2d 1152 (10th Cir. 1991) ............................................................................ 15

*Ex parte Fahey*,
  332 U.S. 258 (1947) ................................................................................................. 8

*Hilton v. Braunskill*,
  481 U.S. 770 (1987) ................................................................................................. 7

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FL
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

*In re Girardi*,
    611 F.3d 1027 (9th Cir. 2010) .................................................................................. 6

*Kalin v. Semper Midas Fund, Ltd.*,
    2021 WL 5906053 (N.D. Cal. Dec. 14, 2021) .................................................... 10

*Kerr v. U.S. Dist. Ct.*,
    426 U.S. 394 (1976) ............................................................................................ 11

*L.A. Mem'l Coliseum Comm'n v. Nat'l Football League*,
    634 F.2d 1197 (9th Cir. 1980) ............................................................................ 13

*Landis v. North American Co.*,
    299 U.S. 248 (1936) ..............................................................................5, 6, 16, 17

*Leiva-Perez v. Holder*,
    640 F.3d 962 (9th Cir. 2011) ................................................................................ 8

*Lockyer v. Mirant Corp.*,
    398 F.3d 1098 (9th Cir. 2005) ............................................................................ 16

*Maness v. Meyers*,
    419 U.S. 449 (1975) ...................................................................................... 15, 16

*Mogan v. Sacks, Ricketts & Case LLP*,
    2022 WL 2918901 (N.D. Cal. July 25, 2022) .................................................... 17

*Nken v. Holder*,
    556 U.S. 418 (2009) .......................................................................................*passim*

*NLRB v. Westphal*,
    859 F.2d 818 (9th Cir. 1988) .............................................................................. 17

*Poplar Grove Planting & Ref. Co. v. Bache Halsey Stuart, Inc.*,
    600 F.2d 1189 (5th Cir. 1979) ............................................................................ 17

*Rachel v. Banana Republic, Inc.*,
    831 F.2d 1503 (9th Cir. 1987) ................................................................. 8, 17, 18

*Roadway Express, Inc. v. Piper*,
    447 U.S. 752 (1980) ............................................................................................ 15

*Sampson v. Murray*,
    415 U.S. 61 (1974) .............................................................................................. 13

3
WALMART'S OPPOSITION TO MOTION TO STAY SANCTIONS

**DAVIS WRIGHT TREMAINE** LLP
350 SOUTH GRAND AVENUE, 27TH FL
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

*Schlagenhauf v. Holder*,
    379 U.S. 104 (1964) ............................................................................................. 11

*Stanley v. Woodford*,
    449 F.3d 1060 (9th Cir. 2006) ............................................................................. 11

*T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*,
    809 F.2d 626 (9th Cir. 1987) ............................................................................... 15

*Truesdell v. S. Cal. Permanente Med. Grp.*,
    151 F. Supp. 2d 1174. 1183 (C.D. Cal. 2001) ..................................................... 15

*United States v. Tillman*,
    756 F.3d 1144 (9th Cir. 2014) ............................................................................. 14

*Va. Petrol. Jobbers Ass'n v. Fed. Power Comm'n*,
    259 F.2d 921 (D.C. Cir. 1958) ............................................................................. 13

*Van v. LLR, Inc.*,
    962 F.3d 1160 (9th Cir. 2020) ............................................................................. 15

**Statutes**

28 U.S.C.
    § 1927 ....................................................................................................... 6, 7, 15, 16
    § 1961 ............................................................................................................. 16, 18

**Rules**

Fed. R. Civ. P. 62 ............................................................................................................ 6, 18

**Other Sources**

11A Charles Alan Wright et al., Federal Practice and Procedure (3d ed. 2013) ..... 12

4
WALMART'S OPPOSITION TO MOTION TO STAY SANCTIONS

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FL
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

## I. INTRODUCTION

Plaintiff's counsels' 906-word Motion to Stay Sanctions is a box-checking exercise that develops no argument even close to justifying the exceptional relief of a stay. For starters, it ignores what brought the parties and the Court to this juncture: Counsels' false facts spawned nearly a year of intense litigation, most of which should never have occurred, all of which culminated in orders compelling arbitration, decertifying the class, and sanctioning Counsel for wasting Walmart's time and resources to the tune of over $623,000. Now Counsel add insult to injury by asking to delay the payment of the sanction award intended to mitigate at least some of the waste.

The facts do not warrant such extraordinary relief.

And the law does not support it.

Counsel do not meaningfully address the "two most critical" factors of the demanding standard: likelihood of success and irreparable harm. *Nken v. Holder*, 556 U.S. 418, 434–35 (2009). On likelihood of success, counsel offer only a single conclusory sentence incorporating by reference a mandamus petition that attacks this Court's fact- and discretion-bound findings—which this Court made after extensive briefing and careful consideration. *See* Dkt. 107 ("Mot.") at 2:22–24; Dkt. 98; Dkt. 104. And on irreparable harm, counsel provide no evidence whatsoever, only generalized assertions about "budgets," "liquidity," and "reputational harm." Mot. at 2:1–3; 4:1–7; *see also* Dkt. 107-1 ("Lyon Decl."). But paying a monetary award is paradigmatically *not* irreparable injury, and delaying payment does nothing to undo claimed reputational harm from a sanctions order that is already entered and public. Moreover, a stay will harm Walmart and is against the public interest.

Counsels' reliance on *Landis v. North American Co.*, 299 U.S. 248 (1936), is misplaced. That case concerns stays of entire related parallel *proceedings*. This Court already stayed the proceedings here eight months ago, pending arbitration that

5
WALMART'S OPPOSITION TO MOTION TO STAY SANCTIONS

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FL
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

Plaintiff still has not initiated. *See* Dkt. 81 at 5. Counsel thus do not seek a *Landis* stay of proceedings. They instead seek an unsecured stay of enforcement of a sanctions award pending an extraordinary, discretionary writ.

The Motion should be denied. At minimum, if the Court is inclined to grant any stay, it should require full security to protect Walmart from delay and collection risk. *See* Fed. R. Civ. P. 62(b).

## II.   BACKGROUND

Counsel seeks to stay an order that the Court entered only after extensive briefing. *See, e.g.*, Dkt. 94, 95, 96, 99, 101, 103, 104.

This Court sanctioned Plaintiff's counsel under 28 U.S.C. § 1927 because counsel recklessly advanced the false, central allegation that Plaintiff Edie Golikov purchased avocado oil "from a Walmart store," and then multiplied proceedings for months on the back of that falsehood, declining ever to correct it. Dkt. 98 at 2–4.

In particular, the Court found the case was "frivolous" because the core factual predicate pleaded in the Complaint and FAC—an in-store purchase on November 14, 2021—was "without factual basis." Dkt. 98 at 2. Ms. Golikov "actually purchased the avocado oil from Defendant's website," and she "even had a printed-out receipt five days before filing the Complaint" showing delivery from Walmart.com. *Id.*

The Court further found counsel acted "recklessly" because they failed to verify this material fact, including where Ms. Cho admitted she relied on staff, "did not realize" the pleaded date corresponded to an online purchase and "did not double-check that fact." *Id.* at 3. The Court explained that "[c]ounsel's failure to verify a material fact constitutes recklessness," and that delegating to staff does not "undermine" counsels' responsibility. *Id.* (citing *In re Girardi*, 611 F.3d 1027 (9th Cir. 2010)).

Last, the Court found counsel unreasonably and vexatiously multiplied proceedings, including the motion to dismiss, class certification, and discovery, by

6
WALMART'S OPPOSITION TO MOTION TO STAY SANCTIONS

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FL
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

1  continuing to litigate based on the false in-store purchase and continuing to press
2  positions even after the online purchase was revealed. *Id.* at 4.

3        On December 19, 2025, after supplemental briefing on reasonableness of fees,
4  the Court awarded Walmart $623,738.70 in attorneys' fees as § 1927 sanctions.
5  Dkt. 104 at 6. The Court also considered and rejected counsels' argument that the
6  requested fee amount is "substantially more than two individual lawyers can be
7  expected to be able to pay," explaining that counsel offered "no evidence in support
8  of their contention that they are unable to pay." Dkt. 101 at 5 n.2. Walmart, in
9  contrast, cited in its briefing multiple sources where counsel touted their successful
10 verdicts and settlements, including those exceeding $70 million. Dkt. 103 at 8 n.2.

11       On January 16, 2026, counsel filed a mandamus petition in the Ninth Circuit
12 challenging the sanctions award. Lyon Decl. ¶ 4 & Ex. 2. Two weeks later, counsel
13 filed this Motion, asking the Court to stay enforcement of the monetary sanctions
14 award while the mandamus petition is pending. Mot. at 3.

15 **III.  LEGAL STANDARD**

16       Counsel seek to stay enforcement of a monetary sanctions award. That relief
17 is governed by the traditional *Nken* stay factors:

18/19 > (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits;

20 > (2) whether the applicant will be irreparably injured absent a stay;

21/22 > (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and

23 > (4) where the public interest lies.

24 *Nken v. Holder*, 556 U.S. 418, 434 (2009) (quoting *Hilton v. Braunskill*, 481 U.S.
25 770, 776 (1987)). And because counsel seek to delay enforcement of a monetary
26 award, any stay—if granted—must protect the judgment-creditor through security.
27 *See, e.g., Rachel v. Banana Republic, Inc.*, 831 F.2d 1503, 1505 n.1 (9th Cir. 1987)
28 (full supersedeas bond required).

7
WALMART'S OPPOSITION TO MOTION TO STAY SANCTIONS

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FL
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

"The first two factors … are the most critical." *Nken*, 556 U.S. at 434. The moving party must at least show "serious legal questions" and a likelihood of irreparable injury. *See Leiva-Perez v. Holder*, 640 F.3d 962, 971 (9th Cir. 2011) (per curiam). The Ninth Circuit sometimes applies a related "sliding scale test," where the requirement may be satisfied "with a 'serious question' on the merits when the balance of hardships tips sharply in [movant's] favor." *Assurance Wireless USA, L.P. v. Reynolds*, 100 F.4th 1024, 1031 (9th Cir. 2024).

## IV.  ARGUMENT

Here, all factors favor Walmart, particularly the two "most critical" factors: Counsel have shown no likelihood of success on the merits and no irreparable harm. *See Nken*, 556 U.S. at 434. Additionally, a stay would prejudice Walmart and is against the public interest.

### A.  Counsel Cannot Show a Likelihood of Success under *Bauman*.

Mandamus is a "'drastic and extraordinary' remedy, 'reserved for really extraordinary causes.'" *Cheney v. U.S. Dist. Ct.*, 542 U.S. 367, 380 (2004) (quoting *Ex parte Fahey*, 332 U.S. 258, 259–60 (1947)). "[O]nly exceptional circumstances amounting to a judicial 'usurpation of power,' or a clear abuse of discretion, will justify the invocation of this extraordinary remedy." *Id.* (citations omitted).

Mandamus is not a vehicle to relitigate factual findings or to obtain an interlocutory appeal in disguise. To succeed, a petitioner must show that the challenged order is "clearly erroneous [order] as a matter of law" and also satisfy the remaining *Bauman* factor, including that there was "no other adequate means, such as direct appeal, to attain … relief"; that "petitioner will be damaged or prejudiced in a way not correctable on appeal"; the existence of an "oft-repeated error" or "persistent disregard of the federal rules"; and "new and important problems, or issues of law of first impression." *See Bauman v. U.S. Dist. Ct.*, 557 F.2d 650, 654–55 (9th Cir. 1977). Counsel will be unable to make this showing, and so are not

8

WALMART'S OPPOSITION TO MOTION TO STAY SANCTIONS

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FL
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

likely to succeed on the merits. The Court's orders were not "clearly erroneous as a matter of law," and the other *Bauman* factors plainly do not favor mandamus either.

### 1. This Court's carefully reasoned orders were correct, not "clearly erroneous as a matter of law."

Counsel fail to show the Court's carefully considered orders were clearly erroneous as a matter of law. They therefore are unlikely to succeed on the merits of their mandamus petition under the highly deferential standard of review—particularly since the Court was correct on the merits. Plaintiffs' cursory Motion does nothing to suggest the Court should have reached any other outcome than the sanctions orders it already issued.

The initial sanctions order rests on straightforward, record-based findings that counsel do not and cannot seriously refute. The Complaint and FAC alleged a single in-store purchase made on November 14, 2021. Dkt. 1 ¶ 6; Dkt. 31 ¶ 6. That allegation was false. Ms. Golikov had a receipt printed before filing showing the purchase was a Walmart.com delivery, not an in-store purchase. Dkt. 98 at 2. The Court found recklessness because counsel "failed to verify a material fact." *Id.* at 2–3. Ms. Cho admitted she relied on staff and did not notice that the sole pleaded date corresponded to an online purchase, as she "work[ed] on a number of potential avocado oil cases." *See* Dkt. 95-1 at 2 ¶¶ 2, 4. Counsel maintained this false allegation through class certification. Dkt. 98 at 4.

That kind of cut-and-paste delegation without verification, which here multiplied the proceedings enormously, is exactly what sanctions are designed to deter. *See id.* at 2. The false pleading drove months of unnecessary motion practice and discovery, and counsel continued to press positions even after the online purchase was revealed. *Id.* at 4. The Court also explained that "Plaintiff's in-store purchases still do not change the fact that the Complaint and the FAC make a claim that Plaintiff purchased a bottle of avocado oil on November 14, 2021 from a Walmart store, when she actually did not do so." *Id.* at 3. This "action was based on

9

WALMART'S OPPOSITION TO MOTION TO STAY SANCTIONS

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FL
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

an argument advanced without factual merit," given the *sole pleaded purchase* was subject to arbitration. *See id.*

Plaintiffs now seek to turn back the clock with a single sentence: "for the reasons stated in the petition for writ of mandamus, counsel has made a strong showing that they will succeed on the merits." Mot. at 2:22–24. That is not the "strong showing" counsel will need to succeed in obtaining the extraordinary relief of mandamus. *See Nken*, 556 U.S. at 434. It is not an argument, and it does not even try demonstrate *why* the mandamus petition will succeed. There is no discussion of how this Court's lawful sanctions order usurped judicial power or constituted a "clear abuse of discretion." *See Cheney*, 542 U.S. at 380. And even if counsel could somehow properly incorporate by reference broad, unspecified arguments from appellate briefing (they cannot), doing so would circumvent this Court's page limits. *See* Dkt. 8 at 3:26–4:1; *Apple, Inc. v. Samsung Elecs. Co., Ltd.*, 2014 WL 794328, *20 (N.D. Cal. Feb. 25, 2014) (Koh, J.) (rejecting attempt to incorporate by reference "several of Samsung's expert reports," which would flout the page limits and "greatly expand[] the scope of [Samsung's] contentions," leaving the other party unable to analyze them); *Kalin v. Semper Midas Fund, Ltd.*, 2021 WL 5906053, *1 n.1 (N.D. Cal. Dec. 14, 2021).

The Court's order on the *amount* of fees is also well reasoned, issued after full supplemental briefing. Dkt. 104. The Court considered reasonableness of rates and hours expended and even exercised its discretion not to award 15% of the hours sought. *See id.* at 3–5 & n.1. Counsel do not contest this, instead simply referring the Court to their mandamus briefing—which in turn simply recycles arguments this Court has already rejected.

### 2. Counsel also cannot demonstrate the other *Bauman* factors.

Even if counsel could show clear error as a matter of law, they cannot demonstrate the other *Bauman* factors required for the extraordinary relief they seek.

10
WALMART'S OPPOSITION TO MOTION TO STAY SANCTIONS

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FL
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

Counsel will not be able to satisfy the threshold mandamus requirement of showing that there are "no other adequate means" to obtain relief. *See Kerr v. U.S. Dist. Ct.*, 426 U.S. 394, 403 (1976) ("[T]he party seeking issuance of the writ [must show he has] no other adequate means to attain the relief he desires."). Sanctions orders are reviewed after final judgment, not via interlocutory appeal, and such post-judgment review is the normal, adequate remedy. *See Stanley v. Woodford*, 449 F.3d 1060, 1065 (9th Cir. 2006) (dismissing immediate appeal of § 1927 sanctions); *see also Cunningham v. Hamilton County*, 527 U.S. 198, 204 & n.4 (1999). Mandamus is inappropriate where, as here, parties merely seek to prevent the "inconvenience and hardship" of awaiting appeal after final judgment. *Bankers Life & Cas. Co. v. Holland*, 346 U.S. 379, 383 (1953); *Schlagenhauf v. Holder*, 379 U.S. 104, 110 (1964) (mandamus "is not a substitute for appeal, even though hardship may result from delay and perhaps unnecessary trial" (citation omitted)). For the same reasons, counsel will not be able to demonstrate they "will be damaged or prejudiced in a way not correctable on appeal" after receiving a final judgment. *See Bauman*, 557 F.2d at 654.

Moreover, counsel do not explain how the supposed error will be "oft-repeated" or evinces a "persistent disregard of the federal rules." *id.* at 655. Nor how a routine sanctions order raises "new and important problems." *See id.* None of these things is true here.

\*\*\*

In short, counsel are unlikely to establish any clear abuse of discretion—much less satisfy the other exceptional circumstances warranting mandamus. They establish none of the *Bauman* factors. Counsel thus have not come close to making the "most critical," "strong showing" *Nken* requires. *See* 556 U.S. at 434.

11
WALMART'S OPPOSITION TO MOTION TO STAY SANCTIONS

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FL
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

**B.    Counsel Show No Irreparable Harm.**

Counsel also cannot show any irreparable harm—the other "most critical" factor, *Nken*, 556 U.S. at 434. They present no evidence of such harm, and to the extent there is any, it is self-inflicted and so does not satisfy *Nken*.

### 1.    Any delay in obtaining a final judgment is self-inflicted.

Counsel offer no argument beyond the assertion they "will be irreparably injured absent a stay." Mot. at 2:25. Not so.

For starters, Counsels' own false statements brought on the sanctions order, their repeated doubling down throughout the litigation extended it, and their failure to prosecute the arbitration has further delayed a final judgment. A party cannot manufacture delay and then invoke that delay as a basis for extraordinary equitable relief. "[W]hen a harm is 'largely self-inflicted,' that fact 'severely undermines [a] claim for equitable relief.'" *Bennett v. Isagenix Int'l LLC*, 118 F.4th 1120, 1129 (9th Cir. 2024) (quoting *Al Otro Lado v. Wolf*, 952 F.3d 999, 1008 (9th Cir. 2020)); *see also* 11A Charles Alan Wright, Arthur R. Miller, & Mary Kay Kane, Federal Practice and Procedure § 2948.1 (3d ed. 2013) ("Not surprisingly, a party may not satisfy the irreparable harm requirement if the harm complained of is self-inflicted."). Granting a stay pending mandamus in these circumstances would effectively create an open-ended, debtor-controlled suspension of a sanctions award—even where counsel have taken no steps to move the action forward for more than half a year.

### 2.    Monetary awards are not irreparable, and counsel offer no evidence of inability to pay.

Counsel also assert that paying the sanctions award poses "risks" to "budgets, liquidity, and long-term reserves" and that the sanctions order causes "reputational harm." Mot. at 4:1–7. But monetary injury is not irreparable harm. And even if it were, Counsel provide no evidence in support of that claimed harm.

12
WALMART'S OPPOSITION TO MOTION TO STAY SANCTIONS

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FL
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

1    First, payment of a monetary award, even a large one, is not irreparable harm. Economic injury alone does not support a finding of irreparable harm because any such harm is paradigmatically reparable—namely, by repayment. *See Sampson v. Murray*, 415 U.S. 61, 90 (1974) ("Mere injuries, however substantial, in terms of money, time and energy necessarily expended in the absence of a stay, are not enough" (quoting *Va. Petrol. Jobbers Ass'n v. Fed. Power Comm'n*, 259 F.2d 921, 925 (D.C. Cir. 1958)); *L.A. Mem'l Coliseum Comm'n v. Nat'l Football League*, 634 F.2d 1197, 1202 (9th Cir. 1980) ("The temporary loss of income, ultimately to be recovered, does not usually constitute irreparable injury" (quoting *Sampson*, 415 U.S. at 90) (alteration adopted)). Counsel provide no authority contradicting this foundational distinction between monetary and other harms.

Second, counsel provide no evidence whatsoever of potential injury. Instead, they support their argument with the same kinds of conclusory statements regarding ability to pay that the Court already rejected. Indeed, in briefing on the fee amount, Plaintiffs' counsel claimed the requested fee amount is "substantially more than two individual lawyers can be expected to be able to pay." Dkt. 101. Walmart, in contrast, had cited in its briefing multiple sources where counsel touted obtaining $164 million and $75 million verdicts or settlements. Dkt. 103 at 8 n.2. When awarding Walmart's requested fees, the Court expressly noted counsel provided "no evidence" of inability to pay. Dkt. 104 at 5 n.2. Counsel *still* provide no such evidence. Their sole declaration says nothing about finances or security; it merely attaches email correspondence and the mandamus petition. Lyon Decl. ¶¶ 3–4 & Exs. 1 & 2. The Motion likewise points to no evidence—only a generalized assertion that "[h]aving to pay $623,738.70 in sanctions poses risks, such as risks to budget, liquidity, and long-term reserves." Mot. at 2:1–3. This abstract assertion is disconnected from anything specific about counsel. Yet the sanctions run against Ms. Cho and Mr. Lyon, not their firm. Dkt. 98 at 5; Dkt. 104 at 6. The Motion offers

13
WALMART'S OPPOSITION TO MOTION TO STAY SANCTIONS

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FL
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

no competent evidence about their finances and no basis to treat payment of a money award as irreparable harm.

### 3. A stay will not address the claimed reputational harm.

Finally, counsels' claimed reputational harm will not be remedied by delaying payment. The sanctions finding is already public and already entered. Staying enforcement does not erase it.[1] *United States v. Tillman*, 756 F.3d 1144 (9th Cir. 2014), contrary to counsels' suggestion, did not grant mandamus simply because lawyers' professional reputations are important. *See* Mot. at 2:5–7. That case involved, among other problems, "post-hearing findings" regarding which a disciplined attorney had no opportunity to be heard, and the Ninth Circuit granted mandamus on due process grounds. *Tillman*, 756 F.3d at 1152–53. Here, by contrast, counsel received extensive notice, and there were two rounds of briefing on both entitlement and amount. *See* Dkt. 94, 95, 96, 98, 99, 101, 103, 104. Moreover, the reputational harm is *also* self-inflicted. Counsel admit they pleaded false facts without verification. *See, e.g.*, Dkt. 95-1 ¶ 4, Dkt. 95-2 ¶ 3.

***

Counsel fail to show irreparable harm. Coupled with their failure to show likelihood of success, the "two most critical" factors, their Motion is deficient and should be denied. *See Nken*, 556 U.S. at 434.

**C.     The Remaining *Nken* Factors Weigh Against A Stay: Walmart Will Be Injured by a Stay, and the Public Interest Favors Enforcement.**

The Motion fails on the other two factors—harm to Walmart and the public interest—as well.

---

[1] *See, e.g.*, Daniel Fisher, *Lawyers must pay Walmart $624k for failed avocado oil lawsuit* (Dec. 29, 2025), https://perma.cc/HT73-QK5T; Amanda Bronstad, *Judge Orders Two Dovel & Luner Lawyers Who Sued Over Walmart's Avocado Oil to Pay $625K Sanction* (Dec. 26, 2025), https://perma.cc/96B5-RPAY; Rae Ann Varona, *Walmart Gets $623K As Sanction Award In Avocado Oil Suit* (Dec. 23, 2025), https://perma.cc/B2RJ-WDUM.

14
WALMART'S OPPOSITION TO MOTION TO STAY SANCTIONS

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FL
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

Counsels' primary prejudice argument is that Walmart is large and therefore "waiting to receive the sanctions award … will have no material impact on Walmart at all." Mot. at 1:18–22. Counsels' *ipse dixit* is legally and practically wrong. A prevailing party's entitlement to enforce a monetary award does not depend on its size. *See, e.g.*, *Dodd Ins. Servs., Inc. v. Royal Ins. Co. of Am.*, 935 F.2d 1152, 1160 (10th Cir. 1991) ("The relative financial position of [the parties] is wholly irrelevant...."). Counsels' argument has no bearing on the deterrent- or justice-based reasons sanctions are awarded. *See Roadway Express, Inc. v. Piper*, 447 U.S. 752, 762 (1980) (Section 1927 "is indifferent to the equities of a dispute and to the values advanced by the substantive law. It is concerned only with limiting the abuse of court processes."); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 638 (9th Cir. 1987) (same); *Blixseth v. Yellowstone Mountain Club, LLC*, 854 F.3d 626, 631 (9th Cir. 2017) (§ 1927 deters attorney misconduct and its purpose is to "compensate victims of [an] attorney's malfeasance"); *Truesdell v. S. Cal. Permanente Med. Grp.*, 151 F. Supp. 2d 1174. 1183 (C.D. Cal. 2001) ("Section 1927 … is designed to deter attorney misconduct."), *vacated on other grounds*, 293 F.3d 1146 (9th Cir. 2002).

Delay will also harm Walmart. Walmart already paid the fees that this Court found were incurred because counsel recklessly advanced a false fact and multiplied proceedings. Dkt. 98 at 2–4. An unsecured stay would force Walmart to bear additional delay and collection risk—with no evidentiary basis—while stripping the sanctions award of its immediate compensatory and deterrent effect. Payment is also due immediately. *See Maness v. Meyers*, 419 U.S. 449, 458 (1975) (observing "the basic proposition that all orders and judgments of courts must be complied with promptly"; noting "absent a stay, [a party] must comply promptly with the order pending appeal"). So every day that Walmart is not made whole, it faces additional harm in the form of "the time value of money." *Van v. LLR, Inc.*, 962 F.3d 1160,

15

WALMART'S OPPOSITION TO MOTION TO STAY SANCTIONS

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FL
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

1161 (9th Cir. 2020). Moreover, Walmart is entitled to interest under 28 U.S.C. § 1961, and the stay as requested would deprive it of such interest.

The public interest also favors enforcement. Again, sanctions under § 1927 are intended to deter the exact type of behavior at issue here: officers of the court filing and litigating on false, unchecked factual allegations, then refusing correction once the truth emerges. *See* Dkt. 98 at 2–4. Counsels' position—that sanctions can be delayed as a matter of course whenever their target has deep pockets—would perversely incentivize precisely the kind of high-volume, delegated-drafting, cut-and-paste litigation the Court condemned. Sanctions are not optional simply because the judgment-creditor is well-resourced. *Cf. Chalais v. Milton Bradley Co.*, 1996 WL 524336, at *3 (S.D.N.Y. Sept. 16, 1996) ("[I]mpecunious individual practitioners are just as capable of generating unnecessary work as wealthy firms, and they are no less bound by the rules.")

Counsels' "status quo" framing is likewise backwards. *See* Mot. at 2:8–11; 3:18–21. The status quo after entry of a money sanctions award is that the award is enforceable. *See Maness*, 419 U.S. at 458. Counsel now want to freeze enforcement. They seek to preserve not the status quo but a one-way option to delay payment while shifting risk to Walmart. The Court should reject that effort—and any attempt to use these factors to support a "sliding scale" argument. *See Assurance Wireless*, 100 F.4th at 1031.

### D.   *Landis* Does Not Apply Because Counsel Do Not Seek a Stay of Proceedings.

*Landis v. North American Co.*, counsels' lead authority, concerns discretionary stays of ongoing proceedings for case-management reasons. *See* 299 U.S. 248, 249 (1936) (deciding "the power of a court to stay proceedings in one suit until the decision of another" for efficiency purposes). A *Landis* stay should have "the prospect of narrowing the factual and legal issues in the other proceeding." *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1112 (9th Cir. 2005).

16
WALMART'S OPPOSITION TO MOTION TO STAY SANCTIONS

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FL
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

*Landis* has no bearing here. There are no "proceedings" to pause. What counsel actually wants is an unjustified, unsecured "stay of enforcement" of a monetary sanctions award. *See* Mot. at 3:18. A *Landis* stay is a docket-management tool to avoid duplicative litigation or inconsistent rulings. It does not apply.

In any event, as Counsel admit, the *Landis* "factors overlap significantly with" the *Nken* factors. Mot. at 4:20–21. For the reasons above, even if *Landis* applied, counsel still do not and cannot show the required "clear case of hardship or inequity," and a stay would still be improper. *See Landis*, 299 U.S. at 255.

### E. If the Court Grants a Stay, Which It Should Not, It Should Require Full Security.

Plaintiffs also fail to address the bond that would be required for their requested stay. *See NLRB v. Westphal*, 859 F.2d 818, 819 (9th Cir. 1988) (per curiam) ("The posting of a bond protects the prevailing plaintiff from the risk of a later uncollectible judgment and compensates him for delay in the entry of the final judgment."); *Poplar Grove Planting & Ref. Co. v. Bache Halsey Stuart, Inc.*, 600 F.2d 1189, 1191 (5th Cir. 1979) ("[T]he bond secures the prevailing party against any loss sustained as a result of being forced to forgo execution on a judgment during the course of an ineffectual appeal."). Staying sanctions awards requires security too. *See Mogan v. Sacks, Ricketts & Case LLP*, 2022 WL 2918901, at *2 (N.D. Cal. July 25, 2022) (denying request to waive bond requirement for sanctions award).

Counsel bear the burden to establish objective reasons "to depart from the usual requirement of a full security supersedeas bond." *Poplar*, 600 F.2d at 1191. They fail to address this requirement at all. The point of a bond or other security "is to secure the appellee from a loss resulting from the stay of execution," and "a full supersedeas bond" or other form of security "should therefore be required" if the Court orders a stay here. *See Rachel v. Banana Republic, Inc.*, 831 F.2d 1503, 1505 n.1 (9th Cir. 1987).

17
WALMART'S OPPOSITION TO MOTION TO STAY SANCTIONS

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FL
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

Accordingly, if the Court is inclined to grant any stay, Walmart respectfully requests that the Court condition a stay on adequate security—at minimum a full supersedeas bond or a deposit of the full sanctions amount into escrow or the Court's registry or wherever the Court determines is appropriate, along with applicable estimated interest under 28 U.S.C. § 1961. *See* Fed. R. Civ. P. 62(b); *Rachel*, 831 F.2d at 1505 n.1. Anything less would cause delay of Walmart's enforcement rights and unfairly shift risk onto Walmart, undermining the sanctions order's compensatory purpose. Given counsels' acknowledgment that they are not attempting "to avoid or delay compliance" with the sanctions order if it is upheld, Mot. at 3:20–21, this well-established requirement should be unobjectionable.

## V.   CONCLUSION

For the foregoing reasons, Plaintiff's counsels' Motion to Stay Sanctions should be denied. In the alternative, any stay should be conditioned on full security under Rule 62(b).

Dated:  February 9, 2026

DAVIS WRIGHT TREMAINE LLP

By: /s/ Jacob M. Harper

*Attorneys for Defendant Walmart Inc.*

18
WALMART'S OPPOSITION TO MOTION TO STAY SANCTIONS

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FL
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

## **CERTIFICATION**

The undersigned counsel of record for Walmart Inc. certifies that this brief contains 4,375 words, which complies with the word limit of L.R. 11-6.1 and the Court's Standing Order.

/s/ Jacob M. Harper
Jacob M. Harper

19
WALMART'S OPPOSITION TO MOTION TO STAY SANCTIONS

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FL
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899