Richard Lyon (Cal. Bar No. 229288)
rick@dovel.com
Christin Cho (Cal. Bar No. 238173)
christin@dovel.com
DOVEL & LUNER, LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, California 90401
Telephone: (310) 656-7066
Facsimile: +1 (310) 656-7069

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDIE GOLIKOV, individually and on behalf of all others similarly situated,<br><br>    *Plaintiff*,<br><br>v.<br><br>WALMART INC.,<br><br>    *Defendant*. | Case No. 2:24-cv-08211-RGK-MAR<br><br>**PLAINTIFF'S COUNSEL'S REPLY IN SUPPORT OF MOTION TO STAY SANCTIONS**<br><br>Date: March 2, 2026<br>Time: 9:00 a.m.<br>Courtroom: 850<br><br>Assigned to the Hon. R. Gary Klausner<br><br>Complaint filed: September 24, 2024 |

1    Plaintiff's counsel seek a short stay of enforcement of the sanctions order while
2 the Ninth Circuit considers the pending petition for writ of mandamus. Counsel would
3 post a supersedeas bond to ensure that the sanctions award remains fully protected
4 during appellate review. Under these circumstances, both the *Nken* factors and sliding
5 scale approach weigh in favor of a stay.

6    Under *Nken v. Holder*, 556 U.S. 418 (2009), a court considers the likelihood of
7 success, irreparable injury, substantial injury to others, and the public interest. *Nken v.*
8 *Holder*, 556 U.S. 418, 434 (2009). In the Ninth Circuit, the *Nken* factors operate on a
9 sliding scale. Under the sliding scale, a stay is appropriate where "serious legal
10 questions are raised and the balance of hardships tips sharply in petitioner's favor."
11 *Leiva-Perez v. Holder*, 640 F.3d 962, 964 (9th Cir. 2011); *Morgan Tire of Sacramento,*
12 *Inc. v. Goodyear Tire & Rubber Co.*, 2015 U.S. Dist. LEXIS 74600, at *2-3 (E.D. Cal.
13 June 8, 2015).

**A.   The petition raises serious legal questions about the scope and application of section 1927.**

16    The petition for writ of mandamus raises a number of serious legal questions
17 about the Court's sanction order. *See* Lyon Decl., Ex. 2 (Petition for Writ of
18 Mandamus). For example, the petition raises serious legal questions regarding what
19 constitutes unreasonable and vexatious conduct under § 1927. *Id*. at 25-26. Similarly,
20 it raises questions about what constitutes a frivolous filing and multiplication-of-
21 proceedings under § 1927. *Id*. at 18-26. These are substantial legal questions
22 appropriate for appellate review.

23    Walmart argues that the motion for stay fails because counsel "fail to show the
24 Court's carefully considered orders were clearly erroneous as a matter of law," and
25 that counsel cannot meet the *Bauman* standard. Opp. at 9-11. But that is not the
26 correct standard for determining whether to grant a stay. Instead, the stay inquiry is
27 distinct from the ultimate mandamus standard. It does not require the Court to find
28 that the Ninth Circuit would find clear error. Rather, where the petition presents

1 substantial legal issues warranting appellate consideration, a stay may be warranted
2 under the sliding scale.  As explained above, and in the petition for writ of mandamus,
3 the petition raises serious legal questions.  *See* Lyon Decl., Ex. 2 (Petition for Writ of
4 Mandamus).  Thus, this factor is satisfied, and a stay is warranted if a balance of
5 equities tips sharply toward the stay.

**B.   The balance of equities tips sharply in favor of a stay.**

The balance of equities also tips sharply in favor of a temporary stay pending appellate review.

<u>Likelihood of irreparable harm</u>.  Enforcing the sanctions prior to appellate review constitutes hardship not fully addressed by later reimbursement.  Absent a stay, counsel would potentially be subject to collection and enforcement mechanisms, before the Ninth Circuit has an opportunity to consider the substantial legal questions presented in the mandamus petition.

Walmart argues that there is no irreparable harm because Plaintiff's counsel "cannot manufacture delay and then invoke that delay as a basis for extraordinary equitable relief."  *See* Opp. at 12.  But counsel has not manufactured any delay.  Instead, counsel promptly filed a petition for writ of mandamus so that the order could be quickly reviewed.  Counsel does not seek an "open-ended, debtor-controlled suspension" of the sanctions order; instead, they seek a short stay while the writ of mandamus, which has already been filed, is pending.

Walmart also suggests that any hardship is "self-inflicted" because the sanctions order resulted from counsel's conduct.  *Id*.  But this is also not part of the stay inquiry.  Instead, the focus here is on whether enforcement should be briefly paused while the Ninth Circuit considers the petition for writ of mandamus.

Walmart also argues that monetary awards do not constitute irreparable harm.  *Id*. at 12-14.  The requested stay is not based solely on the payment of money, but on the hardship associated with enforcing a substantial sanctions award against individuals before appellate review has occurred.  *See* Mot. at 1-2.  Absent a stay,

Reply ISO Motion to Stay Sanctions         2         Case No. 2:24-cv-08211-RGK-MAR

enforcement mechanisms and collection procedures may be initiated, requiring satisfaction of the award in advance of appellate consideration.  A brief stay, particularly where full security can be provided, preserves the status quo without prejudicing Walmart's ability to recover the award.

<u>No substantial injury to Walmart</u>.  In contrast, a short delay pending resolution of the mandamus petition does not meaningfully harm Walmart, a large multinational corporation.  Walmart contends that a delay will harm it because Walmart bears collection risk and interest risk.  Any collection risk or interest can be fully addressed through a supersedeas bond.  Walmart would then face no risk of nonpayment, and be fully protected if the sanctions order is affirmed.  The only effect of a stay would be a temporary delay pending appellate review.  Thus, there is no substantial injury to Walmart.

<u>The public interest weighs in favor of the stay</u>.  The public interest is further served by a stay.  "The public interest is served in preserving the integrity of the right to appellate review." *Toomey v. State*, 2021 U.S. Dist. LEXIS 203322, at *11 (D. Ariz. Oct. 21, 2021) (citing *Gila River Indian Cmty. v. United States*, 2011 U.S. Dist. LEXIS 50210, at *12 (D. Ariz. May 3, 2011) (internal citations and quotations omitted)).  A brief stay pending appellate review promotes confidence in the judicial process by ensuring that enforcement follows, rather than precedes, appellate review of serious legal questions.  *Toomey*, 2021 U.S. Dist. LEXIS 203322, at *11-12 ("the public has a strong interest in the appeal right as one component of the constitutional right to due process in enforcement of the nation's laws.").

\* \* \*

Plaintiff's counsel seek a short stay of enforcement while the Ninth Circuit decides the pending writ of mandamus.  If the Court is inclined to condition a stay on security, Counsel would post a supersedeas bond in the full amount of the sanctions award plus estimated interest under 28 U.S.C. § 1961.

| | | |
|---|---|---|
| 1 | Dated: February 13, 2026 | Respectfully submitted, |
| 2 | | By: */s/ Christin Cho* |
| 3 | | Richard Lyon (Cal. Bar No. 229288) |
| 4 | | rick@dovel.com |
| | | Christin Cho (Cal. Bar No. 238173) |
| 5 | | christin@dovel.com |
| 6 | | DOVEL & LUNER, LLP |
| 7 | | 201 Santa Monica Blvd., Suite 600 |
| | | Santa Monica, California 90401 |
| 8 | | Telephone: (310) 656-7066 |
| 9 | | Facsimile: +1 (310) 656-7069 |
| 10 | | *Attorneys for Plaintiff* |

Reply ISO Motion to Stay Sanctions                4                Case No. 2:24-cv-08211-RGK-MAR

**CERTIFICATION OF COMPLIANCE WITH WORD LIMITATION**

The undersigned, counsel of record for Plaintiff Edie Golikov, certifies that this brief contains 982 words, which complies with the word limit of L.R. 11-6.1 and the Court's Standing Order.

Dated: February 13, 2026                    By: */s/ Christin Cho*
                                                 Christin Cho