UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:24-cv-08211-RGK-MAR | Date | March 10, 2026 |
|---|---|---|---|
| Title | *Edie Golikov v. Walmart Inc.* | | |

| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE | | |
|---|---|---|---|
| Joseph Remigio | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiff: | | Attorneys Present for Defendant: |
| Not Present | | Not Present |

**Proceedings:** (IN CHAMBERS) Order Re: Plaintiff's Motion to Stay Sanctions [107]

## I. INTRODUCTION

On December 30, 2024, Edie Golikov ("Plaintiff") filed a First Amended Class Action Complaint ("FAC") against Walmart Inc. ("Defendant") alleging: (1) violation of California's False Advertising Law; (2) violation of California's Consumer Legal Remedies Act; (3) violation of California's Unfair Competition Law; (4) breach of express warranty; (5) negligent misrepresentation; (6) intentional misrepresentation; and (7) quasi contract. (ECF No. 31.) Plaintiff sought injunctive relief, restitution, and actual and punitive damages.

On February 27, 2025, the Court certified the class. (ECF No. 62.) Also on February 27, 2025, following Defendant's Motion to Dismiss, the Court dismissed the claim for punitive damages. (ECF No. 63.) On June 10, 2025, the Court granted Defendant's Motion to Compel Arbitration and Stay Proceedings. (ECF No. 81.) Thereafter, the Court decertified the class on August 12, 2025. (ECF No. 92.) On November 6, 2025, the Court granted Defendant's Motion for Sanctions pursuant to 28 U.S.C. § 1927 in the form of attorney's fees against Plaintiff's attorneys, Ms. Cho and Mr. Lyon. (ECF No. 98.) The Court then awarded Defendant a total of $623,738.70 in attorney's fees. (ECF No. 104.)

Presently before the Court is Plaintiff's Motion to Stay the Order on the Motion for Sanctions pending Plaintiff's Petition for Writ of Mandamus in the Ninth Circuit ("Petition"). (ECF No. 107.) For the following reasons, the Court **GRANTS** the Petition.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 2:24-cv-08211-RGK-MAR | Date | March 10, 2026 |
|---|---|---|---|
| Title | *Edie Golikov v. Walmart Inc.* | | |

## II.   JUDICIAL STANDARD

Whether to impose a stay pending the outcome of a motion or petition for appeal is "an exercise of judicial discretion . . . dependent upon the circumstances of the particular case." *Nken v. Holder*, 556 U.S. 418, 433 (2009) (quoting *Virginian Ry. Co. v. United States*, 272 U.S. 658, 672 (1926)). In exercising that discretion, courts consider four factors: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Id.* at 434. The first two factors "are the most critical." *Id.* The Ninth Circuit has used a sliding-scale approach under *Nken*, where "a petitioner seeking a stay of removal must show that irreparable harm is probable and either: (a) a strong likelihood of success on the merits and that the public interest does not weigh heavily against a stay; or (b) a substantial case on the merits and that the balance of hardships tips sharply in the petitioner's favor." *Leiva-Perez v. Holder*, 640 F.3d 962, 970 (9th Cir. 2011).

## III.   DISCUSSION

Here, the Court finds that Plaintiff is entitled to a stay. However, the stay will be conditioned on Plaintiff posting a supersedeas bond in the full amount of the sanctions award. A district court has "discretionary power to grant a stay on whatever terms it deems appropriate, including a partial bond or even no bond." S. Gensler, 2 Federal Rules of Civil Procedure, Rules and Commentary, Rule 62, at 299–300 (2022); *see In re Combined Metals Reduction Co.*, 557 F.2d 179, 193 (9th Cir. 1977) ("Under Fed. R. Civ. P. 62(d), an appellant may obtain a stay as a matter of right by posting a supersedeas bond acceptable to the court. Since no bond was posted, the grant or denial of the stays was a matter strictly within the judge's discretion."). However, a full supersedeas bond is the requirement in most circumstances. *See Rivas v. Knight Transportation Inc.*, 2017 WL 3457113, at *1 (C.D. Cal. Feb. 28, 2017). For reasons discussed *infra*, the required supersedeas bond will function to protect Defendant from any risk or injury from the stay.

### A.   Likelihood of Success on the Merits

Regarding the first *Nken* factor, or likelihood of success on the merits, it "does not require the moving party to show that her ultimate success is probable." *Levia-Perez*, 540 F.3d at 967. Instead, it is enough to show "serious legal questions are raised," or "that [Plaintiff] has a substantial case for relief on the merits." *Id.* at 968 (internal quotations omitted). In light of the Ninth Circuit's interpretation of the first *Nken* factor, the Court finds it unnecessary to delve into whether Plaintiff ultimately will succeed on her Petition, as that question will be determined by the appellate court, and "[s]uch pre-adjudication adjudication would defeat the purpose of a stay." *Id.* at 967. Instead, the Court finds it sufficient that Plaintiff has raised substantial legal questions on appeal, such as what constitutes

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:24-cv-08211-RGK-MAR | Date | March 10, 2026 |
|---|---|---|---|
| Title | *Edie Golikov v. Walmart Inc.* | | |

unreasonable and vexatious conduct, a frivolous filing, and multiplication-of-proceedings under 28 U.S.C. § 1927. Thus, Plaintiff has a substantial case for relief on the merits.

  **B.**  <u>Irreparable Injury</u>

  Plaintiff argues that the sanctioned attorneys and law firm, parties interested in the Sanctions Order, will suffer hardship and inequity if sanctions are not stayed before the Petition is decided. Particularly, Plaintiff's attorneys cite to "[h]aving to pay $623,738.70 in sanctions poses risks, such as risks to budgets, liquidity, and long-term reserves" and that the sanctions award is causing reputational harm to the attorneys. (Mtn. Stay Brief at 2, ECF No. 107.) Although "[t]he temporary loss of income, ultimately to be recovered, does not usually constitute irreparable injury," *L.A. Mem'l Coliseum Comm'n v. Nat'l Football League*, 634 F.2d 1197, 1202 (9th Cir. 1980) (citing *Sampson v. Murray*, 415 U.S. 61, 90 (1974)), this situation warrants closer analysis.

  Here, the irreparable injury is not just the loss of money that will occur, but also the hardship Plaintiff's attorneys will experience when the sanctions award is enforced before appellate review. Absent a stay, Plaintiff's attorneys will be subject to enforcement mechanisms and collection procedures for sanctions in the amount of $623,738.70 that may ultimately be reversed should Plaintiff's attorneys prevail on the Petition. However, if the sanctions award is reversed, Plaintiff's attorneys would have paid or would be in the process of paying the full amount, which would mean that Plaintiff's attorneys would endure the arduousness of enforcement mechanisms and collection procedures. This differs from situations in which plaintiffs simply allege that they will lose money should the stay not be enforced because here, choosing not to enforce a stay, would affirmatively subject Plaintiff's attorneys to the collections process with the possibility that the process might be needless should the sanctions award be overturned. Furthermore, the hardship endured by Plaintiff from the collections process cannot be rectified by allowing them to recuperate the sanctions amount. Plaintiff has thus shown irreparable injury, beyond just a simple loss of money, in the form of time and resources.

  **C.**  <u>Substantial Injury to the Other Party</u>

  Plaintiff argues that Defendant will not experience substantial injury if the sanctions are delayed because Defendant is a large, multinational corporation. Defendant argues in response that a delay in sanctions will harm it in the form of the time value of money. The Court finds no substantial injury in a delay for the sanctions payment pending appeal, especially to Defendant, who is a corporation with billions of dollars in revenue. (Mot. Stay at 1.) Furthermore, the Court is conditioning the stay on the payment of a supersedeas bond so that Defendant will be dutifully insured and will receive the full amount of the sanctions award should the award be upheld.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:24-cv-08211-RGK-MAR | Date | March 10, 2026 |
|---|---|---|---|
| Title | *Edie Golikov v. Walmart Inc.* | | |

**D.      Public Interest**

Waiting to enforce the sanctions award until appellate review is complete serves the public interest by preserving the appellate process. "The public interest is served in preserving the integrity of the right to appellate review." *Toomey v. Arizona*, 2021 WL 4915370, at *3 (D. Ariz. Oct. 21, 2021). Here, the appellate process will be maintained by ensuring that enforcement follows, rather than precedes, appellate review of legal questions.

Overall, the four *Nken* factors weigh in favor of a stay.

**IV.     CONCLUSION**

For the foregoing reasons, the Court **GRANTS** Plaintiff's Motion to Stay the Sanctions Order pending adjudication of the Petition for Writ of Mandamus. The Court **ORDERS** Plaintiff to post a supersedeas bond with the Clerk of the Court (attention: Fiscal Department) in the full amount of sanctions ($623,738.70) no later than fourteen (14) days from this Order. It is further **ORDERED** that the Sanctions Order (ECF No. 98) will be **STAYED** upon the posting of the supersedeas bond.

**IT IS SO ORDERED.**

cc: Fiscal

|  | : |
|---|---|
| Initials of Preparer | JRE/sh |